IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:23-CV-758-P |
| | § | |
| THE STATE BAR OF TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT TARRANT COUNTY'S MOTION TO DISMISS
AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE MARK PITTMAN:

### I. Introduction and Summary of Relief

Plaintiff Conghua Yan is upset about a state appointed associate judge's rulings in his pending divorce case and disciplinary proceedings relating to the former attorneys involved in that proceeding. Rather than pursuing state court remedies, he has sued Associate Judge Lori DeAngelis[1] who made judicial rulings, Tarrant County because it employs the associate judge, attorneys involved in that case, the State Bar of Texas, and others. ECF No. 13. Plaintiff's complaint says very little about the County, other than Plaintiff wants this Court to compel the County to control and/or override judicial rulings. *Id.,* ¶¶ 17, 190, 289. Plaintiff does not have standing to sue the County for such relief. Moreover, the County cannot be sued for a civil conspiracy under RICO. Finally, the County cannot be sued under § 1983 under a theory of respondeat superior, and Plaintiff has not pleaded—and cannot plead—a plausible claim under *Monell.* Accordingly, this Court should dismiss all of Plaintiff's claims against Tarrant County.

---

[1] At present, Plaintiff has not served Associate Judge Lori DeAngelis.

## II.  Motion to Dismiss

### A.      Factual and Procedural Background

Plaintiff's complaints arise out of his family court proceeding. ECF No. 1. Rather than rehash what Plaintiff seems to be saying in his 77-page complaint, the County would refer the Court to the State Bar of Texas Defendants' summary of Plaintiff's allegations. ECF No. 13, PageID 197-200.

With respect to Tarrant County as a defendant, Plaintiff's complaint only contains three allegations, which collectively fail to state a claim against Tarrant County. First, Plaintiff pleads, "Tarrant County, is being sued in Defendant [Associate Judge] Lori DeAngelis' official capacity, due to its employer obligation." ECF No. 1, PageID 8, ¶ 17. Then, Plaintiff states that "[t]he Court should issue a preliminary and permanent injunction enjoining the [sic] Tarrant County to have further employment relation with all defendant persons herein and, pursuant to 18 U.S.C. § 1964 and Fed. R. Civ P. 65(d)." *Id*., PageID 48, ¶ 190. Finally, in his "Third Claim for Relief" against Associate Judge DeAngelis, Plaintiff pleads, "[t]he Court should issue a preliminary and permanent injunction enjoining the [sic] Tarrant County, Texas, represented by Defendant Lori L. DeAngelis in her official capacity, from continuing to engage in ultra vires actions beyond its legal authority, including depriving Plaintiff of his Equal Protection and Due Process constitutional rights by depriving Plaintiff of his property, pursuant to Fed. R. Civ. P. 65(d)." *Id*., PageID 63, ¶ 289.

### B.      Grounds for Relief

Under Rules 12(b)(1) and/or (6), the above-styled action should be dismissed on the following grounds:

(1)      Plaintiff lacks standing to sue Tarrant County;

(2)      Tarrant County cannot be liable for an alleged civil conspiracy under RICO;

(3)      Tarrant County cannot be liable under a theory of respondeat superior for an alleged § 1983 violation; and

(4)      Plaintiff has not otherwise stated a claim of municipal liability against Tarrant county under *Monell*.

Accordingly, this Court should dismiss Plaintiff's claims against Tarrant County.

### III. Brief in Support of Motion to Dismiss

**A.      Plaintiff lacks standing to bring claims against Tarrant County seeking to enjoin a state-appointed associate judge in Plaintiff's ongoing divorce case.**

**1.      Standards for Rule 12(b)(1) Motions**

Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the United States Constitution, are without power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(h)(3). "The issue [of subject matter jurisdiction] may be raised by parties, or by the court *sua sponte*, at any time." *MGG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Jurisdiction may not be presumed and may not be gained by consent, inaction, or stipulation. S*imon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990).

When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen*, 511 U.S. at 377; *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

2.       **Plaintiff lacks standing to sue Tarrant County.**

Tarrant County raises a challenge to the Court's subject matter jurisdiction based on the complaint and documents attached thereto, which fail to demonstrate Plaintiff's standing to sue.

"The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 438 (2017). To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "Th[at] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement," and the plaintiff, as "the party invoking federal jurisdiction[,] bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103−04 (1998) (footnote omitted). "[E]ach element of Article III standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, with the same evidentiary requirements of that stage of litigation." *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir. 2018) (quotation marks omitted).

Here, Plaintiff's pleadings, consisting of three paragraphs mentioning Tarrant County (ECF No. 1, ¶¶ 17, 190, 289), fail to demonstrate his standing to sue the County or to show that a case or controversy exists between Plaintiff and the County. Specifically, Plaintiff has failed to allege (1) that he suffered an injury in fact, (2) that is fairly traceable to Tarrant County's conduct, and (3) that could be redressed by a favorable judicial decision. *See Spokeo, Inc.*, 578 U.S. at 338.

