# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] <br> ) |
| THE STATE BAR OF TEXAS, a private company, <br> THE BARROW FIRM, a private company, <br> LESLIE STARR BARROWS, in individual capacity, <br>     as member of the State Bar of Texas, <br> WILLIAM ALBERT PIGG in individual capacity, <br>     as member of the State Bar of Texas, <br> SAMANTHA YBARRA, in individual capacity, <br>     as member of the State Bar of Texas, <br> LUIS JESUS MARIN in individual capacity, <br>     as member of the State Bar of Texas, <br>     and official capacity as Assistant Disciplinary <br>     Counsel for the Office of the CDC, <br> DANIEL EULALIO MARTINEZ <br>     in individual capacity, <br>     as a member of the State Bar of Texas, <br>     and official capacity as Assistant Disciplinary <br>     Counsel for the Office of the CDC, <br> RACHEL ANN CRAIG in individual capacity, <br>     as member of the State Bar of Texas, <br>     and official capacity as Assistant Disciplinary <br>     Counsel for the Office of the CDC, <br> LORI L. DEANGELIS in individual capacity, <br>     as member of the State Bar of Texas, <br>     and official capacity as Associated Judge, <br> TARRANT COUNTY, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# MOTION FOR SANCTIONS TO
# COUNSEL OF THE STATE BAR OF TEXAS,
# MARIN, MARTINEZ AND CRAIG
# AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this Motion for Sanctions to Counsel of the State Bar of Texas, Marin, Martinez and Craig, Royce Lemoine and Amanda Kates, pursuant to Federal Rules of Civil Procedure 11.

## I. INTRODUCTION AND FACTS

1. On July 21st, 2023, the Plaintiff filed a complaint against The State Bar of Texas et al, defendants. ECF No. 1,

2. On August 10th, 2023, counsels Royce Lemoine and Amanda Kates, filed a Motion to Dismiss against the Plaintiff, ECF No. 13. Counsels Royce Lemoine and Amanda Kates represent four Defendants in this suit, the State Bar of Texas ("State Bar"), Luis Jesus Marin ("Marin"), Daniel Eulalio Martinez ("Martinez"), and Rachel Ann Craig ("Craig") (hereinafter referred to collectively as "Defendants").

3. In the Motion to Dismiss, two counsels wrote following frivolous arguments:

   - In fact, Yan's allegations indicate he either has a misunderstanding of his role as a complainant in the attorney disciplinary system, <u>or that he was intentionally attempting to use the disciplinary system (when he filed his alleged grievances) to harass Barrows and Pigg,</u> because he believes seeking relief against Barrow and Pigg in a **proper venue** will turn out to be unsuccessful.

4. On August 15th, 2023, Plaintiff notified Amanda Kates to withdraw frivolous statement or face Motion for Sanctions. Amanda Kates refused Plaintiff's request.

## II. STANDARD OF REVIEW

5.      Under Federal Rules of Civil Procedure 11(c)(1), sanctions are proper "If... the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule..."

### III. ARGUMENT AND AUTHORITIES

6.      Under Federal Rules of Civil Procedure 11(b), which states that court filings must: a) not be "presented for any improper purpose [such as to as to harass or to cause unnecessary delay or needless increase in the cost of litigation]"; b) warranted by "nonfrivolous argument"; or c) have "evidentiary support" or "likely to have evidentiary support".

7.      Defendants' counsel made dishonest misrepresentations by using the phrases "In fact," "intentionally attempting," and "he believes" in their arguments. These arguments were descriptions of Plaintiff's abstract mental activities, of which Defendants' counsel had no knowledge, or for which they had no possibility of having such knowledge. By turning speculation into a statement of 'In fact,' Defendants' counsel presented frivolous arguments.

8.      Defendants' counsel did not have any evidentiary support or was unlikely to have any evidentiary support about Plaintiff's abstract mental activities.

9.      "The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuver" *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)

10.     Defendants' counsel was not one of the counsels who were assigned to investigate two grievance cases of Barrow and Pigg. It is reasonable to assume that, prior to a complete discovery in this case, Defendants' counsel should not have reasonable knowledge of all evidence related to the two grievance cases of Barrow and Pigg. As a nonparty of two grievance cases, Defendants' counsel had insufficient knowledge to draw any conclusion, therefore counsels' conclusion of Yan's intention of "harass Barrows and Pigg" and belief of "to be unsuccessful" constituted frivolous argument.

11.     Being a victim of RICO acts and having lost a large amount of life savings, Plaintiff has already suffered stress injuries due to Defendants' past criminal acts. Counsel's dishonest frivolous arguments, made with an improper purpose to disparage a victim's credibility, has inflicted additional mental injury on a victim and constituted harassment and insult, adversely affecting Plaintiff's litigation performance.

12.     "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)

13.     Counsel can state what they believed, but anytime they state what other people believed, it becomes a speculation. Statement of other people's prior intangible acts, like abstract mental activities could never have reasonable chance of proving to be factual.

14.     Any speculation that alleges other people had bad faith, without possibility of evidentiary support, is dishonest and has an improper purpose of insult.

15.     "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987)

### IV. Conclusion

16.     Counsels' Motion to Dismiss falsely represented frivolous argument, constituted harassment to Plaintiff. There is no possible way that counsels can provide evidentiary support to prove Plaintiff's abstract mental activities in the past. Counsels' dishonest defense has increased Plaintiff's stress, demonstrated a bad faith.

17.     Plaintiff was ready to be retaliated against by the 'elite' legal community, but Plaintiff never expected that the legal bullying would have started from the first engagement with the State Bar of Texas. This suit is brought against the State Bar of Texas, but its proceedings are still within the territories of the State Bar of Texas. This Court should ensure there is zero tolerance for bullying against a Pro Se litigant.

### V. Prayer for Relief

18.     Based on the above, Plaintiff respectfully requests for the following relief:

19.     Plaintiff prays that the Court order Counsels Royce Lemoine and Amanda Kates to withdraw the frivolous statements from their Motion to Dismiss, make necessary reductions, and resubmit the Motion to Dismiss without affecting the original filling date.

20. Plaintiff prays that the Court order Royce Lemoine and Amanda Kates to pay a fine to the Court in the amount of five hundred dollars each.

21. Plaintiff prays that the Court issue a formal reprimand or warning to Royce Lemoine and Amanda Kates, putting them on notice that future violations of Rule 11 may result in more severe sanctions.

22. Plaintiff prays that the Court order such other sanctions as it deems appropriate under the circumstances to deter repetition of the conduct or comparable conduct by others similarly situated.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
/[arnold200@gmail.com]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. [4:23-CV-00758] |
| The State Bar of Texas et al, | ) ) ) |
| Defendants. | ) ) |

## **CERTIFICATE OF CONFERENCE**

On August 15th, 2023, Plaintiff consulted with Ms. Amanda Kates, counsel for the Defendants. During the consultation, Plaintiff made a good faith offer, asking the counsel to withdraw and apply modifications to their Motion to Dismiss. Plaintiff noticed counsel of his intent to file a Motion for Sanction. Ms. Amanda Kates refused to make modifications, and she has expressed her opinion to,

☒ Opposed the Motion.
☐ Unopposed Motion.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
[arnold200@gmail.com]

CERTIFICATE OF SERVICE

On (August 18th, 2023) I, Conghua Yan, filed (Motion for Sanctions to Counsel of the State Bar of Texas, Marin, Martinez and Craig and Briefs in Support [ECF No. 22]) through the court CM/ECF system.

I hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]