IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:23-CV-758-P-BJ |
| | § | |
| THE STATE BAR OF TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ASSOCIATE JUDGE LORI DEANGELIS'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

        **M. KEITH OGLE**
        State Bar No. 24037207
        Assistant Criminal District Attorney

        PHIL SORRELLS
        CRIMINAL DISTRICT ATTORNEY
        TARRANT COUNTY, TEXAS
        Tarrant County Criminal District Attorney's Office
        Tim Curry Criminal Justice Center
        401 W. Belknap, 9th Floor
        Fort Worth, Texas 76196
        817-884-1233–Telephone /817-884-1675–Facsimile
        E-Mail: mkogle@tarrantcountytx.gov

        **ATTORNEY FOR DEFENDANT
        ASSOCIATE JUDGE LORI DEANGELIS**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................... iii

I.  INTRODUCTION AND SUMMARY OF RELIEF ........................................................1

II. MOTION TO DISMISS ...................................................................................................2

    A. Factual and Procedural Background ...........................................................................2

    B. Grounds for Relief ......................................................................................................2

III. BRIEF IN SUPPORT OF MOTION TO DISMISS .........................................................3

    A. Plaintiff lacks standing to bring claims against Associate Judge DeAngelis seeking to Enjoin a state-appointed associate judge in Plaintiff's ongoing divorce case .....................3
        1. Standards for Rule 12(b)(1) Motions ...................................................................3
        2. Plaintiff lacks standing to sue Associate Judge DeAngelis .................................4

    B. This Court should abstain from deciding issues pending in state court ......................6

    C. Plaintiff has not stated a claim against Associate Judge DeAngelis ...........................7
        1. Standards for Rule 12(b)(6) Motions ...................................................................7
        2. Plaintiff's claims against Associate Judge DeAngelis are barred by judicial Immunity. .............................................................................................................8
        3. Plaintiff cannot enjoin Associate Judge DeAngelis ..........................................10
        4. Plaintiff's official capacity claims against Associate Judge DeAngelis are barred By Eleventh Amendment Immunity ..................................................................10
        5. Plaintiff has not stated a civil RICO claim against Associate Judge DeAngelis .........11
        6. Plaintiff's individual capacity claims against Associate Judge DeAngelis are barred by qualified immunity..................................................................................13

IV. Prayer ..............................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Agustin v. Cnty. of Alameda*,
   234 Fed. App'x 521 (9th Cir. 2007) .................................................................................7

*Applewhite v. Sawyer*,
   No. 4:21-CV-985-P-BJ, 2022 WL 4126019 (N.D. Tex. Aug. 22, 2022) ...............................10

*Ashcroft v. al-Kidd*,
   563 U.S. 731 (2011) ..........................................................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................8

*Bauer v. Tex.*,
   341 F.3d 352 (5th Cir. 2003) .......................................................................................4, 5, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................8

*Boyd v. Biggers*,
   31 F.3d 279 (5th Cir. 1994) ................................................................................................9

*In re Burzynski*,
   989 F.2d 733 (5th Cir. 1993) ............................................................................................12

*Cty. Ct. of Ulster Cty., N.Y. v. Allen*,
   442 U.S. 140 (1979) ............................................................................................................5

*Delaney v. Dist. of Columbia*,
   659 F. Supp. 2d 185 (D.D.C. 2009) ................................................................................6, 7

*Delta Truck & Tractor, Inc. v. J.I. Case Co.*,
   855 F.2d 241 (5th Cir. 1988) ............................................................................................12

*DeSpain v. Johnston*,
   731 F.2d 1171 (5th Cir. 1984) ............................................................................................6

*Dixon v. Kuhn*,
   257 F. App'x 553 (3d Cir. 2007) .....................................................................................6, 7

*Edelman v. Jordan*,
   415 U.S. 651 (1974) ..........................................................................................................11

*Elliott v. Foufas*,
   867 F.2d 877 (5th Cir. 1989) ..................................................................................12

*Ford Motor Co. v. Dep't of Treasury*,
   323 U.S. 459 (1945), *overruled on other grounds by Lapides v. Bd. of Regents
   of Univ. Sys. of Ga.*, 535 U.S. 613 (2002)..............................................................11

