# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| THE STATE BAR OF TEXAS, a private company, | ) |
| THE BARROWS FIRM, a private company, | ) |
| LESLIE STARR BARROWS, in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| WILLIAM ALBERT PIGG in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| SAMANTHA YBARRA, in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| LUIS JESUS MARIN in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| DANIEL EULALIO MARTINEZ | ) |
|     in individual capacity, | ) |
|     as a member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| RACHEL ANN CRAIG in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| LORI L. DEANGELIS in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Associated Judge, | ) |
| TARRANT COUNTY, | ) |
|     Defendants. | ) |

## MOTION FOR SANCTIONS TO
## COUNSEL MELVIN KEITH OGLE
## AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this Motion for Sanctions to Counsel Melvin Keith Ogle, pursuant to Federal Rules of Civil Procedure 11.

### I. INTRODUCTION AND FACTS

1. Counsel Melvin Keith Ogle, member of the State Bar of Texas, Bar Card Number:24104627.

2. On July 21st, 2023, the Plaintiff filed a complaint against The State Bar of Texas et al, defendants. ECF No. 1,

3. On August 16th, 2023, Counsel Melvin Keith Ogle, filed a Motion to Dismiss against the Plaintiff, ECF No. 18. Counsel Melvin Keith Ogle represents Tarrant County in this suit.

4. On August 24th, 2023, Plaintiff intended to amend original complaint to correct several typographical errors incorrectly referring to Defendant the Barrows Firm as the Barrow Firm. These proposed changes did not affect Defendant Tarrant County, whom Counsel Melvin Keith Ogle represented. Pursuant to Local Rule 7.1(h), the Plaintiff inquired whether Counsel Melvin Keith Ogle opposed the amendment. Counsel Melvin Keith Ogle expressed opposition in his email response. This email is attached hereto as Exhibit 1.

5. In the email response, Counsel Melvin Keith Ogle said:

  - "I am **opposed to any amendment** that includes Tarrant County and Associate Judge DeAngelis as parties. I would be unopposed to an amendment dropping both of them as parties to this lawsuit and request that you drop both of them."

6. There were six contexts in the response,

    A. I(Orlg) am opposed to any amendment that includes Tarrant County as a party.

    B. I(Orlg) would be unopposed to an amendment dropping Tarrant County as a party to this lawsuit.

    C. I(Orlg) request that you drop Tarrant County.

    D. I(Orlg) am **opposed to any amendment** that includes Judge DeAngelis as a party.

    E. I(Orlg) would be unopposed to an amendment dropping Judge DeAngelis as a party to this lawsuit.

    F. I(Orlg) request that you drop Judge DeAngelis.

7.    During the motion conference on that date, the first three contexts suggested that Counsel Melvin Keith Ogle had misused his position as a counsel to abuse the process. Concurrently, Counsel Melvin Keith Ogle had no vested interest in the legal proceedings between the Plaintiff and Defendant, The Barrows Firm.

8.    Furthermore, the last 3 contexts committed a new RICO predicate act which intended to "**cause** Lori L. DeAngelis to be **absent** from this suit to which Lori L. DeAngelis **has been summoned** in this suit."

9.    On August 24th, 2023, Counsel Melvin Keith Ogle, a member of the State Bar of Texas, had no standing to advocate for the interests of another member of the State Bar of Texas, Lori L. DeAngelis in this suit, because Counsel Melvin Keith Ogle had not established an attorney-client relationship with Lori L. DeAngelis on that date.

10.    It is undeniable fact that Lori L. DeAngelis hadn't appeared in this Court on August 24th, 2023, yet. Without an attorney-client relationship, Counsel Melvin Keith Ogle lacked attorney immunity for his acts related to advocating for Lori L. DeAngelis during the court proceedings. He was also not acting in his official capacity; rather, their relationship was of an individual capacity as members of a RICO enterprise, the State Bar of Texas.

11.    On August 29th, 2023, Counsel Melvin Keith Ogle, filed a Motion to Dismiss against the Plaintiff, ECF No. 30. Counsel Melvin Keith Ogle represents Lori L. DeAngelis in this suit since August 29th, 2023.

12.     Counsel Melvin Keith Ogle, member of the State Bar of Texas, Bar Card Number:24104627.

## II. STANDARD OF REVIEW

13.     Under Federal Rules of Civil Procedure 11(c)(1), sanctions are proper "If... the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule..."

