UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CONGHUA YAN, | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No. 4:23-cv-758-P |
| THE STATE BAR OF TEXAS, | § | |
| a private company | § | |
| THE BARROW FIRM, a private company, | § | |
| LESLIE STARR BARROWS, | § | |
| in individual capacity | § | |
| as member of the State Bar of Texas, | § | |
| WILLIAM ALBERT PIGG | § | |
| in individual capacity | § | |
| as member of the State Bar of Texas, | § | |
| SAMANTHA YBARRA, | § | |
| in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| LUIS JESUS MARIN in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| and official capacity as Assistant Disciplinary | § | |
| Counsel for the Office of the CDC, | § | |
| DANIEL EULALIO MARTINEZ | § | |
| in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| and official capacity as Assistant Disciplinary | § | |
| Counsel for the Office of the CDC, | § | |
| RACHEL ANN CRAIG in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| and official capacity as Assistant Disciplinary | § | |
| Counsel for the Office of the CDC, | § | |
| LORIE L. DEANGELIS in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| and official capacity as Associated Judge, | § | |
| TARRANT COUNTY, | § | |
| Defendants. | § | |

---

DEFENDANTS STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO
MARTINEZ, AND RACHEL ANN CRAIG'S, RESPONSE TO
PLAINTIFF'S MOTION FOR SANCTIONS

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

1

COME NOW Defendants State Bar of Texas, Luis Jesus Marin (Marin), Daniel Eulalio Martinez (Martinez), and Rachel Ann Craig (Craig) (hereinafter referred to collectively as "Defendants") and file this Response to Plaintiff, Conghua Yan's ("Yan" or "Plaintiff") Motion for Sanctions against them. In support thereof, Defendants offer the following:

## I. INTRODUCTION

Yan filed the instant lawsuit on July 21, 2023. Defendants filed their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on August 10, 2023. Thereafter, Yan filed a Motion for Sanction to Counsel of the State Bar of Texas, Marin, Martinez, and Craig. On August 28, 2023, Yan filed his First Amended Complaint for Civil Rico, and Antitrust etc., Demand for Declaratory Relief, Injunction Relief, Damage Relief, and Jury Demand.

In his sanctions motion, Yan claims that Defendants should be sanctioned under Rule 11(c)(1) of the Federal Rules of Civil Procedure for frivolously arguing in their Motion to Dismiss that:

> "Yan's allegations indicate he either has a misunderstanding of his role as a complainant in the attorney disciplinary system, or that he was intentionally attempting to use the disciplinary system (when he filed his alleged grievances) to harass Barrows and Pigg, because he believes seeking relief against Barrow and Pigg in a proper venue will turn out to be unsuccessful."

*See* DE 22 at 2.

For the following reasons, this Court should find that Defendants' statements are neither frivolous nor designed merely to harass Yan and deny his sanctions motion.

## II. ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure Rule 11(b) provides, in part, that an attorney who presents a pleading to the court certifies that the pleading "is not being presented for any improper purpose, such as to harass" and that "the claims, defenses, and other legal contentions are warranted by existing law." See Fed. R. Civ. Pr. 11(b)(1) and (2). Rule 11(c)(1) of the Federal Rules of Civil Procedure states that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1)

A. *Defendants have not violated Rule 11(b)(1).*

As stated, Federal Rule of Civil Procedure 11(b)(2) prevents an attorney from filing a federal complaint that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *See* FED. R. CIV. P. 11(b)(2). The available case law states, "[i]n determining whether an attorney has met this obligation, the court applies the "snapshot rule," which focuses on the attorney's conduct as of the moment the document was signed. *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 874 (5th Cir.1988) (en banc), *Jordaan v. Hall*, 275 F. Supp. 2d 778, 787 (N.D. Tex. 2003).

Additionally, "Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document." *Edwards v. General Motors Corporation,* 153 F.3d 242, 245 (5th Cir.1998); *Federal Deposit Insurance Corporation v. Calhoun,* 34 F.3d 1291, 1296 (5th Cir.1994), *Id.* Once the snapshot has been taken, the court measures Rule 11 compliance under an objective standard of reasonableness. *Whitehead,* 332 F.3d at 804–05; *Childs,* 29 F.3d at 1024; *United States v. Alexander,* 981 F.2d 250, 252 (5th Cir.1993); *Smith,* 960 F.2d at 444. Consequently, "[w]here a reasonable amount of research would have revealed to the attorney that there was no legal foundation for the position taken, Rule 11 sanctions will be imposed." *Collin*

