IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:23-CV-758-P-BJ |
| | § | |
| THE STATE BAR OF TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS TARRANT COUNTY AND ASSOCIATE JUDGE LORI DEANGELIS'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

**I. Introduction and Summary of Relief Requested**

Plaintiff has filed a motion for sanctions against the undersigned counsel. ECF No. 33. The motion itself lacks a basis in fact or law and should be denied.

**II. Procedural Facts**

Plaintiff filed this Section 1983 and civil RICO lawsuit against Tarrant County and Associate Judge Lori DeAngelis, among others, on July 21, 2023. ECF No. 1. Plaintiff served the County on July 29, at which time the undersigned became aware of this action—including the claims against *both* the County and Associate Judge Lori DeAngelis. ECF No. 23. Tarrant County filed a motion to dismiss on August 16, 2023, pointing out the numerous reasons why Plaintiff's claims against the County should be dismissed. ECF No. 18.

The morning of August 24, Plaintiff served Associate Judge Lori DeAngelis. ECF No. 24. That afternoon, Plaintiff inquired as to whether Tarrant County opposed Plaintiff's motion for leave to amend. ECF No. 33 at PageID 455. Because the undersigned represented both Tarrant County and Associate Judge Lori DeAngelis and anticipated filing additional motions to dismiss,

1

the undersigned advised Plaintiff that if the amended complaint dropped Tarrant County and Associate Judge DeAngelis, then the motion would be unopposed. *Id*. Otherwise, the motion would be opposed. *Id*. Plaintiff mischaracterizes this exchange as a "threat" when it merely explained these Defendants' positions regarding an amended complaint. *Id.* at ¶ 18 & PageID 455.

Instead of removing Tarrant County or Associate Judge DeAngelis, Plaintiff kept both defendants in the amended complaint. ECF No. 27.[1] Thereafter, Associate Judge DeAngelis filed a motion to dismiss, explaining the multitude of reasons why this Court should dismiss Plaintiff's claims against her. ECF No. 30.

Plaintiff has now filed a motion for sanctions, praying that this Court disqualify the undersigned counsel, order him to pay a $500 sanction, and otherwise sanction the undersigned counsel. ECF No. 33, ¶¶ 23-26. Plaintiff illogically contends that no attorney-client relationship could have existed before the date Associate Judge DeAngelis filed her motion to dismiss and that the undersigned's email response—made in the context of defending this litigation—constitutes some sort of threat and/or criminal conduct. ECF No. 33, ¶¶ 8-9, 14-17. Simply put, Plaintiff's motion for sanctions is frivolous, lacking any basis in law or fact, and should be denied.

### III.  Argument and Authorities

Plaintiff asserts that he is seeking sanctions for alleged violations of Rule 11(b). ECF No. 33, ¶ 13. Because Plaintiff has not shown that he is entitled to the extraordinary remedies available under Rule 11—given that his motion lacks a basis in law or fact—this Court should deny Plaintiff's motion for sanctions. ECF No. 33.

---

[1] This Court's Order explicitly provides that Tarrant County does not need to file an amended motion to dismiss. ECF No. 26.

A.	**Rule 11 Sanctions Standard**[2]

Federal Rule of Civil Procedure 11(b)(3) provides that, by presenting a pleading to the Court, an attorney "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3); *see also Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 126 (1989) (Under Rule 11(b), an attorney has a "nondelegable responsibility" to "personally ... validate the truth and legal reasonableness of the papers filed[.]").

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). An attorney has a duty to conduct a "reasonable inquiry into the facts and law of a case at the time [at] which []he affixes [his] signature on any papers to the court." *S.E.C. v. Faulkner*, No. 3:16-cv-1735-D, 2018 WL 3708426, at *2 (N.D. Tex. Aug. 3, 2018) (quoting *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001)). "An attorney who files court papers with no basis in fact needs no more notice of her Rule 11 violation than the existence of Rule 11 itself." *Castro & Co., LLC v. Diamond Offshore Servs. Ltd.*, No. 3:18-CV-574-M, 2018 WL 6069973, at *8 (N.D. Tex. Oct. 29, 2018), *report and recommendation adopted*, No. 3:18-CV-574-M, 2018 WL 6068977 (N.D. Tex. Nov. 20, 2018) (citation omitted). "The signing attorney has a duty of reasonable inquiry, but his signature is not a guarantee of the correctness of the legal theories argued, nor is it a guarantee of all alleged facts, especially if the

---

[2] This standard is quoted from the following decision out of the Fort Worth Division: *Brooks v. United Dev. Funding III, L.P.*, No. 4:20-CV-00150-O, 2020 WL 6132226, at *2–3 (N.D. Tex. May 27, 2020).

matter is not easily discovered by extrinsic evidence." *Id*. (quoting *Health Net, Inc. v. Wooley*, 534 F.3d 487, 497 (5th Cir. 2008)).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. *See* Fed. R. Civ. P. 11(c)(1). A sanction under Rule 11 is "an extraordinary remedy, one to be exercised with extreme caution." *SortiumUSA, LLC v. Hunger*, No. 3:11-CV-1656-M, 2014 WL 1080765, at *3 (N.D. Tex. Mar. 18, 2014) (citation omitted).

**B.      Plaintiff has not identified any impermissible representation to the Court.**

Rule 11 concerns representations to the Court in pleadings, written motions, or other papers that are signed by an attorney and then filed and submitted to a court for advocacy. *See* Fed. R. Civ. P. 11(b). Here, Plaintiff has not identified any such representation to the Court. ECF No. 33. Instead, Plaintiff complains about an email exchange made for the purpose of conferring on one of Plaintiff's requests for extensions of time. *Id*. at PageID 455. Because Plaintiff has not identified a representation to the Court—much less an improper representation to the Court under Rule 11— this Court should summarily deny Plaintiff's motion.

