# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| | ) |
| THE STATE BAR OF TEXAS, a private company, | ) |
| THE BARROWS FIRM, a private company, | ) |
| LESLIE STARR BARROWS, in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| WILLIAM ALBERT PIGG in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| SAMANTHA YBARRA, in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| LUIS JESUS MARIN in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| DANIEL EULALIO MARTINEZ | ) |
|     in individual capacity, | ) |
|     as a member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| RACHEL ANN CRAIG in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| LORI L. DEANGELIS in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Associated Judge, | ) |
| TARRANT COUNTY, | ) |
|     Defendants. | ) |

# REPLY TO RESPONSE TO MOTION FOR SANCTIONS TO COUNSEL MELVIN KEITH OGLE

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this Reply to Response of Motion for Sanctions to Counsel Melvin Keith Ogle, pursuant to Federal Rules of Civil Procedure 11.

## I. INTRODUCTION AND FACTS

1. On August 30th, 2023, Plaintiff filed a Motion for Sanctions to COUNSEL MELVIN KEITH OGLE AND BRIEF IN SUPPORT, ECF No. 33.

2. On same day, counsel Melvin Keith Ogle filed "DEFENDANTS TARRANT COUNTY AND ASSOCIATE JUDGE LORI DEANGELIS'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS", ECF No. 35.

3. In the section titled Procedural Facts, counsel Melvin Keith Ogle stated, "Plaintiff mischaracterizes this exchange as a "threat" when it merely explained these Defendants' positions regarding an amended complaint." Plaintiff was astonished upon noticing that counsel Melvin Keith Ogle attempted to mischaracterize the word "request," which he used in an email, as "merely explained." Plaintiff urges counsel to maintain professional honesty throughout the proceedings to safeguard the Defendants' intangible assets, including the recognition and reputation of Tarrant County's government, if any remains. The Plaintiff is not a native English speaker, yet understands the implications of "lies through teeth."

4. Furthermore, counsel Melvin Keith Ogle stated, "the undersigned advised Plaintiff…" Plaintiff does not agree the word "request" carries any meaning of advice too.

5. Counsel Melvin Keith Ogle never argued why his opposition email did not constitute "abuse of process", neither did he admit or deny if he had an attorney-client agreement with Defendant on that date. Therefore, counsel Melvin Keith Ogle has failed to state sufficient facts to rebut Plaintiff's allegations.

## II. ARGUMENT AND AUTHORITIES

6.      Texas Constitution Article 3 Section 53 is very clear as it says, "The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

7.      Tarrant County is an executive branch government, not a Mama-Papa shop. As a senior grade 6 district attorney in Tarrant County Criminal District Attorney's Office, counsel Melvin Keith Ogle should have known the principle of separation of power, separation of duty and commanding chain of authority. Being one of the 200 DAs working in Tarrant County Criminal District Attorney's Office, counsel Melvin Keith Ogle is an individual county employee, he does not have authority to decide which case he can represent, neither does he has authority to solely decide whether Tarrant County Criminal District Attorney's Office should defend another county employee's lawsuit when she was sued under individual capacity.

8.      Counsel Melvin Keith Ogle's working hours and the equipment he utilized are funded by taxpayers. Without a comprehensive legal assessment of the lawsuit, which should be overseen under the Open Meeting Act, there is no justification for redirecting public funds to defend an individual's personal lawsuit. Texas Penal Code 39 prohibits "misusing government property, services, personnel, or any other valuable asset owned by the government that has been entrusted to the public servant's care or possession due to their official role or employment" for personal gain.

9.      It is Plaintiff's belief that counsel Melvin Keith Ogle's official capacity starts after case was analyzed, assigned, and service contract signed. Any personal action he took before getting official authorization is under his individual capacity. Plaintiff does not believe that counsel Melvin Keith Ogle had a signed service contract with DeAngelis when he sent out the email at 4pm while DeAngelis was just served earlier on that date. In fact, DeAngelis was served with paper copy, therefore Plaintiff does not believe that copy was presented to the Tarrant County Criminal District Attorney's Office on that day at 4pm. How would Tarrant County Criminal District Attorney's Office even possible to make a post-analysis sound decision if they had not seen the exact copy of the

pleading to ensure what DeAngelis received was the same 140 pages pleading which Tarrant County was served 4 weeks ago?

10.     Counsel Melvin Keith Ogle could not assume that he has taken any case just because he got probably a phone call, "Hey, Cousin, I got trouble." That is not how government processes should work.

11.     Counsel Melvin Keith Ogle argued that "Texas attorneys who represent their clients in litigation are immune from allegations arising out of communications to an opposing party about that litigation." Plaintiff argues that counsel Melvin Keith Ogle did not represent DeAngelis as of the time he sent to email to Plaintiff, therefore his immunity has not started yet.

12.     For the 21 days' notice argument that counsel Melvin Keith Ogle raised, Plaintiff argues, Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.) (holding that the Court "must take pains to **protect the rights of pro se parties against the consequences of technical errors**"); Hisler, 206 F.R.D. at 14." *KIDD v. HOWARD UNIVERSITY SCHOOL OF LAW*, Case No. 06-CV-1853 (RBW), 2-4 (D.D.C. Jun. 25, 2007).

13.     The email that counsel Melvin Keith Ogle sent was undeniable that he requested Plaintiff to absent DeAngelis from the RICO suit. Plaintiff did not make up a story. Counsel Melvin Keith Ogle could resist withdrawing from this suit as long as possible, but Plaintiff will add counsel Melvin Keith Ogle as a party in future supplemental pleading.

14.     ERISA cases fall **exclusively** under federal jurisdiction, in accordance with 29 U.S.C. §§ 1132(a), (e), (f) and (g). U.S.C. § 1114(a) contains a very broad preemption clause that ERISA **supersedes any and all state laws insofar** as they relate to an employee benefit plan. The U.S. Supreme Court has characterized ERISA's preemption provision as extremely broad and that ERISA **supersedes** "**any and all state laws** as they may now or hereafter relate to" an ERISA plan, in accordance with ERISA section 514(a), 29 U.S.C. section 1114(a).

15.     RICO is broad. When members of the State Bar of Texas continue recklessly running our government like a Mama-Papa shop, offering personal favor without follow proper process, Plaintiff anticipates more cabal members will voluntarily implicate themselves in this suit.

### III. Prayer for Relief

16.     Based on the above, Plaintiff respectfully requests this Court to grant the Motion.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] /[arnold200@gmail.com]

<u>CERTIFICATE OF SERVICE</u>

On (August 30th, 2023) I, Conghua Yan, filed (Reply to Response of Motion for Sanctions to Counsel Melvin Keith Ogle [ECF No. 38]) through the court CM/ECF system.

I hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]
