UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, §<br>　　　　*Plaintiff,* §<br>v. §<br>　　　　　　　　　　　　　　　　§<br>THE STATE BAR OF TEXAS, a private company §<br>THE BARROW FIRM, a private company, §<br>LESLIE STARR BARROWS, §<br>　　in individual capacity §<br>　　as member of the State Bar of Texas, §<br>WILLIAM ALBERT PIGG in individual capacity §<br>　　as member of the State Bar of Texas, §<br>SAMANTHA YBARRA, in individual capacity, §<br>　　as member of the State Bar of Texas, §<br>LUIS JESUS MARIN in individual capacity, §<br>　　as member of the State Bar of Texas, §<br>　　and official capacity as Assistant Disciplinary §<br>　　Counsel for the Office of the CDC, §<br>DANIEL EULALIO MARTINEZ §<br>　　in individual capacity, §<br>　　as member of the State Bar of Texas, §<br>　　and official capacity as Assistant Disciplinary §<br>　　Counsel for the Office of the CDC, §<br>RACHEL ANN CRAIG in individual capacity, §<br>　　as member of the State Bar of Texas, §<br>　　and official capacity as Assistant Disciplinary §<br>　　Counsel for the Office of the CDC, §<br>LORI L. DEANGELIS in individual capacity, §<br>　　as member of the State Bar of Texas, §<br>　　and official capacity as Associated Judge, §<br>TARRANT COUNTY, §<br>　　　　*Defendants.* § | Case No. 4:23-cv-758-P |

**DEFENDANTS' REPLY TO YAN'S RESPONSE/OBJECTION TO MOTION TO DISMISS BY THE STATE BAR OF TEXAS, MARIN, MARTINEZ AND CRAIG AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MARK A. PITTMAN:

COME NOW Defendants, the State Bar of Texas ("State Bar"), Luis Jesus Marin ("Marin"), Daniel Eulalio Martinez ("Martinez"), and Rachel Ann Craig ("Craig") (hereinafter

1

referred to collectively as "Defendants") and file this reply to Yan's Response/Objection to Motion to Dismiss by the State Bar, Marin, Martinez, and Craig and Brief in Support ("Response to Defendants' Dismissal Motion").

## I. INTRODUCTION

Yan filed the instant lawsuit on July 21, 2023. Defendants filed their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Defendants' Dismissal Motion") on August 10, 2023. On August 30, 2023, Yan filed his Response to Defendants' Dismissal Motion. On September 8, 2023, Yan filed his Second Amended Complaint for Civil RICO, and Antitrust etc., Demand for Declaratory Relief, Injunction Relief, Damage Relief, and Jury Demand.

## II. ARGUMENTS AND AUTHORITIES

**A. Yan's claims are insufficient under 18 U.S.C. §1962(a), 15 U.S.C. §2, 18 U.S.C. §1027, and 18 U.S.C. §1349, as addressed in Defendants' Dismissal Motion, and should be dismissed.**

In his Response to Defendants' Dismissal Motion, Yan argues that Defendants failed to address 18 U.S.C. §1962(a), 15 U.S.C. §2, 18 U.S.C. §1027, and 18 U.S.C. §1349, and therefore Defendants should not be granted their request for dismissal. [Dkt. 36, p. 5]. However, Yan's lawsuit does not set forth even one plausible allegation that would imply the State Bar, Marin, Martinez, or Craig violated any of these statutes <u>because the exhibits attached to his lawsuit show Defendants did not make any of the "decisions"</u> he claims were the basis for these alleged violations. [Dkt. 1, Exhibit 2]. Additionally, the mere fact that Yan "identified" some of these statutes in his lawsuit is not reason to deny Defendants' Dismissal Motion.

