# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| | ) |
| THE STATE BAR OF TEXAS, a private company, | ) |
| THE BARROWS FIRM, a private company, | ) |
| LESLIE STARR BARROWS, in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| WILLIAM ALBERT PIGG in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| SAMANTHA YBARRA, in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
| LUIS JESUS MARIN in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| DANIEL EULALIO MARTINEZ | ) |
|     in individual capacity, | ) |
|     as a member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| RACHEL ANN CRAIG in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Assistant Disciplinary | ) |
|     Counsel for the Office of the CDC, | ) |
| LORI L. DEANGELIS in individual capacity, | ) |
|     as member of the State Bar of Texas, | ) |
|     and official capacity as Associated Judge, | ) |
| TARRANT COUNTY, | ) |
|     Defendants. | ) |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**FOR ADD A PARTY U.S. BANK AND CLAIM**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this Motion for Leave to File Amended Complaint for Add a Party U.S. Bank and a New Claim, pursuant to Federal Rules of Civil Procedure 15(a)(2), 18 and 21.

### I. Introduction

1. On July 21st, 2023, the Plaintiff filed an original complaint against The State Bar of Texas et al, defendants. ECF No. 1. Original exhibits were attached in the same ECF document.

2. On August 28th, 2023, Plaintiff filed First Amended Complaint, ECF No. 27.

3. On September 8st, 2023, Plaintiff filed Second Amended Complaint, ECF No. 48.

4. Plaintiff intends to add a new party, U.S. Bank, and assert a new claim. The purpose of the amended pleading is to (1) adds a new party, (2) alleges new essential facts to support previously asserted claims, and (3) asserts new legal claims or theories involving different elements than the claims or theories previously asserted.

### II. Standard of Review/Argument and Authorities

PLAINTIFF SHOULD BE ALLOWED TO
AMEND HIS COMPLAINT TO
ADD A CLAIM AND A DEFENDANT

5. *18 U.S.C. § 1961(1)* clearly defined *18 U.S.C. § 664* as a defined RICO racketeering activity, "unlawfully and willfully abstracts or converts to his own use or to **the use of another**, any of the moneys… other assets of any employee welfare benefit plan or employee pension benefit plan."

6. According to *29 U.S.C. § 1056(d)(3)(G)(i)(II)* ("[T]he plan administrator **shall** determine whether such an order is a qualified domestic relations order and notify the participant and each alternate payee of such determination.") and *29 U.S.C. § 1056(d)(3)(H)(i)* ("During any period in which the **issue** of whether **a domestic relations order** is **a qualified domestic relations order** is

being **determined** (by the plan administrator,"). Thus, any power the trial court had to enter the post-divorce order must come from state law. See *Hogle v. Hogle*, 732 N.E.2d 1278, 1284 (Ind. Ct. App. 2000) ("Since ERISA does not provide an enforcement mechanism for collecting judgments, state law methods for collecting money generally remain undisturbed by ERISA**."). If no state law authorizes the order, ERISA does not apply**, and the trial court still lacked authority to enter the order at issue. ERISA's anti-alienation and preemption clauses do not, however, grant a state court authority to issue an order that the state's law does not authorize.

7. Despite multiple objection letters from Plaintiff, along with presented evidence, U.S. Bank even admitted that the "domestic relations order" they received was in direct conflict with the actual court hearing's order. Nevertheless, they chose to divert funds to benefit other RICO Culpable Persons. U.S. Bank sent multiple deceptive emails to mislead the Plaintiff into believing that their actions were lawful. U.S. Bank attempted to defraud Plaintiff by claiming they had no such a fiduciary duty, insisting it was Plaintiff's responsibility to seek relief. In one of the emails which denied Plaintiff's objection, U.S. Bank asserted that any "domestic relations order" signed by a judge is considered as "qualified" and they would not seek further clarification. In that instance, U.S. Bank waived their fiduciary duty to make sole determination of the "qualified" clause. Doing so, in the middle of an ongoing RICO scheme, U.S. Bank chose to shift legal expense to Plaintiff side, which saved U.S. Bank's legal cost on its fiduciary duty to determine a such **issue** defined by *29 U.S.C. § 1056(d)(3)(H)(i)*. The fact is clear: Texas State law never warrants an interlocutory qualified domestic relations order. Plaintiff lacked legal knowledge at that time and was deceived by U.S. Bank's response.

