IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CONGHUA YAN,  Plaintiff,  v.  THE STATE BAR OF TEXAS, a private company, THE BARROWS FIRM, a private company, LESLIE STARR BARROWS, in individual capacity,   as member of the State Bar of Texas, WILLIAM ALBERT PIGG in individual capacity,   as member of the State Bar of Texas, SAMANTHA YBARRA, in individual capacity,   as member of the State Bar of Texas, LUIS JESUS MARIN in individual capacity,   as member of the State Bar of Texas,   and official capacity as Assistant Disciplinary   Counsel for the Office of the CDC, DANIEL EULALIO MARTINEZ   in individual capacity,   as a member of the State Bar of Texas,   and official capacity as Assistant Disciplinary   Counsel for the Office of the CDC, RACHEL ANN CRAIG in individual capacity,   as member of the State Bar of Texas,   and official capacity as Assistant Disciplinary   Counsel for the Office of the CDC, LORI L. DEANGELIS in individual capacity,   as member of the State Bar of Texas,   and official capacity as Associated Judge, TARRANT COUNTY, U.S. BANK,   Defendants. | Case No. [4:23-cv-00758-P-BJ] |

# MOTION FOR SANCTIONS TO
# COUNSEL OF THE STATE BAR OF TEXAS,
# MARIN, MARTINEZ AND CRAIG
# AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this Motion for Sanctions to Counsel of the State Bar of Texas, Marin, Martinez and Craig, Royce Lemoine and Amanda Kates, pursuant to Federal Rules of Civil Procedure 11.

## I. INTRODUCTION AND FACTS

1. On July 21st, 2023, the Plaintiff filed a complaint against The State Bar of Texas et al, defendants. ECF No. 1,

2. On August 10th, 2023, counsels Royce Lemoine and Amanda Kates, filed a Motion to Dismiss against the Plaintiff, ECF No. 13. Counsels Royce Lemoine and Amanda Kates represent four Defendants in this suit, the State Bar of Texas ("State Bar"), Luis Jesus Marin ("Marin"), Daniel Eulalio Martinez ("Martinez"), and Rachel Ann Craig ("Craig") (hereinafter referred to collectively as "Defendants").

3. In the Motion to Dismiss, two counsels wrote following frivolous arguments:

   - In fact, Yan's allegations indicate he either has a misunderstanding of his role as a complainant in the attorney disciplinary system, <u>or that he was intentionally attempting to use the disciplinary system (when he filed his alleged grievances) to harass Barrows and Pigg,</u> because he believes seeking relief against Barrow and Pigg in a **proper venue** will turn out to be unsuccessful.

4. On August 15th, 2023, Plaintiff notified Amanda Kates to withdraw frivolous statement or face Motion for Sanctions. Amanda Kates refused Plaintiff's request.

## II. STANDARD OF REVIEW

5.      Under Federal Rules of Civil Procedure 11(c)(1), sanctions are proper "If... the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule..."

### III. ARGUMENT AND AUTHORITIES

### Rendering Judgement

6.      The term "render" is defined in the Family Code: It "means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument." *Tex. Fam. Code Ann*. § 101.026.

7.      "**A judgment routinely goes through three stages: rendition, reduction to writing and judicial signing, and entry**." Henry v. Cullum Co., Inc., 891 S.W.2d 789, 792 (Tex.App.—Amarillo 1995, writ denied).

