**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| CONGHUA YAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:23-cv-00758-P-BJ |
| THE STATE BAR OF TEXAS, a private | § | |
| company, | § | |
| THE BARROWS FIRM, a private company, | § | |
| LESLIE STARR BARROWS, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| WILLIAM ALBERT PIGG in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| SAMANTHA YBARRA, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| LUIS JESUS MARIN, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, and official capacity as Assistant | § | |
| Disciplinary Counsel for the Office of the | § | |
| CDC, | § | |
| DANIEL EULALIO MARTINEZ, in | § | |
| individual capacity, as member of the State | § | |
| Bar of Texas, and official capacity as | § | |
| Assistant Disciplinary Counsel for the Office | § | |
| of the CDC, | § | |
| RACHEL ANN CRAIG, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, and official capacity as Associated | § | |
| Judge, | § | |
| TARRANT COUNTY, | § | |
| U.S. Bank, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SAMANTHA YBARRA'S MOTION TO DISMISS PLAINTIFF'S
THIRD AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL
PROCEDURE 12(B)(1) AND 12(B)(6), AND BRIEF IN SUPPORT**

Defendant Samantha Ybarra ("Ybarra"), by and through her undersigned counsel, moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Third Amended Complaint filed by Plaintiff Conghua Yan ("Plaintiff"). In support of this motion, Ybarra states the following:

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. 3

TABLE OF AUTHORITES ........................................................................................... 5

INTRODUCTION ......................................................................................................... 9

FACTUAL BACKGROUND ........................................................................................ 9

RULE 12(B)(1) STANDARD ...................................................................................... 11

RULE 12(B)(6) STANDARD ...................................................................................... 12

ARGUMENTS AND AUTHORITIES........................................................................ 12

    I.     The Court should dismiss Plaintiff's claims against Ybarra under
          Federal Rule of Civil Procedure 12(b)(1) ............................................... 12

          A.     The Court lacks subject matter jurisdiction over Plaintiff's
                    claims for injunctive relief against Ybarra under the *Younger*
                    abstention doctrine ................................................................... 12

    II.    Plaintiff's claims against Ybarra should also be dismissed under
          Federal Rule of Civil Procedure 12(b)(6) ............................................... 14

          A.     Plaintiff's claims against Ybarra are barred by attorney
                    immunity ................................................................................... 14

          B.     Plaintiff has not sufficiently pleaded a RICO violation
                    against Ybarra ........................................................................... 16

               1.     Plaintiff has not sufficiently pleaded "continuity"
                    as is required to support each of his RICO claims
                    against Ybarra .............................................................. 16

               2.     Plaintiff has not sufficiently pleaded violations of
                    18 U.S.C. § 1962(c) against Ybarra because conspiracy
                    to commit mail or wire fraud is not a "racketeering
                    activity" for purposes of 18 U.S.C. § 1962(c) .............. 18

               3.     Plaintiff has not sufficiently pleaded violations of
                    18 U.S.C. § 1962(a) against Ybarra ............................. 19

               4.     Plaintiff has not sufficiently pleaded violations of
                    18 U.S.C. § 1962(d) against Ybarra ............................. 22

           C.     Plaintiff does not sufficiently plead his entitlement, if any,
                    to injunctive relief ................................................................... 23

CONCLUSION .................................................................................................................... 24

CERTIFICATE OF SERVICE .......................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Abraham v. Singh*,
    480 F.3d 351 (5th Cir. 2007) ...................................................17

*Aransas Project v. Shaw*,
    775 F.3d 641 (5th Cir. 2014) ...................................................23

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................12

*Bell v. Health-Mor, Inc.*,
    549 F.2d 342 (5th Cir. 1977) ...................................................11

*BHI Energy I Power Servs., LLC v. KVP Energy Servs, LLC*,
    Civil Action No. 3:22-CV-1981-L, 2023 WL 223179 ....................................23, 24

*Bice v. La. Pub. Defender Bd.*,
    677 F.3d 712 (5th Cir. 2012) ...................................................13

*Bogard, Next Friend for JCM v. Falkenberg*,
    No. SA-21-CV-00021-FB, 2021 WL 1026060 (W.D. Tex. Mar. 16, 2021) ..........15

*Bonton v. Archer Chrysler Plymouth, Inc.*,
    889 F. Supp. 995 (S.D. Tex. 1995) ...................................................22

*Burke v. Ocwen Loan Servicing, L.L.C.*,
    855 Fed. App'x. 180 (5th Cir. 2021) ...................................................14

*In re Burzynski*,
    989 F.2d 733 (5th Cir. 1993) ...................................................17, 18

*Cantey Hanger, LLP v. Byrd*,
    467 S.W.3d 477 (Tex. 2015)...................................................14, 15

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ...................................................12

*County of El Paso, Tex. v. Jones*,
    No. EP-09-CV-00119-KC, 2009 WL 4730305 (W.D. Tex. Dec. 4, 2009) ..........22

*D&T Partners v. Baymark Partners LP*,
    Civil Action No. 3:21-CV-1171-B, 2022 WL 13829913 (N.D. Tex. Oct. 21, 2022),
    *appeal docketed*, No. 22-11148 (5th Cir. Nov. 22, 2022) ...................................................17, 18

