IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:23-CV-758-P-BJ |
| | § | |
| THE STATE BAR OF TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS TARRANT COUNTY AND ASSOCIATE JUDGE LORI DEANGELIS'S ADVISORY TO THE COURT

TO THE HONORABLE JUDGE OF SAID COURT:

1. Plaintiff has filed four motions for sanctions[1] and has indicated to the undersigned through email correspondence that he intends to file a fifth motion for sanctions based on a dismissal ground stated on PageID 1261 of Judge DeAngelis's motion to dismiss. ECF No. 69.

2. Out of an abundance of caution, without conceding intentional wrongdoing, and with the desire to avoid this Court being burdened with ruling on another threatened motion, the undersigned advises the Court of a grammatical correction to Judge DeAngelis's pending motion to dismiss on PageID 1261. The dismissal ground "Plaintiff lacks standing to sue the state court associate judge, who is presiding over his ongoing family law proceeding" is corrected to "Plaintiff lacks standing to sue the state court associate judge, who has presided over his ongoing family law proceeding." *See id.*

3. In response to Plaintiff's Third Amended Complaint, Judge DeAngelis filed a second motion to dismiss. ECF No. 69. Throughout the argument of Judge DeAngelis's motion to

---

[1] ECF Nos. 22, 23, 63, 74. The Court has already denied the first two motions, ECF No. 59, and ought to deny the other motions also.

1

dismiss, Judge DeAngelis argues that a plaintiff cannot come to federal court to enjoin or seek relief from a state court judge because of the judge's judicial rulings in the ongoing, underlying proceeding. *Id.* The following statements are taken directly from the motion to dismiss:

- Plaintiff lacks standing to bring claims against Associate Judge DeAngelis seeking to enjoin a state-appointed associate judge in Plaintiff's ongoing divorce case (*id.*, PageID 1255);

- Plaintiff's claims against Associate Judge DeAngelis arise entirely out of Associate Judge DeAngelis's judicial rulings in Plaintiff's ongoing state divorce proceeding (*id.*, PageID 1260);

- This lawsuit arises out of ongoing family court litigation between Plaintiff and his wife (*id.*, PageID 1261);

- Plaintiff seeks to recover over $2.2 million in compensatory and punitive damages from Associate Judge DeAngelis for alleged damages arising out of her judicial rulings in Plaintiff's ongoing divorce proceeding (*id.*, PageID 1261);

- Plaintiff lacks standing to sue the state court associate judge, who is presiding over his ongoing family law proceeding (*id.*, PageID 1261);

- Plaintiff lacks standing to bring claims against Associate Judge DeAngelis seeking to enjoin a state-appointed associate judge in Plaintiff's ongoing divorce case (*id.*, PageID 1262);

- Plaintiff's underlying dispute concerning the payment of attorneys' fees in connection with his ongoing divorce proceeding does not lie against the judges hearing or ruling on his case (*id.*, PageID 1264);

- Because Plaintiff's claims against Associate Judge DeAngelis seek injunctive relief concerning pending divorce proceedings, this Court should abstain from exercising jurisdiction over any such claims (*id.*, PageID 1265); and

- Under *Younger*, Plaintiff's injunctive relief claims arising out of ongoing domestic relations proceedings should all be dismissed under rule 12(b)(1) (*id.*, PageID 1266).

4. In sum, Judge DeAngelis has argued that Plaintiff cannot sue her for rulings she has made in Plaintiff's case and that this Court should abstain from interfering with Plaintiff's ongoing divorce proceedings. Despite the sum and substance of the argument Judge DeAngelis is making, Plaintiff is threatening to file his fifth motion for sanctions, claiming that the undersigned made a misrepresentation on PageID 1261 about which court Judge DeAngelis primarily serves as an associate judge at present (the 324th District Court) vis-à-vis before 2023 (the 325th District Court) when she undisputedly issued the challenged rulings in his still-ongoing divorce proceeding. *See* PageID 1227-37; *see also* Tex. Fam. Code Ann. § 201.001(c) (explaining that a commissioners court may authorize associate judges to share service with multiple courts).

5. The undersigned disputes that any misrepresentation was made in Judge DeAngelis's motion to dismiss. However, to ensure that Judge DeAngelis's argument and verb tenses are clear, and to dissuade Plaintiff from filing yet another motion for sanctions (*see* Fed. R. Civ. P. 11(c)(2)), Defendants Tarrant County and Judge DeAngelis present this Advisory to the Court with the above-referenced correction concerning PageID 1261.

                                                Respectfully submitted,

                                                */s M. Keith Ogle*
                                                **M. KEITH OGLE**
                                                State Bar No. 24037207
                                                Assistant Criminal District Attorney

                                                PHIL SORRELLS
                                                CRIMINAL DISTRICT ATTORNEY
                                                TARRANT COUNTY, TEXAS

                                                Tarrant County Criminal District Attorney's Office
                                                Tim Curry Criminal Justice Center
                                                401 W. Belknap, 9th Floor
                                                Fort Worth, Texas 76196

817-884-1233 - Telephone  
817-884-1675 – Facsimile  
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANTS**
**TARRANT COUNTY, TEXAS AND**
**ASSOCIATE JUDGE LORI DEANGELIS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on September 26, 2023:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas  76092

*/s/ M. Keith Ogle*
**M. KEITH OGLE**