IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| | ) |
| The State Bar of Texas et al, | ) |
| | ) |
| Defendants. | ) |

**AMENDED OBJECTION TO FINDINGS, CONCLUSIONS
AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this amended objection to the FINDINDS, CONCLUSIONS and RECOMMENDATION for Motion for Sanctions to Counsel Melvin Keith Ogle, ECF No. 79, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the Motion for sanction should not be dismissed.

**I. INTRODUCTION AND FACTS**

1. On **August 15th, 2023**, Plaintiff severed Counsel Amanda Kates with a Motion for Sanctions, requested them to withdraw and apply modifications to their Motion to Dismiss. Counsel Amanda Kates refused Plaintiff's request.

2. On **August 18th, 2023**, Plaintiff filed a Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS, ECF No. 22.

3. On **August 30th, 2023**, Plaintiff severed Counsel Melvin Keith Ogle with a Motion for Sanctions, requested him to withdraw. Counsel Melvin Keith Ogle refused Plaintiff's request.

4. On **August 30th, 2023**, Plaintiff filed a Motion for Sanctions to COUNSEL MELVIN KEITH OGLE AND BRIEF IN SUPPORT, ECF No. 33.

5. On **August 30th, 2023**, counsel Melvin Keith Ogle filed "DEFENDANTS TARRANT COUNTY AND ASSOCIATE JUDGE LORI DEANGELIS'S **RESPONSE** TO PLAINTIFF'S MOTION FOR SANCTIONS", ECF No. 33.

6. In the response, counsel Melvin Keith Ogle mentioned, "("Rule 11 provides that the party moving for sanctions must provide **twenty-one (21) days-notice** to the non-movant before filing the motion.")."

7. On **August 30th, 2023**, Plaintiff filed "**REPLY** TO RESPONSE TO MOTION FOR SANCTIONS TO COUNSEL MELVIN KEITH OGLE", ECF No. 38.

8. On **August 31st, 2023**, this Court denied Plaintiff's Motion for Sanctions against State Bar of Texas ECF No. 22 and Motion for Sanctions against Ogle, ECF No. 33, in ECF No 40.

9. On the date of **August 31st**, 2023, neither Plaintiff nor State Bar of Texas had filed any Response or Reply regarding the Motion to Dismiss, ECF No. 22.

10. On **September 19th, 2023**, Plaintiff filed a Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS, ECF No. 63.

11. On **September 22th, 2023**, Plaintiff filed a Motion for Sanctions to COUNSEL MELVIN KEITH OGLE AND BRIEF IN SUPPORT, ECF No. 74.

12. On **September 26th**, counsel Melvin Keith Ogle filed "**RESPONSE** TO PLAINTIFF'S MOTION FOR SANCTIONS", ECF No. 77.

13. On **September 26th**, counsel Melvin Keith Ogle filed "NOTICE OF ADVISORY", ECF No. 78.

14. On **September 26th**, this Court denied Plaintiff's Motion for Sanctions to COUNSEL MELVIN KEITH OGLE, ECF No. 79.

## II. ARGUMENT AND AUTHORITIES

15. Plaintiff wishes to emphasize that, on August 31, 2023, this Court denied Plaintiff's Motion for Sanctions against the State Bar of Texas (ECF No. 22) and Motion for Sanctions against

Ogle (ECF No. 33) in ECF No. 40. As of August 31, 2023, neither the Plaintiff nor the State Bar of Texas had filed any Response or Reply regarding the Motion to Dismiss (ECF No. 22).

16. Regarding ECF No. 22, "Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS", Plaintiff believes this Court would have allowed the Plaintiff and State Bar of Texas to fully exercise their legal rights filing RESPONSE and REPLY at will if FRCP allows. The only reason that did not happen, per Plaintiff's understanding on that date, was because FRCP Rule 11 requires 21 days' notice. Plaintiff failed to give 21 days' notice when Plaintiff filed 2 motion to sanction.

17. On August 31, 2023, the Plaintiff did not file any objections to the denial. Despite being a first-time Pro Se litigant, the Plaintiff remains eager to comply with the Federal Rules of Civil Procedure (FRCP) and local rules. Should FRCP Rule 11 require a 21-day period for compliance, the Plaintiff will adhere to it without exception.

18. The Plaintiff has no intention of submitting frivolous filings. In order to comply with FRCP Rule 11, the Plaintiff waited 21 days before refiling the motion.

19. On September 22th, 2023, Plaintiff filed a Sanctions against Counsel Melvin Keith Ogle, along with a Brief in Support, under ECF No. 74.

20. This motion refiling is neither a frivolous filling nor a double biting of the apple. It is purely due to compliance with the 21 days' notice requirement of Rule 11. Counsel Melvin Keith Ogle made a frivolous argument, knowing that this Court has high volume, betting Honorable Judge does not remember all the details in the past.

21. United States v. Sweet, No. 8:01-CV-331-T-23TGW, 2001 U.S. Dist. LEXIS 17131 (M.D. Fla. Sept. 17, 2001) (declining to sanction party for frivolous motion to quash service of process where motion had been denied before 21 day safe harbor period had expired, but sanctioning subsequent motion for reconsideration).

22. 21 day safe harbor provision is only implemented to give one party sufficient time to correct, it is not designed to establish a ground for determining frivolous pleading.

23. Counsel Melvin Keith Ogle tried to mislead this Court to conceal his RICO acts.

24. *18 U.S.C. § 1512(b)(2)(D)* **Whoever** knowingly uses intimidation, threatens, or **corruptly persuades another person**, or **attempts to do so**, or e**ngages in misleading conduct toward another person**, **with intent to cause or induce any person** to be **absent** from an official proceeding to which **such person has been summoned** by legal process.

25. The fact is clear that Melvin Keith Ogle did request that Plaintiff cause and induce Lori L. DeAngelis to be absent from this case, an action defined as a RICO act under 18 U.S.C. § 1961(1). The Plaintiff urges this Court to address this violation of Federal law.

26. While Plaintiff has presented factual email evidence, Melvin Keith Ogle has not offered any document proof to rebut this claim. Plaintiff requests a finding of facts concerning this evidence and the incident it relates to. Plaintiff does not wish for this crime to be concealed under the guise of the Federal Rules of Civil Procedure (FRCP).

27. On **September 26th**, counsel Melvin Keith Ogle filed "NOTICE OF ADVISORY", ECF No. 78. There is an old adage among lawyers that says, "If you have the facts on your side, pound the facts; if you have the law on your side, pound the law; if you have neither the facts nor the law, pound the table."

28. Plaintiff did not find any proof that Local Rule and Federal Rule permits the Notice of Advisory. There is no word "advisory" appeared in the Local Rule.

29. Plaintiff further needs clarification from this Court. How many pieces of "NOTICE OF ADVISORY" Pro Se Plaintiff can file in the near future and what is the rule to respond to other party's "NOTICE OF ADVISORY"? What is the requirement of Proof of Conference set forth?

30. Plaintiff believes that a counsel should not take advantage of pro se litigant in this Court.

### III. Prayer for Relief

31. Based on the above, Plaintiff respectfully requests this Court to grant the amended objection.

Respectfully submitted,

        /s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
/[arnold200@gmail.com]

CERTIFICATE OF SERVICE

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (September 28th, 2023).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]