UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS


| | | |
|---|---|---|
| CONGHUA YAN, | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | Case No. 4:23-cv-758-P |
| THE STATE BAR OF TEXAS, a private company | § | |
| THE BARROW FIRM, a private company, | § | |
| LESLIE STARR BARROWS, | § | |
|    in individual capacity | § | |
|    as member of the State Bar of Texas, | § | |
| WILLIAM ALBERT PIGG in individual capacity | § | |
|    as member of the State Bar of Texas, | § | |
| SAMANTHA YBARRA, in individual capacity, | § | |
|    as member of the State Bar of Texas, | § | |
| LUIS JESUS MARIN in individual capacity, | § | |
|    as member of the State Bar of Texas, | § | |
|    and official capacity as Assistant Disciplinary | § | |
|    Counsel for the Office of the CDC, | § | |
| DANIEL EULALIO MARTINEZ | § | |
|    in individual capacity, | § | |
|    as member of the State Bar of Texas, | § | |
|    and official capacity as Assistant Disciplinary | § | |
|    Counsel for the Office of the CDC, | § | |
| RACHEL ANN CRAIG in individual capacity, | § | |
|    as member of the State Bar of Texas, | § | |
|    and official capacity as Assistant Disciplinary | § | |
|    Counsel for the Office of the CDC, | § | |
| LORIE L. DEANGELIS in individual capacity, | § | |
|    as member of the State Bar of Texas, | § | |
|    and official capacity as Associated Judge, | § | |
| TARRANT COUNTY, | § | |
| *Defendants.* | § | |

---

### DEFENDANTS, THE STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG's, FIRST AMENDED MOTION TO DISMISS

---

1

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ............................................................................................2

INDEX OF AUTHORITIES ......................................................................................3

I. INTRODUCTION .................................................................................................6

II. THE GRIEVANCE PROCESS................................................................................9

III. STANDARDS FOR DISMISSAL ........................................................................11

   **A. Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)** ..............11

   **B. Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6)** ....12

IV. ARGUMENTS AND AUTHORITIES ...................................................................13

   **A. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against Defendants – 12(b)(1)** ...............................................................13

      *1. 11th Amendment immunity bars Yan's claims against Defendants.* ...................13

      *2. Absolute immunity bars Yan's claims against Marin, Martinez, and Craig.* ....................14

      *3. Qualified immunity bars any individual-capacity claims against Marin, Martinez, and Craig.* .................................................................................15

      *4. Yan fails to set forth any claim that would make Marin, Martinez, and Craig liable in their individual capacities.* ....................................................16

   **B. Plaintiff's Failure to State a Plausible Claim - Rule 12(b)(6)** .........17

      *1. Yan cannot show he suffered an "injury" and his assertions do not constitute a cognizable equal protection claim under 42. U.S.C. §1983.* ...........18

      *2. Yan fails to state claims under Texas Constitution Article I, Sections 13 and 19.* ...........19

      *3. Yan fails to state a claim under the RICO Act.* ...............................21

**C. Yan does not meet the requisites for injunctive relief** .......................22

V. CONCLUSION ...................................................................................................23

CERTIFICATE OF SERVICE ................................................................................24

## INDEX OF AUTHORITIES

CASES                                                                                           PAGE

*Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014) ...........................................................16

*Anderson v. Creighton*, 483 U.S. 635, 639 (1987) ..................................................................16

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ........................................................................ 12

*Austin Municipal Securities, Inc., et al.*, 757 F.2d 676, 691-92 (5th Cir. 1985) ..........................15

*Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) ............................................................16, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ...........................................................12

*Beman v. Smith,* MO-07-CV-055, 2007 WL 9751723, at *3 (W.D. Tex. Aug. 10, 2007) ...........14

*Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986) ............................................14, 15

*Boyle v. United States,* 556 U.S. 938(2009) ........................................................................21

*City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983) ...........................................................22

*Cory v. White,* 457 U.S. 85, 91 (1982) .................................................................................13

*Crampton v. Farris*, 596 S.W.3d 267 (Tex. App. – Houston [1ˢᵗ Dist.] 2019, no pet.) ...............17

*Diddel v. Davis*, Civil Action No. H-04-4811, 2006 WL 8444647 (S.D. Tex. Jan. 30, 2006) .....15

*DL Capital Group, LLC v. Nasdaq Stock Market, Inc.*, 409 F.3d 93, 95 (2d Cir. 2005) .............15

*Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000) ..............................................................16

*Eichelberger v. Eichelberger*, 582 S.W.2d 395, 397-399 (Tex. 1979) .........................................10

