UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |  |
|---|---|---|
| CONGHUA YAN, | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No. 4:23-cv-758-P |
| THE STATE BAR OF TEXAS, | § | |
| a private company | § | |
| THE BARROW FIRM, a private company, | § | |
| LESLIE STARR BARROWS, | § | |
| in individual capacity | § | |
| as member of the State Bar of Texas, | § | |
| WILLIAM ALBERT PIGG | § | |
| in individual capacity | § | |
| as member of the State Bar of Texas, | § | |
| SAMANTHA YBARRA, | § | |
| in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| LUIS JESUS MARIN in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| and official capacity as Assistant Disciplinary | § | |
| Counsel for the Office of the CDC, | § | |
| DANIEL EULALIO MARTINEZ | § | |
| in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| and official capacity as Assistant Disciplinary | § | |
| Counsel for the Office of the CDC, | § | |
| RACHEL ANN CRAIG in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| and official capacity as Assistant Disciplinary | § | |
| Counsel for the Office of the CDC, | § | |
| LORIE L. DEANGELIS in individual capacity, | § | |
| as member of the State Bar of Texas, | § | |
| and official capacity as Associated Judge, | § | |
| TARRANT COUNTY, | § | |
| Defendants. | § | |

**DEFENDANTS STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG'S, RESPONSE TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

1

COME NOW Defendants State Bar of Texas, Luis Jesus Marin ("Marin"), Daniel Eulalio Martinez ("Martinez"), and Rachel Ann Craig ("Craig") (hereinafter referred to collectively as "Defendants") and file this Response to Plaintiff, Conghua Yan's ("Yan" or "Plaintiff") Motion for Sanctions to Counsel of the State Bar of Texas, Marin, Martinez and Craig and Brief in Support ("**Second Sanctions Motion**"). Defendants also argue that Plaintiff's motion violates Rule 11 of the Federal Rules of Civil Procedure. In support, Defendants offer the following:

## I. INTRODUCTION

Yan filed the instant lawsuit on July 21, 2023. [Dkt. 1]. Defendants filed their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Defendants Dismissal Motion") on August 10, 2023. Thereafter, Yan filed a Motion for Sanction to Counsel of the State Bar of Texas, Marin, Martinez, and Craig ("First Sanctions Motion"), on August 18, 2023. [Dkt. 22]. On August 28, 2023, Yan filed his First Amended Complaint for Civil RICO, and Antitrust etc., Demand for Declaratory Relief, Injunction Relief, Damage Relief, and Jury Demand. Defendants responded to Yan's First Sanctions Motion on August 30, 2023, and this Court denied said motion on September 18, 2023. [Dkt. 34 and Dkt. 59]. On September 18, 2023, Yan filed his Third Amended Complaint for Civil RICO, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand. [Dkt. 60]. On September 19, 2023, Yan filed his **Second Sanctions Motion**. [Dkt. 63]. In said motion, Yan, yet again, claims that Defendants should be sanctioned under Rule 11(c)(1) of the Federal Rules of Civil Procedure for stating in their dismissal motion the following:

> "Yan's allegations indicate he either has a misunderstanding of his role as a complainant in the attorney disciplinary system, or that he was intentionally attempting to use the disciplinary system (when he filed his alleged grievances) to harass Barrows and Pigg, because he believes seeking relief against Barrow and Pigg in a proper venue will turn out to be unsuccessful." (emphasis added) [Dkt. 22, p. 2 and Dkt. 63, p. 2].

2

Yan also lists in his **Second Sanctions Motion** acts of purported criminal conduct he believes were taken by other defendants (Leslie Starr Barrow, William Albert Pigg, and Judge Lori L. Deangelis) in his Tarrant County divorce matter - in an attempt to justify said motion against counsel for the State Bar of Texas, Marin, Martinez, and Craig. However, while asking the court in his motion, "why should [he] have believed that seeking **relief** against Barrows and Pigg through the grievance process would be unsuccessful?", Yan once again indicates that he may have a misunderstanding of the attorney disciplinary system, as discussed in more detail below. [Dkt. 63, p. 6].

For the following reasons, this Court should deny Yan's **Second Sanctions Motion** and find it harassing, abusive, and frivolous.

## II. ARGUMENTS

As presented in Defendants' response to Yan's First Sanctions Motion, Defendants have not violated Rule 11. [Dkt. 34, *see generally*]. As stated, Federal Rule of Civil Procedure 11(b)(2) prevents an attorney from filing a federal complaint that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *See* FED. R. CIV. P. 11(b)(2). The available case law states, "[i]n determining whether an attorney has met this obligation, the court applies the "snapshot rule," which focuses on the attorney's conduct as of the moment the document was signed. *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 874 (5th Cir.1988) (en banc), *Jordaan v. Hall*, 275 F. Supp. 2d 778, 787 (N.D. Tex. 2003).

As such, when analyzing Yan's **Second Sanctions Motion**, this Court should put into context the Defendants' and Yan's conduct at the time Defendants Dismissal Motion was filed on August 10, 2023. In his lawsuit, Yan sues Defendants Marin and Martinez on purported claims that they improperly dismissed two alleged grievances that he filed against two licensed Texas

3

attorneys, Leslie Starr Barrows and William Albert Pigg. Yan also sued Defendant Craig on purported claims that she improperly dismissed these same two grievances, after they were upgraded to Complaints by the Board of Disciplinary Appeals (BODA). However, Yan admits in his pleadings that the alleged Complaints were actually dismissed by a Summary Disposition Panel of the District 7 Grievance Committee, on July 13, 2023. [Dkt. 60, ¶¶ 114, 118, Exh. 2].

