IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] <br> ) |
| The State Bar of Texas et al, | ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**REPLY TO RESPONSE TO MOTION FOR SANCTIONS TO
COUNSEL OF THE STATE BAR OF TEXAS,
MARIN, MARTINEZ AND CRAIG**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this Reply to Response of Motion for Sanctions to Counsel Royce Lemoine and Amanda Kates, pursuant to Federal Rules of Civil Procedure 11.

**I. INTRODUCTION AND FACTS**

1. On **August 15th, 2023**, Plaintiff severed Counsel Amanda Kates with a Motion for Sanctions, requested them to withdraw and apply modifications to their Motion to Dismiss. Counsel Amanda Kates refused Plaintiff's request.

2. 3 days later, on **August 18th, 2023**, Plaintiff filed a Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS, ECF No. 22.

3. On **August 31st, 2023**, this Court denied Plaintiff's Motion for Sanctions against State Bar of Texas ECF No. 22.

4. On the date of **August 31st**, 2023, neither Plaintiff nor State Bar of Texas had filed any Response or Reply regarding the Motion to Dismiss, ECF No. 22.

5.       35 days later, on **September 19th, 2023**, Plaintiff re-filed a Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS, ECF No. 63.

6.       On **October 3rd, 2023**, COUNSEL OF THE STATE BAR OF TEXAS filed a Response for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS, ECF No. 84.

## II. ARGUMENT AND AUTHORITIES

7.       Plaintiff wishes to emphasize that, on August 31, 2023, this Court denied Plaintiff's Motion for Sanctions against the State Bar of Texas (ECF No. 22). As of August 31, 2023, neither the Plaintiff nor the State Bar of Texas had filed any Response or Reply regarding the Motion to Dismiss (ECF No. 22).

8.       Regarding ECF No. 22, "Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS", Plaintiff believes this Court would have allowed the Plaintiff and State Bar of Texas to fully exercise their legal rights filing RESPONSE and REPLY at will if FRCP allows. The only reason that did not happen, per Plaintiff's understanding on that date, was because FRCP Rule 11 requires 21 days' notice. Plaintiff failed to give 21 days' notice when Plaintiff filed 2 motion to sanction.

9.       On August 31, 2023, the Plaintiff did not file any objections to the denial. Despite being a first-time Pro Se litigant, the Plaintiff remains eager to comply with the Federal Rules of Civil Procedure (FRCP) and local rules. Should FRCP Rule 11 require a 21-day period for compliance, the Plaintiff will adhere to it without exception.

10.      The Plaintiff has no intention of submitting frivolous filings. In order to comply with FRCP Rule 11, the Plaintiff waited 21 days before refiling the motion.

11.      On September 19th, 2023, Plaintiff re-filed a Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS, ECF No. 63.

12.      This motion refilling is neither a frivolous filling. It is purely due to compliance with the 21 days' notice requirement of Rule 11. **21 days safe harbor** provision is only implemented to give one party sufficient time to correct, it is not designed to establish a ground for determining frivolous pleading.

13.	"Frivolous" means **totally** and **completely** without **merit or** for the **sole** purpose of harassing an opposing party. Motion for Sanctions is a claim against counsel; when the initial claim was declined due to non-compliance with FRCP's time restrictions, refiling that complaint within the compliance of time limits should not be viewed as frivolous.

14.	United States v. Sweet, No. 8:01-CV-331-T-23TGW, 2001 U.S. Dist. LEXIS 17131 (M.D. Fla. Sept. 17, 2001) (declining to sanction party for frivolous motion to quash service of process where motion had been denied before 21 days safe harbor period had expired, but sanctioning **subsequent motion** for reconsideration).

15.	Defendant argued that a "snapshot rule" should apply. "the court applies the "snapshot rule," which focuses on the attorney's **conduct** as of the moment **the document was signed**."

16.	The two grievance processes started in 2022, ended in second quarter of 2023. When "snapshot rule" applied, Defendant also argued this Court "should put into context" at the date when Motion to Dismiss was filed by counsel on **August 10, 2023**, **not the date** when the grievance processes was handled.

17.	 In the Motion to Dismiss, two counsels wrote following frivolous arguments:

- In fact, Yan's allegations indicate he either has a misunderstanding of his role as a complainant in the attorney disciplinary system, <u>or that he was intentionally attempting to use the disciplinary system (when he filed his alleged grievances) to harass Barrows and Pigg,</u> because he believes seeking relief against Barrow and Pigg in a **proper venue** will turn out to be unsuccessful.

