IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-758-P |
| | § | |
| THE STATE BAR OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ASSOCIATE JUDGE LORI DEANGELIS'S REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE MARK PITTMAN:

## I. Introduction and Summary of Relief

Plaintiff Conghua Yan responds to Judge DeAngelis's motion to dismiss in furtherance of his frivolous, conspiratorial claims. ECF No. 81. Plaintiff, however, has not overcome the grounds for dismissal in Judge DeAngelis's motion. ECF No. 69. Accordingly, this Court should grant the motion to dismiss and should dismiss all of Plaintiff's claims against Judge DeAngelis. *See id*.

## II. Arguments in Reply

**A.   The claims Plaintiff has asserted.**

In his response, Plaintiff argues that he pleaded three claims against Judge DeAngelis: (1) a civil RICO claim; (2) an antitrust claim under the Sherman Act; and (3) a § 1983 claim. ECF No. 81, ¶ 2. Plaintiff argues that Judge DeAngelis did not move to dismiss the antitrust claim. This argument is flawed for either of two reasons.

**First**, it is not entirely clear that Plaintiff stated an antitrust claim against Judge DeAngelis. Judge DeAngelis looked to the bold headings on each of Plaintiff's nine claims for relief wherein Plaintiff stated the names of persons/entities he is suing (ECF No. 60, PageID 1120, 1135, 1147,

1

1149, 1151, 1154, 1157, 1159, 1162). Plaintiff identifies Judge DeAngelis in the bold headings of Claims 1 (RICO) and 3 (§ 1983) but not in Claim 2 (antitrust). *Id.*, PageID 1120, 1135, 1147. The Claim 2 heading only lists the State Bar of Texas. *Id.*, PageID 1135.

In Claim 2, Plaintiff did relist several parties (including Judge DeAngelis) and then incorporates by reference all of the prior paragraphs. *Id.*, ¶¶ 205-207. He complains about various attorneys and the associate judge in this case, but he also complains about the "members of the State Bar of Texas," seemingly taking issue with every licensed attorney in the State of Texas. *Id.,* ¶ 229-230, ¶ 230 ("Plaintiff alleges that, members of the State Bar of Texas have a longstanding and widespread practice of receiving these fees in their own interest."), ¶ 236 ("Plaintiff alleges that, collaboratively, members of the State Bar of Texas possess monopoly power to redefine what is deemed unlawful as lawful.").

In the relief requested in Claim 2, Plaintiff does not mention Judge DeAngelis by name. *Id.,* ¶¶ 254-275. Rather, among other things, Plaintiff asks this Court to require the State Bar of Texas to disclose certain fees, to investigate alleged misconduct, to dissolve the Office of the Chief Disciplinary Counsel, to "spin[] off" portions of the State Bar, to compel the State Bar to initiate a statewide audit of family law courts, and for other similar relief, all which is beyond Judge DeAngelis's control. *Id.,* ¶¶ 255-267. Indeed, in his relief requested, Plaintiff only specifically mentions the State Bar of Texas by name (*id.,* ¶¶ 256-269); otherwise, he thrice impermissibly pleads in the collective about alleged undefined "conspirators" (*id.*, ¶¶ 257-259). *See S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986) (disapproving of shotgun pleadings, noting that the "'shotgun approach' to pleadings, ... where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick, is to be discouraged." (quoting *Rodgers v. Lincoln Towing Serv., Inc.*, 596 F. Supp. 13, 27 (N.D. Ill. 1984)), *abrogated on other grounds by Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018 (5th Cir. 1994). Simply

put, it was not clear to Judge DeAngelis that Plaintiff was stating an antitrust claim against Judge DeAngelis when she moved to dismiss Plaintiff's claims.

**Second**, even were this Court to interpret Plaintiff's Third Amended Complaint as stating three claims against Judge DeAngelis, Judge DeAngelis's standing, *Younger* abstention, judicial immunity, and Eleventh Amendment immunity grounds in her motion to dismiss are broadly stated and cover all of Plaintiff's claims (including any antitrust claim). ECF No. 69, PageID 1263-1270.

