IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| | ) ) |
| The State Bar of Texas et al, | ) ) |
| Defendant. | ) ) ) |

RESPONSE/OBJECTION TO MOTION TO DISMISS
BY TARRANT COUNTY

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this Response/Objection to Defendants' Motion to Dismiss by Tarrant County. ECF No 70.

## I. Introduction

1. On Aug 16th, 2023, Defendant, Tarrant County("Defendant") submitted Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) or, alternatively, 12(b)(6). Counsel Melvin Keith Ogle represents the Defendant and **defends the 1983 claim** against Tarrant County in its **official capacity**.

2. Tarrant County is an executive branch government body, not a **Papa-Mama shop**. Texas Attorney General Office's ADMINISTRATIVE LAW Handbook 2022, requires all government body's acts comply under Administrative Procedure Act, Texas Open Meetings Act and Texas Public Information Act.

3. On August 24th, 2023, Plaintiff intended to amend original complaint to correct several typographical errors incorrectly referring to Defendant the Barrows Firm as the Barrow Firm. These proposed changes did not affect Defendant Tarrant County, whom Counsel Melvin Keith Ogle represented. Pursuant to Local Rule 7.1(h), the Plaintiff inquired whether Counsel Melvin Keith Ogle opposed the amendment. Counsel Melvin Keith Ogle expressed opposition in his email response.

4. In the email response, Counsel Melvin Keith Ogle said:

- "I am **opposed to any amendment** that includes Tarrant County and Associate Judge DeAngelis as parties. I would be unopposed to an amendment dropping both of them as parties to this lawsuit and **request** that you drop both of them."

5. There were six contexts in the response,

   A. I(Orlg) am opposed to any amendment that includes Tarrant County as a party.
   B. I(Orlg) would be unopposed to an amendment dropping Tarrant County as a party to this lawsuit.
   C. I(Orlg) request that you drop Tarrant County.
   D. I(Orlg) am **opposed to any amendment** that includes Judge DeAngelis as a party.
   E. I(Orlg) would be unopposed to an amendment dropping Judge DeAngelis as a party to this lawsuit.
   F. I(Orlg) request that you drop Judge DeAngelis.

6. During the motion conference on that date, the first three contexts suggested that Counsel Melvin Keith Ogle had misused his position as a counsel to abuse the process. Concurrently, Counsel Melvin Keith Ogle had no vested interest in the legal proceedings between the Plaintiff and Defendant, The Barrows Firm.

7. Furthermore, the last 3 contexts committed a new RICO predicate act which intended to "**cause** Lori L. DeAngelis to be **absent** from this suit to which Lori L. DeAngelis **has been summoned** in this suit."

8. Plaintiff believes that, on August 24th, 2023, Counsel Melvin Keith Ogle, a member of the State Bar of Texas, had no authority to advocate for the interests of another member of the State Bar of Texas, Lori L. DeAngelis in this suit, because Counsel Melvin Keith Ogle had not established an attorney-client relationship with Lori L. DeAngelis on that date. Counsel Melvin Keith Ogle, an individual county employee working in Tarrant County Criminal District Attorney's office, does not have authority to establish an attorney-client work relationship with another individual county employee Lori L. DeAngelis; The establishment of such a relationship is based on mutual consent and authority upon request, not on an individual's assumption. In this case, where taxpayer funds are spent on alleged criminal acts of an individual being sued in their individual capacity, without following proper procedures or obtaining legitimate authorization, the Plaintiff alleges that Counsel Melvin Keith Ogle did not have an attorney-client work relationship with Lori L. DeAngelis.

9. The plaintiff asserted that Lori L. DeAngelis is not eligible to make such a request without approval from Tarrant County authority commanding chain. Furthermore, the plaintiff asserted that Counsel Melvin Keith Ogle is not eligible to grant such a request without approval from Tarrant County authority commanding chain. All of these official approvals, if there is any, are oversights under the Administrative Procedure Act, the Texas Open Meetings Act, and the Texas Public Information Act.

10. Tarrant County Criminal District Attorney's office has a history of pressing criminal charge against government officials for having private communication regarding official subject matters, which violates the Texas Open Meetings Act. Melvin Keith Ogle should not be an exception if he violated the Texas Open Meetings Act on August 24th, 2023.

11. It is undeniable fact that Lori L. DeAngelis hadn't appeared in this Court on August 24th, 2023, yet. Without an attorney-client relationship, Counsel Melvin Keith Ogle lacked attorney immunity for his acts related to advocating for Lori L. DeAngelis during the court proceedings.

