**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| CONGHUA YAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:23-cv-00758-P-BJ |
| THE STATE BAR OF TEXAS, a private | § | |
| company, | § | |
| THE BARROWS FIRM, a private company, | § | |
| LESLIE STARR BARROWS, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| WILLIAM ALBERT PIGG in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| SAMANTHA YBARRA, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| LUIS JESUS MARIN, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, and official capacity as Assistant | § | |
| Disciplinary Counsel for the Office of the | § | |
| CDC, | § | |
| DANIEL EULALIO MARTINEZ, in | § | |
| individual capacity, as member of the State | § | |
| Bar of Texas, and official capacity as | § | |
| Assistant Disciplinary Counsel for the Office | § | |
| of the CDC, | § | |
| RACHEL ANN CRAIG, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, and official capacity as Assistant | § | |
| Disciplinary Counsel for the Office of the | § | |
| CDC, | § | |
| LORI L. DEANGELIS, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, and official capacity as Associated | § | |
| Judge, | § | |
| TARRANT COUNTY, | § | |
| U.S. Bank, | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS LESLIE BARROWS AND THE BARROWS FIRM'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6), AND BRIEF IN SUPPORT</u>**

Defendants Leslie Starr Barrows ("Barrows") and The Barrows Firm (the "Firm"), a private company (collectively, "Barrows Defendants"), by and through their undersigned counsel, move under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Third Amended Complaint filed by Plaintiff Conghua Yan ("Plaintiff"). In support of this motion, Barrows Defendants state the following:

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. 3

TABLE OF AUTHORITIES ......................................................................................... 5

INTRODUCTION ........................................................................................................ 11

FACTUAL BACKGROUND ....................................................................................... 11

RULE 12(B)(1) STANDARD ...................................................................................... 12

RULE 12(B)(6) STANDARD ...................................................................................... 13

ARGUMENTS AND AUTHORITIES......................................................................... 14

I.      The Court should dismiss Plaintiff's claims against Barrows
        Defendants under Federal Rule of Civil Procedure 12(b)(1) ............................... 14

        A.      The Court lacks subject matter jurisdiction over Plaintiff's
                claims for injunctive relief against Barrows Defendants
                under the *Younger* abstention doctrine ..................................................... 14

II.     Plaintiff's claims against Barrows Defendants should also be
        dismissed under Federal Rule of Civil Procedure 12(b)(6) ................................. 15

        A.      Plaintiff's claims against Barrows Defendants are barred
                by attorney immunity.................................................................................. 15

        B.      Plaintiff has not sufficiently pleaded a RICO violation
                against Barrows Defendants ....................................................................... 17

                1.      Plaintiff has not sufficiently pleaded "continuity"
                        as is required to support each of his RICO claims
                        against Barrows Defendants ........................................................ 18

                2.      Plaintiff has not sufficiently pleaded violations of
                        18 U.S.C. § 1962(a) against Barrows Defendants ....................... 20

                3.      Plaintiff has not sufficiently pleaded violations of
                        18 U.S.C. § 1962(c) against Barrows Defendants ....................... 22

                4.      Plaintiff has not sufficiently pleaded violations of
                        18 U.S.C. § 1962(d) against Barrows ........................................... 25

        C.      Plaintiff has not sufficiently pleaded an antitrust claim
                against Barrows........................................................................................... 27

D.  Plaintiff has not sufficiently pleaded his constitutional
     claims against Barrows ................................................................... 28

E.  Plaintiff does not sufficiently plead his entitlement, if any,
     to injunctive relief ...................................................................... 30

CONCLUSION ........................................................................................... 32

## TABLE OF AUTHORITIES

### Federal Cases

*Abraham v. Singh*,
   480 F.3d 351 (5th Cir. 2007) ...................................................................18

*Allstate Ins. Co. v. Benhamou*,
   190 F. Supp. 3d 631 (S.D. Tex. 2016) ...................................................23

*Aransas Project v. Shaw*,
   775 F.3d 641 (5th Cir. 2014) ...................................................................31

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................13

*BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC*,
   Civil Action No. 3:22-CV-1981-L, 2023 WL 223179 (N.D. Tex. Jan. 17,
   2023) ........................................................................................................31

*Bice v. La. Pub. Defender Bd.*,
   677 F.3d 712 (5th Cir. 2012) ...................................................................14

*Bogard, Next Friend for JCM v. Falkenberg*,
   No. SA-21-CV-00021-FB, 2021 WL 1026060 (W.D. Tex. Mar. 16, 2021) ..........................16

*Bonton v. Archer Chrysler Plymouth, Inc.*,
   889 F. Supp. 995 (S.D. Tex. 1995) ..........................................................25

*Burke v. Ocwen Loan Servicing, L.L.C.*,
   855 Fed. App'x. 180 (5th Cir. 2021) ........................................................16

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ...................................................................13

*Cnty. of El Paso, Tex. v. Jones*,
   No. EP-09-CV-00119-KC, 2009 WL 4730305 (W.D. Tex. Dec. 4, 2009) ............................26

*D&T Partners v. Baymark Partners LP*,
   Civil Action No. 3:21-CV-1171-B, 2022 WL 13829913 (N.D. Tex. Oct. 21,
   2022), *appeal docketed*, No. 22-11148 (5th Cir. Nov. 22, 2022) ...........................19

*Daniels Health Scis., LLC v. Vascular Health Scis., LLC*,
   710 F.3d 579 (5th Cir. 2013) ...................................................................31

*Dennis Melancon, Inc. v. City of New Orleans*,
 803 F.3d 262 (5th Cir. 2012) ................................................................31

*Dolenz v. Akin*,
 Civ.A. No. 3:95-CV-1605-P, 1997 WL 21388 (N.D. Tex. Jan. 14, 1997), *aff'd*,
 129 F.3d 612 (5th Cir. 1997) ................................................................30

*Elliott v. Tucker*,
 Civil Action No. 4:22-cv-00135-O-BP, 2022 WL 17722672 (N.D. Tex. Nov.
 29, 2022), *report and recommendation adopted*, Civil Action No.
 4:22-cv-00135, 2022 WL 17718517 (N.D. Tex. Dec. 15, 2022) ...........................15

*Gabriel v. Outlaw*,
 Case No. 3:20-CV-60-K-BK, 2022 WL 617628 (N.D. Tex. Feb. 14, 2022),
 *report and recommendation adopted*, Case No. 3:20-CV-60-K-BK, 2022 WL
 614998 (N.D. Tex. Mar. 2, 2022) .....................................................16, 24

*Gipson v. Deutsche Bank Nat'l Trust Co.*,
 Civil Action No. 3:13-CV-4820-L(BH), 2014 WL 11515582 (N.D. Tex. Dec.
 18, 2014) ..................................................................................15

*Google, Inc. v. Hood*,
 822 F.3d 212 (5th Cir. 2016) ..............................................................14

*H.J. Inc. v. Nw. Bell Tel. Co.*,
 492 U.S. 229 (1989)........................................................................18

