IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-758-P |
| | § | |
| THE STATE BAR OF TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT TARRANT COUNTY'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE MARK PITTMAN:

**I. Introduction and Summary of Relief**

Plaintiff Conghua Yan's response to Tarrant County's motion to dismiss is tantamount to no response at all (ECF No. 88), such that this Court should summarily grant the County's motion (ECF No. 70). Instead of responding to the County's motion, Plaintiff baselessly argues outside of the pleadings, concluding with a request for leave to amend—for a fourth time—to name additional parties, specifically the County's attorney in this litigation. ECF No. 88. Plaintiff preposterously argues that the undersigned counsel's action in conferring with Plaintiff by email, in the course of this litigation, about Plaintiff's prior request for leave to amend is somehow the same as a lawyer who was criminally charged with laundering money for a drug kingpin. *Id.*, ¶ 19. This Court has already afforded Plaintiff enough opportunities to state his best case (*see* ECF No. 58), and Plaintiff should not be allowed to further expand and advance his frivolous, conspiratorial claims. Rather, this Court should deny Plaintiff's request for leave to amend and should grant the County's motion to dismiss with prejudice.

1

## II. Arguments in Reply

**A.      The Court should grant the motion to dismiss based on Plaintiff's failure to respond.**

In the County's motion to dismiss Plaintiff's Third Amended Complaint, the County challenged Plaintiff's standing to sue, explained why the County cannot be liable under RICO, and argued why the County is not liable for any alleged violation of section 1983. ECF No. 70. Plaintiff did not address any of these grounds for dismissal. ECF No. 88. Plaintiff has, therefore, abandoned his claims against the County, and this Court should dismiss his claims against the County.

This Court has previously recognized that, "[w]hen a plaintiff fails to respond to a motion to dismiss, the Court has discretion to find that the plaintiff has forfeited the right to continue litigating the claim." *Harris v. Cenlar FSB*, No. 4:19-CV-00639-P, 2019 WL 5578572, at *6 (N.D. Tex. Oct. 29, 2019) (Pittman, J.) (quoting *Scott v. Liberty Cty., Tex.*, No. 1:10-CV-609-TH, 2012 WL 6000405, at *8 (E.D. Tex. Nov. 30, 2012)). This Court has further stated that dismissal may be appropriate because judges are not required to do non-responding plaintiffs' work for them:

> Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response.

*Id.*, at *6-7 (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)).

Here, the County has given numerous, plausible reasons as to why this Court should dismiss Plaintiff's Third Amended Complaint, ECF No. 70, reasons that the County previously asserted against Plaintiff's Original Complaint, ECF No. 18 (the County's first motion to dismiss), and which Plaintiff has chosen to ignore each time he amended, ECF Nos. 27, 48, 60 (amended complaints). Because Plaintiff has not responded to each of the County's specific grounds for dismissal, this Court should find that Plaintiff has forfeited his right to continue litigating his claims against the County and should dismiss his claims. *Id.*; *see also Bridgestone Americas Tire Operations, LLC v. Speedways Tyres Ltd.*, No. 4:22-CV-0145-P, 2023 WL 5105776, at *4 (N.D.

Tex. Aug. 9, 2023) (Pittman, J.) (citing *Ark. v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level.")).

**B.      Plaintiff is not allowed to present allegations outside of the pleadings.**

Were this Court to consider Plaintiff's response, this Court cannot consider anything Plaintiff alleges in his response that is not stated in his Third Amended Complaint. *Compare* ECF No. 88 (response), *with*, ECF No. 60 (Third Amended Complaint). In fact, Plaintiff's response does not refer to his Third Amended Complaint at all in his introduction section and in the argument section only once references a document attached to the third amended complaint. ECF No. 88, ¶¶ 1-14, 21 (citing ECF No. 60, PageID 1194). The bulk of Plaintiff's response complains about an 8/24/23 email conference (required under the local rules) with the undersigned attorney about Plaintiff's request for leave to amend, in which the undersigned stated the terms on which the request would be un/opposed. *Id.*, ¶¶ 1-14. On the whole, Plaintiff's factual assertions in his response are not tied to the Third Amended Complaint.

As the Fifth Circuit has repeatedly held, at the motion-to-dismiss stage, the "inquiry focuses on the allegations in the pleadings." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007); *see also Sw. Bell Tel., L.P. v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint."); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). All of the factual allegations cited in Plaintiff's response that are not in Plaintiff's Third Amended Complaint (including those about the 8/24/2023 email exchange) are not properly before this Court. *See Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Sw. Bell Tel., LP*, 529 F.3d at 263; *Roubinek v. Select Portfolio Serv. Inc.*, 3:11-cv-3481-D, 2012 WL 2358560, at *3 n.2 (N.D.

3

Tex. June 21, 2012); *Coach, Inc. v. Angela's Boutique*, H-10-1108, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011) ("Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings.") (citation omitted).

