## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| | ) |
| The State Bar of Texas et al, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

This matter is before the Court on Pro Se Plaintiff's motion for reconsideration of the Court's October 18, 2023 Order [ECF. No. 94] overruled Plaintiff's objection to MAGISTRATE JUDGE's Findings and Recommendations [ECF. No. 79], pursuant to Federal Rule of Civil Procedure 54(b).

The Court's October 18, 2023, Order [ECF No. 94] created more confusion than clarity.

Plaintiff has spent 30 years working in the banking industry, gaining expertise in enterprise-scale accounting systems. Such systems handle millions of accounts, with interest calculated on a daily account balance basis. Account balances fluctuate rapidly after any account activity, and interest rates are constantly adjusted. The standard for integrity in banking accounting systems is exceedingly high; our people don't aim for 99.999999% accuracy. Instead, we strive for 100% accuracy down to the cent for every account. This is why people trust banks with their money.

Plaintiff believes that the Court should uphold the same standard of integrity. While Plaintiff understands that the Court has a high volume of cases and the Judge is busy, errors must be corrected. Every party, including Plaintiff, bears the responsibility to maintain the legal system's integrity, so that the American people can continue to trust it.

## I. INTRODUCTION AND FACTS

1. On **August 15th, 2023**, Plaintiff severed Counsel Amanda Kates with a Motion for Sanctions, requested them to withdraw and apply modifications to their Motion to Dismiss. Counsel Amanda Kates refused Plaintiff's request.

2. On **August 18th, 2023**, **3 days later**, Plaintiff filed a Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS. [ECF. No. 22]

3. On **August 30th, 2023**, Plaintiff severed Counsel Melvin Keith Ogle with a Motion for Sanctions, requested him to withdraw. Counsel Melvin Keith Ogle refused Plaintiff's request.

4. On **August 30th, 2023**, in **same day**, Plaintiff filed a Motion for Sanctions to COUNSEL MELVIN KEITH OGLE AND BRIEF IN SUPPORT. [ECF. No. 33]

5. On **August 30th, 2023**, counsel Melvin Keith Ogle filed "**RESPONSE** TO PLAINTIFF'S MOTION FOR SANCTIONS". [ECF. No. 35]

6. In the response, counsel Melvin Keith Ogle mentioned, "("Rule 11 provides that the party moving for sanctions must provide **twenty-one (21) days-notice** to the non-movant before filing the motion.")."

7. On **August 30th, 2023**, Plaintiff filed "**REPLY** TO RESPONSE TO MOTION FOR SANCTIONS TO COUNSEL MELVIN KEITH OGLE". [ECF. No. 38]

8. On **August 31st, 2023**, this Court denied Plaintiff's Motion for Sanctions against State Bar of Texas [ECF. No. 22] and Motion for Sanctions against Ogle, [ECF. No. 33], in [ECF. No. 40].

9. On the date of **August 31st**, 2023, neither Plaintiff nor State Bar of Texas had filed any Response or Reply regarding the Motion to Dismiss. [ECF. No. 22]

10. On **September 19th, 2023**, **19 days later**, Plaintiff filed a Motion for Sanctions to COUNSEL OF THE STATE BAR OF TEXAS, [ECF. No. 63]

11. On **September 22th, 2023**, Plaintiff filed a Motion for Sanctions to COUNSEL MELVIN KEITH OGLE AND BRIEF IN SUPPORT. [ECF. No. 74]

12. On **September 26th**, 2023, counsel Melvin Keith Ogle filed "**RESPONSE** TO PLAINTIFF'S MOTION FOR SANCTIONS". [ECF. No. 77]

13. On **September 26th**, 2023, this Court denied Plaintiff's Motion for Sanctions to COUNSEL MELVIN KEITH OGLE. [ECF. No. 79] this court granted Plaintiff until October 10, 2023 to file objection.

14. On **September 26th**, 2023, **in same day**, Plaintiff filed objection. [ECF. No. 80]

15. On **September 28th**, **2023**, **2 days later**, **Plaintiff filed amended objection. [ECF. No. 82]**

16. On **October 18th**, 2023, this Court overruled Plaintiff's objection [**ECF. No. 80**], in [ECF. No. 94]

## II. LEGAL STANDARD

17. Some courts in the Fifth Circuit have analyzed motions to reconsider interlocutory orders under Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). These courts have held that

> [m]otions to reconsider that challenge a prior judgment on the merits are treated as arising under either Rule 59(e) or Rule 60(b), depending on the timing. A motion to reconsider an interlocutory order is considered under Rule 54(b), which provides courts "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."

