UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, § | |
|     *Plaintiff,* § | |
| v. § | |
| § | Case No. 4:23-cv-758-P |
| THE STATE BAR OF TEXAS, a private company § | |
| THE BARROW FIRM, a private company, § | |
| LESLIE STARR BARROWS, § | |
|   in individual capacity § | |
|   as member of the State Bar of Texas, § | |
| WILLIAM ALBERT PIGG in individual capacity § | |
|   as member of the State Bar of Texas, § | |
| SAMANTHA YBARRA, in individual capacity, § | |
|   as member of the State Bar of Texas, § | |
| LUIS JESUS MARIN in individual capacity, § | |
|   as member of the State Bar of Texas, § | |
|   and official capacity as Assistant Disciplinary § | |
|   Counsel for the Office of the CDC, § | |
| DANIEL EULALIO MARTINEZ § | |
|   in individual capacity, § | |
|   as member of the State Bar of Texas, § | |
|   and official capacity as Assistant Disciplinary § | |
|   Counsel for the Office of the CDC, § | |
| RACHEL ANN CRAIG in individual capacity, § | |
|   as member of the State Bar of Texas, § | |
|   and official capacity as Assistant Disciplinary § | |
|   Counsel for the Office of the CDC, § | |
| LORI L. DEANGELIS in individual capacity, § | |
|   as member of the State Bar of Texas, § | |
|   and official capacity as Associated Judge, § | |
| TARRANT COUNTY, § | |
|     *Defendants.* § | |

---

**DEFENDANTS' AMENDED REPLY TO YAN'S RESPONSE/OBJECTION TO FIRST AMENDED MOTION TO DISMISS BY THE STATE BAR OF TEXAS, MARIN, MARTINEZ AND CRAIG AND BRIEF IN SUPPORT**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MARK A. PITTMAN:

1

COME NOW Defendants, the State Bar of Texas ("State Bar"), Luis Jesus Marin ("Marin"), Daniel Eulalio Martinez ("Martinez"), and Rachel Ann Craig ("Craig") (hereinafter referred to collectively as "Defendants") and file this amended reply to Yan's Response/Objection to First Amended Motion to Dismiss by the State Bar, Marin, Martinez, and Craig and Brief in Support ("Response to Defendants' First Amended Dismissal Motion").

## I. INTRODUCTION

Yan filed this lawsuit on or about July 21, 2023. [Dkt. 1]. Defendants filed their initial motion to dismiss Yan's lawsuit on August 10, 2023. [Dkt. 13]. On September 8, 2023, Yan filed his Second Amended Complaint for Civil Rico, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand. [Dkt. 48]. On September 18, 2023, Yan filed his Third Amended Complaint for Civil Rico, and Antitrust etc., Demand Declaratory Relief, Injunctive Relief, Damage Relief, and Jury Demand (3rd Amended Complaint). [Dkt. 60]. Defendants' initial dismissal motion was rendered moot by this court on September 19, 2023. [Dkt. 67]. On October 2, 2023, Defendants filed their amended dismissal motion entitled: Defendants, The State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig's, First Amended Motion to Dismiss ("First Amended Dismissal Motion"). [Dkt. 83].

## II. ARGUMENTS AND AUTHORITIES

***A. Yan's claims in his 3rd Amended Complaint remain insufficient under 18 U.S.C. §1962(a), 15 U.S.C. §2, 18 U.S.C. §1027, and 18 U.S.C. §1349, as addressed in Defendants' First Amended Dismissal Motion, and should be dismissed.***

In his Response to Defendants' First Amended Dismissal Motion, Yan claims that the State Bar is "accustomed to defending against these types of allegations", and again argues that Defendants failed to address his conclusory claims under 18 U.S.C. §1962(a), 15 U.S.C. §2, 18 U.S.C. §1027, and 18 U.S.C. §1349. [Dkt. 93, p. 5]. Yan also expresses his belief that Defendants'

2

First Amended Dismissal Motion should be denied because the State Bar, Marin, Martinez, and Craig did not address his newly fabricated "core issue", which is now apparently based on an alleged "conspiracy", that falls outside the "territory of the 'grievance process'". [Dkt. 93, p. 5].

