**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| CONGHUA YAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| THE STATE BAR OF TEXAS, a private § | CIVIL ACTION NO. 4:23-cv-00758-P-BJ |
| company, § | |
| THE BARROWS FIRM, a private company, § | |
| LESLIE STARR BARROWS, in individual § | |
| capacity, as member of the State Bar of § | |
| Texas, § | |
| WILLIAM ALBERT PIGG in individual § | |
| capacity, as member of the State Bar of § | |
| Texas, § | |
| SAMANTHA YBARRA, in individual § | |
| capacity, as member of the State Bar of § | |
| Texas, § | |
| LUIS JESUS MARIN, in individual § | |
| capacity, as member of the State Bar of § | |
| Texas, and official capacity as Assistant § | |
| Disciplinary Counsel for the Office of the § | |
| CDC, § | |
| DANIEL EULALIO MARTINEZ, in § | |
| individual capacity, as member of the State § | |
| Bar of Texas, and official capacity as § | |
| Assistant Disciplinary Counsel for the Office § | |
| of the CDC, § | |
| RACHEL ANN CRAIG, in individual § | |
| capacity, as member of the State Bar of § | |
| Texas, and official capacity as Assistant § | |
| Disciplinary Counsel for the Office of the § | |
| CDC, § | |
| LORI L. DEANGELIS, in individual § | |
| capacity, as member of the State Bar of § | |
| Texas, and official capacity as Associated § | |
| Judge, § | |
| TARRANT COUNTY, § | |
| U.S. Bank, § | |
| § | |
| Defendants. § | |

1

### DEFENDANTS LESLIE BARROWS AND THE BARROWS FIRM'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

### I. Introduction

1. Plaintiff Conghua Yan ("Plaintiff") continues his shotgun approach but ultimately cannot plead a claim against Defendants Leslie Starr Barrows and the Barrows Firm (collectively, "Barrows Defendants"). Plaintiff's claims are premised on the allegation that "[e]very member of the State Bar of Texas" is part of an alleged RICO conspiracy to defraud litigants in Texas family courts. His claims against Barrows Defendants, who represented Plaintiff's wife in their divorce proceeding (the "Divorce Suit"), are barred by attorney immunity. Additionally, Plaintiff has failed to sufficiently plead any of his claims against Barrows Defendants. Therefore, his claims should be dismissed with prejudice.[1]

### II. Argument

**A.  Plaintiff's claims against Barrows Defendants are barred by attorney immunity.**

2. Plaintiff argues attorney immunity does not bar his claims against Barrows Defendants because (1) Barrows Defendants' actions were not the "type" of actions performed by attorneys; and (2) Plaintiff did not have an adversarial relationship vis-à-vis Barrows Defendants' client—Plaintiff's soon-to-be-ex-spouse, Fuyan Wang ("Wang")—during the relevant proceedings. [ECF No. 108, ¶¶ 28–39]. Plaintiff also argues, in summary fashion, that Defendant Barrows Firm cannot raise the defense of attorney immunity. [ECF No. 108, ¶ 28 ("No attorney immunity for a company.")]. Plaintiff's arguments misstate the law and do not defeat Barrows Defendants' entitlement to attorney immunity.

---

[1] To the extent not reinforced herein, Barrows Defendants rest on the arguments for dismissal in their *Motion to Dismiss* [ECF No. 90].

      **1.**      **Law firms may successfully raise the defense of attorney immunity.**

      3.      Contrary to Plaintiff's bald assertion, entities such as law firms are covered by attorney immunity, provided that the defense otherwise applies. *See, e.g.*, *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651 (Tex. 2020) (granting law firm's motion to dismiss plaintiff's claims on the basis of attorney immunity); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 479 (Tex. 2015) (holding that the defendant law firm was immune from liability to a non-client for conduct within the scope of representation of its [the law firm's] client in the underlying divorce proceedings). Plaintiff's claims against Barrows and the Barrows Firm are barred by attorney immunity.

      **2.**      **Barrows Defendants' alleged conduct was within the scope of their legal representation of Wang in the Divorce Suit.**

      4.      The "only facts required to support an attorney-immunity defense are the ***type*** of conduct at issue and the existence of an attorney-client relationship at the time." *Youngkin v. Hines*, 546 S.W.3d 675, 683 (Tex. 2018) (emphasis added). Dismissal at the motion to dismiss stage may be proper where these facts are apparent on the face of the plaintiff's complaint. *See Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763–64 (5th Cir. 2019). When deciding a motion to dismiss, courts can decide the "legal question of whether said conduct was within the scope of representation." *Youngkin*, 546 S.W.3d at 683.

