IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONGHUA YAN | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:23-CV-758-P |
| | § |
| THE STATE BAR OF TEXAS, ET AL. | § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S SECOND MOTION FOR SANCTIONS TO COUNSEL ROYCE LEMOINE AND AMANDA KATES

Pending before the Court is *pro se* Plaintiff Conghua Yan's Second "Motion for Sanctions to Counsel" Royce Lemoine ("Lemoine") and Amanda Kates ("Kates") [doc. 63], filed September 19, 2023. Having carefully considered the motion, and response, the Court finds, concludes, and **RECOMMENDS** that the motion should be **DENIED** for the reasons stated in Defendants' response.

The Court notes that this is one of four motions for sanctions that Plaintiff has filed [docs. 22, 33, 63, 74] and the second motion for sanctions Plaintiff has filed against attorneys Lemoine and Kates. While much of Plaintiff's Motion for Sanctions is a pontification about the evils of the "'elite' legal community;" the crux of Plaintiff's argument is that Lemoine and Kates have made statements that he feels are attributable to his "abstract mental activities" and that there is no evidence to support them. (Plaintiff's Motion ("Pl.'s Mot.") at 7–8). Plaintiff previously raised this argument in his first motion for sanctions against Lemoine and Kates. (ECF 22). In an order dated August 31, 2023, the undersigned recommended, *inter alia*, denying Plaintiff's first motion for sanctions against Lemoine and Kates. (ECF 40). United States District Court Judge Mark Pittman adopted the undersigned's recommendation in an order dated September 18, 2023. (ECF 59). As mentioned in its previous order [doc. 79], the repeated, unwarranted filing of motions for sanctions against an attorney is a serious matter, which the Court will not continue to tolerate. If Plaintiff files any future frivolous motions for sanctions, the undersigned will recommend appropriate sanctions against Plaintiff.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 20, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED December 6, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE