## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| | ) |
| The State Bar of Texas et al, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR RECUSAL OF
## <u>MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 455(a)</u>

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully moves to recuse and disqualify the Honorable Magistrate Judge Jeff L. Cureton pursuant to 28 U.S.C. § 455(a).

## I. INTRODUCTION AND FACTS

1.      On **July 21st, 2023**, the Plaintiff filed a complaint against The State Bar of Texas et al, defendants. ECF No. 1,

2.      On **August 10th, 2023**, counsels Royce Lemoine and Amanda Kates, appeared to the Court, and filed a Motion to Dismiss against the Plaintiff, ECF No. 13. Counsels Royce Lemoine and Amanda Kates represent four Defendants in this suit, the State Bar of Texas ("State Bar"), Luis Jesus Marin ("Marin"), Daniel Eulalio Martinez ("Martinez"), and Rachel Ann Craig ("Craig") (hereinafter referred to collectively as "Defendants").

3.      Upon its first appearance until today, the Defendant, the State Bar of Texas, a private company, has not filed a Disclosure Statement as required by FRCP 7.1(a)(1), which states that such a filing is *mandatory*.

4.      In the Motion to Dismiss, two counsels wrote following frivolous arguments:

> 1.  In fact, Yan's allegations indicate he either has a misunderstanding of his role as a complainant in the attorney disciplinary system, <u>or that he was intentionally attempting to use the disciplinary system (when he filed his alleged grievances) to harass Barrows and Pigg,</u> because he believes seeking relief against Barrow and Pigg in a **proper venue** will turn out to be unsuccessful.

5.      On **August 15th, 2023**, Plaintiff notified and severed Counsel Amanda Kates with a Motion for Sanctions, requested them to withdraw and apply modifications to their Motion to Dismiss. Counsel Amanda Kates refused Plaintiff's request.

6.      On **August 18th, 2023**, Plaintiff filed a Motion for Sanctions to Counsel of The State Bar of Texas, ECF No. 22.

7.      On **August 31st, 2023**, this Court denied Plaintiff's Motion for Sanctions against State Bar of Texas ECF No. 22, in ECF No 40.

8.      On the date of **August 31st**, 2023, **neither** Plaintiff **nor** State Bar of Texas had filed any Response or Reply regarding the Motion for Sanctions, ECF No. 22. When this Court voluntarily, denied the Plaintiff's motion without any adversarial action from the opposing party, Plaintiff assumed that the denial was due to their failure to meet the 21-day "safe harbor" provision.

9.      On **September 19th, 2023**, Plaintiff re-filed a Motion for Sanctions to Counsel of The State Bar of Texas, ECF No. 63.

10.     On **December 6th, 2023**, this Court denied Plaintiff's Motion for Sanctions against State Bar of Texas ECF No. 63, in ECF No 114.

11.     In the Findings and Recommendations, this Court wrote, "*the repeated, unwarranted filling of motions for sanctions against an attorney is a serious matter, which the Court will not continue to tolerate. If Plaintiff files **any future frivolous motions for sanctions**, the undersigned will recommend appropriate sanctions against Plaintiff.*"

12.     Plaintiff asserts that the appearance of partiality has arisen during prior court proceedings; the Honorable Magistrate Judge Jeff L. Cureton has failed to weight the scales of justice *equally* between the contending parties.

## II. Standard of Review

13.     Rule 7.1 – Disclosure Statement
        (a) Who *must* file; Contents.
            (1) Nongovernmental Corporations. A nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that:
                (A) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
                (B) states that there is no such corporation.
        (b) Time to file; Supplemental filing. A party, intervenor, or proposed intervenor must:
            (1) file the disclosure statement with its *first appearance*, pleading, petition, motion, response, or other request addressed to the court; and

## III. APPLICABLE LAW

14.     "Unbiased, impartial adjudicators are the cornerstone of any system of justice worthy of the label." *In re Al-Nashiri*, 921 F.3d 224, 233–34 (D.C. Cir. 2019). Thus, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455; *see also* Code of Judicial Conduct, Canon 2A ("A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary").[1]

15.     Under settled law, what matters "is not the reality of bias or prejudice but its appearance." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (*statement of* Rehnquist, C.J.) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)). Therefore, "all that must be demonstrated to compel recusal ... is a showing of an appearance of bias . . . sufficient to permit the average citizen reasonably to question a judge's impartiality." *In re Al-Nashiri*, 921 F.3d at 234. "This inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp.*, 530 U.S. at 1302 (citations omitted).

