UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CONGHUA YAN,**

   Plaintiff,

v.                                No. 4:23-cv-00758-P

**THE STATE BAR OF TEXAS, ET AL.,**

   Defendants.

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, & RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On December 6, 2023, United States Magistrate Judge Jeffrey L. Cureton entered findings, conclusions, and a recommendation ("FCR") regarding Plaintiff's Motion for Sanctions. ECF No. 114. Plaintiff objected (ECF No. 115), so the Court conducted a *de novo* review. Having done so, the Court **AFFIRMS** the reasoning of the Magistrate Judge, **ADOPTS** the FCR as the conclusions of the Court, **OVERRULES** Plaintiff's objections, and **DENIES** Plaintiff's Motion for Sanctions. ECF No. 63. The Court further finds Plaintiff's repeat filing of sanctions motions to be vexatious and **ORDERS** that Plaintiff be **ENJOINED** from filing any further motions for sanctions without seeking leave from the Court to do so. The Court also **DENIES** Plaintiff's Motion for Recusal of the Magistrate Judge. ECF No. 116.

### BACKGROUND

Plaintiff Conghua Yan sued the State Bar of Texas and a host of other defendants on July 21, 2023. The Complaint purports to "expose[] a **Scandalous Case of the Decade**[]" and makes sweeping allegations of impropriety against multiple defendants. Plaintiff suggests the State Bar has been in cahoots with industry magnates, powerful attorneys, state-court judges, and financial institutions to fine Plaintiff and prevent Plaintiff from practicing law in Texas. Plaintiff sues defendants

under an array of legal theories, including common-law fraud, the Texas Family Code, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Employee Retirement Income Security Act ("ERISA"), and a host of civil-rights statutes.

Plaintiff filed the instant Motion on unclear grounds, but vehemently decries the evils of the "elite legal community" to which Defendants allegedly belong. From what the Court can determine, Plaintiff's Motion is largely motivated by an August 24, 2023 email exchange in which Defendants opposed a filing extension Plaintiff sought. Notably, the instant Motion represents the fourth motion for sanctions Plaintiff has filed—and the second seeking sanctions against Defendants Lemoine and Kates. The Court denied Plaintiff's previous motions and, as the FCR rightly observes, nothing differentiates Plaintiff's allegations in the instant Motion from those in previous motions.

## LEGAL STANDARD & ANALYSIS

Sanctions are an extraordinary form of relief. *See generally Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 482–83 (N.D. Tex. 2016). While extraordinary violations of judicial process may call for extraordinary relief, the Court should always impose "the least severe sanctions adequate to accomplish the purpose for which the sanction was imposed." *Topalian v. Ehrman*, 3 F.3d 931, 938 (5th Cir. 1993). In this regard, "[w]hen a court undertakes to sanction an attorney for violating court rules, it is incumbent upon the sanctioning court to observe scrupulously its own rules of disciplinary procedure." *Matter of Thalheim*, 853 F.2d 383, 386 (5th Cir. 1988). In so doing, "any disciplinary rules used to impose sanctions on attorneys must be strictly construed resolving ambiguities in favor of the person charged." *United States v. Brown*, 72 F.3d 25, 29 (5th Cir. 1995). This is no small matter; rather, "this is a matter of due process." *In re Finn*, 78 F.4th 153, 157 (5th Cir. 2023).

The Court agrees with the FCR that Plaintiff failed to establish grounds for the extraordinary relief sought in the Motion. *See* ECF No. 114 at 1; *see also Orchestrate HR*, 178 F. Supp. 3d at 482–83. Mindful that the Court must "construe [Plaintiff's] filings liberally because he is

2

a *pro se* litigant," *see Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023), the Court carefully scrutinized Plaintiff's Motion to determine any potential grounds that might warrant the sanctions requested. *See generally* ECF No. 63 at 9 (asking the Court to order refiling of Defendants' motions to dismiss with alleged misrepresentations removed and to sanction Lemoine and Kates $500 each). But no amount of liberal construction could justify anything close to the imposition of sanctions based upon the allegations set forth in Plaintiff's Motion. The Motion insists Defendant's substantive legal arguments are "frivolous" and suggests they are "dishonest representations" to the Court. *See id.* The Motion then appeals to Federal Rule 11 in urging the Court to impose sanctions. *See id.* at 7–10. The Court is disinclined to do so.

