FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| | ) |
| The State Bar of Texas et al, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO RECONSIDERATION

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

This matter is before the Court on Pro Se Plaintiff's motion for reconsideration of the Court's December 13, 2023 Order [ECF. No. 118] overruled Plaintiff's objection to MAGISTRATE JUDGE's Findings and Recommendations [ECF. No. 115], pursuant to Federal Rule of Civil Procedure 54(b).

The Court's December 13, 2023 Order [ECF. No. 118] also imposed a sanction against Plaintiff.

## I. INTRODUCTION AND FACTS

1. On December 6th, 2023, this Courts ruled FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S SECOND MOTION FOR SANCTIONS. [ECF. No. 114]

2. On December 6th, 2023, Plaintiff filed an OBJECTION to Findings and Recommendations. [ECF. No. 115]

3. On December 13th, 2023, this Courts accepted FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S SECOND MOTION FOR SANCTIONS. [ECF. No. 118]

## II. LEGAL STANDARD

4.        Some courts in the Fifth Circuit have analyzed motions to reconsider interlocutory orders under Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). These courts have held that

> [m]otions to reconsider that challenge a prior judgment on the merits are treated as arising under either Rule 59(e) or Rule 60(b), depending on the timing. A motion to reconsider an interlocutory order is considered under Rule 54(b), which provides courts "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."

*Martikean v. United States*, No. 3:11-CV-1774-M-BH, 2014 WL 4631620, at *2 (N.D. Tex. Sept. 16, 2014) (quoting Iturralde v. Shaw Group, Inc., 512 Fed. App'x 430, 432 (5th Cir. 2013)) (citing *Cressionnie v. Hample*, 184 Fed. App'x 366, 369 (5th Cir. 2006).

5.        Plaintiffs' motion for reconsideration is also proper under Rule 60(b). Rule 60(b) provides that a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). Under Rule 60(b), reconsideration may be granted in the case of "mistake, inadvertence, surprise or excusable neglect" or "any other reason [justifying] relief." FED. R. CIV. P. 60(b). A court's determination that it committed error certainly qualifies, and in this respect, the standards for review embodied in Rules 54(b) and 60(b) are complementary.

6.        In addition to the foregoing, motions for reconsideration are also properly brought under Civil Local Rule 7.1(i), which allows parties to seek reconsideration of an order. Generally, courts will reconsider a decision if a party can show (1) new facts, (2) new law, or (3) clear error in the court's prior decision. See, e.g., *Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003).

### III. Brief in Support of Motion for Reconsideration

### The sanction was ruled with procedural error

7.      Under FRCP Rule 11, the Court may impose a sanction upon a motion, which is not available option in this case, pursuant to FRCP Rule 11(c)(2). Alternatively, the Court may, on its own initiative, order a party to show cause why conduct specifically described in the order has not violated Rule 11(b), in accordance with FRCP Rule 11(c)(3). Plaintiff was never offered a show cause hearing.

### The sanction is unwarranted

8.      In the Court order [ECF. No. 118], it says,

> "See ECF No. 114 at 1 (noting "the repeated, unwarranted filing of **motions for sanctions** against an attorney is a serious matter [] which the Court will not continue to tolerate"). Accordingly, though the FCR suggested sanctions may be recommended "if Plaintiff files any future frivolous **motions for sanctions**," see ECF No. 114 at 1, the Court finds that **threshold** has already been **crossed**. Because Plaintiff flippantly filed numerous frivolous motions for sanctions, the Court finds the **instant Motion** to be **vexatious** and ORDERS that Plaintiff be ENJOINED from filing future sanctions motions without first seeking leave from the Court to do so. Noncompliance with this Order will result in the striking of any offending filing and the imposition of further sanctions upon Plaintiff."

9.      However, FCR also says "Under 28 U.S.C. § 636(b)(l), each party to this action **has the right** to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation."

10.     Plaintiff, a pro se litigant, possesses limited legal knowledge and has a non-native background in English. It seems that when Plaintiff filed "the instant Motion" pursuant to *28 U.S.C. § 636(b)(1)* as a right, they cannot "crossed" the established "threshold" for "if Plaintiff files any future frivolous motions for sanctions." (Rule 11(c)(2))

11.     Plaintiff asserts that there is a clear error in perceiving the naked fact of filing a motion under *28 U.S.C. § 636(b)(1)* as vexatious or sanctionable conduct, as it is a litigant's right. To draw a simple analogy, it is akin to Plaintiff receiving a speeding ticket for driving on X Boulevard because of a violation of a warning sign on Y Avenue, an unrelated location. Plaintiff asserts that motion under *28 U.S.C. § 636(b)(1)* and motion under Rule 11 are distinct actions.

12. Plaintiff wholly agreed with this Court that nobody shall launch "unnecessary ad hominem attacks that impugn [] professional reputation with no facts suggesting it is appropriate to do so," see ECF No. 118 at 5. However, Plaintiff believes that professional reputation should be earned by upholding the highest standards, not merely through the title of the profession itself. Reputation is about perception, not a self-proclaimed privilege.

13. Plaintiff, a professional in the retail banking industry, also values professional reputation. Plaintiff can assure this Court that anyone in the retail banking industry who alters banking business records would be reported and terminated. My industry maintains a zero-tolerance policy regarding the integrity of banking business records. I will report anyone who crosses this line; there are no exceptions for friends, colleagues, or acquaintances. This is how we have earned our reputation.

14. When a customer enters a bank and deposits $25,000, if a bank teller records $0 and pockets $25,000, that teller will go to jail. Similarly, if a robber threatens the bank with a gun and steals $25,000, this robber will also go to jail. However, if an attorney, dressed in a suit, alters a court order to illegally obtain $25,000 for personal gain, they may still continue practicing law. The mere existence of this scenario is absurd, irrespective of the outcome.

15. When the court officer, Leslie Star Barrows, colluded with Pigg and altered the court record, attorneys from the Office of the Chief Disciplinary Counsel and the Tarrant County District Office chose to conceal these crimes, allowing them to continue. These facts demonstrate a low standard. Upon discovering that offenses under *18 U.S.C. § 664* have been occurring for over a decade and are widespread throughout the Texas, Plaintiff has lost all regard for the reputation of this Texas attorney profession.

16. Plaintiff does not believe that anyone in Texas with a sound mind would respect liars or cheaters. However, there are individuals whom Plaintiff still respects, such as Judge David Schenck, the former head of the SCJC. He openly questioned the integrity of the Texas courts in relation to political contributions made to judges. His statement, "The state has the power and the obligation to eliminate this appearance. Other states have acted," was reported in The Dallas Morning News on January 28, 2022.

**The sanction is unnecessary**

17. Plaintiff fully agrees that this Court should prioritize its ability to address the substance of these allegations. Plaintiff commits to making his best efforts to not hinder the administration of justice in this busy Court. Pro Se litigant has dignity as well. Plaintiff is obsessed to address issues of the law arisen in this suit, that should not be the reason of being sanctioned.

18. Plaintiff's motions for sanctions were filed to address several counsels' earlier behaviors dating back to August. Following the Plaintiff's zealous advocacy efforts against these counsels, they have since corrected their behaviors. On September 26, 2023, Mr. Ogle filed a Notice of Advisory to the Court, [ECF No. 118], to withdraw his frivolous argument, which claimed that Lori L. DeAngelis is still the presiding judge of my case. Similarly, when the counsels of the State Bar filed an amended motion to dismiss on October 2, 2023, [ECF No. 83], they discreetly removed the false representation claiming that "he was intentionally attempting to use the disciplinary system (when he filed his alleged grievances) to harass Barrows and Pigg."

19. Plaintiff is a reasonable person and, as this Court can reasonably infer, also very busy. When opposing counsels ceased using frivolous argument tactics, as evidenced in the last thirty dockets, Plaintiff has not filed a single motion for sanctions in the past three months. This clearly indicates that while we may have differing views on the standard of honesty, boundaries of tolerance have been established and respected.

20. Plaintiff believes that this Court and all counsels involved in this suit share a common interest in avoiding frivolous arguments and actions. Unlike the other counsels, Plaintiff does not receive any compensation for his actions. Given the Plaintiff's natural disadvantages in this suit, stemming from a language barrier and limited legal knowledge, imposing a sanction of legal action restriction at this stage would exacerbate the disparity in advantages, thereby causing irreparable harm to the interests of a pro se litigant in future proceedings.

### IV. Prayer for Relief

Based on the foregoing, Plaintiff prays for the following relief:

      A.      Revoke the "frivolous" conclusion on Plaintiff's prior sanction motions.

      B.      Revoke the sanction.

Respectfully submitted,

                                                         /s/ Conghua Yan

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

                                                                          [arnold200@gmail.com]

<u>CERTIFICATE OF</u>
<u>SERVICE</u>

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (December 15th, 2023).

/s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]
