# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONGHUA YAN,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:23-CV-758-P** |
| | § | |
| **THE STATE BAR OF TEXAS, et al.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are: (1) Defendant Judge Lori DeAngelis ("Judge DeAngelis")' Motion to Dismiss [doc. 69]; (2) Defendant Tarrant County's Motion to Dismiss [doc. 70]; (3) Defendants the State Bar of Texas, Luis Jesus Marin, Daniel Eulalio Martinez, and Rachel Ann Craig (the "State Bar Defendants")' Amended Motion to Dismiss [doc. 83]; and (4) Defendant Samantha Ybarra ("Ybarra")'s Motion to Dismiss [doc. 75] and Defendants Leslie Barrows and the Barrows Firm (the "Barrows Defendants")' Motion to Dismiss [doc. 90].[1]  The Court, having carefully considered the motions, responses, replies, and all relevant applicable law, **RECOMMENDS** that the all five motions be **GRANTED** and all claims against the Defendants be **DISMISSED WITH PREJUDICE**.

## I.      BACKGROUND

*Pro se* Plaintiff Conghua Yan ("Yan") filed an eighty-two-page complaint against eleven Defendants [doc. 60].  In his third amended complaint, Yan describes his suit as the "[s]candalous [c]ase of the [d]ecades" in which he exposes "a decade-long and widespread pattern" of "racketeering activity" promulgated by the State Bar of Texas and its members. (Plaintiff's Third

---

[1] Ybarra and the Barrow Defendants are hereinafter collectively referred to as the Attorney Defendants.

1

Amended Complaint ("Complaint") at 3–6 (emphasis omitted)).   Yan further asserts that "the merits of this suit are so important that any attempt to dismiss it would harm the public interest statewide." (Complaint at 35 (mistakes in original) (emphasis omitted)).

This lawsuit arises out of an ongoing state court divorce proceeding between Yan and his wife. (Complaint at 21–29).   Yan contends that the state court illegally ordered him to pay attorneys' fees and spousal support from certain funds under his control.   (*See, e.g., Id.*).   In response to the state court's orders, Yan filed multiple grievance cases with the State Bar of Texas alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Complaint at 29–32).   The State Bar of Texas, initially and on reconsideration, dismissed Yan's complaints.   (*Id.*)   Yan claims that the State Bar's dismissal of his complaints shows that it is a conspirator in the RICO violations, and it protects its members by disposing of grievances within its self-regulated discipline process. (Complaint at 31).   Subsequently, in response to his revelation that the State Bar of Texas and its members were colluding to commit racketeering activities, Yan filed a criminal complaint with the Tarrant County Sheriff's Department. (Complaint at 32).   Yan alleges that his criminal complaint was shut down by other members of the State Bar of Texas who worked in the Tarrant County District Attorney's office and wished to further the racketeering activities.   (*Id.*)   Yan seeks numerous injunctions against the Defendants as well as a monetary award of tens of millions of dollars.   (*See generally* Complaint).

## II.   LEGAL STANDARD

### A.   <u>Rule 12(b)(6)</u>

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   This rule must be

interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Twombly*, 550 U.S. at 545. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's

complaint and are central to the plaintiff's claim." *Tex. Health and Hum. Servs. Comm. v. U.S.*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

## B. **Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). With limited exceptions, the Eleventh Amendment proscribes private suits brought in federal court against a State, including its agencies or departments. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Immunity under the Eleventh Amendment deprives the court of subject matter jurisdiction, and this may be challenged in a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Ross v. Tex. Educ. Agency*, 409 F. App'x 765, 768 (5th Cir. 2011) (per curiam); *see also Pennhurst*, 465 U.S. at 98 ("[T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III[.]"). The Court may dismiss for lack of subject matter jurisdiction on any one of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts related to the subject matter jurisdiction issue. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *accord Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

A Rule 12(b)(1) motion that challenges the court's subject matter jurisdiction solely on the face of the complaint is a facial attack. *See Williamson*, 645 F.2d at 412. "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes

of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *see Williamson*, 645 F.2d at 412 (when Rule 12(b)(1) motion is facial attack, "the plaintiff is left with safeguards similar to those retained" on a Rule 12(b)(6)). Thus, if the plaintiff has sufficiently alleged jurisdiction, the court must deny the Rule 12(b)(1) motion. *See Patterson v. Rawlings*, 287 F. Supp. 3d 632, 637 (N.D. Tex. 2018).

### III.   ANALYSIS

#### A.  Judge DeAngelis' Motion to Dismiss

The threshold issue before the Court is whether Yan has standing to bring his claims against Judge DeAngelis. A federal court *must* have standing before it can exercise subject matter jurisdiction. *Arbraugh v. Altimus*, 26 F. 4th 298, 303 (5th Cir. 2002) (emphasis added). In ruling on motions to dismiss, the court is free to weigh evidence and satisfy itself that subject matter jurisdiction exists. Fed. R. Civ. P. 12(b)(l). There are two types of standing: Constitutional Article III standing and prudential standing.[2] To satisfy Article III standing, a plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability. U.S. Const. art. 3, § 2, cl. 1; *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

Specific to the first prong—injury in fact—a plaintiff must "implicate 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Gabriel v. Outlaw*, No. 3:20-CV-60-K-BK, 2002 WL 617628, at \*1 (N.D. Tex. Feb. 14, 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted)). Next, the causation prong requires the injury to be "fairly

---

[2] Prudential standing, encompassing the general prohibition on a litigant's raising another person 's legal rights, is not at issue in this case and, thus, will not be discussed.

5

traceable to the defendant's allegedly unlawful conduct." *Nat'l Park Hosp. Ass'n v. Dept. of Interior*, 538 U.S. 803 (2003) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Lastly, "redressability requires that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Consumer Data Indus. Ass'n v. Texas through Paxton* (564 F. Supp. 3d 506, 512 (W.D. Tex. Sept. 28, 2021) (citing *Lujan*, 504 U.S. at 561). Notably, "the party invoking federal subject matter jurisdiction bears the burden of establishing each element [of the standing requirement]." *Id.* (quoting *Ramming v. U. S.*, 281 F.3d 158, 161 (5th Cir. 2001)). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

As relevant to this motion, Yan alleges three causes of action against Judge DeAngelis: (1) "First Claim for Relief, RICO;" (2) "Second Claim for Relief, AntiTrust;" and (3) "Third Claim for Relief, 42 U.S.C. §[] 1983." (Plaintiff's Response ("Pl.'s DeAngelis Resp.") at 5; *see also* Complaint at 35–64). After reviewing the pleadings and applicable law, the Court concludes that Yan has failed to establish standing for any of his claims against Judge DeAngelis. Yan alleges that Judge DeAngelis injured him through the issuance of various orders in his divorce proceeding. (*See generally* Complaint at 35–64; *see also* 39 (Judge DeAngelis "assumed the role of a judge to obtain the authority to issue unlawful orders that facilitated the extraction of money from clients by other conspirators"); 54–55 ("The Plaintiff was ordered by [Judge DeAngelis] to pay out $60,000 within the first six months. These orders rapidly drained the Plaintiff's financial capacity, which has affected the outcome of the court proceedings. This suggests that the member of the State Bar of Texas possesses the devastating power under monopolization to guarantee a specific

6

court result by utilizing fee awards) (mistakes in original); 55 ("Plaintiff was ordered to make an advance payment to both parties' attorneys based on [Judge DeAngelis'] speculation"); 62–63 (providing that Judge DeAngelis' orders violated his "Equal Protection and due process under the Fourteenth Amendment)).

Yan's claims against Judge DeAngelis fail to satisfy the case or controversy requirement. While Yan's pleadings evidence an amalgam of exceptional allegations, his arguments are all predicated on the untenable position that he has standing to sue in federal court for unfavorable outcomes in a state court proceeding. Fifth Circuit precedent is clear that he does not. *See, e.g., Machetta v. Moren*, 726 F. App'x 219, 219–20 (5th Cir. 2018) (internal citation omitted) (providing that a disgruntled family court litigant lacked standing to sue the judge in federal court for an unfavorable decision); *see also Stewart v. Wells*, No. 4:19-CV-00598-P-BP, 2020 WL 3146866, at *5 (N.D. Tex. May 26, 2020) (recommending that a state family litigant's claims against Judge DeAngelis be dismissed for lack of standing), *report and recommendation adopted*, No. 4:19-CV-0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020).

Yan attempts to circumvent this well-established precedent by repeatedly declaring that Judge DeAngelis issued her orders without "jurisdiction and authority." (*See, e.g.*, Complaint at 39). However, a review of those statements reveals that Yan does not actually allege that Judge DeAngelis lacked jurisdiction or authority to hear the case or to issue the orders, only that he disagrees with her application of the law. (*See* Complaint at 13 ("the judge lacks jurisdiction to issue an interim order compelling Plaintiff to directly pay his own attorney fees") (emphasis omitted); 15 ("it is unlawful, lacks authority, fraudulent, and an abuse of process under the color of law for [Judge DeAngelis] to arrange an enforceable spousal support order while there is neither

7

a motion nor a hearing for the matter of spousal support") (mistakes in original) (emphasis omitted); 16 ("it is unlawful, lacks authority, fraudulent, and an abuse of process under the color of law for [Judge DeAngelis] to [order the] collect[ion of] attorney fees using QDRO if the fees are unrelated to the enforcement of any existing order for the collection of past due support") (mistakes in original) (emphasis omitted). None of Yan's assertions can be taken as anything more than either conclusory statements—which the Court need not credit—or a material misunderstanding of the law. Consequently, the Court finds that all of Yan's claims against Judge DeAngelis are predicated on his disagreement with her application of law and issuance of unfavorable orders. Therefore, the Court finds that there is no case or controversy, and because there is no "case or controversy there is no standing, and without standing, no subject matter jurisdiction." *Machetta*, 726 F. App'x at 220 (citing *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998)).[3]

Based on the foregoing the Court finds and concludes that Yan has failed to carry his burden of establishing standing for his claims against Judge DeAngelis and, consequently, this Court does not have subject matter jurisdiction over these claims. Accordingly, the Court **RECOMMENDS** that Judge DeAngelis' Motion to Dismiss [doc. 69] should be **GRANTED** and the claims against her should be **DISMISSED WITH PREJUDICE**.

---

[3] The Court also finds that abstention under *Younger v. Harris* is appropriate as Yan seeks injunctive and declaratory relief for an ongoing state divorce proceeding. *See generally Younger v. Harris*, 401 U.S. 37 (1971); *see also Stewart v. Wells*, No. 4:19-CV-00598-P-BP, 2020 WL 3146866, at *5 (N.D. Tex. May 26, 2020), *report and recommendation adopted*, No. 4:19-CV-0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020).

**B. <u>Tarrant County's Motion to Dismiss</u>**

In its Motion, Tarrant County argues that Yan lacks standing to bring this suit. (Tarrant County's Motion to Dismiss ("Tarrant's Mot.") at 4–7). As discussed above, a federal court *must* have standing before it can exercise subject matter jurisdiction. *Arbraugh*, 26 F. 4th at 303. As relevant to this motion, Yan sues Tarrant County under 42 U.S.C. section 1983 based on the orders issued by Associate Judge Lori DeAngelis in his underlying divorce proceeding. (Plaintiff's Third Amended Complaint at 64). Tarrant County argues that it cannot be sued for the actions of an elected judge as judges are outside of their control and separate from the County. (Tarrant's Mot. at 4–7). Rather than respond to the merits of Tarrant County's Motion, Yan's response is a confused rambling about how counsel for Tarrant County committed a racketeering action by responding to an email Yan sent him and indicating that he is opposed to Yan filing a third amended complaint. (Plaintiff's Response ("Pl.'s Tarrant Resp.") at 1–4). Yan concludes his response by asking the Court for leave to file a fourth amended complaint so that he can add Tarrant County's counsel to this case.

Having reviewed the motion, response, reply, and applicable law, the Court finds and concludes that Yan lacks standing for the reasons stated in Tarrant County's Motion. (Tarrant's Mot. at 4–7). Furthermore, the Court finds that Yan has adequate opportunities to plead his best case and further amendments to his complaint would not serve to further this litigation. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (quoting *Bazrowx*, 136 F.3d at 1054).

Based on the foregoing the Court finds and concludes that Yan has failed to carry his burden of establishing standing for his claims against Tarrant County and, consequently, this Court does not have subject matter jurisdiction over these claims. Accordingly, the Court

9

**RECOMMENDS** that Tarrant County's Motion to Dismiss [doc. 70] be **GRANTED** and the claims against it should be **DISMISSED WITH PREJUDICE**. Furthermore, the Court **RECOMMENDS** that Yan's request for leave to file a fourth amended complaint be **DENIED**.

### C. The State Bar Defendants Motion to Dismiss

In their Motion, the State Bar Defendants argue that Yan lacks standing to bring this suit. (Defendants' Motion ("State Bar's Mot.") at 13–17). As discussed above, a federal court *must* have standing before it can exercise subject matter jurisdiction. *Arbraugh,* 26 F. 4th at 303. As relevant to this Motion, Yan alleges five causes of action against the State Bar Defendants: (1) "First Claim for Relief, RICO;" (2) "Second Claim for Relief, AntiTrust;" (3) "Sixth Claim for Relief, 42 U.S.C. §[] 1983;" (4) "Seventh Claim for Relief, 42 U.S.C. §[] 1983;" and (5) "Eighth Claim for Relief, 42 U.S.C. §[] 1983." (Plaintiff's Response ("Pl.'s State Bar Resp.") at 5; *see generally* Complaint). The State Bar Defendants allege that Yan lacks standing because his claims are barred by the Eleventh Amendment. (State Bar's Mot. at 13–14). Additionally, and in the alternative, the State Bar Defendants argue that Yan lacks standing because they are entitled to both absolute and qualified immunity. (*Id.* at 14–17). In response, Yan argues that the State Bar Defendants are not entitled to any of the immunities because conspiracy and the concealment of criminal RICO acts should not be considered state action. (Pl.'s State Bar Resp. at 11). Yan also argues that immunity does not apply because the State Bar of Texas is not the same as the State of Texas. (Pl.'s State Bar Resp. at 10–18).

It is well settled that state and federal "court jurisdiction is limited by the Eleventh Amendment and the principles of sovereign immunity that it embodies," and that the "ultimate guarantee of the Eleventh Amendment" is that a non-consenting State may not be sued in federal

court by private individuals, ***including its own citizens***. *See Bd. of Trs. of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001); *see also Vogt v. Bd. Of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002); *Alden v. Maine*, 527 U.S. 706, 748 (1999). Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. *See, e.g., Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2018). The Eleventh Amendment generally bars federal courts from issuing injunctive relief against States, "for one can hardly imagine 'a greater intrusion on state sovereignty.'" *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 450 (5th Cir. 2022) (citing *Pennhurst*, 465 U.S. at 106).

Yan's argument that the State Bar of Texas and its employees are not entitled to Eleventh Amendment immunity is plainly wrong. The State Bar is an agency of the State of Texas and is entitled to the immunity provided by the Eleventh Amendment. *See Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); *Beman v. Smith*, MO-07-CV-055, 2007 WL 9751723, at *3 (W.D. Tex. Aug. 10, 2007); *Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986). All assistant disciplinary counsels of the Chief Disciplinary Council are also entitled to Eleventh Amendment immunity. *See Krempp*, 775 F.2d at 1321; *Beman*, MO-07-CV-055, 2007 WL 9751723, at *3. Because the State Bar Defendants are protected by Eleventh Amendment immunity, Yan's claims could succeed only if there existed an unambiguous, express waiver of immunity. *Welch v. Tex. Dep't of Highways & Public Transp.*, 483 U.S. 468, 473-474 (1987); *Hans v. Louisiana*, 134 U.S. 1, 16-17 (1890). Yan has not, and cannot, point to such a waiver. (*See generally* Pl.'s State Bar Resp.).

Yan's alternative argument, that the State Bar Defendants' actions are not entitled to Eleventh Amendment immunity, is similarly incorrect.  While Yan asserts that he is suing the State Bar Defendants for their roles in the conspiracy and not the roles that they played in the denial of the complaints that he filed with the State Bar of Texas, it is clear that Yan alleges that their role in the conspiracy was perpetuated through the denial of his complaints.  (*See* Complaint at 70 ("Defendant Luis Jesus Marin's treatment of Plaintiff's grievance when compared to the treatment of grievance filed against Attorney General Ken Paxton was not equal") (mistakes in original); 72 ("Defendant Daniel Eulalio Martinez chose to support these RICO racketeering activities, concealing the criminal acts through his dismissal decision"); 75 (providing that Defendant Rachel Ann Craig "lie[d] through her teeth," and "chose to support these RICO racketeering activities" through the issuance of her decisions on Yan's complaints)).  Therefore, the Court finds that Yan's claims against the State Bar Defendants are predicated on actions taken related to the dismissal of his grievance complaints.  Because Yan's claims against the State Bar Defendants are for actions taken as a part of their employment at the State Bar of Texas, the State Bar Defendants are entitled to Eleventh Amendment immunity.  Accordingly, the Court concludes that Yan lacks standing to bring his claims against the State Bar Defendants as they are barred by the Eleventh Amendment.[4]

Based on the foregoing the Court finds and concludes that Yan has failed to carry his burden of establishing standing for his claims against the State Bar Defendants and, consequently, this Court does not have subject matter jurisdiction over these claims.  Accordingly, the Court

---

[4] The Court finds, in the alternative, that, for the reasons stated in their Motion, the State Bar Defendants are also entitled to both absolute and qualified immunity.  (State Bar's Mot. at 14–17).

**RECOMMENDS** that the State Bar Defendants' Amended Motion to Dismiss [doc. 83] be **GRANTED** and the claims against them be **DISMISSED WITH PREJUDICE**.

### D. <u>The Attorney Defendants' Motion to Dismiss</u>

As relevant to this Motion, Yan alleges two causes of action against Ybarra and the Barrows Defendants (collectively the "Attorney Defendants"): (1) "First Claim for Relief, RICO;" and (2) "Second Claim for Relief, AntiTrust;" (*See generally* Complaint). In their motions, the Attorney Defendants argue, *inter alia*, that Yan's claims against them should be dismissed because all of his claims against them are for actions they allegedly took as attorneys for Yan's wife in the underlying divorce proceeding, and, thus, they are entitled to attorney immunity. (Ybarra's Motion to Dismiss ("Ybarra's Mot.") at 14; the Barrows Defendants' Motion to Dismiss ("Barrows' Mot.") at 15). In response, Yan argues that: (1) the Attorney Defendants' actions were not the "type" of actions performed by attorneys; (2) he did not have an adversarial relationship with his wife during the divorce proceedings; and (3) the Barrows Firm cannot raise attorney immunity. (Plaintiff's Response to Ybarra's Motion ("Pl.'s Ybarra Resp.") at 12–16; Plaintiff's Response to the Barrows Defendants' Motion ("Pl.'s Barrows Resp.") at 12–16). The Court will address each of Yan's arguments in turn.

The attorney immunity doctrine is "properly characterized as a true immunity from suit, not as a defense to liability." *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016). The doctrine provides that law firms and "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). It applies only to "the kind

of conduct in which an attorney engages when discharging his duties to his client[,]" and not to conduct which is "entirely foreign to the duties of an attorney." *Id.* at 482 (internal citations and quotations omitted). Additionally, the doctrine is not limited to the context of litigation. *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 79 (Tex. 2021).

First, Yan contends that the Attorney Defendants are not entitled to attorney immunity because their racketeering activities are not actions takes by attorneys. (Pl.'s Ybarra Resp. at 12–16; Pl.'s Barrows Resp. at 12–16). The "only facts required to support an attorney-immunity defense are the type of conduct at issue and the existence of an attorney-client relationship at the time." *Youngkin v. Hines*, 546 S.W.3d 675, 683 (Tex. 2018) (emphasis added). Dismissal at the motion to dismiss stage may be proper where these facts are apparent on the face of the plaintiff's complaint. *See Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763–64 (5th Cir. 2019). When deciding a motion to dismiss, courts can decide the "legal question of whether said conduct was within the scope of representation." *Youngkin*, 546 S.W.3d at 683. In reviewing a plaintiff's complaint, the court is required to look beyond the plaintiff's "characterizations of activity as fraudulent and conspiratorial" and instead "focus on the conduct at issue." *Ironshore Europe DAC*, 912 F.3d at 766 (quoting *Youngkin*, 546 S.W.3d at 682).

In reviewing Plaintiff's Third Amended Complaint, the Court finds that all of the Attorney Defendants' alleged wrongful acts were taken as a part of their representation of Yan's wife in the underlying divorce proceeding. (*See, e.g.,* Complaint at 23 (proving that the Barrows Defendants "filed a Motion for Interim Attorney's Fees against Plaintiff" and testified as to the reasonableness of those fees (emphasis omitted)); 25–26 (providing that the Attorney Defendants "committed an act of wire fraud . . . coupled with aggravated perjury . . . by submitting her fraudulently revised

14

garnishment court order" (emphasis omitted); and 41–43 (providing that the Attorney Defendants committed numerous wrongful acts by filing motions, attending hearings, and failing to speak up after receiving notice of the allegedly wrongful acts). Yan repeatedly emphasizes that the Attorney Defendants were awarded attorneys' fees in the divorce suit for fees allegedly incurred in a related criminal suit. (Pl.'s Ybarra Resp. at 12–13; Pl.'s Barrows Resp. at 12–13). Even if the award of attorneys' fees was incorrect, seeking an award of attorneys' fees remains the type of conduct that an attorney takes as a part of their representation of a client. Even taking Yan's allegations—that the actions taken by the Attorney Defendants were wrongful and fraudulent—as true, "conduct that is wrongful in the context in the underlying suit is not actionable if it is part of the discharge of the lawyer's duties in representing his or her client." *Cantey Hanger, LLP*, 467 S.W.3d at 479 (internal citations omitted) (also providing that the actions taken by the attorneys were "shielded by attorney immunity because preparing documents ancillary to the divorce decree, even in a manner that allegedly violated the decree, was within the scope of representation relating to execution of the decree and was not foreign to the duties of a lawyer"). Therefore, the Court concludes that the actions on which Yan basis his claims against the Attorney Defendants are actions that are not foreign to the duties of a lawyer in her representation of a client.

Next, Yan's conclusory statement that law firms are not entitled to attorney immunity is plainly wrong. *See, e.g., Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651 (Tex. 2020) (granting a law firm's motion to dismiss on the basis of attorney immunity); *Cantey Hanger, LLP*, 467 S.W.3d at 479 (holding that the defendant law firm was immune from liability to a non-client for conduct within the scope of the firm's representation of its client in the underlying divorce proceedings).

15

Finally, Yan contends that the Attorney Defendants are not entitled to attorney immunity because they have failed to establish that Plaintiff and his wife were in an "adversarial relationship" during the underlying divorce proceedings. (Pl.'s Ybarra Resp. at 12–16; Pl.'s Barrows Resp. at 12–16). In support of his argument, Yan cites to *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65 (Tex. 2021). Yan's reliance on *NFTD, LLC*, is materially flawed because a review of that case reveals that it addresses whether attorney immunity can apply to attorney actions ***outside of the litigation context***. *See NFTD, LLC*, 631 S.W.3d at 78, 81; *see also Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 47 n.3 (Tex. 2021); *In re Sams*, No. 05-22-00150-CV, 2022 WL 3354137, at *2 (Tex. App.—Dallas Aug. 15, 2022, no pet.). Therefore, the requirement that attorneys must show an adversarial context to assert attorney immunity only applies in non-litigation contexts. *See Payne v. Anthony Scott Law Firm PLLC*, Case No. 3:22-CV-2926-M-BK, 2023 WL 3587775, at *2 (N.D. Tex. May 5, 2023), *report and recommendation adopted*, No. 3:22-CV-2926-M-BK, 2023 WL 3590686 (N.D. Tex. May 22, 2023); *see also Legall-Johnson v. JPmorgan Chase Bank, N.A.*, No. 4:22-CV-1560, 2022 WL 17253906, at *3 (S.D. Tex. Oct. 31, 2022), *report and recommendation adopted*, No. 4:22-CV-1560, 2022 WL 17253901 (S.D. Tex. Nov. 28, 2022) (characterizing the two-part test as applying to "claims based on conduct outside the litigation context"). Accordingly, the Court finds that because Yan alleges that the Attorney Defendants' wrongful actions occurred during the scope of his ongoing divorce proceeding, the Attorney Defendants were not required to show an adversarial context.[5]

---

[5] Even if the Attorney Defendants were required to show an adversarial context, the Court finds that it is hard to imagine a more adversarial context then a highly contentious divorce.

Based on the foregoing the Court finds and concludes that the Attorney Defendants are entitled to attorney immunity and, consequently, Yan's claims against them are barred.[6] Accordingly, the Court **RECOMMENDS** that Ybarra's Motion to Dismiss [doc. 75] be **GRANTED** and the Barrows Defendants' Motion to Dismiss [doc. 90] be **GRANTED**.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that: (1) Judge DeAngelis' Motion to Dismiss [doc. 69] be **GRANTED** and the claims against her be **DISMISSED WITH PREJUDICE**; (2) Tarrant County's Motion to Dismiss [doc. 70] be **GRANTED** and the claims against it be **DISMISSED WITH PREJUDICE**; (3) Yan's request for leave to file a fourth amended complaint be **DENIED**; (4) the State Bar Defendants' Amended Motion to Dismiss [doc. 83] be **GRANTED** and the claims against them be **DISMISSED WITH PREJUDICE**; (5) Ybarra's Motion to Dismiss [doc. 75] be **GRANTED** and that all claims against her be **DISMISSED WITH PREJUDICE**; and (6) the Barrows Defendants' Motion to Dismiss [doc. 90] be **GRANTED** and that all claims against them be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has

---

[6] The Court also finds that abstention under *Younger v. Harris* is appropriate as Yan seeks injunctive and declaratory relief for an ongoing state divorce proceeding. *See generally Younger v. Harris*, 401 U.S. 37 (1971); *see also Stewart v. Wells*, No. 4:19-CV-00598-P-BP, 2020 WL 3146866, at *5 (N.D. Tex. May 26, 2020), *report and recommendation adopted*, No. 4:19-CV-0598-P, 2020 WL 3129645 (N.D. Tex. June 12, 2020).

been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 11, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED December 28, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE