**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| CONGHUA YAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:23-cv-00758-P-BJ |
| THE STATE BAR OF TEXAS, a private | § | |
| company, | § | |
| THE BARROWS FIRM, a private company, | § | |
| LESLIE STARR BARROWS, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| WILLIAM ALBERT PIGG in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| SAMANTHA YBARRA, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, | § | |
| LUIS JESUS MARIN, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, and official capacity as Assistant | § | |
| Disciplinary Counsel for the Office of the | § | |
| CDC, | § | |
| DANIEL EULALIO MARTINEZ, in | § | |
| individual capacity, as member of the State | § | |
| Bar of Texas, and official capacity as | § | |
| Assistant Disciplinary Counsel for the Office | § | |
| of the CDC, | § | |
| RACHEL ANN CRAIG, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, and official capacity as Assistant | § | |
| Disciplinary Counsel for the Office of the | § | |
| CDC, | § | |
| LORI L. DEANGELIS, in individual | § | |
| capacity, as member of the State Bar of | § | |
| Texas, and official capacity as Associated | § | |
| Judge, | § | |
| TARRANT COUNTY, | § | |
| U.S. Bank, | § | |
| | § | |
| Defendants. | § | |
| | § | |

1

<u>**DEFENDANTS SAMANTHA YBARRA, LESLIE BARROWS, AND THE BARROWS**</u>
<u>**FIRM'S RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS,**</u>
<u>**CONCLUSIONS AND RECOMMENDATION [ECF 122]**</u>

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Leslie Starr Barrows, the Barrows Firm (collectively, the "Barrows Defendants"), and Samantha Ybarra ("Ybarra" and, together with the Barrows Defendants, the "Attorney Defendants") respectfully file this *Response to Plaintiff's Objections to Findings, Conclusions and Recommendations [ECF 122]*.

## I. Introduction

The Attorney Defendants, who represented Plaintiff's wife—***not*** Plaintiff—in their very acrimonious divorce proceeding in Tarrant County, moved to dismiss Plaintiff's claims against them because they were (1) barred by attorney immunity; (2) insufficiently pleaded; and (3) meritless. [ECF Nos. 75, 89]. On December 28, 2023, Magistrate Judge Cureton signed his Findings, Conclusions, and Recommendation (the "FCR") on Defendants' Motions to Dismiss, recommending that the Court grant the Attorney Defendants' motions and dismiss Plaintiff's claims with prejudice because they are barred by attorney immunity. [ECF No. 121]. Now, Plaintiff, for the first time, erroneously asserts that federal courts cannot and do not apply attorney immunity to federal statutory claims. To the contrary, federal courts routinely recognize attorney immunity as barring a plaintiff's federal statutory claims—including federal RICO claims—against the opposing party's lawyers. And, Plaintiff's argument that the *Younger* abstention doctrine does not apply is inapposite because the out-of-circuit "*Nesser* reasoning" Plaintiff relies upon only applies to the *Rooker-Feldman* doctrine and was expressly overruled. Therefore, the

FCR should be adopted and Plaintiff's claims against the Attorney Defendants dismissed with prejudice.[1]

## II. Arguments & Authorities

**A.    The District Court should not consider Plaintiff's new arguments against applying attorney immunity to his claims.**

In his responses to the Attorney Defendants' motions to dismiss, Plaintiff argued that attorney immunity did not bar his claims because: (1) attorney immunity did not apply to claims against entities (the Barrows Firm); (2) the complained-of conduct was outside the "type" of actions performed by attorneys; and (3) Plaintiff did not have an adversarial relationship with the Attorney Defendants' client (Plaintiff's spouse) in their divorce proceeding. [ECF Nos. 89, pp. 12-16; 108, pp. 12-16]. Plaintiff ***did not*** argue that attorney immunity is inapplicable to his federal statutory claims[2] against the Attorney Defendants. [*See* ECF No. 111, p. 13]. Rather, Plaintiff raised this argument, for the first time, in his Objections to the FCR. Plaintiff's delay in arguing that attorney immunity does not bar his federal statutory claims waived his ability to assert this argument now. *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) (finding waiver by failure to raise argument prior to magistrate judge issuing findings and recommendations); *Freeman v. Cty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's [FCR] waives legal arguments not made in the first instance before the magistrate judge.");

---

[1] Plaintiff's claims against the Attorney Defendants should also be dismissed with prejudice for the reasons briefed in their respective Motions to Dismiss and Replies in support thereof. [ECF Nos. 75 and 100 (Ybarra), 90 and 111 (Barrows Defendants)]. In the event of an appeal, the Fifth Circuit may affirm a dismissal of Plaintiff's claims against the Attorney Defendants on any basis raised in the motions to dismiss. *Gilbert v. Donahoe*, 751 F.3d 303, 310-11 (5th Cir. 2014) ("Under our precedent, we may 'affirm on any ground supported by the record, including one not reached by the district court.'").

[2] Magistrate Judge Cureton concluded that Plaintiff asserts two causes of action against the Attorney Defendants: RICO claims under 18 U.S.C. §§1962(a), (c), and (d) and an antitrust claim under Section 2 of the Sherman Antitrust Act.

*Middaugh v. InterBank*, 528 F.Supp.3d 509, 526 n.3 (N.D. Tex. 2021) (same). Therefore, Plaintiff's Objections regarding attorney immunity should be disregarded and the FCR adopted as to the Attorney Defendants.

**B.   Federal courts apply attorney immunity to federal statutory claims.**

Plaintiff ignores federal case law, including that cited by the Attorney Defendants in support of their motions to dismiss, and erroneously argues that attorney immunity does not apply to his federal statutory claims. To hold that attorney immunity does not bar Plaintiff's claims against the Attorney Defendants would be contrary to binding Fifth Circuit precedent and decisions of other federal courts in the Circuit.

In addition to the case law cited in the briefing supporting the Attorney Defendants' motions to dismiss,[3] the following are additional federal cases applying attorney immunity to bar claims against defendant attorneys based on a federal statute or when the court has federal question jurisdiction:

1.   *Guardino v. Hart*, No. 22-20278, 2023 WL 3818378, at *5 (5th Cir. 2023) (dismissing plaintiff's RICO claims against attorney defendants

---

[3] Attorney Defendants previously cited the following cases supporting application of attorney immunity to bar Plaintiff's claims: *Gabriel v. Outlaw*, Case no. 3:20-CV-60-K-BK, 2022 WL 617628, at *5 (N.D. Tex. Feb. 14, 2022), *report and recommendation adopted*, Case No. 3:20-CV-60-K-BK, 2022 WL 614998 (N.D. Tex. Mar. 2, 2022); *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 Fed. App'x. 180, 185-86 (5th Cir. 2021); *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016); *Elliott v. Tucker*, Civil Action No. 4:22-cv-00135-O-BP, 2022 WL 17722672, at *5 (N.D. Tex. Nov. 29, 2022), *report and recommendation adopted*, Civil Action No. 4:22-cv-00135, 2022 WL 17718517 (N.D. Tex. Dec. 15, 2022); *Gipson v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. 3:13-CV-4820-L(BH), 2014 WL 11515582, at **4-5 (N.D. Tex. Dec. 18, 2014); *Payne v. Anthony Scott Law Firm PLLC*, Case No. 3:22-CV-2926-M-BK, 2023 WL3587775, at *2 (N.D. Tex. May 5, 2023), *report and recommendation adopted*, Case No. 3:22-CV-2926-M-BK, 2023 WL 3590686 (N.D. Tex. May 22, 2023); *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763-64 (5th Cir. 2019).

"to the extent that they were not barred by res judicata and ***attorney immunity***, for failure to state a claim") (emphasis added);

2. *Curtis v. Kunz-Freed*, Civil Action No. 4:16-CV-1969, at *3 (S.D. Tex. May 16, 2017) (dismissing RICO claims against attorney defendants based on attorney immunity because plaintiff's claims, "at best, assert wrongdoing based solely on actions taken during the representation of a client in litigation");

3. *Morse v. Codilis & Stawiarski, P.C.*, Civil Action No. 4:16-CV-279, at **1-2 (E.D. Tex. June 5, 2017) (adopting magistrate report and recommendation, over objection, applying attorney immunity to dismiss RICO claim against attorney defendant); and

4. *Deramus v. Shapiro Schwartz, LLP*, Civil Action No. 4:19-CV-4683, 2020 WL 3493545, at **3-4 (S.D. Tex. June 2, 2020), *report and recommendation adopted*, Civil Action No. H-19-4683, 2020 WL 3491960 (S.D. Tex. June 26, 2020) (applying attorney immunity to bar plaintiff's claims under a variety of federal statutes against attorney defendants).

Against this formidable backdrop, Plaintiff's reliance on *Taylor* is misplaced. [ECF No. 122, ¶¶ 19-21 (citing *Taylor v. Tolbert*, 644 S.W.3d 637, 653-56 (Tex. 2022)]. Plaintiff selectively quotes from *Taylor* to argue that "the Supreme Court of Texas acknowledged that federal courts **have never applied** any form of common-law attorney immunity in **any federal statutory civil action**…." [ECF No. 122, ¶ 19 (emphasis in original)]. However, Plaintiff ignores that the Texas Supreme Court's holding was specifically limited to the federal wiretap statute: "we think it unlikely that a federal court would apply Texas's common-law attorney-immunity defense to the *federal wiretap statute* if presented with the question today." *Taylor*, 644 S.W.3d at 656 (emphasis added). Of course, Plaintiff does not assert federal wiretap claims against the Attorney Defendants.

Additionally, this federal court is not bound by any rulings, or dicta, by the Texas Supreme Court interpreting federal substantive law. *Grantham v. Avondale Indus., Inc.*, 964 F.2d 471, 473 (5th Cir. 1992) ("It is beyond cavil that we are not bound by a state court's interpretation of federal law regardless of whether our jurisdiction is based on diversity of citizenship or a federal

question."); *Fischer v. Fischer*, Civil Action No. 3:20-CV-2173-K, 2021 WL 1720213, at *7 (N.D. Tex. Apr. 30, 2021) (federal courts are not bound by state court's interpretation of federal law, including RICO claims); *see also Monticello Ins. Co. v. Patriot Sec., Inc.*, 926 F. Supp. 97, 101 (E.D. Tex. 1996) ("The highest state court's application of state law that involves interpreting a federal statute or the Constitution is persuasive authority and not binding precedent on federal courts applying that state law.").

Consistent with the Fifth Circuit Court and other courts in this district, attorney immunity bars Plaintiff's claims against the Attorney Defendants, which should be dismissed with prejudice.

**C.     *"Nesses* reasoning" does not apply to Plaintiff's claims**.

Plaintiff argues the Seventh Circuit's "*Nesses* reasoning" applies to his claims such to avoid application of the *Rooker-Feldman* doctrine. [ECF No. 122, ¶¶ 4-6]. The *Rooker-Feldman* doctrine deprives a federal court of jurisdiction over a claim if the alleged injury resulted from a state court judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). However, consistent with the Attorney Defendants' briefing, the FCR found that *Younger* abstention applies to Plaintiff's claims against the Attorney Defendants, not abstention under *Rooker-Feldman*. [ECF No. 121, p. 17 n.6]. Moreover, *Nesses* was expressly overruled by the Seventh Circuit Court earlier this year:

> Hadzi-Tanovic argues that, because she claims to have been injured by defendants' corruption of the state court proceedings, her injury is independent of the state court judgment for purposes of *Rooker-Feldman*. This theory would seem to open a large loophole in the *Rooker-Feldman* doctrine, and it has not been endorsed by the Supreme Court… We have reviewed these cases carefully and

conclude here that the holdings in *Nesses* … recognizing a "corruption exception" to *Rooker-Feldman* should be overruled.

*Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 401-02 (7th Cir. 2023). Plaintiff's claims for injunctive and declaratory relief based on his ongoing state divorce case are therefore barred by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, the Attorney Defendants pray that the Court deny Plaintiff's Objections [ECF No. 122], adopt Magistrate Judge Cureton's Findings, Conclusions, and Recommendations [ECF No. 121], and dismiss Plaintiff's claims against the Attorney Defendants with prejudice.

Dated: January 9, 2024                              Respectfully submitted,

 */s/ Roland K. Johnson*
Roland K. Johnson
State Bar No. 00000084
rolandjohnson@hfblaw.com
Caroline M. Cyrier
State Bar No. 24097558
ccyrier@hfblaw.com
**Harris, Finley & Bogle, P.C.**
777 Main Street, Suite 1800
Fort Worth, Texas 76102
Telephone:      817-870-8700
Facsimile:      817-332-6121

**ATTORNEYS FOR DEFENDANTS
SAMANTHA YBARRA, LESLIE STARR
BARROWS, AND THE BARROWS FIRM**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument has been served on all parties and counsel of record in compliance with the Federal Rules of Civil Procedure on this 9th day of January 2024.

*/s/ Caroline M. Cyrier*
Caroline M. Cyrier