The fundamental flaw in Plaintiff's analysis is that a state appointed associate judge of a state district court handling family matters does not act on behalf of, or subject to the control or supervision of, the County when presiding over family law cases and making judicial decisions

related thereto. As will be further explained, Plaintiff, therefore, cannot seek injunctive relief against the County based on a challenge to the rulings of a state-appointed associate judge.

Under the Texas Constitution, the judicial branch is separate from the legislative and executive branches of Texas government, and none of them "shall exercise any power properly attached to either of the others." Tex. Const. art. II, § 1. District court judges are vested with judicial power and are "undeniably elected state officials." *Clark v. Tarrant Cty., Tex*., 798 F.2d 736, 744 (5th Cir. 1986); Tex. Const. art. V, § 1. Indeed, when state district judges are sued "because of [their] office as judge," they are entitled to Eleventh Amendment Immunity, *see, e.g.*, *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011), and the same should be true with respect to an associate judge appointed to serve state district family courts.

District courts having family law jurisdiction may request from a county commissioners court the authority to appoint associate judges to serve one or more family court(s). *See* Tex. Fam Code Ann. § 201.001. While an associate judge is compensated from the county funds available for payment of officers' salaries (and may be considered as a County employee because of such payment), the commissioners court's role is limited to its jurisdiction over the county's budget and extends no further. *See id*. § 201.003(c); *see, e.g., Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, pet. denied) (concerning commissioners courts budgetary power over sheriff's positions); *see* Tex. Atty. Gen. Op. GA-0656, 2008 WL 3999573 (2008) (stating that commissioners court did not have authority to impose rehire restrictions regarding a constable's employee). Indeed, commissioners courts are statutorily prohibited from influencing the appointment/termination of political appointees, which includes family court associate judges. *See* Tex. Loc. Gov't Code Ann. § 151.004. Thus, counties do not control, supervise, or have any involvement in the judicial decision making of state-appointed associate judges. District and appellate courts—not counties—review associate judge's judicial rulings. Illegal or improper

county influence could result in district courts exercising their general supervisory control over a county's commissioners court. *See* Tex. Const. art. V, § 8; *see, e.g., Henry v. Cox*, 520 S.W.3d 28, 38 (Tex. 2017); *Ector Cty. v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992).

Associate judges serving a single court serve at the will of the court's judge. *Id*. § 201.004(a). Associate judges serving more than two courts may be terminated by a majority vote of the courts they serve. Id. § 201.004(b) – (c). Accordingly, only state judicial officials (*i.e.*, the family district court judges) have the power to appoint and supervise their associate judges. *See* Tex. Fam Code Ann. § 201.001, § 201.004; *see also* John J. Sampson, Harry L. Tindall, et al., Sampson & Tindall's Texas Family Code Annotated, Chapter 201 Introductory Comment, p. 1006 (Aug. 2022 ed.) ("The elected judges were given both appointment authority and the duty to supervise.").

Here, Plaintiff has sued Associate Judge Lori DeAngelis in connection with rulings she made in Plaintiff's pending divorce case. ECF No. 1, PageID 275-295. Associate Judge Lori DeAngelis is an independent judicial officer acting for the State. *See, e.g., Clark*, 798 F.2d at 744; *see also* Tex. Atty. Gen. Op. GA-0126, 2003 WL 22896501 (2003).[2] Under Texas law, Associate Judge DeAngelis's rulings are subject to judicial review by state district and appellate courts–not Tarrant County or this Court sitting as a quasi-appellate court over the state court proceedings.

Because the County operates in a separate sphere of authority from the State Judiciary, and because the County has no power to influence the judicial decision making of state appointed

---

[2] In 2003, then Attorney General Greg Abbott opined on the constitutional and statutory framework governing family law masters and associate judges and the relationship of those positions both to the appointing state district judges, as well as to the commissioners court of the county in which those positions are authorized. Tex. Atty. Gen. Op. GA-0126, 2003 WL 22896501 (2003). Importantly, the opinion recognizes the legislative function of the commissioners court in creating the budget for the county's offices and departments and in setting the rate of compensation for county employees *Id*. at *5. The opinion recognizes that an elected officer (such as a state district judge) "occupies a sphere of authority, which is delegated to [that officer] by the Constitution and law . . . which another officer [*i.e.*, a county official] may not interfere [with] or usurp." *See id*. (citing *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961)). "That authority generally includes autonomy in hiring and firing employees." *Id*., at *6 (citing *Pollock*, 946 S.W.2d at 517; *Renken v. Harris Cty*., 808 S.W.2d 222, 224 (Tex. App.—Houston [14th Dist.] 1991, no writ)).

associate judges, Plaintiff cannot show that he has standing to sue the County based on his complaints about Associate Judge DeAngelis's rulings (complaints, which are barred by judicial immunity, the text of § 1983 prohibiting injunctions against judges, and 11th Amendment Immunity). Simply put, such complaints do not show any injuries that are traceable to the County that could then be redressed through a lawsuit against Tarrant County. Accordingly, because Plaintiff has failed to plead his standing, this Court should dismiss Plaintiff's claims against Tarrant County for lack of jurisdiction.

**B.    Plaintiff has not stated a claim against Tarrant County.**

Further, and in the alternative, Tarrant County moves to dismiss this action under Rule 12(b)(6).

### 1.    Standards for Rule 12(b)(6) Motions

The federal pleadings standards are well settled. *See, e.g., Harmon v. City of Arlington, Tex.*, 478 F. Supp. 3d 561, 567 (2020). Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

Under these standards, Plaintiff fails to state a claim against Tarrant County.

**2.      Plaintiff has not stated a civil RICO claim against Tarrant.**

To the extent that Plaintiff is trying to sue Tarrant County under the RICO statute, Plaintiff's claim fails as a matter of law because the County is not a proper defendant. The Fifth Circuit has held that "RICO requires demonstrating an underlying criminal act, which entails a *mens rea* requirement that a governmental entity cannot form." *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015); *Ross v. City of Dallas, Tex.*, No. 3:17-CV-00570-L, 2018 WL 5980495, at *6 (N.D. Tex. Nov. 14, 2018), *aff'd*, 772 F. App'x 212 (5th Cir. 2019). Accordingly, this Court should dismiss any RICO claim against the County with prejudice.

Even if the County could be liable under RICO, Plaintiff has failed to plead any of the elements necessary to state a claim for a RICO violation. In order to state a claim under RICO, a plaintiff must show: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck &*

*Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). A "pattern" requires at least two predicate acts that are related to each other and constitute or threaten long-term criminal activity. 18 U.S.C. § 1961(5); *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993). Section 1961 sets forth a list of acts that constitute "racketeering activity."

Here, Plaintiff has not pleaded any of these three requisite elements with respect to the County. Furthermore, Plaintiff's conclusory assertions throughout his complaint that other defendants allegedly violated certain federal statutes are insufficient to plead the predicate acts necessary to establish a pattern of racketeering activity. *See Elliott v. Foufas*, 867 F.2d 877, 879, 882 (5th Cir. 1989) (affirming district court's dismissal of plaintiff's RICO claims under Rule 12(b)(6) because plaintiff failed to plead facts which would establish that Defendants had violated the listed predicate acts).

### 3. Plaintiff cannot premise municipal liability against the County on a theory of respondeat superior or vicarious liability.

The only basis for Plaintiff suing Tarrant County is because it is the alleged employer of Associate Judge DeAngelis. ECF No. 1, PageID 8, ¶ 17. Such claims must be dismissed.

The Supreme Court has emphasized that a local government entity cannot be held liable under § 1983 on a respondeat superior basis:

> [T]herefore ... a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Bustos v. Tarrant Cty., Tex.*, No. 4:21-CV-587-P, 2022 WL 10613989, at *3 (N.D. Tex. Oct. 18, 2022). Plaintiff is suing Tarrant County, claiming it is responsible due to the actions of an alleged individual employee, on a vicarious liability or respondeat superior basis, and such claims are without legal merit and should be dismissed. *See Monell*, 436 U.S. at 694; *Bustos*, 2022 WL 10613989, at *3.

**4.      Plaintiff has not otherwise stated a claim under *Monell*.**

This Court should dismiss Plaintiff's constitutional claims against Tarrant County because he has not properly pleaded under *Monell*. Liability of a local governmental entity under § 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of a constitutional right whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted).

Here, Plaintiff has not identified a County policymaker. Rather, he is complaining about the acts of a state-appointed associate judge. As a matter of law, the judicial decisions of state appointed associate judges cannot impose municipal liability on counties under *Monell*. *See, e.g.*, *McMillian v. Monroe Cty.*, 520 U.S. 781, 785–86 (1997) (holding under Alabama state law that its sheriffs were not county policymakers under *Monell*).

Additionally, Plaintiff has not identified a county policy and only speaks to his own isolated situation in family court. The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

Finally, Plaintiff has pleaded no facts of an underlying constitutional violation whose moving force was an alleged custom or policy.

Because Plaintiff has not pleaded a claim under *Monell*, this Court should dismiss Plaintiff's section 1983 claims against the County.

## IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Tarrant County prays that this Court grant this motion and dismiss this action, that Plaintiff take nothing by this suit, and that this Defendant be granted such other and further relief, both general and special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s M. Keith Ogle* _____

**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
TARRANT COUNTY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on August 16, 2023:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas  76092

*/s/ M. Keith Ogle* _____
**M. KEITH OGLE**