*Forrester v. White*,
   484 U.S. 219 (1988)..................................................................................................9

*Friends of the Earth, Inc. v. Laidlaw Envt'l Serv. (TOC), Inc.*,
   528 U.S. 167 (2000)..................................................................................................5

*Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*,
   786 F.3d 400 (5th Cir. 2015) ..................................................................................12

*Hans v. Louisiana*,
   134 U.S. 1 (1890)....................................................................................................11

*Harmon v. City of Arlington, Tex.*,
   478 F. Supp. 3d 561 (2020) ......................................................................................7

*Holloway v. Walker*,
   765 F.2d 517 (5th Cir. 1985) ....................................................................................9

*Howery v. Allstate Ins. Co.*,
   243 F.3d 912 (5th Cir. 2001) ....................................................................................3

*Hunter v. Price*,
   No. A-15-CV-405-LY, 2015 WL 2454118 (W.D. Tex. May 21, 2015) .................10

*James v. Tex. Collin Cty.*,
   535 F.3d 365 (5th Cir. 2008) ..................................................................................13

*Kentucky v. Graham*,
   473 U.S. 159 (1985)................................................................................................11

*Kirkendall v. Grambling & Mounce, Inc.*,
   4 F.3d 989 (5th Cir. 1993) ........................................................................................9

*Kokkonen v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1991)..................................................................................................3

*Marlett v. Heath*,
   No. 3:18-cv-2812-M-BN, 2018 WL 5723163 (N.D. Tex. Oct. 23, 2018)............6, 7

*McCoy v. McCormick*,
   No. CV 22-443-BAJ-RLB, 2023 WL 3010215 (M.D. La. Feb. 15, 2023)................9

*Menchaca v. Chrysler Credit Corp.*,
 613 F.2d 507 (5th Cir. 1980) ...................................................................................................3

*MGG, Inc. v. Great W. Energy Corp.*,
 896 F.2d 170 (5th Cir. 1990) ...................................................................................................3

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,
 457 U.S. 423 (1982)..................................................................................................................6

*Mireless v. Waco*,
 502 U.S. 9 (1991)......................................................................................................................9

*Moore v. Willis Indep. Sch. Dist.*,
 233 F.3d 871 (5th Cir. 2000) .................................................................................................13

*Morgan v. City of Fort Worth, Tex.*,
 4:13-CV-004-Y, 2013 WL 3196580 (N.D. Tex. June 25, 2013)..............................................9

*Morgan v. Swanson*,
 659 F.3d 359 (5th Cir. 2011) (en banc) ................................................................................13

*Pearson v. Callahan*,
 555 U.S. 223 (2009)................................................................................................................13

*Pennhurst State Sch. & Hosp. v. Halderman*,
 465 U.S. 89 (1984)..................................................................................................................11

*Ramirez v. Abdal-Khallaq*,
 4:17-CV-093-Y, 2019 WL 764420 (N.D. Tex. Feb. 21, 2019) ................................................8

*Ross v. City of Dallas, Tex.*,
 No. 3:17-CV-00570-L, 2018 WL 5980495 (N.D. Tex. Nov. 14, 2018), *aff'd*,
 772 F. App'x 212 (5th Cir. 2019) ..........................................................................................12

*Ruiz v. Estelle*,
 161 F.3d 814 (5th Cir. 1998) ...................................................................................................5

S*imon v. Wal-Mart Stores, Inc.*,
 193 F.3d 848 (5th Cir. 1990) ...................................................................................................3

*Sonnier v. State Farm Mut. Auto. Ins. Co.*,
 509 F.3d 673 (5th Cir. 2007) ...................................................................................................8

*Sparks v. Duval Ranch Co.*,
 604 F.2d 976 (5th Cir. 1979) ...................................................................................................9

*Spencer v. Kemna*,
 523 U.S. 1 (1998)......................................................................................................................4

*Spencer v. McNamara*,
   No. 10-1678, 2010 WL 3168435 (E.D. La. July 16, 2010) ....................................................... 9

*Stewart v. Wells*,
   No. 4:19-CV-00598-P-BP, 2020 WL 3146866 (N.D. Tex. May 26, 2020) ......................... 6, 7

*Stump v. Sparkman*,
   435 U.S. 349 (1978) ............................................................................................................... 9

*Tindall v. Wayne Cnty. Friend of Court*,
   269 F.3d 533 (6th Cir. 2001) ................................................................................................. 7

*Williamson v. Tucker*,
   645 F.2d 404 (5th Cir. 1981) ................................................................................................. 4

**Federal Statutes**

18 U.S.C. § 1961(5) ...................................................................................................................... 12

42 U.S.C. § 1983 ................................................................................................................. *passim*

**State Statutes**

Tex. Fam. Code Ann. § 201.005 .................................................................................................. 10

Tex. Fam. Code Ann.  § 201.017 ................................................................................................. 10

Tex. Fam. Code Ann. § 262.601 .................................................................................................... 9

Tex. Gov't Code Ann. § 24.633 ................................................................................................... 10

**Rules**

Fed. R. Civ. P. 8 ......................................................................................................................... 7, 8

Fed. R. Civ. P. 12(b)(1) ...................................................................................................... *passim*

Fed R. Civ. P. 12(b)(6) ....................................................................................................... *passim*

Fed. R. Civ. P. 12(h)(3) ................................................................................................................. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONGHUA YAN § § § Plaintiff, § v. § THE STATE BAR OF TEXAS, et al. § § Defendants. § § § § § | Civil Action No. 4:23-CV-758-P-BJ |

**DEFENDANT ASSOCIATE JUDGE LORI DEANGELIS'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

**I. Introduction and Summary of Relief**

Plaintiff and state family court litigant Conghua Yan is suing Associate Judge Lori DeAngelis in her individual and official capacities. ECF No. 27, 2nd ¶ 16.[1] Plaintiff's claims against Associate Judge DeAngelis arise entirely out of Associate Judge DeAngelis's judicial rulings in Plaintiff's ongoing state divorce proceeding. ECF No. 27, ¶¶ 67, 69, 78-108 (describing the underlying family court proceeding), & Exhs. 7-9 at PageID 137-147 (the challenged judicial rulings). Plaintiff states that he is suing Associate Judge DeAngelis for alleged constitutional violations under section 1983 and for alleged RICO violations. *Id.*, ¶¶ 16, 135-203 (RICO claim), 275-295 (1983 claim). Plaintiff lacks standing to sue Associate Judge DeAngelis, who is otherwise immune from Plaintiff's claims. Moreover, Plaintiff has not stated a claim against Associate Judge DeAngelis. Accordingly, this Court should dismiss Plaintiff's claims against Associate Judge DeAngelis.

---

[1] Plaintiff was allowed to file an amended complaint to fix three typographical errors unrelated to Associate Judge DeAngelis. *Compare* ECF Nos. 1 & 27. This motion is targeted at the live complaint.

1

## II. Motion to Dismiss

**A.     Factual and Procedural Background**

This lawsuit arises out of ongoing family court litigation between Plaintiff and his wife. ECF No. 27. Chief among Plaintiff's complaints, Plaintiff is upset that Associate Judge DeAngelis ordered Plaintiff to pay attorney's fees to both parties' attorneys from certain funds under Plaintiff's control. *Id.*, ¶¶ 67 (complaining that Associate Judge DeAngelis ordered Plaintiff to prepay $10,000 in attorneys' fees for both parties' attorneys), 69 (complaining that Associate Judge DeAngelis ordered Plaintiff to pay $25,000 to attorney Barrows and $25,000 to attorney Pigg from Plaintiff's 401k); *see also* Exhs. 7-9 at PageID 137-147 (the challenged judicial rulings).

Rather than challenge these rulings in state court, Plaintiff has filed this federal action, alleging a mass conspiracy among his former lawyer (Pigg), his wife's former lawyer (Barrows), Associate Judge DeAngelis, the State Bar of Texas, and various other Texas attorneys. *Id.*, ¶¶ 8-17. Plaintiff seeks to recover over $2.2 million in compensatory and punitive damages from Associate Judge DeAngelis for alleged damages arising out of her judicial rulings in Plaintiff's ongoing divorce proceeding (*id.*, ¶¶ 198-202, 290-292), and Plaintiff invites this Court to issue injunctive relief defining the "bounds of the law" and which would interfere with and override Associate Judge DeAngelis's prior judicial rulings (*id.*, ¶¶ 194, 289).

**B.     Grounds for Relief**

This action involves Plaintiff's improper collateral attacks on state family law court Associate Judge Lori DeAngelis's judicial rulings. Under rules 12(b)(1) and (6), the above-styled action should be dismissed for any or all of the following reasons:

(1)     Plaintiff lacks standing to sue the state court associate judge, who is presiding over his ongoing family law proceeding;

(2)     This Court should abstain under the *Younger* abstention doctrine;

(3) Plaintiff's claims are barred by judicial immunity;

(4) Plaintiff cannot enjoin Associate Judge DeAngelis;

(5) Plaintiff's official capacity claims against Associate Judge DeAngelis are barred by Eleventh Amendment immunity;

(6) Plaintiff has not stated a claim under either section 1983 or RICO; and

(7) Plaintiff's individual capacity claims against Associate Judge DeAngelis are barred by qualified immunity.

In sum, this Court should dismiss Plaintiff's claims against Associate Judge DeAngelis.

### III. Brief in Support of Motion to Dismiss

**A.   Plaintiff lacks standing to bring claims against Associate Judge DeAngelis seeking to enjoin a state-appointed associate judge in Plaintiff's ongoing divorce case.**

**1.   Standards for Rule 12(b)(1) Motions**

Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the United States Constitution, are without power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(h)(3). "The issue [of subject matter jurisdiction] may be raised by parties, or by the court *sua sponte*, at any time." *MGG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Jurisdiction may not be presumed and may not be gained by consent, inaction, or stipulation. S*imon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990).

When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen*, 511 U.S. at 377; *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A district court may dismiss for lack of

3

subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### 2. Plaintiff lacks standing to sue Associate Judge DeAngelis.

In his Complaint, Plaintiff requests injunctive relief to redress alleged harm arising out of his domestic relations proceedings. ECF No. 27, ¶¶ 194, 289. Among other relief, Plaintiff seeks the following relief:

> a preliminary and permanent declaration clarifying the precise bounds of the law that,
> 
> a. the Texas family courts should immediately cease and desist from issue any unlawful orders including but not limited to,
> 
> b. compelling the *prepayment* of attorney fees.
> 
> c. compelling *interlocutory* QDRO order.
> 
> d. compelling the *payments* of attorneys' fees.

ECF No. 27, ¶ 194. Plaintiff also seeks "a preliminary and permanent injunction enjoining the [sic] Tarrant County, Texas, represented by Defendant Lori DeAngelis in her official capacity, from continuing to engage in ultra vires actions beyond its legal authority, including depriving Plaintiff of his Equal Protection and Due Process constitutional rights by depriving Plaintiff of his property." *Id.*, ¶ 289. This Court does not have jurisdiction to issue such rulings or any other relief that Plaintiff has requested in this action.

Article III of the Constitution limits federal court jurisdiction to live "case[s] or controversies]." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This means that Plaintiff must show that he and "the defendants have adverse legal interests." *See Bauer v. Tex.*, 341 F.3d 352, 358-59 (5th Cir. 2003). His complaints that this Court should define the "bounds of the law" under the Texas Family Code (*id.*, ¶ 194), are not properly directed toward Associate Judge DeAngelis.

4

Specifically, Plaintiff's underlying dispute concerning the payment of attorneys' fees in connection with his ongoing divorce proceeding does not lie against the judges hearing or ruling on his case. Plaintiff's dispute is with his wife.

Plaintiff has no case or controversy with Associate Judge DeAngelis. If Plaintiff disagrees with a ruling over his ongoing disputes with his wife, Plaintiff can appeal any such ruling in state court. Plaintiff, however, does not have a remedy in federal court directly against a state judge for damages or injunctive relief.

To illustrate, in *Machetta v. Moren*, a disgruntled family court litigant sued the judges who had presided over his case, seeking injunctive and declaratory relief. 726 F. App'x 219, 219-20 (5th Cir. June 4, 2018). The Fifth Circuit affirmed the district court's dismissal of the case "because no case or controversy exists between 'a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'" *Id*. at 220 (quoting *Bauer*, 341 F.3d at 361). The Fifth Circuit further stated that "[w]ithout a case or controversy there is no standing, and without standing, no subject matter jurisdiction." *Id*. (citing *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998)). This is so because the judge is not the cause of the statute being enacted or enforced. *Id*.

Moreover, a party lacks standing when he cannot establish an injury likely to be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envt'l Serv. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). And, as a general rule, a plaintiff lacks standing to broadly challenge statutes in a manner that implicates legal interests that are not their own. *Cty. Ct. of Ulster Cty., N.Y. v. Allen*, 442 U.S. 140, 154-55 (1979).

Here, Associate Judge DeAngelis has no adverse legal interests to Plaintiff. Nor has Plaintiff shown that a favorable ruling by this Court defining the "precise bounds of the law" can redress Plaintiff's claimed injuries. Because there is no case or controversy between Plaintiff and Associate Judge DeAngelis, and because Plaintiff lacks standing to sue Associate Judge

5

DeAngelis, Plaintiff's claims against Associate Judge DeAngelis should be dismissed. *See* Fed. R. Civ. P. 12(b)(1); *Stewart v. Wells*, No. 4:19-CV-00598-P-BP, 2020 WL 3146866, at *5 (N.D. Tex. May 26, 2020) (recommending that a state family litigant's claims against Associate Judge DeAngelis be dismissed for lack of standing), *report and recommendation adopted*, No. 4:19-CV-0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020) (Pittman, J.).

**B.       This Court should abstain from deciding issues pending in state court.**

Because Plaintiff's claims against Associate Judge DeAngelis seek injunctive relief concerning pending divorce proceedings, this Court should abstain from exercising jurisdiction over any such claims. *See Marlett v. Heath*, No. 3:18-cv-2812-M-BN, 2018 WL 5723163, at *2 (N.D. Tex. Oct. 23, 2018) ("But, even if jurisdiction exists, 'a federal court should abstain from interfering in an ongoing child support proceeding under *Younger[ v. Harris*, 401 U.S. 37 (1971)].") (citing *Dixon v. Kuhn*, 257 F. App'x 553, 555 (3d Cir. 2007); *Delaney v. Dist. of Columbia*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009)). Under *Younger*, federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings. 401 U.S. 37 (1971); *Bauer*, 341 F.3d at 357.

This doctrine is grounded primarily on considerations of equity, comity, and federalism. *Younger,* 401 U.S. at 43–44; *DeSpain v. Johnston*, 731 F.2d 1171, 1175–76 (5th Cir. 1984). Abstention applies if three conditions are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). As applied to child support proceedings,

> a party subject to a child support order is a party to an open case that does not terminate until the child support order is finally discharged. *Dixon*, 257 Fed. App'x at 555. States have an overriding interest in ordering and enforcing child support obligations. *Id*. And a party in a child support proceeding can raise any

6

> federal constitutional claims [s]he may have. *Id*. Accord *Agustin v. Cnty. of Alameda*, 234 Fed. App'x 521, 522 (9th Cir. 2007) (under *Younger*, federal district court properly dismissed suit challenging a state court action to collect child support); *Tindall v. Wayne Cnty. Friend of Court*, 269 F.3d 533, 538-40 (6th Cir. 2001) (district court must abstain under *Younger* from granting declaratory or injunctive relief sought by the plaintiff who claimed that the state's procedures for collecting child support were unconstitutional).

*Marlett*, 2018 WL 5723163, at *3 (quoting *Delaney*, 659 F. Supp. 2d at 194). This Court has previously abstained under *Younger* in an ongoing child custody/divorce dispute where a family court litigant had sued Associate Judge DeAngelis based on her judicial rulings. *See Stewart*, 2020 WL 3146866, at *6.

As is noted above, Plaintiff is requesting injunctive relief in this action concerning his obligations to pay attorney's fees in his ongoing divorce proceeding, involving child support and child custody issues. State court provides a sufficient avenue for Plaintiff to raise his complaints. Under *Younger*, Plaintiff's injunctive relief claims arising out of ongoing domestic relations proceedings should all be dismissed under rule 12(b)(1). *See also id.* ("[A] federal action requesting an "injunction, whether preliminary or permanent, [that] falls squarely within the *Younger* abstention doctrine" has no "likelihood of success on the merits.") (citation omitted). This Court should abstain from exercising federal jurisdiction over Plaintiff's claims. *See Stewart*, 2020 WL 3146866, at *6.

**C.     Plaintiff has not stated a claim against Associate Judge DeAngelis.**

Further, and in the alternative, Associate Judge DeAngelis moves to dismiss this action under Rule 12(b)(6).

### 1.     Standards for Rule 12(b)(6) Motions

The federal pleadings standards are well settled. *See, e.g., Harmon v. City of Arlington, Tex.*, 478 F. Supp. 3d 561, 567 (2020). Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to

7

relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

Under these standards, Plaintiff fails to state a claim against Associate Judge DeAngelis.

**2. Plaintiff's claims against Associate Judge DeAngelis are barred by judicial immunity.**

Repeatedly, district courts have stated that judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Ramirez v. Abdal-*

8

*Khallaq*, 4:17-CV-093-Y, 2019 WL 764420, at *3 (N.D. Tex. Feb. 21, 2019); *Morgan v. City of Fort Worth, Tex.*, 4:13-CV-004-Y, 2013 WL 3196580, at *2 (N.D. Tex. June 25, 2013) (**involving, among others, a Tarrant County family law associate judge**); *see Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988) & *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Furthermore, judicial immunity applies in a civil RICO action. *See, e.g., Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) ("It is a well-established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity.") (citing *Sparks v. Duval Ranch Co.*, 604 F.2d 976 (5th Cir. 1979); *McCoy v. McCormick*, No. CV 22-443-BAJ-RLB, 2023 WL 3010215, at *14–15 (M.D. La. Feb. 15, 2023) (citing *Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989 (5th Cir. 1993) (judicial and quasi-judicial immunity apply in a civil RICO action); *Spencer v. McNamara*, No. 10-1678, 2010 WL 3168435, at *1 (E.D. La. July 16, 2010) (dismissing Section 1983 and RICO claims brought against federal judges on Section 1983 and RICO claims where "[d]espite the plethora of exclamation points and question marks in plaintiff's complaint, nothing in either the complaint or the motion reveals that any of the judges acted outside the scope of their judicial capacity."), *report and recommendation adopted*, 2010 WL 3189974 (E.D. La. Aug. 10, 2010)).

Because the complained-of conduct by Associate Judge Lori DeAngelis was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 325th Judicial District Court, Associate Judge DeAngelis is entitled to absolute judicial immunity. *See* Tex. Fam. Code

Ann. § 262.601 (jurisdiction of family district courts); Tex. Gov't Code Ann. § 24.633 (creating the 325th Judicial District Court in Tarrant County, Texas); Tex. Fam. Code Ann. § 201.005 (concerning nature of cases that can be referred to family law associate judges); TEX. FAM. CODE ANN. § 201.017 ("An associate judge … has the judicial immunity of a district judge."). Plaintiff's claims against Associate Judge DeAngelis, therefore, are not plausible and should be dismissed.

### 3.     Plaintiff cannot enjoin Associate Judge DeAngelis.

Plaintiff is impermissibly seeking injunctive relief against a judicial officer. Title 42 U.S.C. § 1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; *Applewhite v. Sawyer*, No. 4:21-CV-985-P-BJ, 2022 WL 4126019, at *11 (N.D. Tex. Aug. 22, 2022) (dismissing § 1983 injunctive relief claim against Tarrant County family law district and associate judges), *report and recommendation adopted*, No. 4:21-CV-00985-O, 2022 WL 4122225 (N.D. Tex. Sept. 9, 2022), *appeal dismissed*, No. 22-11075, 2023 WL 2848096 (5th Cir. Mar. 8, 2023).

Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, Plaintiff's claim against Associate Judge DeAngelis must be dismissed. *See* Fed. R. Civ. P. 12(b)(6); *Machetta*, 726 F. App'x at 220. Courts frequently dismiss lawsuits like this one as "frivolous," and this Court should do the same. *See, e.g., Machetta*, 726 F. App'x at 221; *Hunter v. Price*, No. A-15-CV-405-LY, 2015 WL 2454118, at *3 (W.D. Tex. May 21, 2015) ("Hunter's complaint should be dismissed with prejudice as frivolous and Hunter should be denied any further relief.").

### 4.     Plaintiff's official capacity claims against Associate Judge DeAngelis are barred by Eleventh Amendment Immunity.

The Eleventh Amendment provides as follows:

10

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. This provision not only prohibits suits against States in federal court by citizens of other States, but also prohibits suits brought against a State in federal court by its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890). Moreover, the Eleventh Amendment prohibits suits against state officials where the state is, in fact, the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985). It also bars suit when state officials are named defendants if the state is the "real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state, especially by imposing liability damages that must be paid out of the public fisc. *See, e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 & n.11 (1984*); Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Here, Associate Judge DeAngelis, acting in her judicial capacity, is an agent of the State of Texas. Plaintiff sued Associate Judge DeAngelis in her official capacity under section 1983. ECF No. 27, 2nd ¶ 16. As such, Plaintiff's claims against Associate Judge Lori DeAngelis are barred by Eleventh Amendment immunity and must be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

**5.     Plaintiff has not stated a civil RICO claim against Associate Judge DeAngelis.**

To the extent that Plaintiff is trying to sue Associate Judge DeAngelis in her official capacity under the RICO statute, Plaintiff's claim fails as a matter of law because Associate Judge

11

DeAngelis (in her official capacity, which is the State of Texas) is not a proper defendant. The Fifth Circuit has held that "RICO requires demonstrating an underlying criminal act, which entails a *mens rea* requirement that a governmental entity cannot form." *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015); *Ross v. City of Dallas, Tex.*, No. 3:17-CV-00570-L, 2018 WL 5980495, at *6 (N.D. Tex. Nov. 14, 2018), *aff'd*, 772 F. App'x 212 (5th Cir. 2019). Accordingly, this Court should dismiss any RICO claim against Associate Judge DeAngelis in her official capacity with prejudice.

Even if Associate Judge DeAngelis could be liable under RICO, Plaintiff has failed to plead any of the elements necessary to state a claim for a RICO violation. In order to state a claim under RICO, a plaintiff must show: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). A "pattern" requires at least two predicate acts that are related to each other and constitute or threaten long-term criminal activity. 18 U.S.C. § 1961(5); *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993). Section 1961 sets forth a list of acts that constitute "racketeering activity."

Here, Plaintiff has not pleaded any of these three requisite elements with respect to Associate Judge DeAngelis. Furthermore, Plaintiff's conclusory assertions throughout his complaint that other defendants allegedly violated certain federal statutes are insufficient to plead the predicate acts necessary to establish a pattern of racketeering activity. *See Elliott v. Foufas*, 867 F.2d 877, 879, 882 (5th Cir. 1989) (affirming district court's dismissal of plaintiff's RICO claims under Rule 12(b)(6) because plaintiff failed to plead facts which would establish that Defendants had violated the listed predicate acts).

### 6. Plaintiff's individual capacity claims against Associate Judge DeAngelis are barred by qualified immunity.

Moreover, Associate Judge DeAngelis is entitled to qualified immunity from Plaintiff's individual capacity section 1983 claims. Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights. 42 U.S.C. § 1983. "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). Courts have discretion to consider either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, Plaintiff has failed to sufficiently plead either a constitutional violation or that Associate Judge DeAngelis acted unreasonably in light of clearly established law. Therefore, Plaintiff's individual capacity claims against Associate Judge DeAngelis should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

### IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Associate Judge Lori DeAngelis prays that this Court grant this motion and dismiss this action, that Plaintiff take nothing by this suit, and that this Defendant be granted such other and further relief, both general and special, at law or in equity, to which she may show herself to be justly entitled.

        Respectfully submitted,

        */s M. Keith Ogle*
        **M. KEITH OGLE**
        State Bar No. 24037207
        Assistant Criminal District Attorney

        PHIL SORRELLS
        CRIMINAL DISTRICT ATTORNEY
        TARRANT COUNTY, TEXAS

        Tarrant County Criminal District Attorney's Office
        Tim Curry Criminal Justice Center
        401 W. Belknap, 9th Floor
        Fort Worth, Texas 76196
        817-884-1233 - Telephone
        817-884-1675 – Facsimile
        E-Mail: mkogle@tarrantcountytx.gov

        **ATTORNEY FOR DEFENDANT**
        **ASSOCIATE JUDGE LORI DEANGELIS**

### CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on August 29, 2023:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas  76092

        */s/ M. Keith Ogle*
        **M. KEITH OGLE**