## III. ARGUMENT AND AUTHORITIES

14.     *18 U.S.C. § 1961(1)* "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), … **section 1512** (relating to tampering with a witness, victim, or an informant), …

15.     *18 U.S.C. § 1512(b)(2)(D)* **Whoever** knowingly uses intimidation, threatens, or **corruptly persuades another person**, or **attempts to do so**, or e**ngages in misleading conduct toward another person**, **with intent to cause or induce any person** to be **absent** from an official proceeding to which **such person has been summoned** by legal process.

16.     "In that regard, we **emphasize** that, because drug trafficking is an "unlawful activity" with respect to money laundering and **RICO offenses** (*see* 18 U.S.C. § 1956(c)(7)), a lawyer providing advice to an unlawful drug trafficking entity such as the Nicka Organization places himself at great personal risk. **Any lawyer** providing advice concerning ongoing unlawful activity is circumscribed in the legal advice that can permissibly be provided, lest he become a participant in the unlawful activity. That is, a lawyer representing or advising such an entity can **readily turn himself into a coconspirator — or aider and abettor — in the form of a consigliere or fixer**." *United States v. Farrell*, 921 F.3d 116, 138-39 (4th Cir. 2019). The moment that Melvin Keith Ogle sent that email, he became a fixer.

17.     "Rule 15(a) of the Federal Rules of Civil Procedure instructs that when permission to file a pleading must be obtained from the Court, "leave shall be freely given when justice so requires." (emphasis added). While the court has sole discretion to grant or deny a request for leave to amend, unless there is a reason for not doing so, such as undue delay, bad faith, dilatory tactics, repeated failure to cure deficiencies, or undue prejudice to the opposing party, "the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed.R.Civ.P. 15(a)); see also Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (acknowledging that **it is an abuse of discretion for a district court to deny leave to amend absent a sufficient reason**). The rationale behind this liberal granting of leave to amend a complaint is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test h[er] claim on the merits." Foman, 371 U.S. at 182. Moreover, consideration must be given to the fact that the plaintiff in this case is proceeding pro se. The practice of freely giving leave to amend is particularly appropriate in the circumstance of pro se litigants. See Wyant v. Crittenden, 113 F.2d 170, 175 (D.C. Cir. 1940). "Pro se litigants are afforded more latitude than litigants represented by counsel to correct defects in . . . pleadings" and pro se litigants should be given at least minimal notice of the pleading requirements. Moore v. Agency for Int'l. Dev., 994 F.2d 874, 876-77 (D.C. Cir. 1993) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Lindsey v. United States, 448 F. Supp. 2d. 37, 46-47 (D.D.C. 2006) (Walton, J.) (citing Moore and agreeing that district courts should provide pro se litigants with minimal notice of pleading requirements); Hisler v. Gallaudet Univ., 206 F.R.D. 11, 14 (D.D.C. 2002) (acknowledging **the policy that "an added measure of leniency is extended to pro se litigants [with respect to] procedural requirements**") (citations omitted). The principles set forth in Moore are instructive here. InMoore, the pro se plaintiff conceded that his complaint did not meet the heightened pleading requirement for overcoming a claim of qualified immunity, but argued that the district court should have alerted him to the defects and allowed him to amend his complaint. 994 F.2d at 876. The Circuit Court held that "[b]ecause there is no indication that any of the defendants would have been prejudiced . . ., the district court should have permitted Moore to amend his complaint." Id. at 877-78. Indeed, it is the Court's duty to inform the plaintiff of the consequences of not adhering to procedural requirements, although the Court appreciates that this assistance does not permit a pro se plaintiff to ignore the Federal Rules of Civil Procedure. Moore, 944 F.2d at 876; see also Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.) (holding that the Court "must take pains to **protect the rights of pro se parties**

against the consequences of technical errors"); Hisler, 206 F.R.D. at 14." *KIDD v. HOWARD UNIVERSITY SCHOOL OF LAW*, Case No. 06-CV-1853 (RBW), 2-4 (D.D.C. Jun. 25, 2007).

18. Plaintiff has the rights accorded to pro se parties to be protected against the consequences of technical errors concerning procedural requirements set forth by Federal and Local rules, including those related to amendments and motion conferences. However, Counsel Melvin Keith Ogle unquestionably threatened the Plaintiff by abusing the process. He did this by opposing ANY amendment, irrespective of the context, merits, or justice involved. Counsel Melvin Keith Ogle made such threats while attempting to advocate for the interests of a party with whom he had no attorney-client relationship on that date.

19. "The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuver" *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001). Counsel Melvin Keith Ogle had committed costly meritless maneuver by objecting Plaintiff's proposed motion and committed a new RICO predicate act.

### IV. Conclusion

20. Counsel's opposing letter represented frivolous objection and constituted harassment to Plaintiff by advocating on behalf a party who Counsel did not represent on that day.

21. Counsel's opposing letter constituted a contravention of *18 U.S.C. § 1512(b)(2)(D)*.

22. In this decades-long scandal involving a RICO scheme, which concerns the Texas law industry, members of the State Bar of Texas, diverted Federal law protected employee retirement funds for personal use. There are presumably more individuals still operating behind the scenes. In the original complaint, ECF No. 1 ¶¶75, 120, 147, 233, and 234, Plaintiff has stated that the Tarrant County Criminal District Attorney's Office may have other attorneys who might be involved as conspirators. The Plaintiff did not expect that Counsel Melvin Keith Ogle would be the first to voluntarily implicate himself.

### V. Prayer for Relief

23. Based on the above, Plaintiff respectfully requests the following relief:

24. Plaintiff prays that the Court order Counsel Melvin Keith Ogle to be disqualified, withdraw his representation from this suit, without affecting the original filing date.

25.     Plaintiff prays that the Court order Melvin Keith Ogle to pay a fine to the Court in the amount of five hundred dollars.

26.     Plaintiff prays that the Court order such other sanctions as it deems appropriate under the circumstances to deter repetition of the conduct or comparable conduct by others similarly situated.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
/[arnold200@gmail.com]

# EXHIBIT 1

   Arnold Yan <arnold200@gmail.com>

# 4:23-cv-00758 / Email Conference for MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT
3 messages

**Arnold Yan** <arnold200@gmail.com>   Thu, Aug 24, 2023 at 4:13 PM
To: Keith Ogle <mkogle@tarrantcountytx.gov>

Mr. Ogle,
I intend to file a MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT, please reply if you oppose this motion or not.
Thank you.
Conghua Yan

**2 attachments**

 **MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT.pdf**
626K

 **Federal Motion Texas North - First Amended COMPLAINT.pdf**
1805K

**Keith Ogle** <MKOgle@tarrantcountytx.gov>   Thu, Aug 24, 2023 at 4:17 PM
To: Arnold Yan <arnold200@gmail.com>

I am opposed to any amendment that includes Tarrant County and Associate Judge DeAngelis as parties. I would be unopposed to an amendment dropping both of them as parties to this lawsuit and request that you drop both of them.

**From:** Arnold Yan <arnold200@gmail.com>
**Sent:** Thursday, August 24, 2023 4:14 PM
**To:** Keith Ogle <MKOgle@tarrantcountytx.gov>
**Subject:** 4:23-cv-00758 / Email Conference for MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT

You don't often get email from arnold200@gmail.com. Learn why this is important

[Quoted text hidden]

**Arnold Yan** <arnold200@gmail.com>  Thu, Aug 24, 2023 at 4:18 PM
To: Keith Ogle <MKOgle@tarrantcountytx.gov>

Noted with thanks.

[Quoted text hidden]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CONGHUA YAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. [4:23-CV-00758] |
| The State Bar of Texas et al, | ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF CONFERENCE

On August 30th, 2023, Plaintiff consulted with Melvin Keith Ogle, counsel for the Defendants. During the consultation, Plaintiff made a good faith offer, asking the counsel to withdraw. Plaintiff notified counsel of his intent to file a Motion for Sanction. Melvin Keith Ogle refused, and he has expressed his opinion to,

☒ Opposed the Motion.
☐ Unopposed Motion.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
[arnold200@gmail.com]

<u>CERTIFICATE OF SERVICE</u>

On (August 30th, 2023) I, Conghua Yan, filed (Motion for Sanctions MELVIN KEITH OGLE AND BRIEF IN SUPPORT [ECF No. 33]) through the court CM/ECF system.

I hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]