3

*County, Texas v. Homeowners Association for Values Essential to Neighborhoods (HAVEN),* 654 F.Supp. 943, 954 (N.D.Tex.1987) (citation omitted), *Id.* As such, when analyzing Yan's sanction motion, this Court should put into context the Defendants' and Yan's conduct at the time Defendant's dismissal motion was filed on August 10, 2023. In his lawsuit, Yan sues Defendants Marin and Martinez on purported claims that they improperly dismissed two alleged grievances that he filed against two licensed Texas attorneys, Leslie Starr Barrows and William Albert Pigg. Yan also sued Defendant Craig on purported claims that she improperly dismissed these same two grievances, after they were upgraded to Complaints by the Board of Disciplinary Appeals (BODA). [1]

In their dismissal motion, Defendants argue that Yan's lawsuit fails to show he suffered an injury related to his involvement in filing of said grievances/Complaints. Additionally, Defendants argue that Yan is not entitled to any relief for filing a grievance/Complaint against a licensed Texas attorney, and his Original Complaint, rife with conclusory utterances, in his lawsuit are insufficient to state a claim for which relief can be granted. *See generally* DE 13 at.

The alleged offending statement—that Plaintiff either has a misunderstanding of his role as a complainant in the attorney disciplinary system or that he intentionally filed his alleged grievances to harass Barrows and Pigg because Plaintiff believes seeking relief against Barrow and Pigg in a proper venue will turn out to be unsuccessful—is partially based on Yan's pleadings which recite his belief that Defendants conspired with Barrows and/or Pigg in their obtaining an improper Qualified Domestic Relations Order (QDRO) from the 325th Judicial District Court in

---

[1] Defendants remain subject to the confidentiality requirements imposed by the Texas Rules of Disciplinary Procedure (the "TRDPs") with regard to all information and/or associated records concerning any underlying attorney grievances allegedly filed by Yan. TEX. RULES DISCIPLINARY P. R. 2.16, *reprinted in* Tex. Gov't Code Ann., tit. 2, Subtit. G, app. A-1 (West 2005).

Tarrant County, Texas. The statement is also based on Yan's claim that he has suffered an injury due to Defendants' handling of his alleged grievances/Complaints, which he believes entitled him to compensation. Further, Yan's citations of *Reiss v. Reiss,* 118 S.W.3d 439 (Tex. 2003) and *Gainous v. Gainous,* 219 S.W.3d 97 (Tex.App. Houston [1st Dist.] 2006), support Defendants' statement that Yan is acquainted with the proper forum and venue to bring his challenges concerning the QDRO he argues was "illegal".

Yan's pleadings exemplify Yan's misguided belief that a non-party complainant - who files a grievance against a licensed Texas attorney - is entitled to some relief through the Texas attorney disciplinary system.  His pleadings also demonstrate a fundamental misunderstanding of the grievance process. Defendants' contention that Yan does not believe that his claims would fare well in an alternative venue is speculative, but the statement is bolstered by Yan's citations to multiple appellate decisions informing him of the proper venue to bring his challenges, and the fact that no other civil or criminal suit has been filed against any Defendants in any other venue.

Despite these assertions, Plaintiff fails to present any evidence showing Defendants have any personal involvement in those alleged injuries. Conversely, in their motion to dismiss, Defendants offer ample evidence to show that none have performed duties outside their purview as employees of the State Bar of Texas and that all are exempt from suit through Eleventh, Qualified, and Absolute Immunities.

The statement Yan challenges in his sanction motions does not rise to a level of sanctionable conduct because, while speculative, it was not presented by Defendants for any improper purpose nor ever meant as legal authority or reasoning. Rather, the statement was meant to exemplify Defendants' lack of understanding as to why Yan filed this lawsuit in the first place, and believes he is entitled to the relief he seeks. Because the statement supports the thrust of

Defendants' dismissal motion, the statement should be considered dicta—context for the actual legal arguments such as Defendants' available immunities. Further, as the applicable "snapshot rule" to a sanctions motion is meant to be adjudicated under a "reasonableness" standard, it is highly plausible that an amount of discovery may in fact prove Defendants' statement to be factual. However, it should be noted that discovery is ultimately unnecessary as Defendants are all immune from suit.

## III. CONCLUSION

WHEREFORE, Defendants, the State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig, pray that this Court DENY Plaintiff's Motion for Sanctions. Defendants further request any and all relief to which they may be entitled, both at law and in equity.

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

_____

**ROYCE LEMOINE**
Deputy Counsel for Administration
State Bar No. 24026421

**AMANDA KATES**
Assistant Disciplinary Counsel
State Bar No. 24075987
OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone: (512) 427-1350
Facsimile: (512) 427-4167
Email: Royce.lemoine@texasbar.com
Email: Amanda.Kates@texasbar.com
ATTORNEYS FOR DEFENDANTS

6

**CERTIFICATE OF SERVICE**

I, Royce Lemoine, certify that a true and correct copy of DEFENDANTS, THE STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG'S, RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS has been served via the Court's Electronic Case Files system on this 30th day of August 2023, and via electronic filing through EC/CMF addressed to all parties.