**C.      Plaintiff has no basis to seek the disqualification of counsel for the County or Associate Judge DeAngelis.**

Instead of identifying a violation of Rule 11, Plaintiff baselessly contends that the undersigned counsel committed a RICO violation in responding to Plaintiff's email. ECF No. 33, ¶ 16 ("The moment that [the undersigned] sent that email, he became a fixer."). This assertion is wholly without merit.

For one thing, by reading the email exchange, the Court will see that no threat was made. *Id*. at PageID 455. Rather, the undersigned counsel stated the terms on which he would oppose/not oppose Plaintiff's motion for leave to amend. *Id.* No predicate RICO crime was, or could have been, committed in responding to Plaintiff's request for a conference on the motion for leave to amend.

4

Secondly, such communications made in the context of this litigation cannot serve as the basis of any claim or request for sanctions against the undersigned counsel. Texas attorneys who represent their clients in litigation are immune from allegations arising out of communications to an opposing party about that litigation. *See Elliott v. Tucker*, No. 4:22-CV-00135-O-BP, 2022 WL 17722672, at *5 (N.D. Tex. Nov. 29, 2022), *report and recommendation adopted*, No. 4:22-CV-00135-O-BP, 2022 WL 17718519 (N.D. Tex. Dec. 15, 2022), *appeal dismissed sub nom. Elliott v. Boysen*, No. 23-10039, 2023 WL 4491758 (5th Cir. Mar. 1, 2023).[3] As a matter of law, in defending the County and Associate Judge DeAngelis in this matter (including responding to Plaintiff's emails), the undersigned cannot be sued or liable as a "fixer," a RICO "conspirator," or any other similar label, as Plaintiff claims; the undersigned remains immune from suit. ECF No. 33, ¶¶ 16, 22; *see id*. Accordingly, there is no basis in law or fact for this Court to sanction the undersigned.

Finally, Plaintiff's motion is premised on the erroneous notion that the undersigned had not established an attorney-client relationship with Associate Judge DeAngelis on August 24. Plaintiff has not supported this assertion with any evidence. Without getting into attorney-client privileged communications, from the timeline above (showing service on the County on July 29 (ECF No. 23) and service on Associate Judge DeAngelis on August 24 (ECF No. 24)), it should be inferred that an attorney-client relationship existed with Associate Judge DeAngelis at the time of the questioned August 24 email exchange. However, regardless of when the attorney-client relationship came into existence, Plaintiff lacks standing to complain about when and whether the relationship came into existence or to urge disqualification on the basis of any alleged—and wholly

---

[3] Attorney immunity in Texas is a "comprehensive affirmative defense protecting attorneys from liability to non-clients." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). *Troice v. Greenberg Traurig, L.L.P.,* 921 F.3d 501, 505 (5th Cir. 2019). Attorney immunity is true immunity from suit. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016). It is intended to ensure "loyal, faithful, and aggressive representation by attorneys employed as advocates*." Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied).

5

non-existent—impropriety. *See, e.g., Glassell v. Ellis*, 956 S.W.2d 676, 685 (Tex. App.—Texarkana 1997, pet. dism'd w.o.j.) (holding party lacked standing to complain about opposing counsel's alleged misconduct "[b]ecause the purpose of disciplinary rules can be abused when they are invoked by opposing parties as procedural weapons").

At all times, the undersigned fulfilled his statutory duty to represent the County and Associate Judge DeAngelis in this litigation in his official capacity as an Assistant Criminal District Attorney working for the Tarrant County Criminal District Attorney. *See* Tex. Gov't Code Ann. § 44.320(a) ("The criminal district attorney of Tarrant County … shall represent Tarrant County in any court in which the county has pending business."); Tex. Loc. Gov't Code 157.901(a) (providing legal defense to county employees sued for actions arising from the performance of their public duties). Plaintiff has no basis to complain about the timing of the undersigned's representation of Associate Judge DeAngelis as a vehicle to argue for sanctions or disqualification. Plaintiff's motion should be denied.

**D.    Alternatively, Plaintiff failed to give notice under Rule 11.**

Defendants, and the undersigned counsel, urge the Court to deny the motion for sanctions for any or all of the above-stated reasons. Alternatively, this Court should deny the motion because Plaintiff failed to give the notice required under Rule 11. *See* Fed. R. Civ. P. 11(c)(2); *see, e.g., Thomas v. Portfolio Recovery Assocs., LLC*, No. 420CV00317SDJCAN, 2020 WL 6935557, at *1 (E.D. Tex. Nov. 6, 2020) ("Rule 11 provides that the party moving for sanctions must provide twenty-one (21) days-notice to the non-movant before filing the motion."), *report and recommendation adopted*, No. 4:20-CV-317-SDJ, 2020 WL 6889185 (E.D. Tex. Nov. 23, 2020). Because Plaintiff has not informed Defendants of what specific pleading, written motion, or other paper signed and filed/submitted to the Court is at issue within the time required under Rule 11, this Court should alternatively deny Plaintiff's motion on that basis.

## IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants Tarrant County and Associate Judge DeAngelis pray that this Court deny Plaintiff's motion for sanctions (ECF No. 33).

Respectfully submitted,

*/s M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANTS
TARRANT COUNTY, TEXAS AND
ASSOCIATE JUDGE LORI DEANGELIS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on August 30, 2023:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas  76092

*/s/ M. Keith Ogle*
**M. KEITH OGLE**

7