Yan's general statement averring that "Complaints under *42 U.S.C. §1983* are lodged…" by him against the Defendants is not sufficient to support his claims because there are not even

facts alleged to substantiate this bald-faced assertion. [Dkt. 1, p. 3]. Additionally, Yan's claims that the State Bar violated *18 U.S.C. §1962(d)*, and that Marin's, Martinez's, and/or Craig's "decision" to dismiss his grievances/Complaints against Barrows and Pigg amount(s) to violation(s) of *18 U.S.C. §1962(a), 18 U.S.C. §1027,* and/or *18 U.S.C. §1349* – in light of the fact that he <u>admitted in his lawsuit that the decision was *actually* made by a "Summary Disposition Panel" of the District 7 Grievance Committee (Dkt. 1, ¶113) and *not* Defendants</u> **- precludes his argument** that the State Bar, Marin, Martinez, and/or Craig made any decision that amounted to such violation. [Dkt. 1, ¶ 113 and Exhibit 2]. Further, despite Yan's contention, Defendants clearly argued in their dismissal motion that they were asserting this defense as to all of Yan's claims. [Dkt. 13, pp. 7-9, 13 and *see generally*].

In his lawsuit and Response to Defendants' Dismissal Motion, Yan has failed to plead any purported facts against any of the individual Defendants (Marin, Martinez, and Craig) **that could even remotely imply** that they: participated in entry of the QDRO in his divorce proceedings; received any income from the entry of the QDRO; took actions related to the alleged grievance he filed with the Chief Disciplinary Counsel's (CDC) office <u>that effect interstate commerce</u>; were part of an "organization" that worked with Barrows, Pigg, and/or Judge DeAngelis as a "continuing unit to achieve a common purpose;" or took any unlawful act in carrying out their job responsibilities for the CDC.  *See* 18 U.S.C. §1962(a)-(d); 18 U.S.C. §1349; and *Boyle v. United States,* 556 U.S. 938, 943-944 (2009). As such, there exist no "facts alleged" that can be assumed to be true against the State Bar, Marin, Martinez, and/or Craig. And Defendants are left with nothing to address by Yan's mere reference to "RICO acts" and/or his general identification of these statutes in his lawsuit.

Likewise, Yan's general statement that the State Bar "for the past several decades … engaged in an ongoing collaboration and conspiracy to enforce compulsory practices to collect legal fees," is also insufficient to support his claim under 15 U.S.C. §2. Because said statement only amounts to an unwarranted factual inference or conclusory allegation, Yan's claims against the State Bar should also be dismissed. [Dkt. 1, ¶ 218]. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); see also *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

### B.   Yan has not alleged that he suffered an injury caused by Defendants' actions and/or due to the dismissal of his alleged grievances/Complaints against Barrows and Pigg.

In his Response to Defendants' Dismissal Motion, Yan provides no authority to refute Defendants' contention that as a complainant, he was not a "party" to a Disciplinary Proceeding, that was entitled to relief associated with the processing of his alleged Complaints. *See Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020). The fact remains that in order to prove standing, Yan must show that he suffered an injury due to some action taken by the Defendants in the course of participating in the Texas disciplinary grievance system. Any injury Yan suffered financially in his divorce matter, or outside of the Texas disciplinary grievance system, has <u>no impact on his inability to show he lacks standing to sue Defendants</u> (State Bar, Marin, Martinez, and Craig) for actions they took in assisting the CDC in carrying out her obligations under the Texas Rules of Disciplinary Procedure (TRDP). Further, Yan's argument that the State Bar is using the TRDP to "shield their own members …" is ill-conceived and unsupported, as Chapter 81 of the Texas Government Code (enacted by the Texas Legislature in 1939) clearly sets forth that TRDP are <u>established by the Texas Supreme Court</u> and not the State Bar.  See TEX. GOV'T CODE ANN. §81.072.

As detailed in Defendants' Dismissal Motion, a complainant who files a grievance against a Texas licensed attorney is not a party to a disciplinary action or proceeding. [Dkt. 1, p. 17].

Absent a statute expressly conferring standing, Yan must establish standing by alleging some threatened or "actual injury", that can fairly be traced to a defendant's conduct, which was illegal. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42-43 (1976); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The injury must be "in the form of an invasion of a legally protected interest that is concrete and particularized and actual or imminent." *Lujan*, 504 U.S. at 561; *Earl v. Boening Co.*, 53 F.4th 897, 901-02 (5th Cir. 2022). And the federal court should "act only to redress injury that fairly can be traced to the challenged action of the defendant…" *Simon* at 41-42.

Here, Yan cannot establish he has standing to sue any of the Defendants because he "does not have a cognizable interest in the decision to prosecute a third party." *Martinez,* 797 F. App'x. at 168, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). As such, Yan cannot show he suffered an injury due to the decision of the summary disposition panel that dismissed his alleged grievances/Complaints.

### C. Yan's claim of "facial discrimination" is not supported by his pleadings.

In his Response to Defendants' Dismissal Motion, Yan has attempted to create a <u>new equal protection argument</u> by claiming Defendants (Marin, Martinez, and/or Craig) dismissed his alleged grievances/Complaints by somehow creating "different dishonest **standards** of determination truthfulness between [his] case and other political driven cases such as Ken Paxton's and Sydney Powell's … (sic)"(emphasis added). [Dkt. 36, p. 20]. However, the facts remain that: 1) the Texas Supreme Court created the **standards** by promulgating the TRDP - not any of the Defendants; and 2) a Summary Disposition Panel of the District 7 Grievance Committee dismissed his alleged grievances/Complaints, <u>not the State Bar, Marin, Martinez, and/or Craig.</u> See Tex. Gov't Code

ANN. §81.072 and TEX. RULES DISCIPLINARY P.R. 2.13 and 5.02D.

Additionally, unlike the disciplinary actions he references, Yan cannot show any court has issued any opinion supportive of his claims of professional misconduct against Barrows or Pigg and/or any documentation supporting his claim that Barrows or Pigg committed any crimes. In fact, Yan's own exhibits (attached to his lawsuit) show that no criminal investigation is pending against Barrows and/or Pigg and no court has found the QDRO was entered illegally. [Dkt. 1, Exhibit 2]. As such, Yan is not able to show that any similarly situated grievances/Complaints have been treated any differently than the ones he allegedly submitted to the CDC's office against Barrow and/or Pigg.

### D. Yan has failed to provide any authority that would negate the immunities afforded Defendants.

Yan claims the "*Ex Parte Young*" exception to Eleventh Amendment immunity applies to this case and "state sovereign immunity" cannot be "invoked in federal court". [Dkt. 36, p. 10]. However, this narrow exception to thwart sovereign immunity only exists when claims for prospective injunctive relief are asserted in accordance with *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Specifically, this doctrine allows federal jurisdiction over a suit against a state official in certain situations where that suit seeks only prospective injunctive relief in order to prevent an "injury' resulting from a continuing violation of federal law. *Id.* at 149; *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 76 (1996) (citing *Green v. Mansour,* 474 U.S., 64, 68 (1985)). In order to use the *Ex Parte Young* exception, a plaintiff must demonstrate that the state officer has "some connection" with the enforcement of the disputed act. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). The connection requirement exists to prevent litigants from misusing the exception.

Here, Yan's lawsuit does not assert a claim for prospective injunctive relief against any of the Defendants for an ongoing violation of federal law. That is because, as referenced above many times, the decision to dismiss Yan's alleged grievances/Complaints was made by a Summary Disposition Panel of the District 7 Grievance Committee, not Defendants, pursuant to the TRDP. The TRDP are not violative of any federal law. And as set forth in *Medlin v. State Bar of Texas*, 579 F.Supp. 3d 957 (S.D. Tex. 2020), the "State of Texas may structure the licensing of lawyers as it pleases as long as they do not contravene the Constitution." *Id* at 958.

Additionally, as mentioned above repeatedly, Yan cannot show he suffered an "injury" because *he* was not entitled to any relief arising from the alleged grievances/Complaints against Barrows and/or Pigg. As such, Yan's argument that his claims fall under the "Ex Parte Young exception" fails, and he has failed to show that Defendants are not entitled to the immunities afforded them by the Eleventh Amendment, the Texas Rules of Disciplinary Procedure or qualified immunity, and his lawsuit should be dismissed.

### E. Yan's requests for injunctive relief against Defendants are inappropriate.

In his Response to Defendants' Dismissal Motion, Yan argues that Defendants' arguments against his injunction requests were "ineffective", and he cites *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), in an attempt to support his argument. However, the United States Supreme Court in *Lujan* clearly sets forth that in order to support his requests, Yan is required to show he has "standing" to bring this lawsuit against the State Bar, Marin, Martinez, and Craig. Further, Yan is required to show he suffered an "injury in fact, i.e., a concrete and particularized, actual or imminent invasion of a legally protected interest." *Id at* 555.

Additionally, in holding that the Defenders of Wildlife did not have standing in *Lujan*, the Supreme Court even discusses how difficult standing is to prove when third parties are actually

the "object of the Government action or inaction". *Id* at 555. Pursuant to Rule 8.05 of the Texas Disciplinary Rules of Professional Conduct (TDRPC), the object of the issuance of a disciplinary sanction by a trial court or grievance committee panel can only be taken against a licensed Texas attorney. And a violation of the TDRPC, does not give a complainant a "private cause of action." TEX. DISCIPLINARY RULES PROF'L CONDUCT, preamble ¶15.

Here, Yan has requested this court enter permanent injunctions "dissolving the Office of the Chief Disciplinary Counsel," and the State Bar, seemingly for dismissing his alleged grievances/Complaints against Barrows and Pigg. He has also requested an injunction asking the court to order the State Bar to audit all "family law courts records in the last 10 years, to identify all the victims who have been lawfully ordered to pay attorney fees without knowing their right being violated…" [Dkt. 1, p. 48]. As discussed in *State Bar of Texas v. Gomez,* 891 S.W.2d 243 (Tex. 1994), the State Bar derives its authority from Chapter 81 of the Texas Government Code and the rules promulgated by the Texas Supreme Court.[1] The State Bar has no authority on its own to grant Yan any relief for filing his alleged grievances/Complaints and/or to conduct an audit of any judicial court. *Id* at 244.

### III. CONCLUSION/PRAYER

This suit should be dismissed because Yan, as a complainant in an attorney disciplinary proceeding, does not have standing to bring this lawsuit against the State Bar, Marin, Martinez, and Craig. Further, Marin, Martinez, and Craig are entitled to absolute immunity granted by Texas Rule of Disciplinary Procedure 17.09 (as promulgated by Texas Supreme Court), qualified immunity and the immunity afforded by the Eleventh Amendment.

---

[1] The State Bar is an agency of the Texas judicial department. TEX. GOV'T CODE ANN. §81.011(a) (West 2017).

FOR THESE REASONS, Defendants, the State Bar of Texas, Marin, Martinez, and Craig, pray that this Court grant their dismissal motion and dismiss Yan's lawsuit against them. Defendants further request any and all further relief to which they may be entitled.

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

_____
**ROYCE LEMOINE**
Deputy Counsel for Administration
State Bar No. 24026421

**AMANDA KATES**
Assistant Disciplinary Counsel
State Bar No. 24075987

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:   (512) 427-1350
Facsimile:   (512) 427-4167
Email: Royce.lemoine@texasbar.com
Email: Amanda.Kates@texasbar.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I, Royce Lemoine, certify that a true and correct copy of DEFENDANTS REPLY TO YAN'S RESPONSE/OBJECTION TO MOTION TO DISMISS BY THE STATE BAR OF TEXAS, MARIN, MARTINEZ AND CRAIG AND BRIEF IN SUPPORT has been served via the Court's Electronic Case Files system on this 12th day of September 2023, and via electronic filing through EC/CMF addressed to all parties.

_____
Royce Lemoine