8. Plaintiff notified U.S. Bank that he intended to seek legal action against RICO Culpable Persons, requested to preserve all communications that these RICO Culpable Persons had with U.S. Bank. It is Plaintiff's belief that U.S. Bank has not preserved ALL communications.

9. Based on the disclosed facts, it is evident that not only should Plaintiff assert additional claims, but also include an additional defendant in the ongoing case to ensure Plaintiff receives full relief. Federal Rule of Civil Procedure 15(a), states that "leave [to amend] shall be freely given when justice so requires." The courts have held that this is a mandate to be heeded. In Foman v. Davis, the Supreme Court held: "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)(internal quotations omitted).

10.     "Generally, amendments are favored, as they tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)(internal quotation marks omitted). In keeping with this, it has been noted that "[i]n practice, courts have freely granted leave to amend unless the proposed change is clearly frivolous or advances a claim or defense that is meritless." *Slavin v. Benson*, 493 F.Supp. 32, 33 (D.C.N.Y. 1980). See, *Clay v. Martin*, 509 F.2d 109 ca" Cir. 1975)(amendment to add cause of action proper where there is no delay on part of movant and no prejudice suffered by defendants), *Commander Oil Corp. v. Barlo Equipment Corp.*, 215 F.3d 321, 333 (N.Y. 2000)(district court's leave to amend complaint upheld where no showing was made as to prejudice or delay), *Barbarino v. Anchor Motor Freight, Inc.*, 421 F.Supp. 1003, 1006 (W.D.N.Y. 1976)(leave granted for plaintiff to amend complaint to add allegations against defendant union).

11.     Plaintiff seeks to add a new claim for U.S. Bank only, without changing any word in prior claims; accordingly, Plaintiff seeks leave to amend his complaint to add this claim. Other Defendants will not suffer any prejudice as a result of a grant of leave to amend to add this claim. As it concerns the addition of parties, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FRCP 21. Leave to allow the addition of parties under Rule 21 is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc.*, 86 F.R.D. 524, 527 (D.C.N.Y. 1980). *Lavian v. Haghnazari*, 884 F.Supp. 670, 674 (E.D.N.Y. 1995)(addition of defendant was proper where it promoted merit based resolution to entire controversy between parties and would cause added defendant no prejudice). In the instant case, Plaintiff seeks leave to add U.S. Bank as a Defendant. U.S. Bank is logically connected to this case and must be added to completely and totally resolve and redress Plaintiff's claims.

### III. Conclusion and Pray for Relief

12.     Based on the above, Plaintiff respectfully requests that the Court, pursuant to Federal Rules of Civil Procedure 15(a)(2), 18 and 21, grant Plaintiff leave to file Amended Complaint.

Respectfully submitted,

/s/ Conghua Yan  
Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] /[arnold200@gmail.com]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CONGHUA YAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. [4:23-CV-00758] |
| The State Bar of Texas et al, | ) |
| Defendants. | ) |

## CERTIFICATE OF CONFERENCE

On September 11th, 2023, Plaintiff consulted with Ms. Amanda Kates, counsel for the Defendants. Plaintiff notified counsel of his intent to file a Motion for Leave to File Amended Complaint for Add a Party US Bank. Ms. Amanda Kates has expressed her opinion to,

☐ Opposed the Motion.
☒ Unopposed Motion.

On September 11th, 2023, Plaintiff consulted with Mr. Keith Ogle, counsel for the Defendant. Plaintiff notified counsel of his intent to file a Motion for Leave to File Amended Complaint for Add a Party US Bank. Mr. Keith Ogle has expressed his opinion to,

☒ Opposed the Motion.
☐ Unopposed Motion.

On September 11th, 2023, Plaintiff consulted with Mr. Pigg. Plaintiff notified Mr. Pigg of his intent to file a Motion for Leave to File Amended Complaint for Add a Party US Bank. Mr. Pigg has expressed his opinion to,

☒ Opposed the Motion.
☐ Unopposed Motion.

On September 14th, 2023, Plaintiff consulted with Ms. Cyrier. Plaintiff notified Ms. Cyrier of his intent to file a Motion for Leave to File Amended Complaint for Add a Party US Bank. Ms. Cyrier has expressed her opinion to,

☒ Opposed the Motion.
☐ Unopposed Motion.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] [arnold200@gmail.com]

## CERTIFICATE OF SERVICE

On (September 14th, 2023) I, Conghua Yan, filed (Motion for Leave to File Amended Complaint for Add a Party US Bank [ECF No. 55]) through the court CM/ECF system.

I hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]