8.      "A judgment is "rendered" when the trial court's decision upon the matter submitted to it for resolution is officially announced either **orally in open court** or by **memorandum filed** with the clerk. Samples Exterminators v. Samples, 640 S.W.2d 873, 875 (Tex.1982) ; Henry, 891 S.W.2d at 792. The rendition of the trial court's decision, whether **in open court** or by **official document of the court**, is the **critical moment** when the judgment becomes effective. Henry, 891 S.W.2d at 792. "**The signature of the trial** court upon the writing is merely a **ministerial act** of the court conforming to the provision of Rule 306a(2) of the Texas Rules of Civil Procedure which calls for 'all judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein.' " Id. A judgment is "entered" when it is recorded in the minutes of the trial court by a purely ministerial act of the trial court's clerk, thereby providing enduring evidence of the judicial act. Id. Thus, **entry of a written order** is considered a **ministerial act** reflecting the trial court's action following the rendering of a judgment. See Dunn v. Dunn, 439 S.W.2d 830, 832–33 (Tex.1969) (holding oral rendition of divorce constituted final judgment even though judgment was not signed until after spouse's death); Bakali v. Bakali, 830 S.W.2d 251, 254 (Tex.App.—Dallas 1992, no writ) ; Liberty Mut. Ins. Co. v. Woody, 640 S.W.2d 718, 721 (Tex.App.—Houston [1st Dist.] 1982, no writ)" *Araujo v. Araujo*, 493 S.W.3d 232 (Tex. App. 2016).

9. "The rendition of judgment is a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made." *S & A Rest. Corp. v. Leal,* 892 S.W.2d 855, 858 (Tex.1995) (internal citation omitted); *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040, 1041 (1912) ; *James v. Hubbard,* 21 S.W.3d 558, 561 (Tex.App.—San Antonio 2000, no pet.)

10. "Associate judges were formerly called family law masters. The designation was changed effective August 26, 1991, TEX.GOV'T CODE ANN. § 54.019 (Vernon Supp. 1993), but portions of the Texas Government Code still retain the "master" terminology. TEX.GOV'T CODE ANN. §§ 54.001-54.019 (Vernon 1988 and Supp. 1993). We use the terms interchangeably." *Stein v. Stein*, 868 S.W.2d 902, 903 n.1 (Tex. App. 1994).

11. "We hold that **an associate judge of the family law court does not have the power to render judgment**. Rendition occurs **only** when the referring court adopts the master's report, or if no report is generated, when the trial judge signs the final judgment." *Stein v. Stein*, 868 S.W.2d 902, 904 (Tex. App. 1994).

12. "When issues are referred to and heard by a Master under Rule 171, the Master's report is conclusive on the issues considered by the Master in the **absence of a proper objection**. Cameron v. Cameron,601 S.W.2d 814 (Tex.Civ.App. — Dallas 1980, no writ). A party **dissatisfied with the report** has the burden to make specific objections before the report is adopted by the court. Cameron, supra. No objections to the Master's report were filed by either party to this cause of action prior to its adoption by the court." *Novotny v. Novotny*, 665 S.W.2d 171, 173 (Tex. App. 1984).

13. "It is axiomatic that **consent to the judgment must exist at the time an agreed judgment is rendered**. Buffalo Bag Co. v. Joachim,704 S.W.2d 482, 483 (Tex.App. — Houston [14th Dist.] 1986, writ ref'd n.r.e.). Therefore, a party may revoke its consent to a settlement agreement any time before judgment is rendered. Samples Exterminators v. Samples,640 S.W.2d 873, 874-75 (Tex. 1982); Burnaman v. Heaton,150 Tex. 333, 339, 240 S.W.2d 288, 291 (1951). **Without consent, the judgment is void**. Samples, 640 S.W.2d at 875." *Stein v. Stein*, 868 S.W.2d 902, 903 (Tex. App. 1994).

14. "A judgment **rendered in violation of due process is void** in the rendering State and is not entitled to full faith and credit elsewhere. Pennoyer v. Neff, 95 U.S. 714, 732-733 (1878). " *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

15. The Plaintiff does not possess a legal degree and therefore requests that the Defendant's counsel provide specific, undisputable facts. Concerning the judgment that resulted in a $25,000 loss damage from the Plaintiff's 401K, what date was the judgment rendered, and by whom? On what date was the judgment reduced to writing, and by whom? On what date was the judgment judicially signed, and by whom? On what date was the judgment entered, and by whom? On what date did the Plaintiff consent to the judgment? Has any of the Plaintiff's assets been seized due to a void judgment arising from a violation of due process? Why would someone with a license to practice law accuse the Plaintiff of "intentionally attempting to use the disciplinary system to harass Barrows and Pigg" when filing his alleged grievances? Who is upholding the law in this case, and who is not?

16. Plaintiff can lay down some undisputable facts:

- On April 13, 2022, Lori L. DeAngelis signed associate judge's report in written. Both parties consented and signed. No objection and No De Novo hearing requested. As showed in ECF No. 60, PageID 1231.

- On April 26th, 2022, Leslie Starr Barrows altered associate judge's report materially, got into writing, signed and submitted to the court. William Albert Pigg and Judith Wells signed it. ECF No. 60, PageID 1231 showed the signed draft before referring court's final signature.

- On May 26th, 2022, again, Leslie Starr Barrows altered associate judge's report materially, got into writing, signed and submitted to the court. William Albert Pigg and Judith Wells signed it.

- William Albert Pigg did not inform Plaintiff about these 2 acts on April 26th and May 26th.

- On August 5th, 2022, Leslie Starr Barrows wrote email to William Albert Pigg, copied Samantha Ybarra saying, "In order for us to obtain our attorney's fee, we must say the order is for spousal support…," and "there is no way around it." ECF No. 60, PageID 1172.

- On August 7th, 2022, William Albert Pigg wrote email to Plaintiff, saying "I did not sign off on that QDRO". ECF No. 60, PageID 1172.

- On August 29th, 2022, Leslie Starr Barrows solicited coconspirator DeAngelis in an email, saying "We need to clarify Judge DeAngelis a ruling for attorney's fees in her AJ report". There is no Texas civil procedure warrant a clarification of ruling to alter the context, without both parties' knowledge, and after 4 months of court hearing. By writing this email, Leslie Starr Barrows really thought her friend's family court is a flea market. William Albert Pigg consent the dispense of the fund without telling Plaintiff. ECF No. 60, PageID 1175.

- On September 6, 2022, Leslie Starr Barrows and William Albert Pigg attempted to compel the Plaintiff to sign a divorce settlement in an effort to sweep all matters under the rug. When the Plaintiff refused, William Albert Pigg immediately withdrew. The primary intent behind this unexpected, unsolicited settlement offer was to obscure evidence of criminal activity.

- It is clear that Plaintiff did not have a hearing for spousal support, Leslie Starr Barrows knew it. In this case, all Defendants had utilized their legal knowledge to prevent their RICO acts to be exposed. None of the Defendants attempted to uphold the integrity of Texas court.

17.     Given all these facts, why should the Plaintiff have believed that seeking relief against Barrows and Pigg through a grievance process would be unsuccessful? The Plaintiff would only have this belief if aware that the counsel working at the CDC were involved in a RICO conspiracy. Unfortunately, the Plaintiff was not aware of this at the time.

18.     Does the prevalence of falsehoods among those with Texas attorney licenses make those lies true, or make all the unlawful acts lawful? The greater the number of liars revealed by Plaintiff, and the longer such deceptions endure, the more urgent the need for this AntiTrust action to tackle legal monopolization.

**Rules of Civil Procedure 11(b),**

19.     Under Federal Rules of Civil Procedure 11(b), which states that court filings must: a) not be "presented for any improper purpose [such as to as to harass or to cause unnecessary delay or

needless increase in the cost of litigation]"; b) warranted by "nonfrivolous argument"; or c) have "evidentiary support" or "likely to have evidentiary support".

20.     Defendants' counsel made dishonest misrepresentations by using the phrases "In fact," "intentionally attempting," and "he believes" in their arguments. These arguments were descriptions of Plaintiff's abstract mental activities, of which Defendants' counsel had no knowledge, or for which they had no possibility of having such knowledge. By turning speculation into a statement of 'In fact,' Defendants' counsel presented frivolous arguments.

21.     Defendants' counsel did not have any evidentiary support or was unlikely to have any evidentiary support about Plaintiff's abstract mental activities.

22.     "The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuver" *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)

23.     Defendants' counsel was not one of the counsels who were assigned to investigate two grievance cases of Barrow and Pigg. It is reasonable to assume that, prior to a complete discovery in this case, Defendants' counsel should not have reasonable knowledge of all evidence related to the two grievance cases of Barrow and Pigg. As a nonparty of two grievance cases, Defendants' counsel had insufficient knowledge to draw any conclusion, therefore counsels' conclusion of Yan's intention of "harass Barrows and Pigg" and belief of "to be unsuccessful" constituted frivolous argument.

24.     Being a victim of RICO acts and having lost a large amount of life savings, Plaintiff has already suffered stress injuries due to Defendants' past criminal acts. Counsel's dishonest frivolous arguments, made with an improper purpose to disparage a victim's credibility, has inflicted additional mental injury on a victim and constituted harassment and insult, adversely affecting Plaintiff's litigation performance.

25.     "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)

26.     Counsel can state what they believed, but anytime they state what other people believed, it becomes a speculation. Statement of other people's prior intangible acts, like abstract mental activities could never have reasonable chance of proving to be factual.

27. Any speculation that alleges other people had bad faith, without possibility of evidentiary support, is dishonest and has an improper purpose of insult.

28. "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987)

### IV. Conclusion

29. Counsels' Motion to Dismiss falsely represented frivolous argument, constituted harassment to Plaintiff. There is no possible way that counsels can provide evidentiary support to prove Plaintiff's abstract mental activities in the past. Counsels' dishonest defense has increased Plaintiff's stress, demonstrated a bad faith.

30. Plaintiff was ready to be retaliated against by the 'elite' legal community, but Plaintiff never expected that the legal bullying would have started from the first engagement with the State Bar of Texas. This suit is brought against the State Bar of Texas, but its proceedings are still within the territories of the State Bar of Texas. This Court should ensure there is zero tolerance for bullying against a Pro Se litigant.

31. Counsel Royce Lemoine and Amanda Kates demonstrated a lack of cognitive ability and integrity. How dare they, including their client Rachel Ann Craig, sue Ken Paxton and Sidney Powell in Dallas and Collin County, alleging them of dishonest misrepresentation regarding the topic of election fraud, when they themselves do not even understand what due process is?

## V. Prayer for Relief

32. Based on the above, Plaintiff respectfully requests for the following relief:

33. Plaintiff prays that the Court order Counsels Royce Lemoine and Amanda Kates to withdraw the frivolous statements from their Motion to Dismiss, make necessary reductions, and resubmit the Motion to Dismiss without affecting the original filling date.

34. Plaintiff prays that the Court order Royce Lemoine and Amanda Kates to pay a fine to the Court in the amount of five hundred dollars each.

35. Plaintiff prays that the Court issue a formal reprimand or warning to Royce Lemoine and Amanda Kates, putting them on notice that future violations of Rule 11 may result in more severe sanctions.

36. Plaintiff prays that the Court order such other sanctions as it deems appropriate under the circumstances to deter repetition of the conduct or comparable conduct by others similarly situated.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] /[arnold200@gmail.com]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. [4:23-CV-00758] |
| The State Bar of Texas et al, | ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF CONFERENCE

On August 15th, 2023, Plaintiff consulted with Ms. Amanda Kates, counsel for the Defendants. During the consultation, Plaintiff made a good faith offer, asking the counsel to withdraw and apply modifications to their Motion to Dismiss. Plaintiff noticed counsel of his intent to file a Motion for Sanction. Ms. Amanda Kates refused to make modifications, and she has expressed her opinion to,

☒ Opposed the Motion.
☐ Unopposed Motion.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
[arnold200@gmail.com]