*Elliott v. Tucker*,
Civil Action No. 4:22-cv-00135-O-BP, 2022 WL 17722672 (N.D. Tex. Nov. 29, 2022),
*report and recommendation adopted*, Civil Action No. 4:22-cv-00135,
2022 WL 17718517 (N.D. Tex. Dec. 15, 2022) ...................................................................14

*Gabriel v. Outlaw*,
Case No. 3:20-CV-60-K-BK, 2022 WL 617628 (N.D. Tex. Feb. 14, 2022),
*report and recommendation adopted*, Case No. 3:20-CV-60-K-BK,
2022 WL 614998 (N.D. Tex. Mar. 2, 2022) ...............................................................14, 15

*Gipson v. Deutsche Bank Nat'l Trust Co.*,
Civil Action No. 3:13-CV-4820-L(BH), 2014 WL 11515582 (N.D. Tex. Dec. 18, 2014) .....14

*Google, Inc. v. Hood*,
822 F.3d 212 (5th Cir. 2016) ...................................................................................13

*H.J. Inc. v. Nw. Bell Tel. Co.*,
492 U.S. 229 (1989)...................................................................................................17

*Hooks v. Landmark Indus., Inc.*,
797 F.3d 309 (5th Cir. 2015) ...................................................................................11

*Jackson Women's Health Org. v. Currier*,
760 F.3d 448 (5th Cir. 2014) ...................................................................................23

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994)...................................................................................................11

*Marlett v. Heath*,
No. 3:18-CV-2812-M-BN, 2018 WL 5723163 (N.D. Tex. Oct. 23, 2018),
*report and recommendation adopted*, No. 3:18-CV-2812-M,
2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) .........................................................13

*Munck Wilson Mandala LLP v. Jordan*,
Civil Action No. 3:22-CV-01657-M, 2023 WL 5437771 (N.D. Tex. Aug. 22, 2023)............17

*Murphy v. Amarillo Nat'l Bank*,
No. 2:20-CV-048-Z, 2021 WL 40779 (N.D. Tex. Jan. 5, 2021),
*appeal dism'd*, No. 21-10105, 2021 WL 3503171 (5th Cir. May 10, 2021) ...........................12

*Nolen v. Nucentrix Broadband Networks Inc.*,
293 F.3d 926 (5th Cir. 2002) ...................................................................16, 20, 21

*Orthoflex, Inc. v. ThermoTek, Inc.*,
Civil Action No. 3:10-CV-2618-D, 2012 WL 2864510 (N.D. Tex. July 12, 2012)................17

*Payne v. Anthony Scott Law Firm PLLC*,
    Case No. 3:22-CV-2926-M-BK, 2023 WL 3587775 (N.D. Tex. May 5, 2023),
    *report and recommendation adopted*, Case No. 3:22-CV-2926-M-BK,
    2023 WL 3590686 (N.D. Tex. May 22, 2023) ........................................................14

*Peterson v. Peterson*,
    Case No. 4:18-CV-4837, 2019 WL 8017862 (S.D. Tex. Oct. 30, 2019),
    *report and recommendation adopted*, Case No. 4:18-CV-4837,
    2020 WL 883224 (S.D. Tex. Feb. 21, 2020) ...................................................13, 14

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001) ................................................................................12

*Simmons v. Jackson*,
    No. 3:15-CV-01700-S-BT, 2018 WL 7021485 (N.D. Tex. Dec. 21, 2018),
    *report and recommendation adopted*, Case No. 3:15-CV-01700-S-BT,
    2019 WL 186654 (N.D. Tex. Jan. 14, 2019) ...................................................16, 18

*Stewart v. Wells*,
    Civil Action No. 4:19-CV-00598-P-BP, 2020 WL 3146866 (N.D. Tex. May 26, 2020),
    *report and recommendation adopted*, Civil Action No. 4:19-CV-0598-P,
    2020 WL 3129645 (N.D. Tex. June 12, 2020) ......................................................13

*Tel-Phonic Services, Inc. v. TBS Intern., Inc.*,
    975 F.2d 1134 (5th Cir. 1992) ........................................................17, 19, 22, 23

*Troice v. Proskauer Rose, L.L.P.*,
    816 F.3d 341 (5th Cir. 2016) ................................................................................15

*United States v. Weisman*,
    648 F.2d 367 (5th Cir. 1981) ................................................................................19

*United States v. Welch*,
    656 F.2d 1039 (5th Cir. 1981) ..............................................................................19

*Younger v. Harris*,
    401 U.S. 37 (1971).................................................................................... *passim*

## S<small>TATUTES</small>

18 U.S.C. § 1341 ........................................................................................................19

18 U.S.C. § 1343 ........................................................................................................19

18 U.S.C. § 1349 ...................................................................................................11, 19

18 U.S.C. § 1961(1) ..............................................................................................18, 19

18 U.S.C. § 1962 ...................................................................................................9, 20

18 U.S.C. § 1962(a) ............................................................................................ *passim*

18 U.S.C. § 1962(b) .....................................................................................................16

18 U.S.C. § 1962(c) ............................................................................................ *passim*

18 U.S.C. § 1962(d) ......................................................................................11, 16, 22

18 U.S.C. § 1964(c) ....................................................................................................20

28 U.S.C. § 1331 .........................................................................................................14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) .....................................................................................................19

Fed. R. Civ. P. 12(b)(1)....................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)....................................................................................... *passim*

## INTRODUCTION

1.      Defendant Samantha Ybarra never represented Plaintiff. Ybarra was an attorney of record for Plaintiff's wife in their highly contentious divorce and child custody proceeding currently pending in Tarrant County, Texas. Plaintiff's factual allegations against Ybarra are limited to **receiving** correspondence, being **present** at a court hearing, and generally being part of the "criminal enterprises" the Barrows Law Firm and the State Bar of Texas.

2.      To the extent Plaintiff seeks injunctive relief, Plaintiff's claims against Ybarra are barred by the *Younger* abstention doctrine and should be dismissed under Federal Rule of Civil Procedure 12(b)(1). Additionally, Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Ybarra enjoys attorney immunity from suit and Plaintiff failed to sufficiently plead a cause of action under 18 U.S.C. § 1962. Since Plaintiff has already received leave multiple times to amend his Complaint, and Plaintiff cannot cure his pleading defects, Plaintiff's claims against Ybarra should be dismissed with prejudice.

## FACTUAL BACKGROUND

3.      Pro se Plaintiff filed this lawsuit against various individuals involved, or formerly involved, in Plaintiff's ongoing divorce and child custody proceeding (the "Divorce Suit") between Plaintiff and his wife, Fuyan Wang ("Wang"). Defendants include Plaintiff's former attorney, Wang's former attorneys, a judge in the Divorce Suit, Tarrant County, the State Bar of Texas, volunteer members of the State Bar's grievance committee, the bank managing Plaintiff's 401K account, and others. Defendant Ybarra was formerly an associate the Barrows Firm,[1] which represented Wang in the Divorce Suit.

---

[1] The Barrows Law Firm ("Barrows Firm") and Leslie Starr Barrows ("Barrows") are also Defendants in this lawsuit.

4.      Plaintiff generally alleges that the State Bar of Texas, in conjunction with the judges and counsel appearing in Texas family law courts, constitutes a criminal enterprise designed to improperly obtain funds from litigants in the form of interim attorney's fees. [Pl.'s 3d Am. Compl., ¶¶ 127–33]. Plaintiff further contends that the Barrows Firm, of which Ybarra was once a part, constitutes a separate criminal enterprise engaging in similar conduct. [*See, e.g., id.* at ¶¶ 158–59].

5.      Specific to the Divorce Suit, Plaintiff complains of orders entered by Associate Judge Lori L. DeAngelis ordering Plaintiff to pay Wang's interim attorney's fees in the approximate amount of $30,000.00 out of his 401K account at U.S. Bank. [*Id.* at ¶¶ 68–70]. Plaintiff alleges that the Barrows Firm, along with Defendants Barrows and Ybarra, in conspiracy with Plaintiff's own counsel William Albert Pigg, improperly sought to satisfy the attorney's fees award from Plaintiff's retirement account by characterizing the award as spousal support. [*Id.* at ¶ 71]. Plaintiff never appealed or otherwise sought reversal of the court's order.

6.      The extent of Plaintiff's factual, and conclusory, allegations against Ybarra are that she: (1) received telecommunications; (2) attended a court hearing; and (3) received income from the alleged "racketeering" activities:

> 89. …Defendant Samantha Ybarra was included as a ***recipient*** in this telecommunication, she knew this affidavit was not true, but she chose to support this act with her consent as a conspirator…;
>
> 90. …Both Defendants Samantha Ybarra and William Albert Pigg appeared in court, but neither of them reported Leslie Starr Barrows' misconduct to the State Bar of Texas. Defendant Samantha Ybarra ***appeared*** in court, she knew the testimonial was not true, but she chose to support this act with her consent as a conspirator….;
>
> 96. …Defendant Samantha Ybarra was included as a ***recipient*** in these telecommunications, she knew this court order was not true, but she chose to support this act with her consent as a conspirator….;
>
> 98. …Defendant Samantha Ybarra was included as a ***recipient*** in these telecommunications, she knew this court order was not true,

but she chose to support this act with her consent as a conspirator….; and

157. …Plaintiff alleges that, such income (injuries through Defendants' racketeering activities), which *Defendant Leslie Starr Barrows and Defendant Samantha Ybarra* received from these multiple racketeering activities, were used and invested, directly and indirectly…in acquisition of interests in, and the establishment and operation of, an enterprise, *the Barrows Firm*.

[Pl. 3d Am. Compl., ¶¶ 89, 90, 96, 98, 157 (emphases added)].

7.     Based on these generalized allegations, Plaintiff accuses Ybarra of violating 18 U.S.C. § 1349 (conspiracy to commit mail/wire fraud),[2] 18 U.S.C. § 1962(a) (substantive RICO violation), and 18 U.S.C. § 1962(d) (conspiracy to commit a RICO violation).

## RULE 12(B)(1) STANDARD

8.     Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). Federal courts are courts of limited jurisdiction and possess only such power as authorized by the United States Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a cause of action lies outside of this limited jurisdiction and the burden of establishing jurisdiction falls to the party asserting jurisdiction. *Id*.

9.     A lack of subject-matter jurisdiction may be found based on (1) the complaint alone, (2) the complaint and the undisputed facts in the record, or (3) the complaint, undisputed

---

[2] If Plaintiff's claims against Ybarra for mail or wire fraud are based solely on 18 U.S.C. § 1349, they should be dismissed under Rule 12(b)(6) because section 1349 does not create a private right of action. *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (no private right of action exists under federal mail fraud statute). To the extent Plaintiff's allegations under section 1349 are construed as alleging a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), his claims should be dismissed under Rule 12(b)(6) for the reasons set forth in *infra*, at 16-19.

facts in the record, and the court's own resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Murphy v. Amarillo Nat'l Bank*, No. 2:20-CV-048-Z, 2021 WL 40779, at *3 (N.D. Tex. Jan. 5, 2021), *appeal dism'd*, No. 21-10105, 2021 WL 3503171 (5th Cir. May 10, 2021) (A Rule 12(b)(1) motion submitted without evidence is a "facial challenge" to what is alleged in the complaint, and the sufficiency of the allegations are evaluated under the same standards as Rule 12(b)(6)).

## RULE 12(B)(6) STANDARD

10.     A complaint must be dismissed under Rule 12(b)(6) when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court accepts as true all well-pleaded facts but is not required to accept legal conclusions. *Id.* at 664. Conclusory allegations cannot be accepted as true; rather, the complaint should be pleaded with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## ARGUMENTS AND AUTHORITIES

I.     **The Court should dismiss Plaintiff's claims against Ybarra under Federal Rule of Civil Procedure 12(b)(1).**

A.     **The Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief against Ybarra under the *Younger* abstention doctrine.**

11.     The *Younger* abstention doctrine instructs federal courts to refrain from considering requests for injunctive or declaratory relief when doing so would result in the interference with certain, select state proceedings. *See generally Younger v. Harris*, 401 U.S. 37 (1971). The doctrine applies only to three categories of state proceedings: (1) ongoing criminal prosecutions, (2) certain

civil enforcement proceedings akin to criminal prosecutions, and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 591 (2013)). Furthermore, even within these three categories, the doctrine applies only to the extent (a) the state proceedings are ongoing; (b) the proceedings implicate important state interests; and (c) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal claims. *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

12.     Although framed as a RICO action, Plaintiff essentially lodges a collateral attack on orders issued by Associate Judge Lori L. DeAngelis in the Divorce Suit, which involves child custody, child support, marital property, and other issues. Cases involving family and child custody issues, such as the Divorce Suit, fall within the third category of cases outlined above and implicate important state interests. *Stewart v. Wells*, Civil Action No. 4:19-CV-00598-P-BP, 2020 WL 3146866, at *5 (N.D. Tex. May 26, 2020), *report and recommendation adopted*, Civil Action No. 4:19-CV-0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020) ("Federal courts consistently have abstained from ruling on cases that are inextricably connected to the important state interest of child custody issues."); *see also Marlett v. Heath*, No. 3:18-CV-2812-M-BN, 2018 WL 5723163, at **2–3 (N.D. Tex. Oct. 23, 2018), *report and recommendation adopted*, No. 3:18-CV-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (applying *Younger* abstention in the context of an ongoing child support proceeding).

13.     Furthermore, Plaintiff has not pleaded facts showing that he is barred from raising his RICO claims in the Divorce Suit. *See Peterson v. Peterson*, Case No. 4:18-CV-4837, 2019 WL

8017862, at **8–9 (S.D. Tex. Oct. 30, 2019), *report and recommendation adopted*, Civil Action No. 4:18-CV-4837, 2020 WL 883224 (S.D. Tex. Feb. 21, 2020) (dismissing plaintiff's RICO claims related to his ongoing divorce proceeding and observing that "[s]tate courts have concurrent jurisdiction to hear RICO claims"). Therefore, the *Younger* abstention doctrine applies, and the Court should dismiss Plaintiff's claims for injunctive relief under Federal Rule of Civil Procedure 12(b)(1).

## II.    Plaintiff's claims against Ybarra should also be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### A.    Plaintiff's claims against Ybarra are barred by attorney immunity.[3]

14.    Attorneys have "true immunity from suit" against claims of non-clients for the attorney's actions taken in connection with representing a client in litigation. *Elliott v. Tucker*, Civil Action No. 4:22-cv-00135-O-BP, 2022 WL 17722672, at *5 (N.D. Tex. Nov. 29, 2022), *report and recommendation adopted*, Civil Action No. 4:22-cv-00135, 2022 WL 17718517 (N.D. Tex. Dec. 15, 2022) (citing *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016)); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 482 (Tex. 2015); *Gabriel v. Outlaw*, Case No. 3:20-CV-60-K-BK, 2022 WL 617628, at *5 (N.D. Tex. Feb. 14, 2022), *report and recommendation adopted*, Case No. 3:20-CV-60-K-BK, 2022 WL 614998 (N.D. Tex. Mar. 2, 2022) (dismissing plaintiff's RICO claims against attorneys based on attorney immunity where acts complained of were taken in the course of litigation).[4]

---

[3] Federal courts also refer to attorney immunity as "qualified immunity." To the extent applicable, Ybarra also moves for dismissal of Plaintiff's claims under qualified immunity. *See Gipson v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. 3:13-CV-4820-L(BH), 2014 WL 11515582, at **4-5 (N.D. Tex. Dec. 18, 2014).

[4] Other federal courts have applied the attorney immunity doctrine to Texas lawyers, even where the court's only basis for jurisdiction was under 28 U.S.C. § 1331. *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 Fed. App'x. 180, 185–86 (5th Cir. 2021); *see also Payne v. Anthony Scott Law Firm PLLC*, Case No. 3:22-CV-2926-M-BK, 2023 WL 3587775, at *2 (N.D. Tex. May 5, 2023), *report and recommendation adopted*, Case No. 3:22-CV-2926-M-BK, 2023 WL 3590686 (N.D. Tex.

15.     The attorney immunity doctrine stems from the broad declaration that "attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages" to non-clients. *Cantey Hanger*, 467 S.W.3d at 481. Such immunity extends to the ***type*** of attorney conduct "that requires the office, professional training, skill, and authority of an attorney." *Gabriel*, 2022 WL 617628, at *5; *Troice*, 816 F.3d at 349 (attorney defendants were entitled to attorney immunity because "'the *type* of conduct alleged falls squarely within the scope of [Sjoblom's] representation' of his clients").

16.     Importantly, even conduct that may be "wrongful in the context of the underlying suit" is not actionable if it is "part of the discharge of the lawyer's duties in representing his or her client." *Cantey Hanger LLP*, 467 S.W.3d at 481–82 (internal citations omitted). And "[m]erely labeling an attorney's conduct 'fraudulent' does not and should not remove it from the scope of client representation or render it 'foreign to the duties of an attorney.'" *Id.* at 483.

17.     Ybarra's "conduct" of which Plaintiff complains is limited to receiving emails and attending a hearing in connection with her representation of Wang in the Divorce Suit. [*See, e.g.,* Pl.'s 3d Am. Compl., ¶¶ 160–64]. All of Ybarra's alleged actions about which Plaintiff complains are the *type* of activity typical of an attorney representing her client. Since Ybarra's alleged actions at issue, even if wrongful (they were not), are consistent with "the kind of conduct in which an attorney engages when discharging his duties to [her] client," Plaintiff's claims against Ybarra are barred by attorney immunity and should be dismissed with prejudice. *Cantey Hanger, LLP*, 467 S.W.3d at 482 (internal citation omitted).

---

May 22, 2023); *cf. Bogard, Next Friend for JCM v. Falkenberg*, No. SA-21-CV-00021-FB, 2021 WL 1026060, at *8 (W.D. Tex. Mar. 16, 2021) (questioning the application of the attorney immunity doctrine to federal claims brought pursuant to a federal court's federal question jurisdiction).

**B.      Plaintiff has not sufficiently pleaded a RICO violation against Ybarra.**

18.      In his Third Amended Complaint, Plaintiff accuses Defendants of violating the Racketeer Influenced and Corrupt Organizations ("RICO") Act in several ways. However, with respect to Ybarra, Plaintiff only alleges violations of 18 U.S.C. § 1962(d) and, perhaps, 18 U.S.C. § 1962(a).[5] [*See, e.g.,* Pl.'s 3d Am. Compl., ¶¶ 149, 157, 160–65].

19.      For the reasons below, Plaintiff's Third Amended Complaint fails to state any RICO claims against Ybarra under which relief can be granted, regardless of whether Plaintiff's claims against her fall under § 1962(a), § 1962(c), or both. Consequently, Plaintiff's claims against Ybarra under § 1962(d) likewise must fail, since subsection (d) merely makes it unlawful for any person to conspire to violate any of the provisions of 18 U.S.C. §§ 1962(a), (b), or (c). *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 930 (5th Cir. 2002) (The "failure to plead the requisite elements of either a § 1962(a) or a § 1962(c) violation implicitly means that [plaintiff] cannot plead a conspiracy to violate either section" under § 1962(d).).

**1.      Plaintiff has not sufficiently pleaded "continuity" as is required to support each of his RICO claims against Ybarra.**

20.      "Any RICO claim, including a RICO conspiracy claim under 18 U.S.C. § 1962(d), must include (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Simmons v. Jackson*, No. 3:15-CV-01700-S-BT, 2018 WL 7021485, at *4 (N.D. Tex. Dec. 21, 2018), *report and recommendation adopted*, Case No. 3:15-CV-01700-S-BT, 2019 WL 186654 (N.D. Tex. Jan. 14, 2019) (internal citations omitted). To establish a "pattern" of racketeering activity, Plaintiff must allege at least two predicate acts that are (1) related to each other and (2) constitute or threaten long-term criminal

---

[5] Though not clearly pleaded in the Third Amended Complaint, out of an abundance of caution, this motion also addresses why Plaintiff's claims should be dismissed if the Court finds that he has also alleged violations of 18 U.S.C. § 1962(c) against Ybarra. *See supra*, at 11 n.2.

activity. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (referring to these requirements as the "relationship prong" and "continuity prong," respectively, of a RICO claim).

21.     Continuity is a temporal concept. *Tel-Phonic Services, Inc. v. TBS Intern., Inc.,* 975 F.2d 1134 (5th Cir. 1992). It refers "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989). Importantly, "[c]ontinuity cannot be established by multiple acts of fraud that are part of a single transaction." *Orthoflex, Inc. v. ThermoTek, Inc.*, Civil Action No. 3:10-CV-2618-D, 2012 WL 2864510, at *3 (N.D. Tex. July 12, 2012). Additionally, "[m]ultiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern." *Munck Wilson Mandala LLP v. Jordan*, Civil Action No. 3:22-CV-01657-M, 2023 WL 5437771, at *11 (N.D. Tex. Aug. 22, 2023) (quoting *Jones v. Lampe*, 845 F.2d 755, 757 (7th Cir. 1988)), *appeal docketed*, No. 23-10904 (5th Cir. Aug. 31, 2023); *see also D&T Partners v. Baymark Partners LP*, Civil Action No. 3:21-CV-1171-B, 2022 WL 13829913, at *6 (N.D. Tex. Oct. 21, 2022), *appeal docketed*, No. 22-11148 (5th Cir. Nov. 22, 2022) ("The Court resists Plaintiffs' attempt to establish a pattern of racketeering simply by tallying every back-and-forth email Defendants sent.").

22.     Consistent with these principles, the Fifth Circuit found a lack of continuity where the plaintiff alleged that defendants' actions during the course of a single lawsuit constituted a "pattern of racketeering activity." *In re Burzynski*, 989 F.2d 733, 743–44 (5th Cir. 1993). The court reasoned that, because the defendants performed all of the alleged predicate acts during the course of a single transaction—the litigation, which lasted just over five years—plaintiff had not sufficiently pleaded the continuity prong of his RICO claim. *Id.* Similarly, a court found a lack of continuity where plaintiffs brought RICO allegations against businesses, a law firm, and a senior

creditor, whom plaintiffs alleged colluded to fraudulently transfer plaintiff's assets to a different entity. *D&T Partners*, 2022 WL 13829913, at **6–7. The court reasoned that "[t]he scheme came to its natural conclusion . . . when the assets were siphoned out of [plaintiff's account]. Beyond the singular scheme, Plaintiffs' assertion of a 'continuing threat' because Defendants regularly seek out new business opportunities and these 'businesses [] would suffer the same fate as [plaintiff]' is entirely conclusory." *Id.* at *6.

23.    The above examples underscore Plaintiff's failure to plead continuity in his Third Amended Petition. Like the plaintiffs in *In re Burzynski* and *D&T Partners*, Plaintiff identifies a single episode of alleged fraud (the withdrawal of funds from his retirement account), involving one alleged victim (himself), and relating to one basic transaction (the Divorce Suit). Although Plaintiff attempts to enlarge this single transaction into a larger scheme by referencing other "Texas consumers" who have been or will be injured by the conduct alleged, these allegations are entirely conclusory. [*See, e.g.,* Pl.'s 3d Am. Compl., ¶ 11]. Plaintiff has not pleaded *facts* demonstrating that this alleged misappropriation of his retirement funds goes beyond just himself. Thus, Plaintiff's RICO claims against Ybarra should be dismissed based on Plaintiff's failure to plead the essential element of continuity.

**2.    Plaintiff has not sufficiently pleaded violations of 18 U.S.C. § 1962(c) against Ybarra because conspiracy to commit mail or wire fraud is not a "racketeering activity" for purposes of 18 U.S.C. § 1962(c).**

24.    Aside from Plaintiff's failure to plead continuity, which requires dismissal of all of his RICO claims, each of Plaintiff's RICO claims fail for different, additional reasons. With respect to Plaintiff's potential allegations against Ybarra under 18 U.S.C. § 1962(c), Plaintiff fails to sufficiently plead the predicate acts of racketeering activity. "Racketeering activity" means any act which is indictable under the specific federal provisions listed in 18 U.S.C. § 1961(1)(B)-(G). Such acts constitute "predicate acts" of racketeering activity under RICO. *See Simmons*, 2018 WL

7021485, at *5 ("To establish a pattern of racketeering activity, [plaintiff] must allege (1) the predicate acts of racketeering activity, and (2) a pattern of such acts.").

25.    Mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) are specifically identified as predicate offenses to support a RICO claim. 18 U.S.C § 1961(1)(B). However, Plaintiff does not allege that Ybarra **committed** mail or wire fraud. Instead, Plaintiff alleges that Ybarra **conspired** to commit mail or wire fraud in violation of 18 U.S.C. § 1349. [*See* Pl.'s 3d Am. Compl., at ¶¶ 89/160, 90/161, 96/162, 98/163, 99/164, and 166/171].

26.    Conspiracy to commit mail or wire fraud under 18 U.S.C. § 1349 is not a predicate offense that can support a RICO claim. *See* 18 U.S.C. § 1961(1); *United States v. Weisman*, 648 F.2d 367, 400 (5th Cir. 1981) (since conspiracy to commit mail fraud is not specifically listed as a racketeering activity in § 1961(1)(B), it cannot serve as a predicate offense to support a RICO claim); *see also United States v. Welch*, 656 F.2d 1039, 1050 n.19 (5th Cir. 1981).[6] Therefore, because Plaintiff's allegations against Ybarra under 18 U.S.C. § 1962(c) are entirely based on Ybarra's alleged **conspiracy** to commit mail or wire fraud, Plaintiff's claim against Ybarra under 18 U.S.C. § 1962(c) fails and should be dismissed with prejudice.[7]

### 3.    Plaintiff has not sufficiently pleaded violations of 18 U.S.C. § 1962(a) against Ybarra.

27.    In his Third Amended Complaint, Plaintiff makes the following allegations accusing Ybarra of violating 18 U.S.C. § 1962(a):

---

[6] Indeed, Plaintiff apparently acknowledges that violations of 18 U.S.C. § 1349 do not constitute "racketeering activities," as he lists section 1349 under the heading of "Other Activities," and separate and apart from his list of "Racketeering Activities." [Pl.'s 3d Am. Compl., ¶¶ 142–43].

[7] If conspiracy to commit mail or wire fraud is a predicate act for RICO purposes, Plaintiff does not sufficiently plead his fraud allegations to satisfy the heightened pleading standard. Fed. R. Civ. P. 9(b); *Tel-Phonic Servs., Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1138-39 (5th Cir. 1992) (applying the heightened pleading standard to pleadings of mail or wire fraud as predicate acts in a RICO claim under 18 U.S.C. § 1962(c)).

¶ 149. …They contributed a portion of their proceeds of such income, received through racketeering activities, to maintain their attorney license issued by *the State Bar of Texas*."

¶ 157. …The annual financial report proved this cash flow relationship. Plaintiff alleges that, such income (injuries through Defendants' racketeering activities), which *Defendants Leslie Starr Barrows* and *Defendant Samantha Ybarra* received from these multiple racketeering activities, were used and invested, directly and indirectly, part of such income and the proceeds of such income, in acquisition of interests in, and the establishment and operation of, an enterprise, *the Barrows Firm*.

[Pl.'s 3d Am. Compl., ¶¶ 149,157].

28.    Section 1962(a) provides in pertinent part: "[i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a).

29.    The Fifth Circuit has clarified that § 1962(a) must be read in conjunction with 18 U.S.C. § 1964(c), which creates a civil cause of action for damages resulting from violations of § 1962. *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir. 2002). Section 1964(c) contains causal language that "requires that the compensable injury stem directly from the violation of the RICO section in question." *Id.* Thus, as the Fifth Circuit explains:

For claims arising under § 1962(a), alleging an injury solely from the predicate racketeering acts themselves is not sufficient because § 1962(a) does not prohibit those acts. Instead, any injury must flow from *the use or investment of racketeering income*. Here, Nolen's alleged injury stems solely from Nucentrix's assessment and collection of late fees, not from Nucentrix's use or investment of those fees. As such, Nolen has failed to assert a valid claim under § 1962(a).

*Id.* at 929–30 (internal citations omitted) (emphasis in original).

30.     Like the plaintiff in *Nolen*, Plaintiff's alleged injury does not stem from Ybarra's (or any other Defendants') purported use or investment of racketeering income. Instead, Plaintiff's alleged injury is the withdrawal of funds from his 401K account to satisfy the order awarding interim attorney's fees to Wang in the Divorce Suit. [*See, e.g.,* Pl.'s 3d Am. Compl., ¶¶ 73, 74, 78]. Indeed, Plaintiff admits that "the direct injury from Defendant's acts is that Plaintiff is losing his access right to the employment retirement fund, located in the State of Minnesota, from August 2022 until the present." [*Id.*, at ¶ 304].[8] Plaintiff's purported injury is tied to the alleged predicate acts of racketeering activity, by which Defendants obtained funds from Plaintiff's retirement account. Plaintiff has not sufficiently pleaded, nor even alleged, any further injury related to the defendants' later use or investment of those funds as is required to support a claim under 18 U.S.C. § 1962(a).

31.     Plaintiff's vague, generalized statements about how Ybarra might have used or invested these supposedly ill-gotten funds does not satisfy the causation requirement inherent in § 1962(a). [Pl.'s 3d Am. Compl., ¶ 159 ("The enterprise, *the Barrows Firm* pays *Defendant Leslie Starr Barrows* and *Defendant Samantha Ybarra* using such income (injuries through these RICO racketeering activities). The enterprise, *the Barrows Firm* retains profits for marketing both online and locally, thereby expanding its business and allegedly soliciting more victims for its purported racketeering activities.")]. These conclusory, speculative allegations are devoid of any factual underpinning and do not demonstrate how *Plaintiff* has been or will be injured by the alleged use of the funds to pay the law firm's ordinary business expenses. Therefore, Plaintiff's claim against Ybarra under § 1962(a) should be dismissed with prejudice.

---

[8] Plaintiff lodges this particular allegation of injury against Defendant Leslie Starr Barrows, but to the extent Plaintiff asserts the same claims against Ybarra, Plaintiff's identification of his injury should be equally controlling.

4.    **Plaintiff has not sufficiently pleaded violations of 18 U.S.C. § 1962(d) against Ybarra.**

32.    As discussed above, Plaintiff's claims against Ybarra under § 1962(d) must be dismissed because Plaintiff fails to plead plausible claims for relief against Ybarra under §§ 1962(a) and (c). *Supra*, at 16-21. However, even if Plaintiff has pleaded a viable claim against Ybarra under subsections (a) or (c), Plaintiff's 1962(d) claims against Ybarra still must be dismissed because Plaintiff has failed to plead the existence of an agreement to commit two or more predicate acts in furtherance of the alleged RICO conspiracy. 18 U.S.C. § 1962(d).

33.    The elements of a conspiracy to violate RICO are: "(1) knowledge by the defendant of the essential nature of the conspiracy; (2) the defendant's objective manifestations of an agreement to participate in the conduct of the affairs of an enterprise; and (3) an overt act, which need not be a crime, in furtherance of the conspiracy." *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1005 (S.D. Tex. 1995) (citing *United States v. Sutherland*, 656 F.2d 1181, 1187 n.4 (5th Cir.1981)). Importantly, a RICO complaint "which merely implies, with the *conclusory allegation* of a conspiracy, that a defendant is responsible for *someone else's* fraudulent acts is insufficient." *Id.* (internal citations omitted) (emphasis added). Instead, a plaintiff "must allege that defendants entered into an agreement to commit two or more predicate acts in furtherance of the RICO conspiracy." *County of El Paso, Tex. v. Jones*, No. EP-09-CV-00119-KC, 2009 WL 4730305 (W.D. Tex. Dec. 4, 2009); *Tel-Phonic Servs., Inc.*, 975 F.2d at 1140 ("[B]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement.").

34.    Plaintiff has not sufficiently pleaded such an agreement at all, let alone one involving Ybarra. Plaintiff makes the following conclusory allegation of conspiracy: "[s]ince that day until today, every member of the State Bar of Texas has been working under a RICO

conspiracy to ensure that every unlawful act they committed against Plaintiff can be covered up. This has been going on since that day." [Pl.'s 3d Am. Compl., ¶ 75]. Plaintiff then makes vague allegations of Ybarra "team[ing] up" with others to act "conspiratorially" with respect to Plaintiff's retirement account. [*Id.* at ¶ 107]. But, Plaintiff's Third Amended Complaint, like the deficient pleading in *Tel-Phonic Services, Inc.*, "does not allege *facts* implying any agreement involving *each* of the Defendants to commit at least two predicate acts." 975 F.2d at 1140 (emphasis added). Thus, Plaintiff's RICO conspiracy claims against Ybarra should be dismissed with prejudice.

**C.    Plaintiff does not sufficiently plead his entitlement, if any, to injunctive relief.**

35.    Plaintiff has not demonstrated his entitlement to injunctive relief against Ybarra. To support the "extraordinary equitable remedy" of a preliminary injunction, a plaintiff must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). Importantly, Plaintiff must show "a real and immediate threat of future or continuing injury **apart from any past injury**." *Aransas Project v. Shaw*, 775 F.3d 641, 663-64 (5th Cir. 2014) (emphasis added). "A '[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.'" *BHI Energy I Power Servs., LLC v. KVP Energy Servs, LLC*, Civil Action No. 3:22-CV-1981-L, 2023 WL 223179, at *6 (quoting *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013)). And, Plaintiff must also "demonstrate that such injury 'cannot be undone through monetary remedies.'" *BHI Energy*, 2023 WL 223179, at *6 (quoting *Dennis Melancon, Inc. v. City of New Orleans*, 803 F.3d 262, 279 (5th Cir. 2012)).

36.     Plaintiff has not, and cannot, state plausible claims for relief against Ybarra. And, Plaintiff has not pleaded, or provided any evidence, that (1) he will suffer a new future or continuing irreparable injury if his requests for injunctive relief are denied; and (2) monetary relief is insufficient to cure his alleged injury. *See BHI Energy*, 2023 WL 223179, at *6 ("Conclusory and unsubstantiated allegations, on the other hand, do not constitute evidence and are insufficient to support Plaintiff's burden as the party seeking injunctive relief, even if verified or included in an affidavit.").[9] Therefore, Plaintiff's request for injunctive relief against Ybarra should be denied.

## CONCLUSION

Plaintiff's request for injunctive relief against Ybarra should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine. Additionally, Plaintiff's claims against Ybarra should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they are barred by the attorney immunity doctrine and Plaintiff fails to sufficiently plead the alleged RICO violations against Ybarra.

For the reasons set forth above, Ybarra respectfully requests that the Court dismiss Plaintiff's Third Amended Complaint against Ybarra, without leave to amend, and for such other and further relief to which Ybarra may be justly entitled.

---

[9] Plaintiff's Third Amended Complaint is not supported by a verification or affidavit. [Pl. 3d Am. Compl.].

Dated: September 25, 2023

Respectfully submitted,

*/s/ Caroline M. Cyrier*
Roland K. Johnson
State Bar No. 00000084
rolandjohnson@hfblaw.com
Caroline M. Cyrier
State Bar No. 24097558
ccyrier@hfblaw.com
**Harris, Finley & Bogle, P.C.**
777 Main Street, Suite 1800
Fort Worth, Texas 76102
Telephone:       817-870-8700
Facsimile:       817-332-6121

**ATTORNEYS FOR DEFENDANT
SAMANTHA YBARRA**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument has been served on all parties and counsel of record in compliance with the Federal Rules of Civil Procedure on this 25th day of September, 2023.

*/s/ Caroline M. Cyrier*
Caroline M. Cyrier

1333778.6

25