*In re Nolo Press/Folk Law, Inc.,* 991 S.W.2d 768, 769-770 (Tex. 1999) ....................................10

*Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997) .......................................................18

*Green v. State Bar of Texas,*27 F.3d 1083, 1087 (5th Cir. 1994) ...............................................13

*Hans v. Louisiana*, 134 U.S. 1, 16-17 (1890) ........................................................................14

*Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) ...........................................................................13

*Hooks v. Landmark Indus., Inc.,* 797 F.3d 309, 312 (5th Cir. 2015)............................................11

*Howell v. Texas Workers' Comp. Comm'n,*
    143 S.W.3d 416, 444 (Tex.App.-Austin 2004, pet. denied) ...........................................20

*Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ...........................................................15

*In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ...............................12

*James v. Sadler*, 909 F.2d 834, 838 (5th  Cir. 1990) ....................................................16

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) ...........................22

*Krempp v. Dobbs,* 775 F.2d 1319, 1321 (5th Cir. 1985) .................................................14

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) .................................11

*Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ...................................................19

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ............................................18

*Manax v. McNamara,* 842 F.2d 808, 811 (5th Cir. 1988) ................................................21

*Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020) ..............................17, 18

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ........................................................15

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)..................................13

*Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005). .........................................12

*Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) ........................................12

*Rizzo v. Goode*, 423 U.S. 362, 378 (1976) ............................................................22

*Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ...............................................16

*Siegert v. Gilley*, 500 U.S. 226, 230 (1991) ..........................................................16

*Welch v. Tex. Dep't of Highways & Public Transp.*, 483 U.S. 468, 473-474 (1987) ...................14

*Univ. of Tex. Med. School at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).  ..................20

STATUTES AND RULES                                                                          PAGE
TEX. CONST. ART. II, SEC. 1 ...........................................................................9
TEX. CONST. ART. V, SEC. 1 & 3 .......................................................................9

TEX. GOV'T CODE ANN. §81.011(a) ........................................................................... 14

FED. R. CIV. P. 12(b)(1) ........................................................................................... 11
FED. R. CIV. P. 12(b)(6) ........................................................................................... 12

TEX. DISCIPLINARY R. PROF. CONDUCT, PREAMBLE: SCOPE, ¶15 ................................. 18

TEX. RULES DISCIPLINARY P. R. 2.02 ........................................................................... 9
TEX. RULES DISCIPLINARY P. R. 2.10 ......................................................................... 10
TEX. RULES DISCIPLINARY P. R. 2.10(A) .................................................................... 10
TEX. RULES DISCIPLINARY P. R. 2.12 ......................................................................... 10
TEX. RULES DISCIPLINARY P. R. 2.12(B), (D), (E) ...................................................... 11
TEX. RULES DISCIPLINARY P. R. 2.13 ......................................................................... 11
TEX. RULES DISCIPLINARY P. R. 2.14 ......................................................................... 11
TEX. RULES DISCIPLINARY P. R. 2.16 ........................................................................... 7
TEX. RULES DISCIPLINARY P. R. 17.09 ................................................................... 14,15

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MARK A. PITTMAN:

COME NOW Defendants, the State Bar of Texas ("State Bar"), Luis Jesus Marin ("Marin"), Daniel Eulalio Martinez ("Martinez"), and Rachel Ann Craig ("Craig") (hereinafter referred to collectively as "Defendants") and file this their first amended motion to dismiss this lawsuit filed by Plaintiff, Conghua Yan (herein referred to as "Plaintiff" or "Yan"), pursuant to Federal Rules of Civil Procedure 12(b)(1) or, alternatively, 12(b)(6). In support thereof, Defendants offer the following:

## I. INTRODUCTION

Yan filed this lawsuit on or about July 21, 2023. [Dkt. 1]. Defendants filed their initial motion to dismiss Yan's lawsuit on August 10, 2023. [Dkt. 13]. Thereafter, Yan filed a Motion for Sanction to Counsel of the State Bar of Texas, Marin, Martinez, and Craig, on August 18, 2023. On August 28, 2023, Yan filed his First Amended Complaint for Civil Rico, and Antitrust etc., Demand for Declaratory Relief, Injunction Relief, Damage Relief, and Jury Demand. On August 30, 2023, Defendants responded to Yan's First Sanctions Motion, and this Court denied said motion on September 18, 2023. [Dkt. 34 and Dkt. 59]. On September 8, 2023, Yan filed his Second Amended Complaint for Civil Rico, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand. [Dkt. 48]. On September 18, 2023, Yan filed his Third Amended Complaint for Civil Rico, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand (3rd Amended Complaint). [Dkt. 60]. Defendants' initial dismissal motion was rendered moot by this court on September 19, 2023. [Dkt. 67].

As evident by his 3rd Amended Complaint, Yan's claims against the State Bar **have not changed** since he initially filed this lawsuit. He generally claims that the State Bar and its employees are co-conspirators to a scheme created by "certain family court attorneys and judges"

that use a "myriad of illicit actions to facilitate the collection of professional service fees for their own interests." [Dkt. 60, ¶76]. He also claims that the Defendants (as defined above), have used "the disciplinary procedure to shield and cover up" the "criminal actions" of two licensed Texas Attorneys that were involved in his divorce from his now ex-wife, Fu Yan Wang, in the 325th Judicial District Court in Tarrant County, Texas ("325th District Court"). [Dkt. 60, ¶¶ 76, 152, Exh. 3]. Yan further claims that the individual Defendants' involvement in the dismissal of two alleged grievances that he filed with the Chief Disciplinary Counsel's office, against these same two licensed Texas Attorneys, amounts to a deprivation of his rights under 42 U.S.C. §1983 and the Texas Constitution.[1] [*see generally*, Dkt. 60].

Specifically, Yan indicates that in October 2022, he filed an alleged grievance against Wang's attorney, Leslie Star Barrows, on his belief that he possessed "irrefutable hard evidence" that Barrows committed "perjury" and/or made misrepresentations to the 325th District Court concerning the amount Barrows was seeking through her motion for interim attorney fees that she filed in his divorce matter on March 3, 2022. [Dkt. 60, ¶¶ 89-93, 110]. He also represents the evidence showed Barrows committed "perjury" as it related to her collection of $25,000 in attorney fees from his retirement account via a Qualified Domestic Relations Order (QDRO) which was approved by Associate Judge of 325th District Court - Judge Lori DeAngelis. [Dkt. 60, ¶¶ 89-93]. Yan claims that this purported collaboration between Barrows and Judge DeAngelis amounts to an illegal "collection mechanism" and that Marin caused him an "injury" and concealed Barrows' "criminal acts" when Marin "dismissed" Yan's grievance against Barrow on or about October 25,

---

[1]  Defendants remain subject to the confidentiality requirements imposed by the Texas Rules of Disciplinary Procedure (the "TRDP") with regard to all information and/or associated records concerning any underlying attorney grievances allegedly filed by Yan. TEX. RULES DISCIPLINARY P. R. 2.16, *reprinted in* Tex. Gov't Code Ann., tit. 2, Subtit. G, app. A-1 (West 2005).

2022. [Dkt. 60, ¶¶ 9, 110, 111, 337, 338, 341, 342-345, Exh. 2 pp. 96-101]. Yan also claims Marin's decision made Marin a "RICO conspirator", as defined by 18 U.S.C. 1962(d), to this illegal "collection mechanism". [Dkt. 60, ¶¶ 110-111].

As to Martinez, Yan claims that after he filed an alleged grievance against his own divorce attorney, William Albert Pigg, for purported misrepresentations that Pigg made to Judge DeAngelis in also obtaining an order paying himself $25,000 in attorney fees, Martinez caused him an "injury" and concealed Pigg's "criminal acts", when he allegedly "dismissed" the grievance on or about February 15, 2023. [Dkt. 60, ¶¶ 70, 115, and Exh. 2, pp 98-99]. Yan also claims Martinez's actions made Martinez a "RICO conspirator", as defined by 18 U.S.C. 1962(d), to this illegal "collection mechanism". [Dkt. 60, ¶¶ 9, 115].

As to Defendant Craig, Yan indicates that after he appealed Marin's and Martinez's decisions to "dismiss" his alleged grievances to the Board of Disciplinary Appeals ("BODA"), BODA upgraded both grievances to the status of Complaints for investigation. He asserts that Craig deprived him of his rights in violation of 42 U.S.C. §1983, and concealed Barrows and Pigg's "criminal acts" when Craig allegedly made a "No Just Cause" determination after her investigation of the alleged Complaints and placed them on the docket of a District 7 Grievance Committee Summary Disposition Panel for review. [Dkt. 60, ¶¶ 113, 379]. Yan also claims that due to Craig's actions she also became a "RICO conspirator", as defined by 18 U.S.C. 1962(d), to this illegal "collection mechanism". [Dkt. 60, ¶¶ 113, 379].

In making these claims against Defendants, **Yan is actually complaining of** the initial classification of his alleged grievances against Barrows and Pigg, and the ultimate dismissal of his alleged Complaints by a District 7 Grievance Committee Summary Disposition Panel, as described below. In doing so, Yan admits in his pleadings and exhibits that the Tarrant County District

Attorney's office refused to bring charges against Barrows and Pigg for any of the alleged "crimes" of which he complains in his pleadings. [Dkt. 60, ¶121, Exh. 4]. He also acknowledges that his alleged Complaints were ultimately dismissed, on July 13, 2023, by a District 7 Grievance Committee Summary Disposition Panel **and not by any of the Defendants named herein.** [Dkt. 60, ¶¶ 114, 118, Exh. 2 pp. 102-103].[2]

In addition, throughout his lawsuit Yan misrepresents the role that each individual Defendant (Marin, Martinez, and Craig) played in the handling of his alleged grievances/Complaints on behalf of the Chief Disciplinary Counsel ("CDC") of the State Bar. In fact, Yan's attachment of the May 17, 2023, letters from Craig amounts to an admission that Yan was aware before he filed this lawsuit that the decisions he ultimately complains of <u>were not made by the Defendants at all</u>. [Dkt. 60, Exh. 2 pp. 96-97]. Further, as described below, <u>Yan cannot even show he has standing to bring this lawsuit against the State Bar, Marin, Martinez, and/or Craig</u>. As such, Yan's claims against Defendants are frivolous.

## II. THE GRIEVANCE PROCESS

The Texas Supreme Court's authority to regulate the practice of law is an inherent power derived from the Texas Constitution's delegation of the judicial power of the Government of the State of Texas to the judiciary and the Court. TEX. CONST. ART. II, SEC. 1 & ART. V, SEC. 1 & 3; *see also, Eichelberger v. Eichelberger*, 582 S.W.2d 395, 397-399 (Tex. 1979); *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 769-770 (Tex. 1999). "The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity," and such power, "[h]as existed

---

[2] Grievance Committee members are nominated by the State Bar Director(s) from their district **and not the CDC or employees of the CDC's office.** The President of the State Bar makes the appointment. *See Rule 2.02 of the TDRP and State Bar Board Policy Manual 6.4.2.*

since the days of the Inns of Court in common law English jurisprudence." *Eichelberger*, 582 S.W.2d at 398-399 (citations omitted). To that end, the Texas Supreme Court has promulgated the Texas Disciplinary Rules of Professional Conduct ("TDRPC"), setting forth both the standards of conduct to which all Texas attorneys are to be held and Texas Rules of Disciplinary Procedure ("TRDP") by which attorney disciplinary actions are to be governed.  When a grievance is filed in Texas, the CDC <u>must</u> determine whether to classify the grievance as a "Complaint" (a writing that alleges conduct that, if true, constitutes professional misconduct) or an "Inquiry" (a writing that alleges conduct that, even if true, does not constitute professional misconduct). TEX. RULES DISCIPLINARY P. R. 2.10 (*emphasis added*). If the CDC determines that the allegations do not constitute professional misconduct, the writing is dismissed as an Inquiry. TEX. RULES DISCIPLINARY P. R. 2.10. A complainant has the right to appeal the dismissal of a grievance as an Inquiry to the Board of Disciplinary Appeals (BODA). TEX. RULES DISCIPLINARY P. R. 2.10(A).

Grievances classified by the CDC as a Complaint or overturned on appeal by BODA for classification as a Complaint, are upgraded for investigation. In those instances, the respondent attorney <u>must</u> respond to the allegations of misconduct within thirty days of receiving notice of the allegations. TEX. RULES DISCIPLINARY P. R. 2.10 (*emphasis added*). Pursuant to TRDP 2.12, the CDC is mandated to investigate all Complaints.

After receiving the response from a respondent attorney, the CDC is required to: 1) find Just Cause in the evidence obtained and send the respondent attorney(s) a notice of the allegations and an election notice;[3] 2) make an initial determination that there is No Just Cause and send the matter to a Summary Disposition Panel for the Panel's final determination as to whether the

---

[3] TEX. RULES DISCIPLINARY P. R. 2.14

Complaint should be dismissed or proceed to litigation[4]; 3) issue investigatory subpoena(s) to assist it in obtaining additional information for its Just Cause/No Just Cause determination[5]; or 4) set the matter before an Investigatory Hearing Panel to assist it in obtaining additional information, for its Just Cause/No Just Cause determination.[6] In those cases that go before a Summary Disposition Panel of the appropriate district grievance committee, that panel reviews the Complaint and all investigative materials provided by the CDC, and makes a final determination "that the Complaint should be dismissed or should proceed". The final determination is <u>not made by the CDC or a CDC attorney</u>. Tex. Rules Disciplinary P. R. 2.13.

### III. Standards for Dismissal

#### A. Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). Federal courts are courts of limited jurisdiction and possess only such power as authorized by the United States Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is presumed that a cause of action lies outside this limited jurisdiction and the burden of establishing jurisdiction falls to the party asserting jurisdiction. *Id.*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v.*

---

[4] Tex. Rules Disciplinary P. R. 2.13

[5] Tex. Rules Disciplinary P. R. 2.12(B), (D), (E)

[6] Tex. Rules Disciplinary P. R. 2.12

*United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction…[A]ccordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.,* (citations omitted). Moreover, a lack of subject-matter jurisdiction may be found in any of three instances: 1) the complaint alone; 2) the complaint and undisputed facts in the record; or 3) the complaint, undisputed facts in the record, and the court's own resolution of disputed facts. *Id*. In this case, Yan has not, and cannot, meet his burden to state any facts that would entitle him to relief against Defendants.

**B.  Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While courts must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); see also *Iqbal*, 556 U.S. at 679; *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

Further, the Supreme Court has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *Id.* at 678*.

<u>IV. ARGUMENTS AND AUTHORITIES</u>

**A. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against Defendants – 12(b)(1).**

> *1. 11th Amendment immunity bars Yan's claims against Defendants.*

The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). That is, in general, the Eleventh Amendment leaves federal courts without jurisdiction to entertain suits directed against states. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). And a plaintiff may not circumvent the Eleventh Amendment by suing a state official in his or her official capacity because such a suit would pose a claim against the state treasury. *Id.*; see also *Pennhurst*, 465 U.S. at 101 (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (*per curiam*). Moreover, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.*, at 101-102; see also *Cory v. White*, 457 U.S. 85, 91 (1982).

In his lawsuit, Yan sued the Defendants (State Bar, Marin, Martinez, and Craig) on purported claims that the individual Defendants dismissed his alleged Complaints after BODA granted the appeal of his dismissed grievances. But, as stated above, Yan makes <u>no valid claim that the State Bar, Marin, Martinez, and/or Craig made the ultimate decision to dismiss his alleged Complaints.</u> In fact, as described in Supra II above and Yan's pleadings, Yan admits his alleged Complaints were dismissed by a District 7 Grievance Committee Summary Disposition Panel on July 13, 2023, and that Defendants' only possible connection with Yan and the subject matter he alleges in this lawsuit would have arisen in relation to <u>their assisting the CDC in classifying his</u>

<u>alleged grievances and/or investigating his alleged Complaints against Barrows and Pigg, pursuant to the TRDP.</u> As such all Defendants are immune to Yan's claims.

The State Bar is an agency of the State of Texas and is entitled to the immunity provided by the Eleventh Amendment. See *Green*, 27 F.3d at 1087; *Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); *Beman v. Smith*, MO-07-CV-055, 2007 WL 9751723, at *3 (W.D. Tex. Aug. 10, 2007); and *Bishop v. State Bar of Tex*., 791 F.2d 435, 438 (5th Cir. 1986).  All assistant disciplinary counsels of the CDC are entitled to Eleventh Amendment immunity.[7] *See Green*, 27 F.3d at 1087*; Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); and *Beman v. Smith*, MO-07-CV-055, 2007 WL 9751723, at *3 (W.D. Tex. Aug. 10, 2007). Because the State Bar, Marin, Martinez, and Craig are protected by 11th Amendment immunity, Yan's claims could succeed only if there existed an unambiguous, express waiver of immunity. *Welch v. Tex. Dep't of Highways & Public Transp.*, 483 U.S. 468, 473-474 (1987); *Hans v. Louisiana*, 134 U.S. 1, 16-17 (1890). Here, Yan can identify no such waiver. Thus, the Court should dismiss Yan's claims against the State Bar and Defendants Marin, Martinez, and Craig for want of jurisdiction.

### 2. *Absolute immunity bars Yan's claims against Marin, Martinez, and Craig.*

In relevant part, Texas Rule of Disciplinary Procedure Rule 17.09 provides absolute and unqualified immunity to the CDC and her staff members for any action taken in the course of their official duties:

> All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant Disciplinary Counsel appointed by the Commission [for Lawyer Discipline] and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all officers and Directors of the State Bar, and the staff members of the aforementioned entities are immune from suit for any

---

[7] The State Bar is an agency of the Texas judicial department. TEX. GOV'T CODE ANN. §81.011(a) (West 2017). Contrary to the assertions in Yan's lawsuit, the "Office of the Chief Disciplinary Counsel" is neither a "standing committee of the State Bar of Texas," nor an entity with any separate, legal existence at all.

conduct in the course of their official duties. The immunity is *absolute and unqualified* and extends to all actions at law or in equity.
—TEX. RULES DISCIPLINARY P. R. 17.09 (emphasis added).

The issue of immunity may be decided as a matter of law based on the lawsuit and any attachments thereto. *See Austin Municipal Securities, Inc., et al.*, 757 F.2d 676, 691-92 (5th Cir. 1985) (finding that disciplinary officers had not waived their absolute immunity from suit). Recognizing the importance of the disciplinary process, courts grant broad immunity to those involved in the process. *Bishop v. State Bar of* Texas, 791 F.2d 435, 438 (5th Cir. 1986); *Diddel v. Davis*, Civil Action No. H-04-4811, 2006 WL 8444647 (S.D. Tex. Jan. 30, 2006). Absolute immunity protects even actions that a plaintiff could ultimately establish were in violation of law. *Diddel*, 2006 WL 8444647 at *4, citing *DL Capital Group, LLC v. Nasdaq Stock Market, Inc.*, 409 F.3d 93, 95 (2d Cir. 2005).

Again, Marin, Martinez and Craig are attorneys employed by the office of the CDC and Yan's claims against them are not plausible. Additionally, any actions that Defendants may have taken in assisting the CDC investigate his alleged Complaints were taken in accordance with the TRDP. As such, Yan's claims do not survive the protection afforded Defendants provided by Rule 17.09 of the TRDP.

### 3. *Qualified immunity bars any individual-capacity claims against Marin, Martinez, and Craig.*

Similarly, Defendants are entitled to qualified immunity to the extent any of Yan's claims are asserted against them. Qualified immunity is immunity from suit and not just a mere defense to liability and shields a defendant from the costs of trial and burdens of broad-reaching discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court has stressed that qualified immunity must be decided at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Further, the Fifth Circuit has long held that qualified immunity is to be resolved

on the face of the pleadings and with limited resort to pre-trial discovery. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (citing *James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1990)).

The Fifth Circuit has emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000). Once a government official has asserted qualified immunity the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). In determining whether the plaintiff has successfully overcome qualified immunity, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all – prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right." *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted). Next, the court must consider whether the defendant's conduct was nonetheless objectively reasonable in light of clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Here, as set forth above, Yan makes no allegation that Defendants Marin, Martinez, and/or Craig did anything other than follow the procedures set forth in the TRDP. Therefore, Defendants are entitled to qualified immunity and Yan's claims against them should be dismissed.

### 4. *Yan fails to set forth any claim that would make Marin, Martinez, and Craig liable in their individual capacities.*

Although Yan seemingly attempts to sue Marin, Martinez, and Craig individually, he failed to identify even one act they took outside the general scope of their employment. *See Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014) (explaining that conduct falls outside the scope of employment when it occurs "within an independent course of conduct not intended by the

16

employee to serve any purpose of the employer"). As a result, Marin, Martinez, and Craig are entitled to qualified immunity, and the immunities afforded to them under the Eleventh Amendment and Rule 17.09 of the TRDP. *See Crampton v. Farris*, 596 S.W.3d 267 (Tex. App. – Houston [1st Dist.] 2019, no pet.).

## B. Plaintiff's Failure to State a Plausible Claim – 12(b)(6)

In his lawsuit, Yan alleges that the Defendants filing this motion caused him to suffer a "direct injury" because their actions - related to the handling of his alleged Complaints against Barrows and Pigg - deprived him of his "Equal Protection" and "Due Process" rights, in violation of 42 U.S.C. §1983. He also asserts that Defendants' handling of his alleged Complaints, somehow made them participants in a conspiracy to assist Barrows and Pigg in their purported "fraudulent scheme" to carry out the crime of obtaining "QDRO orders signed/issued by the officer of the court," to collect attorney fees from his retirement account. [Dkt. 60, ¶¶ 145]. Yan further claims Defendants' actions amounted to a violation under the Texas Constitution Article I, Sections 13 and 19, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). [Dkt. 60, ¶¶ 337, 343, 358, 363, 378, 383].

Despite Yan's contentions, he cannot show he suffered an "injury" related to Defendants' involvement in the attorney disciplinary process because <u>he is not entitled to any relief for filing a grievance against a licensed Texas attorney pursuant to the TRDP</u>. *See Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020). Additionally, his conclusory statements are insufficient to state a claim for which relief can be granted. *Babb*, 33 F.3d at 476.

In fact, Yan's allegations indicate he either has a misunderstanding of his role as a complainant in the attorney disciplinary system, <u>or that he was intentionally attempting to use the disciplinary system (when he filed his alleged grievances) to harass Barrows and Pigg</u>, because he

believes seeking relief against Barrows and Pigg in a **proper venue** will turn out to be unsuccessful.

The TDRPC expressly address the limited scope of the Rules:

> These rules do not undertake to define standards of civil liability of lawyers for professional conduct. Violation of a rule does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached. Likewise, these rules can be abused when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

—TEX. DISCIPLINARY R. PROF. CONDUCT, PREAMBLE: SCOPE, ¶15, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2005).

### 1.   *Yan cannot show he suffered an "injury" and his assertions do not constitute a cognizable equal protection claim under 42. U.S.C. §1983.*

Yan was not a "party" to the disciplinary proceedings initiated by his alleged grievances/Complaints against Barrows and Pigg and was thus not entitled to any relief. *See Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020). As such, Yan could not have suffered an "injury" based on the dismissal of his alleged Complaints, and he bears the burden of establishing standing to bring this lawsuit – which he is unable to do. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Yan is also "unable to show that the consideration of his alleged bar grievance 'produce[d] erroneous or unreliable results [that] imperil[ed] a protected liberty or property interest.'" *Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020) (citing *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997)). Thus, Yan's allegations do not establish "that he had a cognizable interest in the procedures used to consider his bar grievance or in the ultimate

outcome of the proceeding." *Martinez,* 797 F. App'x. at 168, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

While Yan generally claims that Defendants denied him "equal protection" because his alleged Complaints were dismissed, he acknowledges that his alleged Complaints were in fact "dismissed" by a Summary Disposition Panel, **not by any of the Defendants**. [Dkt. 60, ¶¶ 114, 118]. And while Yan, again, attempts to interject conclusory statements from other pending federal lawsuits to support his claim that he was "discriminated" against by Defendants, he fails to plausibly assert that any of the individual Defendants acted in contravention of the TRDP and/or treated him differently than any other similar complainant in their handling/investigation of his alleged Complaints. [Dkt. 60, ¶¶ 340, 342, 360, 362, 380, 382].

Further, Yan does not allege that he was discriminated against because he is a member of a protected class. He instead asserts, again in conclusory fashion, that the dismissal of his alleged Complaints by the Summary Disposition Panel was discriminatory. [Dkt. 60, ¶¶ 342, 362, 382]. For all these reasons, Yan has failed to meet the standard necessary to bring an equal protection claim under 42 U.S.C. §1983, and his suit should be dismissed.

### 2. *Yan fails to state claims under Texas Constitution Article I, Sections 13 and 19.*

Yan infers that he is suing the individual Defendants in their "individual capacity" for alleged "violations of the Texas Constitution, Art. 1 §§ 13 and 19." [Dkt. 60, ¶¶ 337, 358, 378]. However, Yan pleads no facts that could be construed to support any claim that Defendants did not provide him with **due course of law** under section 13, or that Defendants violated the **open courts provision** of section 19. Therefore, Yan's claims under the Texas Constitution fails.

**Art. I, Section 13** of the Texas Constitution provides that: "all courts shall be open, and every person for an injury done to him, in his lands, goods, person or reputation, shall have remedy

by due course of law." TEX. CONST. ART. I, SEC. 13. "The open courts provision includes at least three separate guarantees: (1) courts must actually be operating and available; (2) the Legislature cannot impede access to the courts through unreasonable financial barriers; and (3) meaningful remedies must be afforded, 'so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress.'" *Howell v. Texas Workers' Comp. Comm'n,* 143 S.W.3d 416, 444 (Tex.App.-Austin 2004, pet. denied) (quoting *Texas Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 520 (Tex.1995)) (internal citations omitted).

However, a complainant, as mentioned above, is not a party to a disciplinary proceeding and the grievance process does not constitute a common law cause of action. Also, a discretionary decision of the CDC to place Yan's alleged Complaints on the docket of a Summary Disposition Panel cannot violate the open courts provision of the Texas Constitution. As such, Yan's general reference to Art. I, Section 13, as a basis for the relief lacks any cognizable merit and should be dismissed.

**Article 1, Section 19** of the Texas Constitution states that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. ART. 1, SEC. 19. Texas courts have considered federal interpretations of procedural due process when applying Texas's guarantee of due process of law. *Univ. of Tex. Med. School at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). When determining whether a governmental action violates the due course of law guarantee, the courts engage in a two-step inquiry. *Id.* The court first determines if the plaintiff has an enumerated interest that is entitled to protection, and if so, then did the governmental agency follow due course of law in depriving the plaintiff of that interest. *Id.*

Here, Yan makes the conclusory claim that Defendants violated section 19 of Article I of the Texas Constitution, but provides no supporting facts that would indicate how Defendants violated his due process rights under the Texas Constitution. [Dkt. 60, ¶¶ 118, 337, 358, 378, Exh. 2]. As such, Yan's general reference that he has a claim pursuant to Article I, section 19, fails and should be dismissed.

### 3. Yan fails to state a claim under the RICO Act.

To establish a RICO claim, Yan has to establish an ongoing association-in-fact enterprise and prove the commission of predicate crimes. *Manax v. McNamara,* 842 F.2d 808, 811 (5th Cir. 1988); *Boyle v. United States,* 556 U.S. 938 (2009). To prove an association-in-fact enterprise a plaintiff must show evidence of ongoing organization and evidence that the various associates function as a continuing unit to achieve a common purpose. *Manax,* 842 F.2d at 811. He also would have to show that Defendants engaged in two or more of the predicate crimes as enumerated in the statute. *Boyle v. United States,* 556 U.S. 938 (2009).

Here, Yan's mere conclusory statement that Marin, Martinez, and Craig are "RICO conspirators" because they made "decisions", which he also concedes they did not make, concerning the alleged grievances he submitted to the CDC's office against Barrows and Pigg, is absurd. Additionally, his claims that Defendants' involvement in the classification and investigation of his alleged grievances was somehow part of a coordinated effort to help Barrows obtain an order from the 325th District Court allowing Barrows to obtain $25,000 in attorney's fees from his retirement account, is equally ludicrous.

Yan has not pled, and is unable to show, any association exists between the dismissal of his alleged grievances/Complaints by the **voluntary members** of the Summary Disposition Panel (which occurred **after** Judge DeAngelis entered an order for attorney fees in Yan's divorce case)

and Barrows obtaining $25,000 from his retirement account. Additionally, Yan has not pled, and is unable to show, any association exists between the individual Defendants' involvement in the investigation of his alleged Complaints, pursuant to the TRDP, and the alleged illegal "collection mechanism" purportedly devised by Barrows, Pigg, and Judge DeAngelis. Yan's conclusory claims that Defendants had some kind of association with Barrows, Pigg, Tarrant County, and/or Judge DeAngelis, related to his divorce matter before the 325th District Court, is void of any plausible facts to support his claims.

**C.    Yan does not meet the requisites for injunctive relief.**

To the extent Yan's request for injunctive relief is not already moot, Defendants argue that Yan has not shown that he meets the requisites for preliminary or permanent injunction. Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (citation and internal quotations omitted). In exercising their equitable powers federal courts must recognize "[t]he special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law." *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983). To support the "extraordinary equitable remedy" of a preliminary injunction, the plaintiff must establish four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

Again, as previously noted, Yan is unlikely to succeed on the merits of his lawsuit as it relates to Defendants because he does not have a cognizable interest in the procedures used to consider his bar grievances or in the ultimate outcome of an attorney disciplinary proceeding.

*Martinez,* 797 F. App'x. at 167-168. Additionally, since <u>a complainant cannot be a "party" to a disciplinary proceeding there exists no substantial threat that Yan will suffer an irreparable injury if the injunction is denied.</u> In fact, Yan's only claim of an "injury" in his lawsuit, is for **past** losses to his retirement account due to the QDRO entered by Judge DeAngelis. [Dkt. 60, ¶¶ 246]. This conclusory claim is insufficient to meet all four necessary elements and Yan's request for an injunction should be denied.

## V. Conclusion

WHEREFORE, Defendants, the State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig, pray that this Court GRANT their motion to <u>dismiss Plaintiff's lawsuit with prejudice as frivolous</u> and that they be awarded their attorneys' fees under 42 U.S.C. §1988. Defendants further request any and all relief to which they may be entitled, both at law and in equity.

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

_____
**ROYCE LEMOINE**
Deputy Counsel for Administration
State Bar No. 24026421

**AMANDA KATES**
Assistant Disciplinary Counsel
State Bar No. 24075987

**OFFICE OF THE CHIEF DISCIPLINARY COUNSEL**
**STATE BAR OF TEXAS**

23

P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:     (512) 427-1350
Facsimile:      (512) 427-4167
Email: Royce.lemoine@texasbar.com
Email: Amanda.Kates@texasbar.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Royce Lemoine, certify that a true and correct copy of DEFENDANTS, THE STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG'S, AMENDED MOTION TO DISMISS  has been served via the Court's Electronic Case Files system on this 2nd of October 2023, and via electronic filing through EC/CMF addressed to all parties.

_____
Royce Lemoine