In Defendants Dismissal Motion, Defendants argue with supporting case law that Yan cannot show he suffered an injury related to his involvement in the filing of said grievances/Complaints because, as a complainant, he was not entitled to any relief for filing a grievance/Complaint against Barrows or Pigg. [Dkt. 13, citing *Martinez v. State Bar of Texas*, 797 F.App'x. 167, 168 (5th Cir. 2020)].[1] Additionally, the alleged offending statement that - Yan either has a misunderstanding of his role as a complainant in the attorney disciplinary system **or** that he intentionally filed his alleged grievances to harass Barrows and Pigg – was predicated on: 1) Yan's pleadings claiming Defendants conspired with Barrows and/or Pigg in their obtaining an improper Qualified Domestic Relations Order (QDRO) in his divorce matter; and 2) Yan's claim that he has suffered an injury due to Defendants' handling of his alleged grievances/Complaints, **which entitled him to compensation.** Further, as mentioned in Defendants response to Yan's First Sanctions Motion, Yan's citations of *Reiss v. Reiss,* 118 S.W.3d 439 (Tex. 2003) and *Gainous v. Gainous,* 219 S.W.3d 97 (Tex.App. Houston [1st Dist.] 2006), support Defendants' statement that Yan is acquainted with the proper forum and venue to bring his challenges concerning the QDRO he argues was "illegal".

---

[1] Defendants also set forth in Defendants Dismissal Motion the preamble of the Texas Disciplinary Rules of Professional Conduct which specifically states a "Violation of a rule does not give rise to a private cause of action…" [Dkt. 13, p. 17].

<u>Despite Yan's obvious review of Defendants Dismissal Motion and response to his First Sanctions Motion,</u> Yan has now filed a **Second Sanctions Motion** predicated on the exact same argument previously dismissed by this Court. Yan's motion, **again**, exemplifies his misguided belief that a non-party complainant - who files a grievance against a licensed Texas attorney - is entitled to some **relief** through the Texas attorney disciplinary system. His pleadings also seemingly demonstrate a fundamental misunderstanding of the grievance process or that he attempted to use the grievance process to obtain some relief or monetary award against Barrows or Pigg – which is not permitted under the TRDP. The statements in Defendants Dismissal Motion may be speculative, but the statement is bolstered by Yan's citations to multiple appellate decisions informing him of the proper venue to bring his QDRO challenges.

### III. CONCLUSION AND PLAINTIFF'S CONDUCT

The statement Yan challenges in his **Second Sanctions Motion** does not rise to a level of sanctionable conduct because it was not presented by Defendants for any improper purpose nor ever meant as legal authority or reasoning. Additionally, Yan's **Second Sanctions Motion**, filed one day after the dismissal of his First Sanctions Motion and <u>premised on the exact same argument,</u> was clearly filed for the purpose of harassment and to delay these proceedings. As such, Yan's filing of the **Second Sanctions Motion** is abusive and frivolous as defined under Fed. R. Civ. P. 11.

"A district court has the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010). This inherent power includes the "power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (emphasis added). A document is frivolous if it: 1) is "presented for an improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation;" 2) the claims, defenses, or other legal contentions are not "warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law;" and 3) if the factual contentions have no "evidentiary support." Fed. R. Civ. P. 11; *Whitehead v. Food Max of Miss., Inc.,* 332 F.3d 796, 805-08 (5th Cir. 2003); *Stelly v. Comm'r of Internal Revenue*, 761, F.2d 1113, 1116 (5th Cir. 1985). Distinguishing a frivolous claim from failing to state a claim, the United States Supreme Court has found that a pleading is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Yan's conduct of regurgitating arguments in two separate sanctions motions against Defendants (State Bar of Texas, Marin, Martinez, and Craig) can only be seen as frivolous and an attempt to delay the litigation of this lawsuit. WHEREFORE, Defendants, the State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig, pray that this Court DENY Yan's **Second Sanctions Motion** and grant Defendants any and all relief to which they may be entitled, both at law and in equity.

Submitted respectfully,

SEANA WILLING
Chief Disciplinary Counsel

_____
**ROYCE LEMOINE**
Deputy Counsel for Administration
State Bar No. 24026421

        **AMANDA KATES**
        Assistant Disciplinary Counsel
        State Bar No. 24075987
        OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
        STATE BAR OF TEXAS
        P.O. Box 12487, Capitol Station
        Austin, Texas 78711-2487
        Telephone: (512) 427-1350
        Facsimile: (512) 427-4167
        Email: Royce.lemoine@texasbar.com
        Email: Amanda.Kates@texasbar.com
        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Royce Lemoine, certify that a true and correct copy of DEFENDANTS, THE STATE BAR OF TEXAS, LUIS JESUS MARIN, DANIEL EULALIO MARTINEZ, AND RACHEL ANN CRAIG'S, SECOND RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS has been served via the Court's Electronic Case Files system on this 3rd day of October 2023, and via electronic filing through EC/CMF addressed to all parties.

        _____
        Royce Lemoine