18.	Plaintiff alleged dishonest misrepresentation, using terms such as "internationally", "attempting", "**when** he filed his alleged grievances" (**October 2022 and January 2023**), "to harass". Defendant never argued these alleged contexts in their response, even when they emphasized "should put into context". However, Defendant used "Yan's pleadings claiming" and "Yan's citations" made in **July 2023** to defend their position that their statement of "internationally", "attempting", "**when** he filed his alleged grievances" (*October 2022 and January 2023*), "to harass" are sound.

19.	Plaintiff had no way of knowing the outcome of the grievances when he filed them, nor did he know that the situation would lead him to gain legal knowledge and become a pro se litigant in

Federal Court six months later. Two incidents occurring six months apart do not establish any grounds for asserting that they are related. Defendant's argument logic is absurd.

20. Receiving approximately 1,500 appeals annually, the Board of Disciplinary Appeals grants only **80**, constituting less than **6%** of the total appeals. Notably, the Plaintiff **received two consecutive grants** for his grievance appeals. If the **Board of Disciplinary Appeals**, appointed by the **Texas Supreme Court**, sided with the Plaintiff **twice**, does this imply that the two counsels against whom the grievances were filed were found by the BODA to be 'intentionally' 'attempting' 'to harass' when the Plaintiff filed his grievances?

21. If Defendant's insulting words are sound, does the Office of the Chief Disciplinary Counsel also allege the **Board of Disciplinary Appeals** is as guilty as Plaintiff**,** repeatedly harassed Barrows and Pigg by granting the appeal TWO times. Defendant alleged that Plaintiff was attempting to harass when BODA was the party actually took their action to furtherance "harassment" by reversing CDC's decisions.

22. As of the snapshot date, the Defendant was already aware that the decisions of the Board of Disciplinary Appeals contradicted their statement that "he was **intentionally attempting** to use the disciplinary system (**when** he **filed** his alleged grievances) to **harass** Barrows and Pigg, because he **believes** seeking relief against Barrow and Pigg in a proper venue would turn out to be **unsuccessful**." Despite this, they continued to make false statements, attempting to harm the Plaintiff's credit and causing injury to the victim.

23. Defendants' counsels' argument lacks any conceivable way to establish a legal foundation for their speculative assertion that the Plaintiff "believes seeking relief against Barrow and Pigg in a proper venue will turn out to be unsuccessful". Every complainant, when filing a grievance on that snapshot date, anticipated relief. The only person who could have possibly known that a grievance would be unsuccessful is a counsel working in the Office of the Chief Disciplinary Counsel, because their conspirator job is to conceal the crime.

24. Any reasonable person, upon becoming a victim of a crime and subsequently filing a grievance, accused of "intentionally attempting" to "harass" criminals, would have suffered emotional injuries. After all, Defendants' counsels showed **bad faith** to harm Plaintiff. When the Plaintiff was young, he only witnessed communist governments insulting their victims. The Plaintiff believed that in this country, it is 'we the people.' However, the Defendant displayed disgrace when they alleged that

individuals who filed grievances were attempting to harass. The State Bar of Texas has published a marketing material to promote its business of selling attorney membership, by telling its consumer(attorney), "the self-regulated grievance system is your membership benefits", maybe they missed one sentence, "An added bonus is that our CDC counsel know how to spit in people's faces on your behalf when individuals come to file grievances."

25. After all, Defendant spent considerable efforts arguing about how the grievance system works, yet the Plaintiff did not allege anything related to a "misunderstanding of his role as a complainant in the attorney disciplinary system." However, Defendant never argued how these insulting words "**internationally**", "attempting", "**when** he filed his alleged grievances, "to **harass**" are "**warranted** by existing **law** or by a non-frivolous argument for extending, modifying or reversing **existing law.**"

26. "[w]here a reasonable amount of research would have revealed to the attorney that there was **no legal foundation** for the **position taken**, Rule 11 sanctions will be imposed." *Collin County, Texas v. Homeowners Association for Values Essential to Neighborhoods* (HAVEN), 654 F.Supp. 943, 954 (N.D.Tex.1987) (citation omitted), Id.

## V. Prayer for Relief

27. Based on the above, Plaintiff respectfully requests this Court to grant the Motion.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] /[arnold200@gmail.com]

<u>CERTIFICATE OF SERVICE</u>

On (October 3rd, 2023) I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]