**B.     Plaintiff lacks standing to sue Judge DeAngelis.**

It is undisputed that all of Plaintiff's claims against Judge DeAngelis arise out of her judicial rulings concerning interim/temporary attorney's fees in his ongoing divorce case.[1] ECF No. 60, Exhs. 7-9 at PageID 1227-37. Plaintiff has creatively couched his claims in this action in a number of ways, but at their core, Plaintiff's claims challenge the Texas Family Code provisions allowing for interim/temporary attorney's fees and Judge DeAngelis's rulings made pursuant to those provisions. *See id.*, ¶ 195 (seeking injunctive and declaratory relief "clarifying the precise bounds of the law" concerning the award of interim attorney's fees). No case or controversy exists between Judge DeAngelis, who adjudicated claims under the Texas Family Code and Plaintiff, who is attacking the statute. *See Bauer v. Tex.*, 341 F.3d 352, 361 (5th Cir. 2003).

Furthermore, Plaintiff has not alleged facts to show that her claims are redressable and fairly traceable to the conduct of Judge DeAngelis. For instance, all of the things Plaintiff wants this Court to compel the State Bar of Texas to do in his antitrust claim (*i.e.*, disclose fees, spin off the grievance system, dissolve the Office of Chief Disciplinary Counsel, change the State Bar's internal policies, conduct an internal audit, *etc.*, ECF No. 60, ¶¶ 255-275) are beyond the control

---

[1] Plaintiff devotes considerable argument to whether Judge DeAngelis is presiding or has presided over his ongoing family law case. ECF No. 81, ¶¶ 27-34. Judge DeAngelis previously confirmed that she has presided over his ongoing case prior to 2023. ECF No. 78. Thus, Plaintiff's arguments about whether Judge DeAngelis is currently allowed to sit for the 325th District Court (all of which are made on facts from outside the pleadings and the record), should be overruled.

3

or reach of Judge DeAngelis. Moreover, Plaintiff generally lacks standing to complain about attorney's fees orders involving other litigants in their family law cases across the State of Texas.

All of Plaintiff's complaints about Judge DeAngelis concern acts she took in her adjudicative capacity. She has no personal stake in the dispute between Plaintiff and his spouse—or their attorneys, who were seeking their attorney's fees. Nor does she have a personal stake in any other family court litigant's divorce proceeding. There is no case or controversy between Plaintiff and Judge DeAngelis. *See Bauer*, 341 at 359 ("The requirement of a justiciable controversy is not satisfied where a judge acts in [her] adjudicatory capacity.").

Accordingly, because Plaintiff lacks standing to sue Judge DeAngelis, all of Plaintiff's claims should be dismissed.

**C.     This Court should abstain under *Younger*.**

To the extent that Plaintiff has standing to assert any claim against Judge DeAngelis, this Court should otherwise abstain from considering any such claims. Plaintiff argues that *Younger* does not apply because his "soon-to-be-ex-spouse is not a party to this case." ECF No. 81, ¶ 37. He claims he is not seeking child support, child custody, or the division of marital assets in this federal case. *Id*. However, it cannot be disputed that Plaintiff is attempting to relitigate in federal court Judge DeAngelis's orders concerning Plaintiff's "soon-to-be-ex-spouse's" request for interim attorney's fees, and he has sued the attorneys who were the subject of Judge DeAngelis's attorney's fees rulings. ECF No. 60, Exhs. 7-9 at PageID 1227-37 (the challenged judicial rulings). All three *Younger* elements are met:

(1) Plaintiff's divorce proceeding, including the claims for attorneys' fees, is ongoing.

(2) The state divorce proceeding implicates important state interests. Indeed, the Texas Family Code contains multiple provisions concerning the award of interim attorney's fees (including for situations where children are involved and/or one party has greater access to assets

4

to pay for attorney's fees). *See* Tex. Fam. Code Ann. §§ 6.502(a)(4), 105.001(5); *Herschberg v. Herschberg*, 994 S.W.2d 273, 278 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.) ("The trial court has broad, though not unlimited, discretion in making temporary orders for support and attorney's fees during the course of divorce proceedings, and the trial court's order will not be disturbed absent an abuse of that discretion.").

(3) Plaintiff's ongoing state court divorce proceeding has provided an adequate opportunity to litigate Plaintiff's federal claims. *See, e.g.*, Tex. Fam. Code Ann. §§ 201.007(a)(14)(c) (providing associate judge with power to render and sign a temporary order), 201.015 (proving for *de novo* review of, among other things, an associate judge's temporary orders); *In re D.M.L.*, No. 02-22-00451-CV, 2022 WL 17841837, at *1 (Tex. App.—Fort Worth Dec. 22, 2022, no pet.) (considering a family court litigant's challenge to an order on a motion for interim attorney's fees).

Accordingly, this Court should abstain from exercising its jurisdiction over any of Plaintiff's claims against Judge DeAngelis. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Younger v. Harris*, 401 U.S. 37 (1971).

**D.    Judge DeAngelis has absolute judicial immunity and Eleventh Amendment immunity.**

Plaintiff's main rebuttal to Judge DeAngelis's defense of absolute immunity is that his equitable claims supposedly seek "prospective injunctive relief." ECF No. 81, ¶ 1362. Similarly, Plaintiff seeks to avoid Judge DeAngelis's Eleventh Amendment immunity defense by arguing that he is seeking prospective relief under the *Ex parte Young* exception. *Id.*, ¶ 1364. Not so.

All of Plaintiff's complaints about Judge DeAngelis arise out of and challenge judicial ruling she made before 2023. ECF No. 60, Exhs. 7-9 at PageID 1227-37 (the challenged judicial rulings). In seeking to undo or otherwise challenge Judge DeAngelis's past rulings, Plaintiff's relief is necessarily backwards looking. *See Rhoades v. Martinez*, 560 F. Supp. 3d 1039, 1046 (S.D. Tex. 2021) (granting motion to dismiss because plaintiff's "request for declaratory relief

5

[was] retroactive in nature" and therefore did not fall under *Ex parte Young*), *aff'd*, No. 21-70007, 2021 WL 4434711 (5th Cir. Sept. 27, 2021); *Collins v. Garcia*, No. 3:18-CV-3299-N-BH, 2020 WL 4296376, at *4 (N.D. Tex. May 12, 2020) (dismissing at preliminary screening because the *Ex parte Young* exception did not apply to plaintiff's claim seeking "retrospective declaratory relief"), *R. & R. adopted by* 2020 WL 4284580 (N.D. Tex. July 27, 2020); *Hughes v. Johnson*, No. 15-7165, 2016 WL 6124211, at *4 (E.D. La. Oct. 20, 2016) ("In other words, plaintiffs seek declarations that Defendant Justices' *past* conduct violated federal law. These claims are therefore retrospective, and [*Ex Parte*] *Young* will not save them." (emphasis in original)).[2]

Judge DeAngelis has judicial immunity and Eleventh Amendment immunity from all of Plaintiff's claims. No exception applies. Therefore, this Court should dismiss all of Plaintiff's claims for equitable relief.

### E.     Judge DeAngelis relies on her dismissal grounds.

Rather than rehash what she has already stated, Judge DeAngelis maintains that Plaintiff failed to state a claim under RICO and that she is entitled to qualified immunity as to Plaintiff's section 1983 claim.[3] ECF No. 69, PageID 1270-1272.

### F.     The Court has inherent power to dismiss Plaintiff's frivolous and malicious claims.

In the event that this Court determines that Judge DeAngelis did not raise a ground for dismissal relative to any of the claims asserted against her, including the alleged antitrust claim,

---

[2] *See also B.D.S. v. Southold Union Free Sch. Dist.*, Nos. CV–08–1319 (SJF)(WDW), CV–08–1864 (SJF) (WDW), 2009 WL 1875942, at *20 (E.D.N.Y. June 24, 2009) ("[C]laims for judgment declaring that [a defendant's] past conduct violated federal law are retroactive in nature and, thus, are barred by the doctrine of absolute immunity.") (citing *Boyland v. Wing*, 487 F. Supp. 2d 161, 180 (E.D.N.Y.2007)).

[3] Judge DeAngelis contends that she would be entitled to qualified immunity for any other claim asserted against her in her individual capacity, including any antitrust claim asserted based on her being a member of the State Bar of Texas. *See, e.g., Bock v. Sloane*, No. CV 22-10905-NMG, 2023 WL 3766081, at *5-6 (D. Mass. June 1, 2023) (finding that member of a medical licensing board had qualified immunity from an antitrust claim). However, Judge DeAngelis's motion to dismiss solely referenced the section 1983 claims. ECF No. 69, PageID 1272. If necessary, Judge DeAngelis will in a future motion assert her qualified immunity defenses as to any remaining claims of Plaintiff.

6

Judge DeAngelis asks this Court to exercise its inherent power to look at the entire case to consider whether Plaintiff has asserted frivolous or malicious claims.

This Court provided Plaintiff three opportunities to amend to state his best case. ECF No. 58. Plaintiff's primary complaint is that his ex-attorney and his "soon-to-be-ex-spouse's" attorney sought and obtained temporary orders regarding attorney's fees in the pending divorce proceeding. ECF No. 60, PageID 1227-37. Instead of challenging those rulings in state court, Plaintiff has alleged in this Court a statewide conspiracy among those two attorneys, the associate judge who issued the attorney's fees ruling, the State Bar of Texas, Tarrant County, various other attorneys and members of the State Bar of Texas, and U.S. Bank. ECF No. 60; *see, e.g., id.*, ¶ 1 ("This suit exposes a **Scandalous Case of the Decades** to this Honorable Court.") (emphasis in original), ¶ 6 ("Plaintiff has uncovered a decade-long and widespread pattern of RICO racketeering activity affecting victims statewide, escalating the issue to a matter of public concern.").

There is authority within the Fifth Circuit for the proposition that courts may *sua sponte* dismiss a complaint as frivolous or malicious even when the plaintiff is not proceeding in forma pauperis. *See Pope v. Mountcastle Mortg. Corp.*, No. 3-11-CV-1689-B, 2011 WL 4986927, at *1 (N.D. Tex. Oct. 18, 2011) (collecting cases); *Est. of Hamilton v. Trump*, No. 1:20-CV-266, 2020 WL 5499329, at *2 (E.D. Tex. Aug. 24, 2020), *R. & R. adopted*, 2020 WL 5439284 (E.D. Tex. Sept. 9, 2020) (same); *Smith v. Osborne*, No. 4:18-CV-906-ALM-CAN, 2019 WL 4383337, at *3 n.8 (E.D. Tex. Aug. 18, 2019), *R. & R. adopted*, 2019 WL 4345735 (E.D. Tex. Sept. 12, 2019) (same); *Benavides v. Trump*, No. SA19CA440DAEHJB, 2019 WL 8273464, at *2 (W.D. Tex. Nov. 21, 2019), *R. & R. adopted sub nom. Benavides v. United States*, 2019 WL 8273463 (W.D. Tex. Dec. 9, 2019), *aff'd sub nom. Benavides v. Barr*, 797 F. App'x 886 (5th Cir. 2020) (same). While the Supreme Court has not addressed this issue directly, it has suggested that courts have such authority. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Statutory

provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). The Fifth Circuit does not appear to have directly addressed the issue, however, several of her sister circuits have held that courts have the inherent authority to dismiss "frivolous" or "malicious" claims. *See Fitzgerald v. first East Seventh Street Tenants*, 221 F.3d 362, 363–64 (2d Cir. 2000); *Ferguson v. Wooton*, 741 F. App'x 955, 955 (4th Cir. 2018) ("Frivolous complaints are subject to dismissal pursuant to the district court's inherent authority, even when the plaintiff has paid the filing fee."); *Williams v. Madden*, 9 F. App'x 996, 997 n.1 (10th Cir. 2001) (same); *Cuyler v. Aurora Loan Servs.*, LLC, No. 12-11824-DD, 2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012) (same); *cf. Ramirez v. City of Arlington, Tex.*, No. 21-10856, 2022 WL 3644197, at *3 (5th Cir. Aug. 24, 2022) (in a case that did not involve frivolous/malicious pleadings, stating that a district court may dismiss where a plaintiff has alleged his best case or where the plaintiff had notice of the court's intent to dismiss).

Here, Plaintiff's response to Judge DeAngelis's motion to dismiss tries to preserve Plaintiff's creatively-couched-but-wildly-conspiratorial RICO, antitrust, and section 1983 claims. ECF No. 60. To the extent that the Court has the power to screen this case *sua sponte* on the basis of it being frivolous and/or malicious, Judge DeAngelis asks the Court to do so and to dismiss this action. *See, e.g., Krempp v. Dobbs*, 775 F.2d 1319, 1321-22 (5th Cir. 1985) (affirming dismissal of antitrust and constitutional claims against lawyers, the State Bar of Texas, and judges arising out of a family court proceeding); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1993) (stating that a court may dismiss claims as factually frivolous if the allegations are "fanciful," "fantastic," and "delusional").

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Associate Judge Lori DeAngelis prays that this Court grant her motion to dismiss and dismiss all of Plaintiff's claims against Judge DeAngelis. *See* ECF No. 69.

Respectfully submitted,

*/s M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
ASSOCIATE JUDGE LORI DEANGELIS**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on October 6, 2023:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092

*/s/ M. Keith Ogle*
**M. KEITH OGLE**