12. Plaintiff asserted, redirecting government fund to defend any employee's personal lawsuit is a government adjudication action governed under Administrative Procedure Act, Texas Open Meetings Act and Texas Public Information Act. Without official assignment under authorization, Counsel Melvin Keith Ogle was not acting in his official capacity; rather, their relationship was of an individual capacity as members of a RICO enterprise, the State Bar of Texas. Plaintiff asserted that any off-record communication between Counsel Melvin Keith Ogle and Lori L. DeAngelis not under the governance of Administrative Procedure Act, Texas Open Meetings Act and Texas Public Information Act are under his individual capacity.

13. On August 24th, 2023, Counsel Melvin Keith Ogle's reckless demanding using his government agency identity of Tarrant County Criminal District Attorney's office, had terrified Plaintiff. Plaintiff alleged Counsel Melvin Keith Ogle under his individual capacity, committed a supplemental offense of *18 U.S.C. § 1512(b)(2)(D)* when he knowingly **corruptly persuades Plaintiff**, or **attempts to do so**, or e**ngages in misleading conduct toward Plaintiff**, **with intent to cause or induce Lori L. DeAngelis** to be **absent** from an official proceeding to which **such person has been summoned** by legal process. Plaintiff alleged Counsel Melvin Keith Ogle committed offense of *18 U.S.C. § 1962(d)* as well.

14. Tarrant County is not obligated to defend its own employees when sued in their individual capacities. However, after becoming aware of the ongoing RICO activity in Tarrant

County's family courts, Tarrant County chose to defend Lori L. DeAngelis' RICO allegations under her individual capacity using taxpayers' funds. By doing so, Tarrant County has demonstrated its willingness to participate in conspiracy actions that satisfy the Open-Ended Continuity element of ongoing RICO acts, which will continue into the future unless halted by the Plaintiff's legal action in this Court. Tarrant County's conspiracy actions have facilitated financial sponsoring activities that lead to supporting these alleged decade-long RICO acts.

## II. Standard of Review/Argument and Authorities

15.  Texas Constitution Article 3 Section 53 is very clear as it says, "The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

16.  *18 U.S.C. § 1961(1)* "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), … **section 1512** (relating to tampering with a witness, victim, or an informant), …"

17.  *18 U.S.C. § 1512(b)(2)(D)* **Whoever** knowingly uses intimidation, threatens, or **corruptly persuades another person**, or **attempts to do so**, or e**ngages in misleading conduct toward another person**, **with intent to cause or induce any person** to be **absent** from an official proceeding to which **such person has been summoned** by legal process.

18.  "A conspirator must intend to **further** an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor. He may do so **in any number of ways short of agreeing** to undertake all of the acts necessary for the crime's completion. One can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense. It is elementary that a conspiracy may exist and be punished **whether or not** the substantive crime ensues, **for the conspiracy is a**

**distinct evil, dangerous to the public, and so punishable in itself**. See Callanan v. United States, 364 U.S. 587, 594 (1961)." *Salinas v. United States*, 522 U.S. 52, 65 (1997).

19. "In that regard, we **emphasize** that, because drug trafficking is an "unlawful activity" with respect to money laundering and **RICO offenses** (*see* 18 U.S.C. § 1956(c)(7)), a lawyer providing advice to an unlawful drug trafficking entity such as the Nicka Organization places himself at great personal risk. **Any lawyer** providing advice concerning ongoing unlawful activity is circumscribed in the legal advice that can permissibly be provided, lest he become a participant in the unlawful activity. That is, a lawyer representing or advising such an entity can **readily turn himself into a coconspirator — or aider and abettor — in the form of a consigliere or fixer**." *United States v. Farrell*, 921 F.3d 116, 138-39 (4th Cir. 2019). The moment that Melvin Keith Ogle sent that email, he became a fixer. Melvin Keith Ogle became a RICO coconspirator which fulfill the Open-Ended Continuity elements of RICO acts. The moment that Tarrant County decided to spend taxpayers fund to defend Lori L. DeAngelis' RICO acts, Tarrant County became a RICO coconspirator which fulfilled the Open-Ended Continuity elements of RICO acts.

20. "Congress enacted § 1983 and its predecessor, § 2 of the Civil Rights Act of 1866, 14 Stat. 27, to provide an independent avenue for protection of federal constitutional rights. **The remedy was considered necessary** because "**state courts** were being used to **harass** and **injure** individuals, either because **the state courts were powerless to stop deprivations** or were **in league with those who were bent upon abrogation of federally protected rights**." *Mitchum* v. *Foster*, 407 U.S. 225, 240 (1972). See also *Pierson* v. *Ray*, 386 U.S., at 558-564 (dissenting opinion) (**every** Member of Congress who spoke to the issue assumed that **judges would be liable under § 1983**)." *Pulliam v. Allen*, 466 U.S. 522, 540 (1984).

21. "We remain steadfast in our conclusion, nevertheless, that Congress intended § 1983 to be an independent protection for federal rights and **find nothing to suggest** that Congress intended to **expand the common-law doctrine of judicial immunity** to insulate state judges completely from federal collateral review. We conclude that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 542 (1984). Furthermore, for decades, Tarrant County Criminal District Attorney's Office has colluded with bad actors in the family courts. It has expanded the common-law doctrine of judicial immunity, thereby completely insulating these Tarrant County criminals from prosecution. By recklessly abusing its discretion, the office has refused to investigate these RICO acts for decades, as set forth in policy ECF No. 60, PageID 1194. Tarrant County Criminal District Attorney's Office's acts have fulfilled the

open-end continuity elements of alleged RICO acts, these person with unidentified name in the Tarran Cournty office became RICO conspirators.

22. "Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend **municipalities and other local government units** to be included among **those persons to whom § 1983 applies**. Local governing bodies, therefore, can be sued directly under § 1983 for **monetary, declaratory, or injunctive relief** where, as here, the action that is alleged to be **unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers**. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "**person**," by the very terms of the statute, may be sued for **constitutional deprivations** visited pursuant to **governmental "custom"** even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978).

23. There are **38 acts** defined in *18 U.S.C. § 1961*, Tarrant County Criminal District **Attorney's Office believed they have the Federal Congress legislative power to replace the statue with 37 acts**. Tarrant County Criminal District Attorney's Office believed, even if they are in league with these RICO conspirators, Federal is powerless in Tarrant County, because these are white collar crime committed by members of State Bar of Texas, an alleged RICO enterprise. Tarrant County Criminal District Attorney's Office believed the prevalent of *18 U.S.C. § 664* acts in Tarran County family courts can be concealed under their in-house custom. It also believed that those with attorney licenses have the joint power to make those lies true or make all the unlawful *18 U.S.C. § 664* acts lawful.

24. Tarrant County benefited from part of RICO income obtained from out-of-state pension fund. Local judges/lawyers directly and indirectly contributed fees, tax and local consumer spending to be used by Tarrant County Tax Collector office for operating it courts and DA offices, employing associated judges and district attorney to fulfill the open-end continuity elements of unlawful *18 U.S.C. § 664* acts, violated *18 U.S.C. § 1961(a)(c)*. These tax incomes originated from racketeering activities were spent to hire RICO conspirators for providing legal aid to Tarrant County staffs so these *18 U.S.C. § 664* violations could have lasted for decades.

25. "Rule 15(a) of the Federal Rules of Civil Procedure instructs that when permission to file a pleading must be obtained from the Court, "**leave shall be freely given when justice so requires**."

(emphasis added). While the court has sole discretion to grant or deny a request for leave to amend, unless there is a reason for not doing so, such as undue delay, bad faith, dilatory tactics, repeated failure to cure deficiencies, or undue prejudice to the opposing party, "**the leave sought should . . . be 'freely given.'**" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed.R.Civ.P. 15(a)); see also Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (acknowledging that **it is an abuse of discretion for a district court to deny leave to amend absent a sufficient reason**). The rationale behind this liberal granting of leave to amend a complaint is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test h[er] claim on the merits." Foman, 371 U.S. at 182. Moreover, consideration must be given to the fact that the plaintiff in this case is proceeding pro se. The practice of freely giving leave to amend is particularly appropriate in the circumstance of pro se litigants. See Wyant v. Crittenden, 113 F.2d 170, 175 (D.C. Cir. 1940). "Pro se litigants are afforded more latitude than litigants represented by counsel to correct defects in . . . pleadings" and pro se litigants should be given at least minimal notice of the pleading requirements. Moore v. Agency for Int'l. Dev., 994 F.2d 874, 876-77 (D.C. Cir. 1993) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Lindsey v. United States, 448 F. Supp. 2d. 37, 46-47 (D.D.C. 2006) (Walton, J.) (citing Moore and agreeing that district courts should provide pro se litigants with minimal notice of pleading requirements); Hisler v. Gallaudet Univ., 206 F.R.D. 11, 14 (D.D.C. 2002) (acknowledging **the policy that "an added measure of leniency is extended to pro se litigants [with respect to] procedural requirements**") (citations omitted). The principles set forth in Moore are instructive here. InMoore, the pro se plaintiff conceded that his complaint did not meet the heightened pleading requirement for overcoming a claim of qualified immunity, but argued that the district court should have alerted him to the defects and allowed him to amend his complaint. 994 F.2d at 876. The Circuit Court held that "[b]ecause **there is no indication that any of the defendants would have been prejudiced** . . ., the district court should have permitted Moore to amend his complaint." Id. at 877-78. Indeed, it is the **Court's duty** to **inform** the plaintiff of the consequences of not adhering to procedural requirements, although the Court appreciates that this assistance does not permit a pro se plaintiff to ignore the Federal Rules of Civil Procedure. Moore, 944 F.2d at 876; see also Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.) (holding that the Court "**must take pains** to **protect the rights of pro se parties against the consequences of technical errors**"); Hisler, 206 F.R.D. at 14." *KIDD v. HOWARD UNIVERSITY SCHOOL OF LAW*, Case No. 06-CV-1853 (RBW), 2-4 (D.D.C. Jun. 25, 2007).

26.     To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that Plaintiff can prove **no set of facts** in support of his

claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

27. "Thus, the court **should not** dismiss the claim unless Plaintiff would not be entitled to relief **under any set of facts or any possible theory** that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

28. To survive a Federal Rule 12(b)(6) motion, "See Bell Atlantic v. Twombly , 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (A complaint "does not need detailed factual allegations" but rather "**enough fact** to raise a reasonable expectation that *discovery* will reveal evidence of [a necessary element].") True, her complaint didn't detail such an injury. But "[c]omplaints need not be elaborate." *Aker* , 854 F.3d at 399–400 (quoting S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc. , 274 F.3d 1168, 1171 (7th Cir. 2001) )." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 280-81 (7th Cir. 2020).

29. "Therefore, the Court's task is to identify the elements of a cause of action and then determine whether Plaintiff pled sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019).

30. It was exactly in Tarrant County, 30 years ago, SCOTUS has ruled a landmarking opinion about what Rule 8(a)(2) stands in a pleading, "Rule 8(a)(2) requires that a complaint include *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson*, 355 U.S. 41 (1957), we said in effect that *the Rule meant what it said*:

"[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant *fair notice* of what Plaintiff's claim is and the grounds upon which it rests." *Id*., at 47 (footnote omitted)."

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).  Leatherman v. Tarrant County was citied 2000 times in various opinions.

31. "To survive a motion to dismiss, a complaint must allege sufficient facts, *accepted* as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." Id. These standards are the same when a motion to dismiss is based on qualified immunity." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020). The crucial question is "whether the complaint pleads facts that, if true, would permit the inference that Defendant are liable under section 1983 and would overcome their qualified immunity defense." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).

32.     A Complaint **should only be dismissed** under Federal Rule 12(b)(6) **after** affording ample opportunity for Plaintiff to state a claim upon which relief can be granted, **unless** it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561, F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a court **must allow** a plaintiff the opportunity to **amend** the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds Plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

33.     For purposes of deciding a motion to dismiss under Rule 12(b)(6) of the FRCP, the Court *must* assume that the facts alleged in the complaint are **true** and construe them **in the light most favorable to Plaintiff**. *Twombly,* 550 U.S. at 555. For its Rule 12(b)(6) review, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss that are central to Plaintiff's claims and referenced in the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A Rule 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023).

### III. Conclusion and Pray for Relief

34.     This Court "shall have **original** jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" under *28 U.S.C. § 1331*.

35.     This Court has **exclusive** jurisdiction of civil actions under *29 U.S.C. § 1132(e)* because the essential substantive violation of Federal law arises under ERISA Act, *29 U.S.C. § 18*, and ERISA statute also supersedes **any** and **all** state laws insofar as they "relate to" any employee benefit plan under *29 U.S.C. § 1144(a)*.

36.     The Supreme Court held that "In the main, federal courts are **obliged** to decide cases **within** the scope of federal jurisdiction…. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 373, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989) (NOPSI) ("[T]here is **no** doctrine that . . . pendency of state judicial proceedings **excludes** the federal courts.")." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). This Court is obliged to decide case **originally** arising under the **exclusive** ERISA statue.

37.     "A Complaint should **only** be dismissed under Federal Rule 12(b)(6) **after** affording **every** opportunity for the plaintiff to state a claim upon which relief can be granted… Consequently, when it appears a more careful or detailed drafting **might** overcome the deficiencies on which dismissal is sought, a court **must** allow a plaintiff the opportunity to amend the Complaint" *Hitt v. City of Pasadena, 561 F.2d at 608–09. (5th Cir. 1977)*.

38.     Plaintiff intends to add new parties, and assert new claims. The purpose of the amended pleading is to (1) adds new parties, (2) alleges new essential facts to support previously asserted claims, and (3) asserts new legal claims or theories involving different elements than the claims or theories previously asserted.

39.     Plaintiff alleges that there are additional RICO acts committed by Tarrant County employee that Plaintiff needs to make supplemental pleadings.

40.     After carefully reviewing Defendant's arguments, Plaintiff also request to make amendment pleading.

41.     Based on the above, Plaintiff respectfully request leave of court to file amended and supplemental pleading against Defendant, Tarrant County, pursuant to Federal Rules of Civil Procedure 15 and 18, and add Counsel Melvin Keith Ogle, and other people as parties, pursuant to Federal Rules of Civil Procedure 18 and 21.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
/[arnold200@gmail.com]

CERTIFICATE OF SERVICE

On (October 6th<sup>th</sup>, 2023) I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]