*Hooks v. Landmark Indus., Inc.*,
 797 F.3d 309 (5th Cir. 2015) ..............................................................12

*In re Burzynski*,
 989 F.2d 733 (5th Cir. 1993) ..............................................................19

*Jackson Women's Health Org. v. Currier*,
 760 F.3d 448 (5th Cir. 2014) ..............................................................31

*Jewell v. City of Covington, Ga.*,
 425 F.2d 459 (5th Cir. 1970) ..............................................................29

*Jones v. Lampe*,
 845 F.2d 755 (7th Cir. 1988) ..............................................................19

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
 511 U.S. 375 (1994)........................................................................12

*Krempp v. Dobbs*,
 775 F.2d 1319 (5th Cir. 1985) .........................................................28, 30

*Marlett v. Heath*,
No. 3:18-CV-2812-M-BN, 2018 WL 5723163 (N.D. Tex. Oct. 23, 2018),
*report and recommendation adopted*, No. 3:18-CV-2812-M, 2018 WL
5717431 (N.D. Tex. Oct. 31, 2018) ................................................................15

*McPeters v. Edwards*,
806 F. Supp. 2d 978 (S.D. Tex. 2011), *aff'd*, 464 Fed. Appx. 351 (5th Cir.
2012) ................................................................................................................25

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,
457 U.S. 423 (1982) .........................................................................................14

*Munck Wilson Mandala LLP v. Jordan*,
Civil Action No. 3:22-CV-01657-M, 2023 WL 5437771 (N.D. Tex. Aug. 22,
2023) ................................................................................................................18

*Murphy v. Amarillo Nat'l Bank*,
No. 2:20-CV-048-Z, 2021 WL 40779 (N.D. Tex. Jan. 5, 2021),
*appeal dism'd*, No. 21-10105, 2021 WL 3503171 (5th Cir. May 10, 2021) ...........13

*N. Miss. Commc'ns, Inc. v. Jones*,
792 F.2d 1330 (5th Cir. 1986) ................................................................27, 28

*Nolen v. Nucentrix Broadband Networks Inc.*,
293 F.3d 926 (5th Cir. 2002) ........................................................................18, 21

*Orthoflex, Inc. v. ThermoTek, Inc.*,
Civil Action No. 3:10-CV-2618-D, 2012 WL 2864510 (N.D. Tex. July 12,
2012) ................................................................................................................18

*Parsons v. Ford Motor Co.*,
669 F.2d 308 (5th Cir. 1982) ..........................................................................27

*Payne v. Anthony Scott Law Firm PLLC*,
Case No. 3:22-CV-2926-M-BK, 2023 WL 3587775 (N.D. Tex. May 5, 2023),
*report and recommendation adopted*, Case No. 3:22-CV-2926-M-BK, 2023
WL 3590686 (N.D. Tex. May 22, 2023); .......................................................16, 30

*Peterson v. Peterson*,
Case No. 4:18-CV-4837, 2019 WL 8017862 (S.D. Tex. Oct. 30, 2019),
*report and recommendation adopted*, Civil Action No. 4:18-CV-4837, 2020
WL 883224 (S.D. Tex. Feb. 21, 2020) ...........................................................15

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001) ..........................................................................13

*Simmons v. Jackson*,
No. 3:15-CV-01700-S-BT, 2018 WL 7021485 (N.D. Tex. Dec. 21, 2018),
*report and recommendation adopted*, Case No. 3:15-CV-01700-S-BT, 2019
WL 186654 (N.D. Tex. Jan. 14, 2019) ..........................................................................18, 23

*Sprint Commc'ns, Inc. v. Jacobs*,
571 U.S. 69 (2013)................................................................................................................14

*Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc.*,
200 F.3d 307 (5th Cir. 2000) ..........................................................................................27, 28

*Stewart v. Wells*,
Civil Action No. 4:19-CV-00598-P-BP, 2020 WL 3146866 (N.D. Tex. May
26, 2020), *report and recommendation adopted*, Civil Action No. 4:19-CV-
0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020)........................................................14

*Suter v. Artist M.*,
503 U.S. 347 (1992)..............................................................................................................24

*Tel-Phonic Services, Inc. v. TBS Intern., Inc.*,
975 F.2d 1134 (5th Cir. 1992) ...............................................................................18, 25, 26

*Terry v. Oncor Delivery*,
No. 14-CV-3496-P, 2014 WL 7174300 (N.D. Tex. Dec. 16, 2014)....................................24

*Troice v. Proskauer Rose, L.L.P.*,
816 F.3d 341 (5th Cir. 2016) ...............................................................................................16

*United States v. Sutherland*,
656 F.2d 1181 (5th Cir.1981) ..............................................................................................26

*United States v. Weisman*,
648 F.2d 367 (5th Cir. 1981) ...............................................................................................24

*Younger v. Harris*,
401 U.S. 37 (1971)..................................................................................................11, 14, 15

## State Cases

*Campos v. S. Tex. Beverage Co.*,
679 S.W.2d 739 (Tex. App.—El Paso, no writ 1984) ..........................................................29

*Cantey Hanger, LLP v. Byrd*,
467 S.W.3d 477 (Tex. 2015)............................................................................................16, 17

*Celotex Corp. v. Tate*,
797 S.W.2d 197 (Tex. App.—Corpus Christi-Edinburg 1990, writ dism'd by
agreement)..............................................................................................................................29

*Johnson v. State Farm Mut. Ins. Co.*,
    520 S.W.3d 92 (Tex. App.—Austin 2017, pet. denied)...............................28, 29

*Republican Party of Tex. v. Dietz*,
    940 S.W.2d 86 (Tex. 1997)............................................................................28

*Reynoso v. Dibs US, Inc.*,
    541 S.W.3d 331 (Tex. App.—Houston [14th Dist.] 2017, no pet.).................30

*Tex. S. Univ. v. Villarreal*,
    620 S.W.3d 899 (Tex. 2021)..........................................................................30

*Yancy v. United Surgical Partners Intern., Inc.*,
    236 S.W.3d 778 (Tex. 2007).........................................................................29

## **Federal Statutes and Rules**

18 U.S.C. § 1027.....................................................................................................22, 24

18 U.S.C. § 1341.....................................................................................................22, 25

18 U.S.C. § 1343.....................................................................................................23, 25

18 U.S.C. § 1349.....................................................................................................23, 24

18 U.S.C. § 1961(1).................................................................................................24, 25

18 U.S.C. § 1962(a)................................................................................................ *passim*

18 U.S.C. § 1962(c)................................................................................................ *passim*

18 U.S.C. § 1962(d)................................................................................................ *passim*

18 U.S.C. § 1964(c).......................................................................................................21

18 U.S.C. § 664.......................................................................................................22, 25

28 U.S.C. § 1331...........................................................................................................16

29 U.S.C. § 1056.....................................................................................................23, 24

42 U.S.C. § 1983.....................................................................................................28, 30

Federal Rule of Civil Procedure 12(b)(1) ............................................................ *passim*

Federal Rule of Civil Procedure 12(b)(6) ..........................................................11, 13, 15

Federal Rule of Civil Procedure 9(b)...........................................................................25

**State Statutes and Rules**

Tex. Pen. Code § 1.07(a)(41)................................................................................28

Tex. Pen. Code § 37.03 .................................................................................23, 24

Tex. Pen. Code § 39.03(a)(2)...................................................................23, 24, 28

**Miscellaneous**

Tex. Const. Article I, § 13.............................................................................28, 29

Tex. Const. Article I, § 19.......................................................................28, 29, 30

## INTRODUCTION

1.      Barrows Defendants never represented Plaintiff. Barrows, through the Firm, was an attorney of record for Plaintiff's wife in their highly contentious divorce and child custody proceeding currently pending in Tarrant County, Texas. Plaintiff accuses Barrows of being part of the "criminal enterprises," the Firm and the State Bar of Texas.

2.      To the extent Plaintiff seeks injunctive relief, Plaintiff's claims against Barrows Defendants are barred by the *Younger* abstention doctrine and should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

3.      Plaintiff's claims against Barrows Defendants should also be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims are barred by the attorney immunity doctrine, and Plaintiff fails to state a claim under RICO upon which relief can be granted.

4.      Additionally, Plaintiff's claims against Barrows, individually, should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not sufficiently pleaded his antitrust or constitutional claims.

5.      Plaintiff has already received leave multiple times to amend his Complaint, and Plaintiff cannot cure his pleading defects. Plaintiff's claims against Barrows Defendants should be dismissed with prejudice.

## FACTUAL BACKGROUND

6.      Pro se Plaintiff filed this lawsuit against various individuals involved, or formerly involved, in Plaintiff's ongoing divorce and child custody proceeding (the "Divorce Suit") between Plaintiff and his wife, Fuyan Wang ("Wang"). Defendants include Plaintiff's former attorney, Wang's former attorneys, a judge in the Divorce Suit, Tarrant County, the State Bar of Texas, volunteer members of the State Bar's grievance committee, the bank managing Plaintiff's 401K

account, and others. Barrows Defendants, and Samantha Ybarra, represented Wang in the Divorce Suit.

7.      Plaintiff generally alleges that the State Bar of Texas, in conjunction with the judges and counsel appearing in Texas family law courts, constitutes a criminal enterprise designed to improperly obtain funds from litigants in the form of interim attorney's fees. [Pl.'s 3d Am. Compl., ¶¶ 127–33]. Plaintiff further contends that the Firm constitutes a separate criminal enterprise engaging in similar conduct. [See, e.g., id. at ¶¶ 158–59].

8.      Specific to the Divorce Suit, Plaintiff complains of orders entered by Associate Judge Lori L. DeAngelis ordering Plaintiff to pay Wang's interim attorney's fees in the approximate amount of $25,000.00 out of his 401K account at U.S. Bank. [Id. at ¶¶ 68–70]. Plaintiff alleges that Barrows Defendants, in conspiracy with Defendant Samantha Ybarra and Plaintiff's own counsel, Defendant William Albert Pigg, improperly sought to satisfy the attorney's fees award from Plaintiff's retirement account by characterizing the award as spousal support. [Id. at ¶ 71]. Plaintiff never appealed or otherwise sought reversal of the court's order.

## RULE 12(B)(1) STANDARD

9.      Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). Federal courts are courts of limited jurisdiction and possess only such power as authorized by the United States Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a cause of action lies outside of this limited jurisdiction and the burden of establishing jurisdiction falls to the party asserting jurisdiction. *Id.*

10.     A lack of subject-matter jurisdiction may be found based on (1) the complaint alone, (2) the complaint and the undisputed facts in the record, or (3) the complaint, undisputed facts in the record, and the court's own resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Murphy v. Amarillo Nat'l Bank*, No. 2:20-CV-048-Z, 2021 WL 40779, at *3 (N.D. Tex. Jan. 5, 2021), appeal dism'd, No. 21-10105, 2021 WL 3503171 (5th Cir. May 10, 2021) (A Rule 12(b)(1) motion submitted without evidence is a "facial challenge" to what is alleged in the complaint, and the sufficiency of the allegations are evaluated under the same standards as Rule 12(b)(6)).

## RULE 12(B)(6) STANDARD

11.     A complaint must be dismissed under Rule 12(b)(6) when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court accepts as true all well-pleaded facts but is not required to accept legal conclusions. *Id.* at 664. Conclusory allegations cannot be accepted as true; rather, the complaint should be pleaded with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## ARGUMENTS AND AUTHORITIES

I.   **The Court should dismiss Plaintiff's claims against Barrows Defendants under Federal Rule of Civil Procedure 12(b)(1).**

A.   **The Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief against Barrows Defendants under the *Younger* abstention doctrine.**

12.   The *Younger* abstention doctrine instructs federal courts to refrain from considering requests for injunctive or declaratory relief when doing so would result in the interference with certain, select state proceedings. *See generally Younger v. Harris*, 401 U.S. 37 (1971). The doctrine applies only to three categories of state proceedings: (1) ongoing criminal prosecutions, (2) certain civil enforcement proceedings akin to criminal prosecutions, and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)). Furthermore, even within these three categories, the doctrine applies only to the extent (a) the state proceedings are ongoing; (b) the proceedings implicate important state interests; and (c) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal claims. *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

13.   Although framed as a RICO action, Plaintiff essentially lodges a collateral attack on orders issued by Associate Judge Lori L. DeAngelis in the Divorce Suit, which involves child custody, child support, marital property, and other issues. Cases involving family and child custody issues, such as the Divorce Suit, fall within the third category of cases outlined above and implicate important state interests. *Stewart v. Wells*, Civil Action No. 4:19-CV-00598-P-BP, 2020 WL 3146866, at *5 (N.D. Tex. May 26, 2020), *report and recommendation adopted*, Civil Action No. 4:19-CV-0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020) ("Federal courts consistently have

14

abstained from ruling on cases that are inextricably connected to the important state interest of child custody issues."); *see also Marlett v. Heath*, No. 3:18-CV-2812-M-BN, 2018 WL 5723163, at **2–3 (N.D. Tex. Oct. 23, 2018), *report and recommendation adopted*, No. 3:18-CV-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (applying *Younger* abstention in the context of an ongoing child support proceeding).

14.     Furthermore, Plaintiff has not pleaded facts showing that he is barred from raising his RICO claims in the Divorce Suit. *See Peterson v. Peterson*, Case No. 4:18-CV-4837, 2019 WL 8017862, at **8–9 (S.D. Tex. Oct. 30, 2019), *report and recommendation adopted*, Civil Action No. 4:18-CV-4837, 2020 WL 883224 (S.D. Tex. Feb. 21, 2020) (dismissing plaintiff's RICO claims related to his ongoing divorce proceeding and observing that "[s]tate courts have concurrent jurisdiction to hear RICO claims"). Therefore, the *Younger* abstention doctrine applies, and the Court should dismiss Plaintiff's claims for injunctive relief under Federal Rule of Civil Procedure 12(b)(1).

## II.     Plaintiff's claims against Barrows Defendants should also be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### A.     Plaintiff's claims against Barrows Defendants are barred by attorney immunity.[1]

15.     Attorneys have "true immunity from suit" against claims of non-clients for the attorney's actions taken in connection with representing a client in litigation. *Elliott v. Tucker*, Civil Action No. 4:22-cv-00135-O-BP, 2022 WL 17722672, at *5 (N.D. Tex. Nov. 29, 2022), *report and recommendation adopted*, Civil Action No. 4:22-cv-00135, 2022 WL 17718517 (N.D. Tex. Dec. 15, 2022) (citing *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016)

---

[1] Federal courts also refer to attorney immunity as "qualified immunity." To the extent applicable, Barrows also moves for dismissal of Plaintiff's claims under qualified immunity. *See Gipson v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. 3:13-CV-4820-L(BH), 2014 WL 11515582, at **4-5 (N.D. Tex. Dec. 18, 2014).

(granting motion to dismiss claims against ex-spouse's attorney arising from family law case); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 482 (Tex. 2015) (dismissing claims against law firm under attorney immunity); *Gabriel v. Outlaw*, Case No. 3:20-CV-60-K-BK, 2022 WL 617628, at *5 (N.D. Tex. Feb. 14, 2022), *report and recommendation adopted*, Case No. 3:20-CV-60-K-BK, 2022 WL 614998 (N.D. Tex. Mar. 2, 2022) (dismissing plaintiff's RICO claims against attorneys based on attorney immunity where acts complained of were taken in the course of litigation).[2]

16.     The attorney immunity doctrine stems from the broad declaration that "attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages" to non-clients. *Cantey Hanger*, 467 S.W.3d at 481. Such immunity extends to the *type* of attorney conduct "that requires the office, professional training, skill, and authority of an attorney." *Gabriel*, 2022 WL 617628, at *5; *Troice*, 816 F.3d at 349 (attorney defendants were entitled to attorney immunity because "'the *type* of conduct alleged falls squarely within the scope of [Sjoblom's] representation' of his clients").

17.     Importantly, even conduct that may be "wrongful in the context of the underlying suit" is not actionable if it is "part of the discharge of the lawyer's duties in representing his or her client." *Cantey Hanger LLP*, 467 S.W.3d at 481–82 (internal citations omitted). And "[m]erely

---

[2] Other federal courts have applied the attorney immunity doctrine to Texas lawyers, even where the court's only basis for jurisdiction was under 28 U.S.C. § 1331. *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 Fed. App'x. 180, 185–86 (5th Cir. 2021); *see also Payne v. Anthony Scott Law Firm PLLC*, Case No. 3:22-CV-2926-M-BK, 2023 WL 3587775, at *2 (N.D. Tex. May 5, 2023), *report and recommendation adopted*, Case No. 3:22-CV-2926-M-BK, 2023 WL 3590686 (N.D. Tex. May 22, 2023); *cf. Bogard, Next Friend for JCM v. Falkenberg*, No. SA-21-CV-00021-FB, 2021 WL 1026060, at *8 (W.D. Tex. Mar. 16, 2021) (questioning the application of the attorney immunity doctrine to federal claims brought pursuant to a federal court's federal question jurisdiction).

labeling an attorney's conduct 'fraudulent' does not and should not remove it from the scope of client representation or render it 'foreign to the duties of an attorney.'" *Id.* at 483.

18.    Plaintiff complains of the following conduct by Barrows:

- Barrows filed a motion for interim attorney's fees in the Divorce Suit, along with affidavits in support [Pl.'s 3d Am. Compl., ¶¶ 88, 160]
- Barrows testified in support of her motion for attorney's fees [Pl.'s 3d Am. Compl., ¶¶ 90, 91, 161];
- Barrows submitted a proposed garnishment order to the court and opposing counsel, which was signed by District Judge [Pl.'s 3d Am. Compl., ¶¶ 96, 98, 162, 163]; and
- Barrows took actions to enforce the writ of garnishment ultimately issued by the court [e.g., Pl.'s 3d Am. Compl., ¶ 165].

These actions are the *type* of conduct typical of an attorney representing her client. Thus, even if these actions were wrongful or tainted by fraud (they were not), they fall within the scope of attorney immunity. Consequently, Plaintiff's claims against Barrows, and her Firm, should be dismissed with prejudice.

**B.    Plaintiff has not sufficiently pleaded a RICO violation against Barrows Defendants.**

19.    Plaintiff accuses Barrows Defendants and others of violating several provisions of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Specifically, Plaintiff alleges that Barrows violated 18 U.S.C. §§ 1962(a), (c), and (d). [*See e.g.,* Pl.'s 3d Am. Compl., ¶¶ 157, 170, and 161, respectively]. He further alleges that the Firm violated 18 U.S.C. §§ 1962(a) and (c). [Pl.'s 3d Am. Compl., ¶¶ 169 and 159, respectively].

20.    However, Plaintiff's Third Amended Complaint fails to state any RICO claims against Barrows Defendants upon which relief can be granted. His claims under § 1962(a) fail because he does not plead he was injured by racketeering income. His claims under § 1962(c) also fail because he does not plead a pattern of racketeering activity based on qualifying predicate acts. And, finally, his claims under § 1962(d) fail, because Plaintiff has neither pleaded a substantive

RICO violation nor an agreement to commit a substantive RICO violation. *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 930 (5th Cir. 2002) (The "failure to plead the requisite elements of either a § 1962(a) or a § 1962(c) violation implicitly means that [plaintiff] cannot plead a conspiracy to violate either section" under § 1962(d).).

            **1.**       **Plaintiff has not sufficiently pleaded "continuity" as is required to support each of his RICO claims against Barrows Defendants.**

      21.       "Any RICO claim, including a RICO conspiracy claim under 18 U.S.C. § 1962(d), must include (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Simmons v. Jackson*, No. 3:15-CV-01700-S-BT, 2018 WL 7021485, at *4 (N.D. Tex. Dec. 21, 2018), *report and recommendation adopted*, Case No. 3:15-CV-01700-S-BT, 2019 WL 186654 (N.D. Tex. Jan. 14, 2019) (internal citations omitted). To establish a "pattern" of racketeering activity, Plaintiff must allege at least two predicate acts that are (1) related to each other and (2) constitute or threaten long-term criminal activity. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (referring to these requirements as the "relationship prong" and "continuity prong," respectively, of a RICO claim).

      22.       Continuity is a temporal concept. *Tel-Phonic Services, Inc. v. TBS Intern., Inc.,* 975 F.2d 1134 (5th Cir. 1992). It refers "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989). Importantly, "[c]ontinuity cannot be established by multiple acts of fraud that are part of a single transaction." *Orthoflex, Inc. v. ThermoTek, Inc.*, Civil Action No. 3:10-CV-2618-D, 2012 WL 2864510, at *3 (N.D. Tex. July 12, 2012). Additionally, "[m]ultiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern." *Munck Wilson Mandala LLP v. Jordan*, Civil Action No. 3:22-CV-01657-M, 2023 WL 5437771, at *11 (N.D. Tex. Aug. 22, 2023)

(quoting *Jones v. Lampe*, 845 F.2d 755, 757 (7th Cir. 1988)), *appeal docketed*, No. 23-10904 (5th

Cir. Aug. 31, 2023); *see also D&T Partners v. Baymark Partners LP*, Civil Action No. 3:21-CV-

1171-B, 2022 WL 13829913, at \*6 (N.D. Tex. Oct. 21, 2022), *appeal docketed*, No. 22-11148 (5th

Cir. Nov. 22, 2022) ("The Court resists Plaintiffs' attempt to establish a pattern of racketeering

simply by tallying every back-and-forth email Defendants sent.").

23.     Consistent with these principles, the Fifth Circuit found a lack of continuity where

the plaintiff alleged that defendants' actions during the course of a single lawsuit constituted a

"pattern of racketeering activity." *In re Burzynski*, 989 F.2d 733, 743–44 (5th Cir. 1993). The court

reasoned that, because the defendants performed all of the alleged predicate acts during the course

of a single transaction—the litigation, which lasted just over five years—plaintiff had not

sufficiently pleaded the continuity prong of his RICO claim. *Id.* Similarly, a court found a lack of

continuity where plaintiffs brought RICO allegations against businesses, a law firm, and a senior

creditor, whom plaintiffs alleged colluded to fraudulently transfer plaintiff's assets to a different

entity. *D&T Partners*, 2022 WL 13829913, at \*\*6–7. The court reasoned that "[t]he scheme came

to its natural conclusion . . . when the assets were siphoned out of [plaintiff's account]. Beyond

the singular scheme, Plaintiffs' assertion of a 'continuing threat' because Defendants regularly

seek out new business opportunities and these 'businesses [] would suffer the same fate as

[plaintiff]' is entirely conclusory." *Id.* at \*6.

24.     The above examples underscore Plaintiff's failure to plead continuity in his Third

Amended Complaint. Like the plaintiffs in *In re Burzynski* and *D&T Partners*, Plaintiff identifies

a single episode of alleged fraud (the withdrawal of funds from his retirement account), involving

one alleged victim (himself), and relating to one basic transaction (the Divorce Suit). Although

Plaintiff attempts to enlarge this single transaction into a larger scheme by referencing other "Texas

consumers" who have been or will be injured by the conduct alleged, these allegations are entirely conclusory. [*See, e.g.,* Pl.'s 3d Am. Compl., ¶¶ 11, 155]. Plaintiff has not pleaded *facts* demonstrating that this alleged misappropriation of his retirement funds goes beyond just himself. And, to be sure, Plaintiff does not allege, or plead any facts to support, that the Barrows Firm, as an "enterprise," has engaged in a "pattern of racketeering" outside of the Divorce Suit. Thus, all of Plaintiff's RICO claims against Barrows Defendants, whether under subsection (a), (c), or (d) should be dismissed based on Plaintiff's failure to plead the essential element of continuity.

### 2. Plaintiff has not sufficiently pleaded violations of 18 U.S.C. § 1962(a) against Barrows Defendants.

25.     In his Third Amended Complaint, Plaintiff makes the following allegations accusing Barrows Defendants of violating 18 U.S.C. § 1962(a):

> ¶ 149. …They contributed a portion of their proceeds of such income, received through racketeering activities, to maintain their attorney license issued by *the State Bar of Texas*.

> ¶ 157. …The annual financial report proved this cash flow relationship. Plaintiff alleges that, such income (injuries through Defendants' racketeering activities), which *Defendants Leslie Starr Barrows* and *Defendant Samantha Ybarra* received from these multiple racketeering activities, were used and invested, directly and indirectly, part of such income and the proceeds of such income, in acquisition of interests in, and the establishment and operation of, an enterprise, *the Barrows Firm*.

> ¶ 169. …[S]uch income (injuries through these RICO racketeering activities), which *Defendant Leslie Star Barrows* obtained from these multiple racketeering activities, were used, directly and indirectly, part of such income and the proceeds of such income, in acquisition of interests in, and the establishment and operation of, the Barrows Firm. Such income was in conjunction with the enterprise's business income. [ . . . ] By spending such income (injuries through these RICO racketeering activities), the ***enterprise, Defendant the Barrows Firm***, also provided the facility, paid office, equipment, telecommunication cost and paychecks to support all the expense requirement to aid and abet these RICO racketeering activities conducted by the persons. Using such income, *Defendant Leslie Starr Barrows* and *Defendant Samantha Ybarra* were paid by

>    *Defendant the Barrows Firm* to operate these RICO racketeering
>    activities.

[Pl.'s 3d Am. Compl., ¶¶ 149,157, 169].

26.     Section 1962(a) provides in pertinent part: "[i]t shall be unlawful for any person

who has received any income derived, directly or indirectly, from a pattern of racketeering activity

. . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income,

in acquisition of any interest in, or the establishment or operation of, any enterprise which is

engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a).

27.     The Fifth Circuit has clarified that § 1962(a) must be read in conjunction with 18

U.S.C. § 1964(c), which creates a civil cause of action for damages ***resulting*** from violations of

§ 1962. *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir. 2002). Section

1964(c) contains causal language that "requires that the compensable injury stem directly from the

violation of the RICO section in question." *Id.* Thus, as the Fifth Circuit explains:

>    [f]or claims arising under § 1962(a), alleging an injury solely from
>    the predicate racketeering acts themselves is not sufficient because
>    § 1962(a) does not prohibit those acts. Instead, any injury must flow
>    from *the use or investment of racketeering income*. Here, Nolen's
>    alleged injury stems solely from Nucentrix's assessment and
>    collection of late fees, not from Nucentrix's use or investment of
>    those fees. As such, Nolen has failed to assert a valid claim under
>    § 1962(a).

*Id.* at 929–30 (internal citations omitted) (emphasis in original).

28.     Like the plaintiff in *Nolen*, Plaintiff's alleged injury does not stem from Barrows

Defendants' (or any other Defendants') purported use or investment of racketeering income.

Instead, Plaintiff's alleged injury is the withdrawal of funds from his 401K account to satisfy the

order awarding interim attorney's fees to Wang in the Divorce Suit. [*See, e.g.,* Pl.'s 3d Am.

Compl., ¶¶ 73, 74, 78]. Indeed, Plaintiff admits that "the direct injury from Defendant's acts is that

Plaintiff is losing his access right to the employment retirement fund, located in the State of

21

Minnesota, from August 2022 until the present." [*Id.*, at ¶ 304]. Plaintiff's purported injury is tied to the alleged predicate acts of racketeering activity, by which Defendants obtained funds from Plaintiff's retirement account. Plaintiff has not sufficiently pleaded, nor even alleged, any further injury related to Defendants' later use or investment of those funds as is required to support a claim under 18 U.S.C. § 1962(a).

29.     Plaintiff's vague, generalized statements about how Barrows Defendants might have used or invested these supposedly ill-gotten funds does not satisfy the causation requirement inherent in § 1962(a). [Pl.'s 3d Am. Compl., ¶ 159 ("The enterprise, *the Barrows Firm* pays *Defendant Leslie Starr Barrows* and *Defendant Samantha Ybarra* using such income (injuries through these RICO racketeering activities). The enterprise, *the Barrows Firm* retains profits for marketing both online and locally, thereby expanding its business and allegedly soliciting more victims for its purported racketeering activities.")]. These conclusory, speculative allegations are devoid of any factual underpinning and do not demonstrate how *Plaintiff* has been or will be injured by the alleged use of the funds to pay the Firm's ordinary business expenses. Therefore, Plaintiff's claim against Barrows Defendants under § 1962(a) should be dismissed with prejudice.

**3.     Plaintiff has not sufficiently pleaded violations of 18 U.S.C. § 1962(c) against Barrows Defendants.**

30.     Plaintiff alleges that Barrows committed "multiple RICO racketeering activities." [Pl.'s 3d Am. Compl., ¶ 168]. Specifically, with respect to his claims under § 1962(c), Plaintiff accuses Barrows of committing the following acts:

- Embezzling from an employee benefit plan in violation of 18 U.S.C. § 664 [*Id.* at ¶¶ 73, 102, 104, 166, 167, 171];
- Making false statements or concealing facts in relation to documents required by ERISA in violation of 18 U.S.C. § 1027 [*Id.* at ¶¶ 73, 102, 167];
- Committing mail fraud in violation of 18 U.S.C. § 1341 [*Id.* at ¶¶ 99, 164, 166, 171];

22

- Committing wire fraud in violation of 18 U.S.C. § 1343 [*Id.* at ¶¶ 89, 96, 98, 99, 160, 162–66, 171];
- Conspiring to commit mail or wire fraud in violation of 18 U.S.C. § 1349 [*Id.* at ¶¶ 102, 161, 166, 171];
- Committing aggravated perjury in violation of Texas Penal Code § 37.03 [*Id.* at ¶¶ 89, 90, 96, 98, 99];
- Committing official oppression in violation of Texas Penal Code § 39.03(a)(2) [*Id.* at ¶ 91];
- Engaging in "criminal solicitation" [*Id.* at ¶ 101]; and
- Knowingly violating 29 U.S.C. § 1056, which governs the assignability and alienability of pension plans [*Id.* at ¶ 101].

31.     Plaintiff accuses the Firm of violating § 1962(c) once in his 82-page Third

Amended Complaint:

> Plaintiff alleges that, by spending such income (injuries through these RICO racketeering activities), the ***enterprise, the Barrows Firm***, also provided the facility, paid office, equipment, telecommunication cost and paychecks to support all the expense requirement to aid and abet these RICO racketeering activities conducted by the persons. The enterprise, *the Barrows Firm* pays *Defendant Leslie Starr Barrows* and *Defendant Samantha Ybarra* using such income (injuries through these RICO racketeering activities). The enterprise, *the Barrows Firm* retains profits for marketing both online and locally, thereby expanding its business and allegedly soliciting more victims for its purported racketeering activities. Plaintiff alleges that, the ***enterprise***, *the Barrows Firm* and *Defendant Leslie Starr Barrows* also use such income to acquire local real estate property. Plaintiff alleges that the facts and allegations herein above, constitute a violation as defined in *18 U.S.C. § 1962(c)*, by the enterprises, *the Barrows Firm*.

[Pl.'s 3d Am. Compl., ¶ 159].[3]

32.     To establish a violation of 18 U.S.C. § 1962(c), a plaintiff must plead a pattern of

racketeering activity, which requires him to allege (1) the predicate acts of racketeering activity

and (2) a pattern of such acts. *Simmons*, 2018 WL 7021485, at *5. The predicate acts of

---

[3] Plaintiff fails to identify any predicate acts of racketeering activity committed by the Firm. Furthermore, Plaintiff has failed to plead specific facts which establish that the Firm exists for purposes other than simply to commit the predicate acts, as is required to support his RICO claims against it. *Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 650 (S.D. Tex. 2016). Therefore, any claim Plaintiff attempts to lodge against the Firm under § 1962(c) should be dismissed with prejudice. The rest of this section is devoted to Plaintiff's subsection (c) claims against Barrows, which should likewise be dismissed with prejudice.

racketeering activity are listed in 18 U.S.C. § 1961(1). Section 1961 essentially sets forth two categories of conduct: Subsection (A) lists "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under <u>State</u> law and punishable by imprisonment for more than one year." (underline added); and Subsections (B) through (G) then list several specific <u>federal</u> statutes, the violation of which also constitutes "racketeering activity" for RICO purposes. *See* 18 U.S.C. § 1961(1).

33.     Several of the provisions Plaintiff accuses Barrows of violating—namely, 18 U.S.C. § 1027, 18 U.S.C. § 1349, 29 U.S.C. § 1056, Tex. Pen. Code § 37.03, and Tex. Pen. Code § 39.03(a)(2)—are not included in the § 1961(1) list of "racketeering activities."[4] *See* 18 U.S.C. § 1961(1); *see also, e.g., Gabriel*, 2022 WL 617628, at *5 ("The Court thus finds that the alleged perjury that took place in State Suit proceedings cannot reasonably constitute a predicate act for RICO purposes."); *United States v. Weisman*, 648 F.2d 367, 400 (5th Cir. 1981) (since conspiracy to commit mail fraud is not specifically listed as a racketeering activity in § 1961(1)(B), it cannot serve as a predicate offense to support a RICO claim). Thus, these statutes cannot support Plaintiff's RICO claims against Barrows. Furthermore, Plaintiff has failed to show that these provisions supply him with a private right of action separate and apart from the RICO Act. *See Terry v. Oncor Delivery*, No. 14-CV-3496-P, 2014 WL 7174300, at *3 (N.D. Tex. Dec. 16, 2014) ("[T]he party seeking to imply a private right of action bears the burden to show Congress intended to create one." (citing *Suter v. Artist M.*, 503 U.S. 347, 363 (1992))).

---

[4] Plaintiff also makes an untethered allegation that Barrows engaged in "criminal solicitation." [Pl.'s 3d Am. Compl., ¶ 101]. Such allegation is likewise insufficient to support Plaintiff's § 1962(c) claim against Barrows.

34.     Plaintiff also relies on three statutes against Barrows that are listed as predicate acts, 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), and 664 (theft/embezzlement from employee benefit plan). *See* 18 U.S.C. § 1961(1). However, Plaintiff has not pleaded facts sufficient to show that Barrows violated any one of these provisions.

35.     As for Plaintiff's mail and wire fraud allegations, he has not pleaded these claims against Barrows with particularity as required by Federal Rule of Civil Procedure 9(b). *Tele-Phonic Servs., Inc.*, 975 F.2d at 1139 ("At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."); *McPeters v. Edwards*, 806 F. Supp. 2d 978, 989–90 (S.D. Tex. 2011), *aff'd*, 464 Fed. Appx. 351 (5th Cir. 2012) (heightened pleading standard applies to RICO claims based on allegations of fraud, such as alleged violations of 18 U.S.C. §§ 1341, 1343).

### 4.     Plaintiff has not sufficiently pleaded violations of 18 U.S.C. § 1962(d) against Barrows.

36.     As discussed above, Plaintiff's claims against Barrows under § 1962(d) must be dismissed because Plaintiff fails to plead plausible claims for relief against Barrows under §§ 1962(a) and (c). *Supra*, at 18-25. However, even if Plaintiff has pleaded a viable claim against Barrows under subsections (a) or (c), Plaintiff's 1962(d) claims against Barrows still must be dismissed because Plaintiff has failed to plead the existence of an agreement to commit two or more predicate acts in furtherance of the alleged RICO conspiracy. 18 U.S.C. § 1962(d).

37.     The elements of a conspiracy to violate RICO are: "(1) knowledge by the defendant of the essential nature of the conspiracy; (2) the defendant's objective manifestations of an agreement to participate in the conduct of the affairs of an enterprise; and (3) an overt act, which need not be a crime, in furtherance of the conspiracy." *Bonton v. Archer Chrysler Plymouth,*

*Inc.*, 889 F. Supp. 995, 1005 (S.D. Tex. 1995) (citing *United States v. Sutherland*, 656 F.2d 1181, 1187 n.4 (5th Cir.1981)). Importantly, a RICO complaint "which merely implies, with the conclusory allegation of a conspiracy, that a defendant is responsible for someone else's fraudulent acts is insufficient." *Id.* (internal citations omitted). Instead, a plaintiff "must allege that defendants entered into an agreement to commit two or more predicate acts in furtherance of the RICO conspiracy." *Cnty. of El Paso, Tex. v. Jones*, No. EP-09-CV-00119-KC, 2009 WL 4730305, at *24 (W.D. Tex. Dec. 4, 2009); *Tel-Phonic Servs., Inc.*, 975 F.2d at 1140 ("[B]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement.").

38.     Plaintiff has not sufficiently pleaded such an agreement. Plaintiff makes the following conclusory allegation of conspiracy: "[s]ince that day until today, every member of the State Bar of Texas has been working under a RICO conspiracy to ensure that every unlawful act they committed against Plaintiff can be covered up. This has been going on since that day." [Pl.'s 3d Am. Compl., ¶ 75]. Plaintiff tries again: "*Defendant Leslie Starr Barrows*, the conspirator, solicited two other members of the State Bar of Texas, who are conspirators, to agree to assist her in accomplishing prior mail frauds and wire frauds." [*Id.* at ¶ 166]. But, Plaintiff's Third Amended Complaint, like the deficient pleading in *Tel-Phonic Services, Inc.*, "does not allege *facts* implying any agreement involving *each* of the Defendants to commit at least two predicate acts." 975 F.2d at 1140 (emphasis added). Thus, Plaintiff's RICO conspiracy claims against Barrows should be dismissed with prejudice.[5]

---

[5] It does not appear that Plaintiff alleges that the Firm conspired to violate RICO. However, to the extent that Plaintiff so argues, his § 1962(d) claims against the Firm should be dismissed for the same reasons.

**C.**     **Plaintiff has not sufficiently pleaded an antitrust claim against Barrows.**

39.     In his Third Amended Complaint, under "Second Claim for Relief," Plaintiff asserts an antitrust claim arising under Section 2 of the Sherman Antitrust Act. [Pl.'s 3d Am. Compl., ¶¶ 205–75]. Plaintiff only identifies the State Bar of Texas in his title of this section. But, in response to other Defendants' Motions to Dismiss, Plaintiff claims his anti-trust claim is not limited to the State Bar of Texas. Plaintiff makes only passing reference to Barrows within that section, identifying her as a "conspirator" with the State Bar of Texas to monopolize "legal service[s]." [Pl.'s 3d Am. Compl., ¶ 241]. Assuming that Plaintiff asserts his anti-trust claim against Barrows (he did not), Plaintiff's claim is without merit.

40.     Section 2 of the Sherman Antitrust Act creates three distinct civil claims: (i) monopoly, (ii) attempt to monopolize, and (iii) conspiracy to monopolize. *N. Miss. Commc'ns, Inc. v. Jones*, 792 F.2d 1330, 1335 (5th Cir. 1986). Plaintiff suggests that the State Bar of Texas constitutes a "natural monopoly." [*See, e.g.,* Pl.'s 3d Am. Compl., ¶¶ 217, 220, 234]; *see also Parsons v. Ford Motor Co.*, 669 F.2d 308, 312 (5th Cir. 1982) (suggesting that "natural monopolies" do not contravene anti-trust laws). However, with respect to Barrows, Plaintiff's claim appears limited to conspiracy to monopolize. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc.*, 200 F.3d 307, 315–16 (5th Cir. 2000) (characterizing plaintiff's allegations as a conspiracy to monopolize claim where plaintiff did not show that any one defendant engaged in an attempt to monopolize nor that any one entity succeed in singularly monopolizing the relevant market).

41.     "A conspiracy to monopolize can be established only by proof of (1) the existence of specific intent to monopolize; (2) the existence of a combination or conspiracy to achieve that end; (3) overt acts in furtherance of the combination or conspiracy; and (4) an effect upon a

substantial amount of interstate commerce." *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc.*, 200 F.3d 307, 316 (5th Cir. 2000) (quoting *N. Miss. Commc'ns*, 792 F.2d at 1335).

42.     Aside from his conclusory statement that "The State Bar of Texas affects interstate trade and commerce," Plaintiff has not pleaded these elements with respect to any defendant, much less Barrows. [Pl.'s 3d Am. Compl., ¶ 216]. Plaintiff has not alleged any specific intent to monopolize by Barrows, nor her assent to any agreement to achieve the purported monopolization. Thus, Plaintiff's antitrust claim, if it applies against Barrows Defendants, should be dismissed with prejudice.[6] *See, e.g., Krempp v. Dobbs*, 775 F.2d 1319, 1321–22 (5th Cir. 1985) (affirming dismissal of antitrust claims against lawyers, judges, and the State Bar of Texas based on an adverse ruling in a family court proceeding).

### D.     Plaintiff has not sufficiently pleaded his constitutional claims against Barrows.

43.     In the section of Plaintiff's Third Amended Complaint titled "Fourth Claim for Relief," Plaintiff alleges that Barrows violated certain provisions of the United States and Texas Constitutions, as well as 42 U.S.C. § 1983. [Pl.'s 3d Am. Compl., ¶¶ 297–313]. However, each of these claims should be dismissed with prejudice for the same reason: Plaintiff has not pleaded, nor can he credibly plead, that Barrows is a state actor, as is required to make prima facie showings under each of the provisions Plaintiff identifies.[7]

44.     Plaintiff accuses Barrows of violating the Texas Constitution, art. I, §§ 13 and 19. However, a plaintiff cannot maintain claims under article I of the Texas Constitution against

---

[6] Again, it does not appear that Plaintiff asserts an antitrust claim against the Firm. However, to the extent he does, his antitrust claim against the Firm also lacks merit for the same reasons and should be dismissed with prejudice.

[7] Barrows's status as a private actor provides yet another basis for dismissing Plaintiff's claim of "official oppression" against her under Tex. Pen. Code § 39.03(a)(2). *See supra*, at 32; *see also* Tex. Pen. Code § 1.07(a)(41) (excluding private lawyers from the definition of "public servant" as that phrase is used in § 39.03).

defendants who are not state actors. *Johnson v. State Farm Mut. Ins. Co.*, 520 S.W.3d 92, 101 (Tex. App.—Austin 2017, pet. denied) (citing *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 91, 93 (Tex. 1997). Furthermore, "[a] private party's actions should not be construed as state action simply because the private party is licensed by the state." *Id.* (citing *Campos v. S. Tex. Beverage Co.*, 679 S.W.2d 739, 740 (Tex. App.—El Paso, no writ 1984); [*see* Pl.'s 3d Am. Compl., ¶ 301]. This "state action" requirement applies equally to claims under the 14th Amendment of the U.S. Constitution. *E.g., Jewell v. City of Covington, Ga.*, 425 F.2d 459, 460 (5th Cir. 1970) (observing that "[t]he fourteenth amendment, of course, applies only to state action" and that plaintiff "made no allegation to bring his complaint within the scope of protection of the fourteenth amendment").

45.     Moreover, Plaintiff has not plausibly pleaded Barrows's violation of either section of the Texas Constitution. Section 13 provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. Art. I, Sec. 13. Plaintiff does not specify which provision of section 13—the excessive fines provision or the open courts provision—Barrows has violated. [*See* Pl.'s 3d Am. Compl., ¶ 302]. However, neither provision applies here based on the facts alleged. *See Celotex Corp. v. Tate*, 797 S.W.2d 197, 208 (Tex. App.—Corpus Christi-Edinburg 1990, writ dism'd by agreement) (excessive fines clause inapplicable to common law damages, even punitive damages, as between two private civil litigants); *see also Yancy v. United Surgical Partners Intern., Inc.*, 236 S.W.3d 778, 783 (Tex. 2007) ("Proof of an open courts violation requires two elements: (1) a cognizable, common-law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis.").

46.     Section 19 provides: "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. Art. I, Sec. 19. An action violates this due course of law guarantee if (1) it is fairly attributed to the state, (2) it affects an enumerated interest of the plaintiff that is entitled to protection, and (3) the governmental actor did not follow due course of law in depriving plaintiff of that interest. *See Tex. S. Univ. v. Villarreal*, 620 S.W.3d 899, 905 (Tex. 2021); *Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 339 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Plaintiff's conclusory allegation that Barrows violated section 19 by depriving him of $25,000 "to pay herself" falls far short of pleading these required elements. [*See* Pl.'s 3d Am. Compl., ¶ 302].

47.     Nor has Plaintiff alleged facts which would transform Barrows, a private actor, into a state actor for purposes of 42 U.S.C. § 1983. *Dolenz v. Akin*, Civ.A. No. 3:95-CV-1605-P, 1997 WL 21388, at *3 (N.D. Tex. Jan. 14, 1997), *aff'd*, 129 F.3d 612 (5th Cir. 1997) (collecting cases) ("The law is clear that a private attorney who merely represents a client in a civil proceeding . . . does not act under the color of state law."); *Payne*, 2023 WL 3587775, at *4 ("To support a conspiracy allegation, the plaintiff must assert facts which demonstrate (1) an agreement between the private defendants and the state actor to commit an illegal act . . . and (2) an actual deprivation of the plaintiff's constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice to convert a private actor into a state actor for purposes of section 1983."); *Krempp*, 775 F.2d at 1321 (noting, under similar circumstances to Plaintiff's allegations here, that "[t]he facts alleged against the former wife's . . . attorneys do not even remotely support a recovery under the civil rights statutes.").

**E.     Plaintiff does not sufficiently plead his entitlement, if any, to injunctive relief.**

48.     Plaintiff has not demonstrated his entitlement to injunctive relief against Barrows Defendants. To support the "extraordinary equitable remedy" of a preliminary injunction, a

plaintiff must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). Importantly, Plaintiff must show "a real and immediate threat of future or continuing injury ***apart from any past injury***." *Aransas Project v. Shaw*, 775 F.3d 641, 663-64 (5th Cir. 2014) (emphasis added). "A '[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.'" *BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC*, Civil Action No. 3:22-CV-1981-L, 2023 WL 223179, at *6 (N.D. Tex. Jan. 17, 2023) (quoting *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013)). And, Plaintiff must also "demonstrate that such injury 'cannot be undone through monetary remedies.'" *BHI Energy*, 2023 WL 223179, at *6 (quoting *Dennis Melancon, Inc. v. City of New Orleans*, 803 F.3d 262, 279 (5th Cir. 2012)).

49.     Plaintiff has not, and cannot, state plausible claims for relief against Barrows Defendants. And, Plaintiff has not pleaded, or provided any evidence, that (1) he will suffer a new future or continuing irreparable injury if his requests for injunctive relief are denied; and (2) monetary relief is insufficient to cure his alleged injury. *See BHI Energy*, 2023 WL 223179, at *6 ("Conclusory and unsubstantiated allegations, on the other hand, do not constitute evidence and are insufficient to support Plaintiff's burden as the party seeking injunctive relief, even if verified or included in an affidavit.").[8] Therefore, Plaintiff's request for injunctive relief against Barrows Defendants should be denied.

---

[8] Plaintiff's Third Amended Complaint is not supported by a verification or affidavit. [Pl.'s 3d Am. Compl.].

## CONCLUSION

Plaintiff's request for injunctive relief against Barrows Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine. Furthermore, Plaintiff's claims against Barrows Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because (i) they are barred by the attorney immunity doctrine, and (ii) Plaintiff fails to sufficiently plead the alleged RICO violations against Barrows Defendants.

Additionally, Plaintiff's claims against Barrows should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not pleaded the elements of conspiracy to monopolize, nor has he pleaded facts suggesting that Barrows is a "state actor."

For the reasons set forth above, Barrows Defendants respectfully request that the Court dismiss Plaintiff's Third Amended Complaint against Barrows Defendants, without leave to amend, and for such other and further relief to which Barrows Defendants may be justly entitled.

Dated: October 9, 2023                          Respectfully submitted,


        */s/ Caroline M. Cyrier*
Roland K. Johnson
State Bar No. 00000084
rolandjohnson@hfblaw.com
Caroline M. Cyrier
State Bar No. 24097558
ccyrier@hfblaw.com
**Harris, Finley & Bogle, P.C.**
777 Main Street, Suite 1800
Fort Worth, Texas 76102
Telephone:      817-870-8700
Facsimile:      817-332-6121

**ATTORNEYS FOR LESLIE
STARR BARROWS AND
THE BARROWS FIRM**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument has been served on all parties and counsel of record in compliance with the Federal Rules of Civil Procedure on this 9th day of October 2023.

*/s/ Caroline M. Cyrier*
Caroline M. Cyrier