Simply put, Plaintiff has not directed this Court to allegations in his pleadings to show his claims are plausible, and he has not shown how any of his claims against the County can survive the County's motion to dismiss. For the reasons stated in the County's motion, this Court should dismiss Plaintiff's claims against the County.

**C.   This Court should deny Plaintiff's now fourth request for leave to amend.**

Instead of addressing the County's arguments, Plaintiff devotes his argument to ask for yet another chance to amend. ECF No. 88. This Court should deny Plaintiff's fourth request for leave to amend for at least the following two reasons.

**First**, in allowing the third amendment, the Court stated, "[b]ecause the Court has granted Plaintiff multiple opportunities to file an amended complaint, the Court will not grant additional motions for leave to file an amended complaint absent extraordinary circumstances." ECF No. 58. Plaintiff has not shown extraordinary circumstances. Therefore, leave should be denied.

**Second**, leave should be denied because Plaintiff seeks leave to file a futile amendment that would be brought in bad faith when he has already pleaded his "best case." Rule 15(a) provides that leave to amend shall be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a). Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted). Granting leave, however, is not required if the plaintiff has already pleaded his "best case." *Brewster*, 587 F.3d at 768 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); *see also Jacquez v.*

4

*Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

Courts typically examine five factors when deciding whether to grant a party leave to amend a complaint: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F. 3d 854, 864 (5th Cir. 2003) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Weighing these factors, dismissal with prejudice is warranted here.

Plaintiff wants to pursue a frivolous and futile claim that would be brought in bad faith. The County has already explained why it cannot be sued under RICO and why Plaintiff has failed to state a claim. ECF No. 70, PageID 1277-1283. The County stated these grounds as to Plaintiff's Original Complaint, and he has had three opportunities to amend and correct identified deficiencies. Plaintiff did not, *see* ECF Nos. 27, 48, 60—and cannot—fix the deficiencies.

Now Plaintiff wants to join the County's lawyer, which would be wholly inappropriate, given that there is no basis in fact or law for such a claim. Plaintiff cites a 2019 case from the Fourth Circuit, involving a drug kingpin's lawyer, who was involved in money laundering and various other actual crimes. ECF No. 88 (citing *United States v. Farrell*, 921 F.3d 116, 138-39 (4th Cir. 2019)). That case has absolutely no relevance here to this case, which involves a family court litigant suing a family law associate judge, the County who created the associate judge's position and pays her salary, the State Bar, and a multitude of lawyers because the family court litigant does not like a judicial ruling about attorney's fees that he could have challenged in state court. ECF No. 88. Plaintiff complains about the undersigned attorney's August 24, 2023 email

5

communication responding to Plaintiff's request for leave to amend—involving communications made in the course of this lawsuit—none of which constituted a crime. *Id.*

Plaintiff has twice sought sanctions arising out of the email exchange. ECF Nos. 33, 74, 79. In denying Plaintiff's first motions for sanctions, the Court agreed with the County's argument that the County's attorney is immune from suit and that the email exchange did not constitute a crime. ECF Nos. 40, 59. In denying the second motion, the Court reached the same conclusion and further warned Plaintiff not to seek unwarranted sanctions against the County's attorney on the basis of the 8/24/2023 email exchange. ECF No. 79 ("If Plaintiff files any future frivolous motions for sanctions, the undersigned will recommend appropriate sanctions against Plaintiff.").

Apparently undeterred, Plaintiff now wants to sue the County's attorney for the same email exchange. ECF No. 88. Again, by reading the email exchange, the Court will see that no threat was made. *Id.*, ¶ 4. Rather, the undersigned counsel stated the terms on which he would oppose/not oppose Plaintiff's motion for leave to amend in a conference required under the local rules. *Id.* While Plaintiff now claims to have been threatened, at the time, Plaintiff thanked the undersigned in response to the email. ECF No. 74, Page ID 1305 ("Noted with thanks."). No predicate RICO crime was, or could have been, committed in responding to Plaintiff's email about his prior motion for leave to amend.

Plaintiff's suggestion that the County's lawyer tampered with a witness in sending the email is ridiculous. ECF No. 88, ¶ 13. The County's attorney asked that Plaintiff voluntarily drop both named defendants Tarrant County and Associate Judge DeAngelis from the case, *id.*, ¶ 4— the same relief asked of this Court in the motions to dismiss, ECF Nos. 69, 70. That is not witness tampering; it is defense of the undersigned's clients.

Additionally, such communications made in the context of this litigation cannot serve as the basis of any claim against the County's attorney. Texas attorneys who represent their clients

in litigation are immune from allegations arising out of communications to an opposing party about that litigation. *See Elliott v. Tucker*, No. 4:22-CV-00135-O-BP, 2022 WL 17722672, at *5 (N.D. Tex. Nov. 29, 2022), *R&R adopted*, No. 4:22-CV-00135-O-BP, 2022 WL 17718519 (N.D. Tex. Dec. 15, 2022), *appeal dismissed sub nom. Elliott v. Boysen*, No. 23-10039, 2023 WL 4491758 (5th Cir. Mar. 1, 2023).[1] As a matter of law, in defending the County and Associate Judge DeAngelis in this matter (including responding to Plaintiff's emails), the undersigned cannot be sued or liable as a "fixer," "consigliere," RICO "conspirator," or any other similar label, as Plaintiff claims; the undersigned remains immune from suit. ECF No. 88, ¶ 19. Accordingly, there is no basis in law or fact for Plaintiff to sue the County's attorney.

Finally, Plaintiff's motion is premised on the erroneous notion that the undersigned had not established an attorney-client relationship with Associate Judge DeAngelis on August 24. Plaintiff has not supported this assertion with any evidence. Without getting into attorney-client privileged communications, Plaintiff served the County on July 29 (ECF No. 23) and Associate Judge DeAngelis on August 24 (ECF No. 24), so it should be inferred that an attorney-client relationship existed with Associate Judge DeAngelis at the time of the questioned August 24 email exchange. However, regardless of when the attorney-client relationship came into existence, Plaintiff lacks standing to complain about when and whether the relationship came into existence. *See, e.g., Glassell v. Ellis*, 956 S.W.2d 676, 685 (Tex. App.—Texarkana 1997, pet. dism'd w.o.j.) (holding party lacked standing to complain about opposing counsel's alleged misconduct "[b]ecause the purpose of disciplinary rules can be abused when they are invoked by opposing parties as procedural weapons").

---

[1] Attorney immunity in Texas is a "comprehensive affirmative defense protecting attorneys from liability to non-clients." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). *Troice v. Greenberg Traurig, L.L.P.,* 921 F.3d 501, 505 (5th Cir. 2019). Attorney immunity is true immunity from suit. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016). It is intended to ensure "loyal, faithful, and aggressive representation by attorneys employed as advocates*." Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied).

At all times, the undersigned attorney fulfilled his statutory duty to represent the County and Associate Judge DeAngelis in this litigation in his official capacity as an Assistant Criminal District Attorney working for the Tarrant County Criminal District Attorney. *See* Tex. Gov't Code Ann. § 44.320(a) ("The criminal district attorney of Tarrant County … represents Tarrant County in any court in which the county has pending business."); Tex. Loc. Gov't Code Ann. 157.901(a) (providing legal defense to county employees sued for actions arising from the performance of their public duties). Plaintiff has no standing and no legal or factual basis to complain about the timing of the undersigned's representation of Associate Judge DeAngelis in support of an alleged RICO violation or any other claim Plaintiff would think to assert against the County or its attorney.

Plaintiff has had every chance to plead his best case to the Court to survive early dismissal. The Court has given Plaintiff three chances to amend and warned that further requests would be denied absent extraordinary circumstances. ECF No. 58. The Court has also twice denied Plaintiff's motions seeking sanctions against the County's attorney. ECF Nos. 40, 59, 79. Allowing Plaintiff yet another amendment on his deficient and frivolous claims would be futile, cause undue delay, and unfairly prejudice the Defendants' interests in moving this case along. Moreover, given Plaintiff's twice-rejected efforts to sanction the County's attorney in this lawsuit, an amendment naming the County's attorney arising out of the same email conference would be filed in bad faith. Accordingly, the Court should deny Plaintiff's request for leave to amend and should dismiss all of Plaintiff's claims with prejudice. *See, e.g., Williams v. City of Nacogdoches, Tex.*, No. 921CV00071MJTZJH, 2022 WL 18399620, at *14 (E.D. Tex. Dec. 21, 2022) (denying plaintiff's fourth request for leave to amend), *R&R adopted*, No. 9:21-CV-00071-MJT, 2023 WL 348336 (E.D. Tex. Jan. 20, 2023); *Young v. City of Coll. Station*, No. CV H-21-2033, 2022 WL 2292880, at *2 (S.D. Tex. June 23, 2022) (dismissing claims with prejudice after the plaintiff had been afforded three opportunities to plead a claim and a further amendment would be futile); *see also*

*Searcy v. Keller Indep. Sch. Dist.*, No. 4:23-CV-00493-O-BP, 2023 WL 4826211, at *4 (N.D. Tex. July 25, 2023) ("Leave to amend is not necessary, however, where the plaintiff has already pleaded her best case."), *R&R adopted*, No. 4:23-CV-00493-O-BP, 2023 WL 4826801 (N.D. Tex. July 27, 2023).

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Tarrant County, Texas prays that this Court grant its motion to dismiss, deny Plaintiff's request for leave to amend, and dismiss all of Plaintiff's claims against Tarrant County, Texas, and this action. *See* ECF No. 70.

Respectfully submitted,

*/s M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
TARRANT COUNTY**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon all parties who have appeared and are registered with ECF via electronic file provider, as well as the following party via mail in accordance with the provisions of Rule 5, Fed. R. Civ. P., on October 17, 2023:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439

Southlake, Texas 76092

*/s/ M. Keith Ogle*
**M. KEITH OGLE**