*Martikean v. United States*, No. 3:11-CV-1774-M-BH, 2014 WL 4631620, at *2 (N.D. Tex. Sept. 16, 2014) (quoting Iturralde v. Shaw Group, Inc., 512 Fed. App'x 430, 432 (5th Cir. 2013)) (citing *Cressionnie v. Hample*, 184 Fed. App'x 366, 369 (5th Cir. 2006).

18. Plaintiffs' motion for reconsideration is also proper under Rule 60(b). Rule 60(b) provides that a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was

entered or taken." FED. R. CIV. P. 60(b). Under Rule 60(b), reconsideration may be granted in the case of "mistake, inadvertence, surprise or excusable neglect" or "any other reason [justifying] relief." FED. R. CIV. P. 60(b). A court's determination that it committed error certainly qualifies, and in this respect, the standards for review embodied in Rules 54(b) and 60(b) are complementary.

19. In addition to the foregoing, motions for reconsideration are also properly brought under Civil Local Rule 7.1(i), which allows parties to seek reconsideration of an order. Generally, courts will reconsider a decision if a party can show (1) new facts, (2) new law, or (3) clear error in the court's prior decision. See, e.g., *Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003).

### III. Brief in Support of Motion for Reconsideration

#### Court reviewed the wrong court filling

20. In the Court order [ECF. No. 94], it says,

> "Plaintiff filed objections the same day, see **ECF No. 80**"
> "The Motion presents nothing the Court has not previously addressed. Similarly, Plaintiff's "objection" to the FCR reiterated the contents of the Motion but **failed to identify particular legal** or factual mistakes within the FCR that would invalidate the Magistrate Judge's recommendation. See **ECF No. 80**."

However, Plaintiff **did raise particular legal argument** in paragraph 21 and 22 of amended objection [**ECF. No. 82**]. Plaintiff argued that 21 days safe harbor should not be used to bar subsequent motion and prior failure to compliance cannot be a ground for determining frivolous pleading. This was a question of law which court did not answer.

21. This Court made a ruling based on an incorrect version of the court filing. This ministerial error needs to be fixed.

#### Same reasons are not same

22. In the Court order [ECF. No. 94], it says,

> "Plaintiff has filed and should be denied for the **same reasons** the prior **three motions** were denied."

23. In the Magistrate Judge's Court order [ECF. No. 79], it says,

> "The repeated, unwarranted filing of motions for sanctions against an attorney is a serious matter, which the Court will not continue to tolerate."

24. Regarding the three motions [ECF No. 22, 33, 74] to which the Court referred: 22 and 33 involve different parties and different acts, while 22 and 74 concern the same party. The first motion (22) failed to comply with Rule 11's 21-day safe harbor provision, whereas the subsequent motion (74) was in compliance. Court did not identify which fact was considered as "repeated, unwarranted."

25. In the Motion for sanction, Plaintiff alleged obstruction of justice *18 U.S.C. § 1512(b)(2)(D)*, which says,

> "18 U.S.C. § 1512(b)(2)(D) Whoever knowingly uses intimidation, threatens, **or corruptly persuades another person**, **or attempts to do so**, or **engages in misleading conduct toward another person**, **with intent to cause or induce any person to be absent** from an official proceeding to which such **person has been summoned** by legal process."

> "As used in section 1505, the term "**corruptly**" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information."

26. Plaintiff provided the email which proved that Kevin Ogle requested Plaintiff to drop DeAngelis as a party. Plaintiff's legal question goes to the Court is, "Is obstruction of justice a serious matter that the Court will or will not continue to tolerate?" Between "obstruction of justice" committed by an attorney and a subsequent "sanction against an attorney" brought by Pro Se Plaintiff, which matter is more serious determined by this Court?

### Kevin Ogle never established a sound argument

27. In the "**RESPONSE** TO PLAINTIFF'S MOTION FOR SANCTIONS". [ECF. No. 35], Kevin Ogle only asserted attorney-client privilege defense but he never provided any proof.

28. Attorney-client privilege defense is an affirmative defense, the person who is claiming the privilege has the burden of proving that an attorney-client relationship does exist.

29. Therefore, there is no factual evidence this Count can find that an attorney-client relationship does exist when Kevin Ogle requested Plaintiff to drop DeAngelis as a party.

### V. Prayer for Relief

30. Based on the foregoing, Plaintiff prays for the following relief:

 A. Grant Plaintiff's objection, furthermore, overrule MAGISTRATE JUDGE's Findings and Recommendations [ECF. No. 79].

 B. Alternatively, Plaintiff seeks the court to specify FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Respectfully submitted,

               /s/ Conghua Yan

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

                      [arnold200@gmail.com]

CERTIFICATE OF
SERVICE

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (October 19th, 2023).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]