Yet, notwithstanding his multiple attempts to amend his theory of "conspiracy" pleadings and harass multiple defendants with his sanction motions, Yan's lawsuit <u>still does not present even one plausible allegation that could imply that the State Bar, Marin, Martinez, or Craig violated any of these statutes or that the previously argued immunities have somehow been overcome.</u> In fact, Yan's 3rd Amended Complaint shows that the Defendants <u>did not render any of the "decisions", he claims made them **participants** in his theory of "conspiracy".</u> [Dkt. 60, pp. 30-31; Exh. 2; and Dkt. 93, pp. 12-13]. The mere fact that Yan "identified" some of these statutes in his lawsuit, and used the word "conspiracy" in his pleadings, is not reason to deny Defendants' dismissal motion. And Yan's general statement that he has "lodged" claims against Defendants "under *42 U.S.C. §1983…*" is not sufficient to support such an unsubstantiated assertion. [Dkt. 60, p. 2].

Additionally, Yan claims that the State Bar violated 18 U.S.C. §1962(d), and that Marin's, Martinez's, and/or Craig's "decision" to dismiss his grievances/Complaints against Barrows and Pigg amount(s) to violation(s) of 18 U.S.C. §1962(a), 18 U.S.C. §1027, and/or 18 U.S.C. §1349. However, such claims are **refuted by Yan's own pleadings and exhibits** which <u>admit that the "decision" was *actually* made by a "Summary Disposition Panel" of the District 7 Grievance Committee (Dkt. 60, ¶114) and *not* Defendants.</u> [Dkt. 60, ¶ 114 and Exhibit 2]. Despite Yan's numerous contentions, Defendants clearly argued in their First Amended Dismissal Motion that they assert this defense as to all of Yan's claims. [Dkt. 83, pp. 7-9, 13 and *see generally*].

A cursory review of Yan's latest pleadings still shows that Yan has failed to plead any purported facts against any of the individual Defendants (Marin, Martinez, and/or Craig) that could

3

even remotely imply they had any involvement with the **real "core issue"** addressed in Yan's lawsuit; the entry of the Qualified Domestic Relations Order (QDRO) by Associate Judge of 325th District Court - Judge Lori DeAngelis. [Dkt. 60, ¶¶ 92-100]. Specifically, Yan has failed to make any assertions in his pleadings (because none exist) that the Defendants: participated in entry of the QDRO in his divorce proceedings; received any income from the entry of the QDRO; took actions related to the alleged grievance he filed with the Chief Disciplinary Counsel's (CDC) office that affect interstate commerce; were part of an "organization" that worked with Barrows, Pigg, and/or Judge DeAngelis as a "continuing unit to achieve a common purpose;" or took any unlawful act in carrying out their job responsibilities for the CDC. *See* 18 U.S.C. §1962(a)-(d); 18 U.S.C. §1349; and *Boyle v. United States,* 556 U.S. 938, 943-944 (2009). In fact, Yan's statement that he "identified that Marin, Martinez, and Craig **committed crimes"** in his pleadings is disparaging, demonstratively false, and not supported by any charge, indictment, document or his purported pleadings or exhibits. [Dkt. 93, p. 17]. As such, Defendants are left with nothing to address by Yan's mere reference to "RICO acts" and/or his general references the existence of a "conspiracy".

Additionally, Yan's general statement that the State Bar "for the past several decades … engaged in an ongoing collaboration and conspiracy to enforce compulsory practices to collect legal fees," is also insufficient to support his claim against the State Bar under 15 U.S.C. §2. [Dkt. 60, pp. 20 and 52]. Since all of Yan's statements against Defendants in his 3rd Amended Complaint amount to groundless factual inferences or conclusory allegation, Yan's claims against the State Bar should also be dismissed. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); see also *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

> **B. *Despite Yan's contention, he has not alleged he suffered an injury caused by Defendants' actions and/or due to the dismissal of his alleged grievances/Complaints against Barrows and Pigg.***

In his Response to Defendants' First Amended Dismissal Motion, Yan, **again**, provides no authority to refute Defendants' contention that, as a complainant, he was not entitled to relief associated with the processing of his alleged Complaints. *See Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020). The fact remains that in order to prove standing, <u>Yan must show that he suffered an injury due to some action taken by the Defendants in the course of participating in the Texas disciplinary grievance system</u>. Any of the alleged "six" or seven injuries that Yan claims he suffered financially as a result of the entry of the QDRO in his divorce matter, outside of the Texas disciplinary grievance system, <u>do not give him standing to sue Defendants</u> (State Bar, Marin, Martinez, and Craig) for actions they took in assisting the CDC in carrying out her obligations under the Texas Rules of Disciplinary Procedure (TRDP). Additionally, Yan's mere statement that he sustained a "direct injury from the State Bar of Texas" is insufficient to support any of his claims against the State Bar, Marin, Martinez, or Craig because his own pleadings and exhibits refute such allegation.[1] [Dkt. 60, pp. 12-13 and 58].

A complainant who files a grievance against a Texas licensed attorney is not a party to a disciplinary action or proceeding. Absent a statute expressly conferring standing, Yan must establish standing by alleging some threatened or "actual injury", that can fairly be traced to a defendant's conduct, which was illegal. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42-43 (1976); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The injury must be "in the form of an invasion of a legally protected interest that is concrete and particularized and actual or imminent." *Lujan*, 504 U.S. at 561; *Earl v. Boening Co.*, 53 F.4th 897, 901-02 (5th Cir. 2022).

---

[1] It is telling that in his Response to Defendants' First Amended Dismissal Motion, Yan states he "**would have included** *Kristin Virginia Brady* and *the District 7 Grievance Committee Summary Disposition Panel* in the suit if this suit were for the 'ultimate decision to dismiss'…" his grievances against Barrows and Pigg. [Dkt. 93, pp. 12-13]. It is also telling that Yan attempts to conjure up individual claims against the Defendants, in his 3rd Amended Complaint, for "RICO racketeering activities" and "concealing" Barrows and Piggs' "criminal acts" specifically based on the "dismissal decision" of his grievances. [Dkt. 60, pp. 69-77; Exh. 2].

5

And the federal court should "act only to redress injury that fairly can be traced to the challenged action of the defendant…" *Simon* at 41-42.

Here, Yan **cannot** establish he has standing to sue any of the Defendants because he "does not have a cognizable interest in the decision to prosecute a third party." *Martinez,* 797 F. App'x. at 168, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). As such, Yan cannot show he suffered an injury due to the decision of the District 7 Grievance Committee Summary Disposition Panel that dismissed his alleged grievances/Complaints.

### C. *Yan's inference that his alleged grievances/Complaints were not treated the same as other public disciplinary matters, is not supported by his pleadings and/or exhibits.*

In his Response to Defendants' First Amended Dismissal Motion, Yan has **again** attempted to create an equal protection argument by claiming his alleged grievances/Complaints against Barrows and Pigg should have resulted in the same outcome (the filing of a disciplinary action) as those grievances/Complaints filed against Attorney General Warren Kenneth Paxton Jr., and Sidney Powell. [Dkt. 93, pp. 21-22]. He argues that Defendants should be more concerned with "upholding the law for legal service consumers during its grievance proceeding process…" and infers that the CDC should have "chose" to file disciplinary actions premised on his grievances/Complaints against Barrows and Pigg, just as was done against Paxton and Powell. [Dkt. 93, p. 22]. However, the facts still remain that: 1) the Texas Supreme Court promulgated the TRDP – and the CDC cannot **choose** to file a disciplinary action; 2) a Summary Disposition Panel of the District 7 Grievance Committee dismissed his alleged grievances/Complaints, <u>not the State Bar, Marin, Martinez, and/or Craig;</u> and 3) to enforce consumer protection laws or his contract with Pigg, Yan would need to seek relief in a Texas County District Court.  See TEX. GOV'T CODE ANN. §81.072 and TEX. RULES DISCIPLINARY P.R. 2.13 and 5.02D. Additionally, Yan's attempt to

infer that the CDC made any decision to file the disciplinary actions currently pending against Paxton or Powell is just another frivolous false statement seemingly trumped-up to harass all of the Defendants in this lawsuit. [Dkt. 93, pp. 21-22].

While Yan claims he has "evidence" that "clearly demonstrated" that Barrows and/or Pigg lied in his divorce proceeding, and argues that such evidence should have been enough to prevent the dismissal of his alleged grievances/Complaint because the "State Bar of Texas used third-party conclusions as its ground to prosecute Paxton and Powell", Yan's claims and arguments **have no merit**. [Dkt. 93, p. 22]. First, a disciplinary action is brought by the Commission for Lawyer Discipline ("CFLD"), not the State Bar. TEX. RULES DISCIPLINARY P. R. 3.01. Secondly, his reference to the purported use of "third-party conclusions" is a clear last-ditch effort to keep his lawsuit alive because – to date - he has neither pleaded nor provided evidence that there even exists any such legitimate "third-party conclusions". [Dkt. 60; *see generally*].

Here, Yan is unable to assert in his pleadings that any court has issued any opinion supportive of his claims of professional misconduct against either Barrows or Pigg - because no such opinion exists. Additionally, Yan is unable to assert in his pleadings that Barrows, Pigg, or any other defendant "**committed crimes**" - because no such evidence exists. In fact, Yan's own exhibits (attached to his lawsuit) show that no criminal investigation is pending against Barrows and/or Pigg and no court has found the QDRO he complains about was entered illegally. [Dkt. 60, Exhs. 2-4]. As such, Yan is not able to show that any similarly situated grievances/Complaints have ever been treated any differently than the ones he allegedly submitted to the CDC's office against Barrow and/or Pigg.

### D. *Yan has failed to provide any purported facts or authority that would negate the immunities afforded Defendants.*

As detailed extensively above, Yan, as a complainant in the attorney grievance process, is not entitled to any relief in return for filing his alleged grievances/Complaints against Barrows and/or Pigg. Consequently, Yan has no standing to bring this lawsuit against the State Bar, Marin, Martinez, and/or Craig because he is unable to show he sustained an "injury" related to the dismissal of his grievances/Complaints by the members of the Summary Disposition Panel of District 7 Grievance Committee. As a result, Yan cannot show Defendants are not entitled to the immunities afforded them by the Eleventh Amendment, the Texas Rules of Disciplinary Procedure, and/or qualified immunity, as detailed more fully in Defendants' First Amended Dismissal Motion. [Dkt. 83, pp. 13-17].

### *E. Yan's requests for injunctive relief against Defendants are inappropriate.*

In his Response to Defendants' First Amended Dismissal Motion, Yan argues that Defendants' arguments against his injunction requests were "ineffective", and he cites *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), in an attempt to support his argument. However, the United States Supreme Court in *Lujan* clearly sets forth that in order to support his requests, Yan is required to show he has "standing" to bring this lawsuit against the State Bar, Marin, Martinez, and Craig. Further, Yan is required to show he suffered an "injury in fact, i.e., a concrete and particularized, actual or imminent invasion of a legally protected interest." *Id at* 555. Yan continues to fail to meet either of these requirements.

Additionally, in holding that the Defenders of Wildlife did not have standing in *Lujan*, the Supreme Court even discusses how difficult standing is to prove when third parties are actually the "object of the Government action or inaction". *Id* at 555. Pursuant to Rule 8.05 of the Texas Disciplinary Rules of Professional Conduct (TDRPC), the object of the issuance of a disciplinary sanction by a trial court or grievance committee panel can only be a licensed Texas attorney. A

violation of the TDRPC, does not give a complainant a "private cause of action." TEX. DISCIPLINARY RULES PROF'L CONDUCT, preamble ¶15.

Here, Yan has requested this court enter permanent injunctions "dissolving the Office of the Chief Disciplinary Counsel," and the State Bar, seemingly for dismissing his alleged grievances/Complaints against Barrows and Pigg. [Dkt. 60, p. 48]. He has also requested an injunction asking the court to order the State Bar to audit all "family law courts records in the last 10 years, to identify all the victims who have been unlawfully ordered to pay attorney's fees without knowing their right being violated…" [Dkt. 60, p. 49]. As discussed in *State Bar of Texas v. Gomez,* 891 S.W.2d 243 (Tex. 1994), the State Bar derives its authority from Chapter 81 of the Texas Government Code and the rules promulgated by the Texas Supreme Court.[2] The State Bar has no authority on its own to grant Yan any relief for filing his alleged grievances/Complaints and/or to conduct an audit of any judicial court. *Id* at 244.

### III. CONCLUSION/PRAYER

FOR THESE REASONS, Defendants, the State Bar of Texas, Marin, Martinez, and Craig, pray that this Court grant their First Amended Dismissal Motion and dismiss Yan's lawsuit against them. Defendants further request any and all further relief to which they may be entitled.

    Submitted respectfully,

    **SEANA WILLING**
    Chief Disciplinary Counsel

    _____
    **ROYCE LEMOINE**
    Deputy Counsel for Administration
    State Bar No. 24026421

---

[2] The State Bar is an agency of the Texas judicial department. TEX. GOV'T CODE ANN. §81.011(a) (West 2017).

AMANDA KATES
Assistant Disciplinary Counsel
State Bar No. 24075987

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:    (512) 427-1350
Facsimile:    (512) 427-4167
Email: Royce.lemoine@texasbar.com
Email: Amanda.Kates@texasbar.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Royce Lemoine, certify that a true and correct copy of DEFENDANTS' AMENDED REPLY TO YAN'S RESPONSE/OBJECTION TO MOTION TO DISMISS BY THE STATE BAR OF TEXAS, MARIN, MARTINEZ AND CRAIG AND BRIEF IN SUPPORT has been served via the Court's Electronic Case Files system on this 24th day of October 2023, and via electronic filing through EC/CMF addressed to all parties.

_____
Royce Lemoine