      5.      In reviewing a plaintiff's complaint, the court is required to look beyond the plaintiff's "characterizations of activity as fraudulent and conspiratorial" and instead "focus on the conduct at issue." *Ironshore Europe DAC*, 912 F.3d at 766 (quoting *Youngkin*, 546 S.W.3d at 682).

      6.      Here, Plaintiff's complaint lists the type of conduct in which Barrows Defendants allegedly engaged—filing a motion for interim attorney's fees in the Divorce Suit, testifying in support of same, submitting a proposed garnishment order to the Court, and taking actions

consistent with the writ of garnishment issued by the Court.[2] [*See, e.g.*, ECF No. 60, ¶¶ 88, 90–91, 98, 160–65]. Importantly, Plaintiff does not allege that Barrows Defendants committed any wrongful acts in the criminal suit—Plaintiff merely complains about the award of attorney's fees in the Divorce Suit allegedly incurred in the related criminal suit.[3] [ECF No. 60, ¶¶ 87–89]. It is evident from the face of Plaintiff's Third Amended Complaint that Barrows Defendants' alleged actions were not "criminal"[4] and were within the scope of their representation of Wang in the Divorce Suit. *See Youngkin*, 546 S.W.3d at 682 (noting the firm in *Cantey Hanger*, 467 S.W.3d 477 "was shielded by attorney immunity because preparing documents ancillary to the divorce decree, *even in a manner that allegedly violated the decree*, was within the scope of representation relating to execution of the decree and was not foreign to the duties of a lawyer") (emphasis added).

### 3.     Plaintiff's Complaint establishes the adversarial nature of the Divorce Suit.

7.     Plaintiff argues that Barrows Defendants failed to establish their entitlement to the attorney-immunity defense because Plaintiff and Wang were not in an "adversarial relationship" at the proceedings in which the Barrows Firm represented Wang. [ECF No. 108, ¶¶ 31, 33–36; *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65 (Tex. 2021)].

---

[2] To be sure, Plaintiff characterizes Barrows Defendants' actions as "theft of goods or services on a client's behalf," "altering the context of a consented rendition," and "unlawfully abstracting money from Plaintiff's pension account for collecting attorney fees and diverting it to the lawyer's own pocket." [ECF No. 108, ¶¶ 32, 30, 34]. However, Plaintiff's characterizations of Barrows Defendants' conduct are not controlling for purposes of the attorney-immunity analysis. *See Ironshore Europe DAC*, 912 F.3d at 763-64, 766.

[3] Even if the award of attorney's fees in the Divorce Suit wrongfully included fees incurred in the criminal suit, seeking an award of fees remains the type of conduct germane to Barrows Defendants' representation of Wang. *Cantey Hanger*, 467 S.W.3d at 481–82 ("Even conduct that is 'wrongful in the context of the underlying suit' is not actionable if it is 'part of the discharge of the lawyer's duties in representing his or her client.'" (quoting *Toles v. Toles*, 113 S.W.3d 899, 910–11 (Tex. App.—Dallas 2003, no pet.), *abrogated in part by Cantey Hanger*, 467 S.W.3d 477)).

[4] Indeed, Plaintiff acknowledges that the Texas Supreme Court held that only those actions that fall outside the scope of client representation negate immunity, not alleged "criminal" activity within course of representation. [ECF No. 108, ¶ 33]; *Cantey Hanger*, 467 S.W.3d at 482.

8. Plaintiff's reliance on *Haynes & Boone* is flawed—*Haynes & Boone* established a framework for when attorney immunity applies to attorney actions ***outside the litigation context***. *Haynes & Boone*, 631 S.W.3d at 78. In the litigation context, as in this case, the *Haynes & Boone* test does not apply, and Barrows Defendants do not have to prove the adversarial context of the Divorce Suit. *See Payne v. Anthony Scott Law Firm PLLC*, Case No. 3:22-CV-2926-M-BK, 2023 WL 3587775, at *2 (N.D. Tex. May 5, 2023), *report and recommendation adopted* Case No. 3:22-CV-2926-M-BK, 2023 WL 3590686 (N.D. Tex. May 22, 2023).

9. Plaintiff's own pleadings show that Plaintiff's bare allegation that he and Wang were not adversaries during any portion of their highly contentious, ongoing Divorce Suit is patently unfounded. And, Plaintiff's Third Amended Complaint argues that Plaintiff's interests were not properly advocated for by his attorney at the April 13, 2022 hearing, conceding that Plaintiff's interests were ***not*** identical to Wang's interests but indeed adverse. [EFC No. 60, ¶ 70]; *Cantey Hanger*, 467 S.W.3d at 485 n.11.

**B.      Plaintiff has not stated a RICO claim against Barrows Defendants.**

10. Plaintiff invites the Court to disregard the defined limits of the RICO Act. [*E.g.*, ECF No. 108, ¶¶ 10–17, 42, 66]. However, Plaintiff must properly plead all elements of his RICO claims with sufficient facts, rather than relying on conclusory and speculative statements based on an alleged State Bar of Texas-wide RICO conspiracy.

11. ***Continuity.*** Plaintiff balks at the requirement to establish continuity based on more than acts allegedly committed during a "single transaction" against "one victim." [ECF No. 108, ¶ 41]. But the relevant *binding* Fifth Circuit precedent "make[s] clear that where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, a 'pattern of racketeering activity' has not been shown." *Word of Faith Outreach Center Church, Inc. v. Sawyer*, 90 F.3d 118, 122–24 (5th Cir. 1996) (collecting cases). Here, Barrows Defendants' alleged

5

predicate acts were part and parcel of a lawful transaction—namely, recovering attorney's fees judicially awarded to them.

12. Despite Plaintiff's insistence, Plaintiff's Exhibit 9 to his Third Amended Complaint does not establish close-ended continuity. [ECF No. 60, Ex. 9; *see also* ECF No. 108, ¶ 44]. Exhibit 9 appears to be a 2014 Associate Judge's Report for the 360th District Court, permitting a party to withdraw funds from his 401(k) account for the payment of attorney's fees. [*See* ECF No. 60, p. 152]. However, this out-of-context order from nine years ago, involving different parties, different attorneys, and a different judge, fails to establish a pattern of racketeering activity constituting or threatening continuity at all.

> Predicate acts are "related" if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." … "[Continuity] refer[s] either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."

*In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241-42 (1989)). Plaintiff's one example is not related to the alleged actions in the Divorce Suit and does not establish "continuity" of the alleged predicate acts.

13. Plaintiff also fails to plead any *facts* to substantiate his new arguments for open-ended continuity. Plaintiff states in a conclusory manner that Barrows Defendants have been committing predicate acts of racketeering as a regular way of conducting business and that such conduct presents a specific threat of repetition extending indefinitely into the future. [ECF No. 108, ¶ 48, 51]. But Plaintiff pleads all of Barrows Defendants' alleged wrongdoing occurred between March 2022 and August 2022. Plaintiff pleads no facts that Barrows Defendants committed any similar acts in any other proceedings, much less that the alleged wrongful acts will continue "indefinitely" into the future. Therefore, Plaintiff's RICO allegations against Barrows

Defendants must fail for lack of continuity. *See Clapper v. Am. Realty Invs., Inc.*, No. 3:14-CV-2970-D, 2016 WL 302313, at **9–10 (N.D. Tex. Jan. 25, 2016).

14.  **Use and Investment.** To plead a RICO "use and investment" claim under section 1962(a), a plaintiff must show that his injuries resulted from the investment or use of racketeering proceeds. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 443 (5th Cir. 2000). Plaintiff, citing *Williamson*, alleges that Plaintiff's "legal costs" may constitute sufficient injury to support his section 1962(a) claim against Barrows Defendants. [ECF No. 108, ¶ 55].

15.  Plaintiff's argument fails for two reasons. First, Plaintiff only alleges that Defendant Pigg caused Plaintiff to incur legal costs—*not* the Barrows Defendants.[5] [*Id.*; *see* ECF No. 60, ¶ 179]. And, the circumstances in *Williamson* are not present here. In *Williamson*, the plaintiff-insurer alleged that the RICO enterprise used funds from prior racketeering activities to support an enterprise that *filed a fraudulent state tort suit* against plaintiff-insurer's insured. *See Williamson*, 224 F.3d at 441–45. Plaintiff-insurer incurred legal costs defending its insured. *Id*. Here, *Plaintiff* initiated the Divorce Suit, and this lawsuit, and has pleaded no other nexus between Barrows Defendants' allegedly ill-gotten funds and Plaintiff's complained-of injuries.

16.  **Substantive RICO Violation.** In his Response, Plaintiff alleges for the first time that Barrows is liable under the principle of *respondeat superior* for Defendant Ybarra's alleged violations of section 1962(c). [ECF No. 108, ¶ 58]. Not so. Plaintiff failed to plead respondeat superior in any of the four complaints he has filed in this case, and Plaintiff has not sufficiently pleaded a substantive RICO offense against Defendant Ybarra under section 1962(c) for which

---

[5] In his Response, Plaintiff, for the first time alleges that he incurred legal costs as a result of Pigg's "fail[ure] to compel" Plaintiff to sign an "unsolicited settlement offer" from Defendant Barrows. [ECF No. 108, ¶ 55]. However, Plaintiff cannot rely on facts not included in his Third Amended Complaint, and these new allegations do not cure Plaintiff's failure to state a claim under section 1962(a).

Barrows Defendants could be liable. [*See* ECF No. 75, pp. 18-19; ECF No. 100, p. 7]. Finally, Plaintiff has not pointed to any binding precedent which holds that an employer may be liable under respondeat superior for its employee's violations of section 1962(c). [*See* ECF No. 108, ¶ 58].

17.  Also, Plaintiff's suggestion that Barrows Defendants "implicit[ly] admi[tted] through omission" that Plaintiff pleaded a valid claim against Barrows under 18 U.S.C. § 664 is false. [ECF No. 108, ¶ 62]. Barrows Defendants merely acknowledged that the heighted pleading standing of Federal Rule of Civil Procedure 9 applies only to Plaintiff's mail and wire fraud claims against Barrows, while the Rule 8 pleading standard applies to his section 664 claims. [*Id.*, ¶¶ 62–63]. However, Plaintiff still must plead plausible facts indicating Barrows' violation of section 664, even under Rule 8, which Plaintiff failed to do.

18.  As for Plaintiff's other allegations against Barrows Defendants under 18 U.S.C. § 1027, 18 U.S.C. § 1349, 29 U.S.C. § 1056, Tex. Pen. Code § 37.03, and Tex. Pen. Code § 39.03(a)(2), Plaintiff says he "did not claim these statutes were involved in racketeering activities under 1962(c)." [ECF No. 108, ¶ 60]. However, Plaintiff does not answer Barrows Defendants' statement in their *Motion to Dismiss* that "Plaintiff has failed to show that these provisions supply him with a private right of action separate and apart from the RICO Act." [ECF No. 90, ¶ 33]; *see also, e.g.*, *Perry v. State of Tex. Corp.*, No. 3:19-CV-2611-N (BH), 2022 WL 2657334, at *10 (N.D. Tex. Apr. 4, 2022), *report and recommendation adopted*, No. 3:19-CV-2611-N (BH), 2022 WL 2652133 (N.D. Tex. July 8, 2022) ("Criminal statutes cannot be enforced in a civil action.").

19.  **Conspiracy to Violate RICO.** The case law, including that cited by Plaintiff, is clear: "To be convicted as a member of an enterprise conspiracy, an individual, by his words or actions, must have objectively manifested an agreement to participate, directly or indirectly, in the

affairs of an enterprise through the commission of two or more predicate crimes." *United States v. Sutherland*, 656 F.2d 1181, 1189 (5th Cir. 1981). Indeed, without this standard and under Plaintiff's argument, "every member of the State Bar of Texas" is involved in this alleged RICO conspiracy. [ECF No. 60, ¶ 75]. Plaintiff failed to plead such an agreement with respect to Barrows Defendants. Instead, Plaintiff rests on his conclusory allegation that "Barrows is a conspirator of the RICO conspiracy, she has committed all conspiracy acts highlighted in above referred cases in **furtherance** of her conspiracy." [ECF No. 108, ¶ 74 (emphasis in original)]. This is not enough to state a claim against Barrows Defendants under section 1962(d).

C. **Plaintiff's purported antitrust allegations against Barrows are wholly deficient.**

20. In his Response, Plaintiff clarifies that he does *not* assert a claim for "conspiracy to monopolize" under section 2 of the Sherman Antitrust Act against Barrows Defendants. [ECF No. 108, ¶ 79]. Instead, he apparently asserts a claim of *monopoly* against Defendant Leslie Barrows. [*Id.* ("Plaintiff asserted Barrows' RICO predicate acts with its conspiracy also constitutes **predatory practices** under Antitrust.") (emphasis in original)].[6]

21. To make a *prima facie* claim for monopoly against Defendant Barrows, Plaintiff must show that "the asserted violator [here, Leslie Barrows] 1) possesses monopoly power in the relevant market and 2) acquired or maintained that power willfully, as distinguished from the power having arisen and continued by growth produced by the development of a superior product, business acumen, or historic accident." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 522 (5th Cir. 1999) (citing *United States v. Grinnell Corp.,* 384 U.S. 563 (1966)).

---

[6] Plaintiff's phrasing in his Response suggests that he brings a claim for monopoly against Defendant Barrows Firm, too, but his Third Amended Complaint does not even list the Firm under Plaintiff's "Second Claim for Relief – Antitrust." [ECF No. 60, p. 50].

22. Plaintiff has not pleaded, and cannot plead, facts showing that Leslie Barrows herself has "the ability to extract above-market profits from raised prices," "the possession of large market share," and/or "the ability to exclude [her] competitors" from the market. *See Abraham & Veneklasen Joint Venture v. Am. Quarter Horse Ass'n*, 776 F.3d 321, 335 (5th Cir. 2015) (listing these as the essential attributes of illegal monopoly power); *see also Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.*, 732 F.2d 480, 489 (5th Cir. 1984) (collecting cases for the proposition that, as a matter of Supreme Court and Fifth Circuit law, a defendant generally must have a market share of at least fifty percent before he can be guilty of monopolization).

23. Plaintiff likewise has not pleaded facts showing that Defendant Barrows engaged in "exclusionary or predatory conduct [e.g., predatory pricing] without a valid business justification," as is required to establish the second element above. [ECF No. 108, ¶ 78 (citing *Lepage's Inc. v. 3M*, 324 F.3d 141, 152 (3d Cir. 2003)]; *Clean Water Opportunities, Inc. v. Willamette Valley Co.*, 759 Fed. Appx. 244, 248 (5th Cir. 2019) ("Exclusionary conduct under section 2 is the creation or maintenance of monopoly by means other than the competition on the merits embodied in the *Grinnell* standard." (quoting *Stearns Airport*, 170 F.3d at 522)). In fact, in the 70-paragraph antitrust section of his Complaint, Plaintiff does not plead a single fact related to Defendant Barrows. [*See* ECF No. 60, ¶¶ 205–75]. Thus, to the extent Plaintiff has raised an antitrust claim against Barrows Defendants, such claim fails and should be dismissed.

**D.    Plaintiff's "constitutional claims" against Barrows Defendants are likewise deficient.**

24. In his Response, Plaintiff does not address Barrows Defendants' arguments for dismissal of any of his constitutional claims except his claim under section 1983. [*See* ECF No. 108, ¶¶ 80–81]. Plaintiff alleges that under section 1983 a private person may qualify as a "state actor" if the person conspires with a state official. [*Id.*, ¶ 81]. However, as Barrows Defendants'

pointed out in their *Motion to Dismiss*, to show such a conspiracy, Plaintiff is required to assert facts which demonstrate "(1) an agreement between the private defendants and the state actor to commit an illegal act, *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); and (2) an actual deprivation of the plaintiff's constitutional rights, *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984)." *Payne,* 2023 WL 3587775, at *4.

25.     In *Arsenaux*, a factually similar case to this one, the Fifth Circuit affirmed the lower court's dismissal of plaintiff's section 1983 claims against a state trial judge and plaintiff's wife's attorney based on their conduct in plaintiff's underlying child custody lawsuit. *See generally* 726 F.2d 1022. Specifically, the *Arsenaux* Court noted that "[a] conspiracy cannot be divined from allegations of trial errors, the ex parte amendment of the complaint after improper communications, and the assessment of court costs. To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Id.* at 1024 (citing *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979). Like the plaintiff in *Arsenaux*, the conspiracy allegations, if any, made by Plaintiff here are conclusory, and "more than a blanket of accusation is necessary to support a § 1983 claim." *Id.* (collecting cases).[7] Plaintiff's constitutional claims should be dismissed.

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, Barrows Defendants pray that the Court grant their motion to dismiss and dismiss all of Plaintiff's claims against Barrows Defendants with prejudice. [ECF No. 90].

---

[7] Plaintiff's nondescript allegations about Defendant Barrows contributing to Judge DeAngelis's judicial campaign do not give rise to any "reasonable inference" that Barrows and DeAngelis agreed with one another to commit an illegal act. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Dated: November 27, 2023

        Respectfully submitted,

        */s/ Caroline M. Cyrier*
        Roland K. Johnson
        State Bar No. 00000084
        rolandjohnson@hfblaw.com
        Caroline M. Cyrier
        State Bar No. 24097558
        ccyrier@hfblaw.com
        **Harris, Finley & Bogle, P.C.**
        777 Main Street, Suite 1800
        Fort Worth, Texas 76102
        Telephone:    817-870-8700
        Facsimile:     817-332-6121

        **ATTORNEYS FOR DEFENDANTS**
        **LESLIE STARR BARROWS AND**
        **THE BARROWS FIRM**

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing instrument has been served on all parties and counsel of record in compliance with the Federal Rules of Civil Procedure on this 27th day of November 2023.

        */s/ Caroline M. Cyrier*
        Caroline M. Cyrier