16.     In other words, "[i]t is of no consequence that the judge is not *actually* biased because § 455(a) 'concerns not only fairness to individual litigants, but, equally important, it concerns the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who *appears* to be tainted.'" *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citations omitted) (emphasis in original); *Hall v. Small Bus. Admin.*, 695 F.2d 175, 178–79 (5th Cir. 1983) ("[T]his portion of the disqualification statute is to exact the appearance of impartiality . . . it focuses on what is revealed to the parties and the public, as opposed to the existence in fact of any bias or prejudice"); As the Fifth Circuit stated:

---

[1] "Impartiality--and the appearance of impartiality--are the foundation of judicial decision-making, judicial morality, and the public's trust in the rule of law." Zygmont A. Pines, *Mirror, Mirror, on the Wall-Biased Impartiality, Appearances, and the Need for Recusal Reform*, 125 Dickinson L. Rev. 69 (2020). These concerns should not be "relegated to the periphery of our administration of justice when its rightful place should be its nucleus." Id. at 152; *see also Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980) ("[T]he protection of the integrity and dignity of the judicial process from any hint or appearance of bias is the palladium of our judicial system." (citation omitted))

> This overriding concern with appearances, which also pervades the Code of Judicial Conduct and the ABA Code of Professional Responsibility, stems from the recognized need for an unimpeachable judicial system in which the public has unwavering confidence. As this court has noted, "the protection of the integrity and dignity of the judicial process from any hint or appearance of bias is the palladium of our judicial system." Any question of a judge's impartiality threatens the purity of the judicial process and its institutions.

*Potashnick*, 609 F.2d at 1111 (quoting *United States v. Columbia Broadcasting System, Inc.*, 497 F.2d 107, 109 (5th Cir. 1974)).

17.     "Such a stringent rule, to be sure, may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice *equally* between contending parties." *In re Al-Nashiri*, 921 F.3d at 234 (citation and quotation marks omitted). However, "to perform its high function in the best way, the Supreme Court has emphasized, justice *must* satisfy the appearance of justice." Id. (citation and quotation marks omitted).

18.     Therefore, to "preserve both the reality and appearance of impartiality," a judge should recuse herself when her impartiality "might" be reasonably questioned. Id.; *see also United States v. Microsoft Corp.*, 253 F.3d 34, 114–15 (D.C. Cir. 2001) ("The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible . . . Appearance may be all there is, but that is enough to invoke the Canons [of Judicial Conduct] and § 455(a)." (quotation omitted)).[2] Indeed, Congress's use of the word "might" in § 455(a) counsels *a low threshold*, requiring disqualification if *any* reasonable citizen could question a judge's impartiality, *even if* some do not. Accordingly, "when a judge harbors *any* doubts concerning whether his disqualification is required [s]he *should* resolve the doubt in favor of disqualification." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988) (citations omitted).[3]

---

[2] The Due Process Clause mandates a similar requirement of judicial impartiality, and like Section 455(a), has been implemented by objective standards that do not require proof of actual bias. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009) (citations omitted)

[3] See also *Cheney v. U.S. District Court for D.C.*, 541 U.S. 913, 915 (2004) (*memorandum* of Scalia, J.) ("Let me respond, at the outset, to Sierra Club's suggestion that I should 'resolve any doubts in favor of recusal.' That might be sound advice if I were sitting on a Court of Appeals."); Potashnick, 609 F.2d at 1112 ("[T]he new statute requires a judge to exercise his discretion in favor of disqualification if he has any question about the propriety of his sitting in a particular case.")

19.      "If the issue of whether § 455 requires disqualification is a close one, the judge must be recused." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002); see *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995).

### III. ARGUMENT

20.      The Honorable Magistrate Judge referred to Plaintiff's petition as "a Pontification about the evil of the 'elite' legal community." at ECF No 114 at PageID 1725. Plaintiff asserts that these prejudgmental remarks prejudice the impartiality of the ongoing proceedings.

21.      "Courts have found an impermissible level of bias when a judge's remarks or actions reveal [s]he has prejudged the guilt of a defendant." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005).

22.      The essence of Due Process requirements consists of *notice and a hearing before an impartial tribunal*. However, these requirements are rendered meaningless if an attorney named Leslie Starr Barrows is *permitted to alter the context of a court judgement*. The decision of the State Bar of Texas and the policy of the Tarrant County District Attorney's office have jeopardized the integrity of the entire Texas judicial system.

23.      Court opinions on critical matters sometimes change as times evolve, for example, in the cases of slavery, abortion, and voting rights. However, the principle that an attorney cannot alter the context of a court judgment is an *absolute* foundation of legal practice. Any party attempting to uphold this misconduct is undoubtedly viewed as *evil* from a public perspective.

24.      Contrary to the Honorable Magistrate Judge's conclusory remark, it would be a pontification that any reasonable person could perceive any 'kindness' in the 'elite' legal community based on every prior discretionary decision made by a member of the 'elite' legal community against Plaintiff since November 2021. This suit is against the 'elite' legal community who committed wrongdoings. However, prematurely claiming that Plaintiff has a pontificating mind at this stage, before thorough discovery, prejudices future court proceedings. This raises doubts about whether the Honorable Magistrate Judge is biased against Plaintiff.

25.     The Supreme Court of the United States (SCOTUS) has interpreted the frivolous standard by stating, "On the other hand, **if** it finds any of the legal points arguable on their merits (and **therefore** not frivolous), it must, prior to decision, afford the indigent…to argue…" *Anders v. California*, 386 U.S. 738 (1967).

26.     The Motion for Sanction filed by Plaintiff arose from the State Bar of Texas's continuous misconducts. This included attempts to oppress Plaintiff through false misrepresentation and accusations of intentionally harassing Barrows and Pigg by filing grievances, seeking remedy right guaranteed by Article 1 of the Texas Constitution for his injury.

27.     When the presented evidences showed that Plaintiff had sound legal points to file his grievance, and subsequently BODA sided with Plaintiff twice, it became apparent that the counsels of the Chief Disciplinary Office of the State Bar of Texas are dishonest. Seeking merits against their false misrepresentations is a possible approach worth arguing in this Court.

28.     Plaintiff asserts that the Honorable Magistrate Judge has committed judicial oppression against a pro se litigant by alleging that Plaintiff filed frivolous motion, claiming the Court will not continue to tolerate such actions, and warning of sanctions against Plaintiff for any future frivolous motions.

29.     Counsels from the Chief Disciplinary Office of the State Bar of Texas have filed a suit against *Ken Paxton*, the Attorney General of Texas, for false misrepresentations concerning election fraud, a matter that appeared very serious. However, when the counsels themselves from the Chief Disciplinary Office of the State Bar of Texas are alleged to have made false misrepresentations, the Honorable Magistrate Judge considers this to be a serious matter that this Court does not tolerate, simply because a pro se litigant initially failed procedural compliance. Plaintiff asserts that this is the exact appearance of partiality that § 455(a) is intended to address.

30.     Upon its first appearance until today, the Defendant, the State Bar of Texas, a private company, has not filed a Disclosure Statement as required by FRCP 7.1(a)(1), which states that such a filing is mandatory. Meanwhile, Plaintiff's motion was denied due to FRCP

11's 21-day safe harbor provision. This contrast raises doubts among the public about whether the FRCP is primarily applied as a method to discourage pro se litigants from seeking legal action in court. It appears that the compliance bar to a pro se litigant is higher in this case.

31.  Finally, Plaintiff asserts that the Honorable Magistrate Judge has demonstrated partiality by taking voluntary adversarial action on behalf of the Defendants.

32.  The Court is an adversary system. Plaintiff notified and severed Counsel Amanda Kates with a Motion for Sanctions on **August 15th, 2023**, Plaintiff filed a Motion for Sanctions on **August 18th, 2023.**

33.  "The "safe harbor" provision added to Rule 11 contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1995). There are two possible adversarial actions that the opposing party could take: either filing response with consent/objection or withdraw/correct the offending contention within 21 days. The due date for withdraw/correction is **September 6, 2023**.

34.  Without giving the opposing party an opportunity for adversarial action, the Honorable Magistrate Judge voluntarily acted on his own and denied the Plaintiff's motion on **August 31, 2023**. From a public perception standpoint, is the Honorable Magistrate Judge an impartial and relatively passive arbiter or an active participant?

35.  On **August 31, 2023**, the denial ruling itself does not mention "denial with prejudice" or "denial without prejudice." On **September 19th, 2023**, Plaintiff re-filed his motion after the 21-day "safe harbor" expiration, completely in full compliance with the FRCP and prior rulings. Surprisingly, the Honorable Magistrate Judge ruled the Plaintiff's refiling legal action itself as "repeated," "unwarranted," and "frivolous," without specifying any violation of precedential laws or the FRCP. Plaintiff asserts that the Honorable Magistrate Judge appears to be tainted, therefor allowing this case to proceed before him will irreparably harmed public's confidence in the judiciary.

### III. Prayer for Relief

36.     "We may try to see things as objectively as we please. Nonetheless, we can never see them with any eyes except our own."—Judge Benjamin Cardozo. *The Nature of the Judicial Process*.

37.     Based on the above, Plaintiff respectfully requests the Honorable Magistrate Judge Jeff L. Cureton recuse himself from this case.

Respectfully submitted,

<u>     /s/ Conghua Yan     </u>
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
/[arnold200@gmail.com]

<u>CERTIFICATE OF</u>
<u>SERVICE</u>

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (December 7th, 2023).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]