As a starting point, Plaintiff should have brought arguments regarding the veracity of Defendants' claims in a response to their motions to dismiss, not in a Rule 11 motion for sanctions. To disagree with Defendants' position is one thing; to request sanctions for fraud upon the Court is an entirely different matter. This is not to say Plaintiff's arguments have merit, but rather to observe the improper procedural vehicle through which Plaintiff raises them. Indeed, the Court sees little within the Motion that would indicate Defendants' dismissal arguments are "frivolous" as legally understood. *See generally Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting a position is frivolous "where it lacks an arguable basis either in law or in fact"). And try as the Motion might, it fails to show Defendants raised any legally or factually frivolous arguments in their motions to dismiss or elsewhere. This Court cannot and will not impose sanctions based upon conclusory assertions of mendacity. While Plaintiff insists Defendants have been untruthful, the Motion essentially defines "untrue" as "anything Plaintiff disagrees with." That won't cut it.

What Plaintiff's Motion lacks in evidence, it makes up for in vehemence. *See* ECF No. 63 at 7–10. But conclusory allegations are not evidence, and the Motion's hamartia is its conspicuous dearth of evidence in support of its claims. *See* FED. R. CIV. P. 11(b) (noting sanctionable conduct must be "*specifically* so identified" in a motion for

3

sanctions) (emphasis added). Further, to the extent Plaintiff seeks sanctions for fraud upon the Court, the Motion fails to satisfy the requisite showing. "To establish fraud on the court, 'it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Though Plaintiff says Defendants' counsel "falsely represented frivolous argument[s]," the Motion provides no evidence of falsity. *See id.* Thus, even if Plaintiff's accusations were true, the Court would be unable to grant the relief sought without *evidence* establishing such truth. Accordingly, the Court must **DENY** the relief Plaintiff seeks.

## ANALYSIS OF OBJECTIONS

Though Plaintiff filed nine pages of objections to the FCR, the "objections" merely contest the Magistrate Judge's use of words like "unwarranted" and "frivolous" and wax poetic about the adversarial system of justice implemented at the American founding. *See* ECF No. 115. The Court is not unsympathetic to Plaintiff's predicament—the denial of a litigant's motion is always hard to accept. But without pointing to concrete factual or legal errors, the objections don't give the Court much to work with. Rather, they simply indicate Plaintiff disagrees with the Magistrate Judge's finding that Plaintiff's arguments are frivolous. *Id.* at 5–7.

The objections also fail to support Plaintiff's contention that "this Court does not tolerate a lower-class pro se filing sanction against an upper-class attorney regardless of '**any** legal points arguable on their merits.'" *Id.* at 7. The Magistrate Judge reviewed Plaintiff's motion and Defendants' arguments for countless hours before drafting a well-reasoned FCR. This was admittedly easy, as Plaintiff's Motion is predicated on the same or similar allegations underlying his previous motions. After receiving the FCR and Plaintiff's objections, this Court conducted a lengthy *de novo* review before rendering the instant decision. Having done so, liberally construing all points in a light favorable to Plaintiff, the Court accepts the FCR. Having considered Plaintiff's objections with equal intentionality, the Court finds no

meritorious objections to the FCR's findings of fact or conclusions of law. Accordingly, though the term "objection" seems generous, the Court **OVERRULES** Plaintiff's objections.

### ORDER PROHIBITTING FUTURE VEXATIOUS MOTIONS FOR SANCTIONS

Having addressed the FCR and Plaintiff's objections thereto, the Court still has concerns over the frequency and frivolity of Plaintiff's repeat motions for sanctions. Most of what Plaintiff calls "sanctionable conduct" is actually zealous (but courteous) advocacy on behalf of Defendants by their respective counsel. There is a certain gravitas appropriate when a litigant asks the Court to impose sanctions upon an adversary's counsel. *See* ECF No. 114 at 1 (noting "the repeated, unwarranted filing of motions for sanctions against an attorney is a serious matter [] which the Court will not continue to tolerate"). Accordingly, though the FCR suggested sanctions may be recommended "if Plaintiff files any future frivolous motions for sanctions," *see* ECF No. 114 at 1, the Court finds that threshold has already been crossed.

Because Plaintiff flippantly filed numerous frivolous motions for sanctions, the Court finds the instant Motion to be vexatious and **ORDERS** that Plaintiff be **ENJOINED** from filing future sanctions motions without first seeking leave from the Court to do so. <u>Noncompliance with this Order will result in the striking of any offending filing and the imposition of further sanctions upon Plaintiff.</u>

The Court doesn't take this restriction lightly. However, a bar on future sanctions motions is necessary to prevent further muddying of the case docket by filings inapposite in federal court. The Fort Worth Division of the Northern District of Texas has one of the busiest dockets in the federal judiciary; Plaintiff's repeat sanctions motions unnecessarily hinder the administration of justice for other, more meritorious, filings. Plaintiff's Motion repeatedly blurs the line between a legal pleading and a manifesto of grievances. Rather than legal arguments and supportive evidence, Plaintiff's latest Motion lodged unnecessary *ad hominem* attacks that impugn Defendants' professional reputation with no facts suggesting it is appropriate to do so. *See, e.g.*, ECF No. 63 at 8 ("Counsel Royce Lemoine and Amanda Kates

5

demonstrated a lack of cognitive ability and integrity. How dare they, including their client Rachel Ann Craig, sue Ken Paxton and Sidney Powell in Dallas and Collin County, alleging them of dishonest misrepresentation regarding the topic of election fraud, when they themselves do not even understand what due process is?").

Such pointless attacks have no place in federal court and this Court will countenance them no further.[1] Nevertheless, the Court must impose "the least severe sanctions adequate to accomplish the purpose for which the sanction was imposed." *Topalian*, 3 F.3d at 938. Thus, the Court only enjoins further sanctions-related motions without leave, rather than further filings of any kind. This case implicates matters at the heart of the legal profession in Texas. As alleged in the Complaint, "Attorneys unite to safeguard each other. Plaintiff is witnessing this firsthand. While the Tarrant County Criminal District Attorney's Office propagandizes itself as being different from San Francisco DA, where theft has been decriminalized, they have been decriminalizing the white-collar crimes of Tarrant County family law attorneys for decades." ECF No. 1 at 5. The Court is stymied in its ability to address the substance of these allegations when Plaintiff continues to file sanctions motions despite the Court's prior denials of materially identical filings. Accordingly, seeing no other way to address these concerns, the Court **ORDERS** Plaintiff to cease from filing sanctions motions without first seeking leave from the Court to do so.

### ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF THE UNITED STATES MAGISTRATE JUDGE

The Court will also take this opportunity to address Plaintiff's Motion for Recusal of the Magistrate Judge. ECF No. 116. Appealing to 28 U.S.C. § 455(a), Plaintiff seeks recusal of United States Magistrate Judge Jeffrey Cureton from this case. *See id.* The Motion lodges weighty attacks at Magistrate Judge Cureton, arguing "the appearance of

---

[1] As the long-respected Fort Worth Judge Eldon B. Mahon recognized after three decades on this bench, "name-calling and personal attacks . . . do little to advance a party's position and only serve to cloud the real issues before the Court." *U.S. Fleet Servs. v. City of Fort Worth*, 141 F. Supp. 2d 631, 633–34 (N.D. Tex. 2001) (Mahon, J.).

partiality has arisen during prior court proceedings; the Honorable Magistrate Judge Jeff L. Cureton has failed to weight the scales of justice *equally* between the contending parties." *Id.* at 3. But the Motion's arguments in favor of recusal merely nitpick prior FCRs and critique the verbiage used to describe certain filings. Whether or not Plaintiff agrees with the Magistrate Judge's language in prior orders, disagreement over wording isn't an enumerated ground for recusal. *See* 28 U.S.C. § 455(b)(1)–(4) (listing considerations that mandate recusal). In the absence of a showing that one of the statutory conditions are present, the Court is disinclined to mandate that an otherwise capable, impartial magistrate judge recuse from this action.

Plaintiff leans on *United States v. Nickl*, 427 F.3d 1286 (10th Cir. 2005) in seeking recusal based upon the Magistrate Judge's characterization of prior filings. *See* ECF No. 116 at 6. That case observed that "Courts have found an impermissible level of bias when a judge's remarks or actions reveal he has prejudged the guilt of a defendant." *Nickl*, 427 F.3d at 1298. But Yan is a civil plaintiff, not a criminal defendant. Thus, the Court finds *Nickl* unpersuasive in this context. Moreover, the Court would remind Plaintiff that the Magistrate Judge's remarks were the result of myriad baseless *ad hominem* attacks in Plaintiff's filings. If Plaintiff wants the Magistrate Judge to characterize his filings more euphemistically, he would do well to stick to the law and facts, rather than continue his pattern of personal attacks and incendiary remarks vis-à-vis Defendants and their counsel. The Court has utmost confidence in Magistrate Judge Cureton's evenhanded application of the law and cannot fault any previous FCRs for characterizing Plaintiff's filings in a less-than-laudatory light. Plaintiff's Motion for Recusal (ECF No. 116) is **DENIED**.

## CONCLUSION

Plaintiff's Motion for Sanctions (ECF No. 63) is **DENIED** because it contains no evidence supporting Plaintiff's unadorned accusations of mendacity. Plaintiff's Motion for Recusal is **DENIED** because it fails to show any grounds warranting mandatory recusal. And Plaintiff is **ENJOINED** from filing further motions for sanctions without obtaining

leave of the Court to do so because frivolous sanctions motions prevent the Court from getting to the substance of Plaintiff's claims.

**SO ORDERED** on this **13th day** of **December 2023.**

*Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE