# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| The State Bar of Texas et al, | ) ) ) |
| Defendants. | ) ) |

## SUPPLEMENTAL OBJECTION TO FINDINGS, CONCLUSIONS AND RECOMMENDATION

## Cases

*Alvarez v. Dep't of the Army*, No. WA-16-CV-00172-DCG, 9-10 (W.D. Tex. Aug. 18, 2017) ........................ 4, 5
*Boyd v. United States*, 116 U.S. 616, 635 (1886) ............................................................................................ 8
*Cupit v. Whitley,* 28 F.3d 532 (5th Cir. 1994)................................................................................................. 4
*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ............................................................ 12
*Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ........................................................................ 11
*Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ........................................................................ 12
Foman v. Davis, 371 U.S ............................................................................................................................... 12
*Freeman v. County of Bexar, 142 F.3d 848 (5th Cir. 1998),*............................................................................ 5
*Gonzalez v. Firestone Tire Rubber Co.*, 610 F.2d 241-247 (5th Cir. 1980) .................................................... 11
*Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981).............................................................. 11
*Guardino v. Hart*, No. 22-20278, 2023 WL 3818378................................................................................... 7
*Hadzi-Tanovic v. Johnson, 62 F.4th 394, 396 (7th Cir. 2023)* ...................................................................... 10
*McDonald v. Stewart*, 182 N.W.2d 437, 440 (Minn. 1970).......................................................................... 8
*Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 326 (5th Cir. 2008) ................................................. 11
*Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008) ............................................ 11
*Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) ............................................................................. 11
*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499 (1985) ............................................................................... 7
*Taylor v. Tolbert*, 644 S.W.3d 637, (Tex. 2022) ............................................................................................ 9
*Taylor v. Tolbert*, 644 S.W.3d 637, 654 (Tex. 2022) ..................................................................................... 8
*United States v. Raddatz*, 447 U.S. 667, 681-82 (1980)................................................................................ 5

# Contents

I. Introduction ................................................................................................................................4

II. Plaintiff asserts that *Cupit* does not apply to a referral under 28 U.S.C. § 636(b) before a magistrate court and *Freeman* permits new evidence, issue or argument under judicial discretion where "what is right and in the interests of justice"..................................................................................................4

III. Plaintiff asserts that there is no precedent federal court precedent applied Texas attorney immunity to federal statutory claims relating to Minnesota property injury ....................................................7

IV. "Nesses reasoning" still apply...................................................................................................9

V. Dismissed with prejudice is unwarranted ................................................................................10

VI. Leave to Amend shall be freely given when justice so requires ............................................11

VII. Conclusion.............................................................................................................................12

VIII. Prayer for Relief...................................................................................................................12

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this supplemental objection to the FINDINDS, CONCLUSIONS and RECOMMENDATION (aka as FCR) for Defendants' Motion to Dismiss, [ECF No. 121], within fourteen days, pursuant to "objections" clause under *28 U.S.C. § 636(b)(1)*. For the reasons stated below, the Motion for Dismiss should be denied.

## I. Introduction

1.       On December 28, 2023, The Honorable Magistrate Judge ruled FINDINDS, CONCLUSIONS and RECOMMENDATION (aka as FCR) for Defendants' Motion to Dismiss, [ECF No. 121].

2.       On January 2, 2024, Plaintiff filed Objection to FCR. [ECF No. 122].

3.       On January 9, 2024, opposing counsel for Defendants Barrows, Barrows Firm and Ybarra filed Response to Plaintiff filed Objection to FCR for Plaintiff filed Objection to FCR. [ECF No. 123].

4.       Plaintiff appreciates opposing counsel Mr. Johnson's efforts in bringing forth pointless arguments that elevate this case's level of adversarial to an epic level from professional perspective. All these legal arguments will be preserved as judicial records, worthy of review by scholars in the future. Pro Se Plaintiff is gratified to engage with the opposing party in this context.

## II. Plaintiff asserts that *Cupit* does not apply to a referral under 28 U.S.C. § 636(b) before a magistrate court and *Freeman* permits new evidence, issue or argument under judicial discretion where "what is right and in the interests of justice"

5.       The Fifth Circuit has clarified that "the panel went on to clarify that "*Cupit* holds **only** that waiver *may* bar a party from raising new legal objections to **the district court**." emphasis added) *Alvarez v. Dep't of the Army*, No. WA-16-CV-00172-DCG, 9-10 (W.D. Tex. Aug. 18, 2017). Therefore *Cupit v. Whitley, 28 F.3d 532 (5th Cir. 1994)* does not apply before a **magistrate court** on a referral under 28 U.S.C. § 636(b).

6. The Fifth Circuit further clarified that "*Freeman* or *Cupit* does **not** strip this Court of its discretion to consider a **new issue** not previously raised before a **magistrate court on a referral under 28 U.S.C. § 636(b)**).)." *Alvarez v. Dep't of the Army*, No. WA-16-CV-00172-DCG, 9-10 (W.D. Tex. Aug. 18, 2017).

7. In *Freeman v. County of Bexar, 142 F.3d 848 (5th Cir. 1998)*, a *28 U.S.C. § 636(b)* case, the Fifth Circuit explained that "*Cupit* was a § 2254 habeas case", ld. at 851, before the **district court**. "*Cupit* did not deal with the situation presented here" (**magistrate court on a referral under 28 U.S.C. § 636(b)**)). The Fifth Circuit also intentionally emphasized their position by further stating that "in a footnote supporting the waiver holding," "*Cupit* cites **one case** concerning **rules of appellate waiver** and **one case** in which a court prevented an **entirely new claim** for recovery from being raised for the first time in objection to the magistrate judge's report." ld. at 851.

8. When recognizing that *Freeman* case is **on a referral under 28 U.S.C. § 636(b),** the Fifth Circuit continually clarified their position by stating "A **third** supporting citation", "This last citation **cannot mean much in the context of Cupit** or **as precedent** for this circuit." ld. at 851. The Fifth Circuit is clear that none of three cases cited in Cupit has any value in a *28 U.S.C. § 636(b)* case.

9. Plaintiff's objection under *28 U.S.C. § 636(b)* does not meet the criteria of § 2254 habeas, is not appellate, nor does it raise entirely new claims, and it not in district court as well. Therefore, the *Cupit* does not apply to Plaintiff's objection under *28 U.S.C. § 636(b)*, as the Fifth Circuit concluded.

10. The Fifth Circuit intentionally mentioned that "the Fourth Circuit **permits** parties who object to a magistrate judge's report to **raise any new** evidence or **arguments** they can muster before the district court. In these lines of authority clash the goals of maintaining procedural predictability and preserving **Article III authority**. There is **no doubt** that district courts may, both **constitutionally** and by **statute**, assign magistrate judges to work on dispositive motions in a case, but the Article III judge **must** retain **final** decisionmaking authority. See *United States v. Raddatz*, 447 U.S. 667, 681-82 (1980)" ld. at 851. The Fifth Circuit's position is very clear that Article III judge **must** retain final decisionmaking authority

citing a US Supreme Court *Raddatz* case under *28 U.S.C. § 636(b)*, Fed.R.Civ.P. 72(b) and Article III.

11. Plaintiff has presented a recent *Taylor v. Tolbert* Texas Supreme Court case as a new, legitimate evidence, demonstrating that Plaintiff's prior legal objection of "**apply attorney immunity to bar his claim**" is sound. *Freeman* itself concluded that "it is **clear** that the district court has **wide discretion** to **consider** and **reconsider** the magistrate judge's recommendation. In the course of performing its **open-ended review**, the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge." ld. at 852.

12. After all, the panel of Fifth Circuit is **generous** to mention that "The best description of the district court's discretion is that it should be at least as broad as that conferred on the district court to determine motions for **reconsideration** of its own rulings." ld. at 853. The Fifth Circuit is clear that a reconsideration is available as an ultimate option for a pro se litigant, therefore, there is no necessary to deny "simply because it was not presented to the magistrate judge."

13. "But the general nature of the inquiry is the same, and this court's review of the exercise of that discretion, when it is exercised, **must** be **generous**." ld. at 853. Immediately following this "**must** be **generous**" clause, the Fifth Circuit **reversed** the district court's dismissal by stating, "Because the district court here **mistakenly concluded** that he **had no discretion** to consider additional evidence, we **must** reverse…" ld. at 853. Thereby, the Fifth Circuit has recognized the court should consider "the need to render **just** decisions on the basis of **all** the **facts**."

14. If we read the *Freeman* thoroughly, the core context of this Fifth Circuit precedent is that the district judge **has** full discretion to make consideration of anything raised under 28 U.S.C. § 636(b), and the *Cupit* does not apply.

15. Plaintiff prays this Court will not **mistakenly conclude** that this Court **has no discretion** to consider additional evidence, argument, issue, under 28 U.S.C. § 636(b). Upholding the federal common law principle that Texas common law "immunity is

inapplicable to federal statutory claims" is a fundamental just decision this Court should have always recognized.

### III. Plaintiff asserts that there is no precedent federal court precedent applied Texas attorney immunity to federal statutory claims relating to Minnesota property injury

16. The opposing counsel erroneously cited four federal court cases to support their conclusive statement that "Federal courts apply attorney immunity to federal statutory claims."

17. The case *Guardino v. Hart*, No. 22-20278, 2023 WL 3818378 is misleading. The Fifth Circuit never analyzed attorney immunity within the section "C. Failure to State a Claim Under RICO."

18. Guardin asserted claims of breach of fiduciary duty and conflict of interest, fraud, vicarious liability, and breach of contract against WKHB, all were under Texas common law claims. She also asserted theft, fraud, and witness tampering, in violation of RICO act.

19. The District Court dismissed her claims for two separate reasons, "her [Texas] **common law claims** arising from facts that occurred after that judgment were barred by the doctrine of [Texas] **attorney immunity**," (emphasis added), and her **RICO** claim was dismiss for "failure to sufficiently plead the existence of a **RICO enterprise** separate from the alleged pattern of racketeering activity."

20. When opposing counsel stating "to the extent that they were not barred by res judicata and **attorney immunity**, for failure to state a claim" (emphasis added) in [ECF No. 123, PageID 1810], opposing counsel applied the wrong emphasis. The correct *Guardino* citation should be "to the extent that they **were not barred** by res judicata and attorney immunity, for failure to state a claim" (emphasis added).

21. The other three district court cases cited by opposing counsel, none of them are precedent cases, have no binding authority. Plaintiff cited *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499 (1985) "Yet Congress wanted to reach both "**legitimate**" and "illegitimate" enterprises. United States v. Turkette, supra. The **former** enjoy neither an inherent incapacity for criminal activity **nor immunity** from its consequences. …"[T]he fact that RICO has been

applied in situations not expressly anticipated by Congress does not demonstrate ambiguity. It demonstrates **breadth**."" as seen in in [ECF No. 122, ¶24].

22. "RICO is to be read broadly…the **narrow** readings offered by the **dissenters** and **the court below** would in effect eliminate § 1964(c) from the statute." *ld. Sedima* at 499*, as seen in* [ECF No. 122, ¶24]. US Supreme Court's precedent is clear that no immunity to RICO person.

23. This Court cannot **ignore** the fact that Plaintiff's injury is from a **Minnesota** asset. Minnesota common law immunity does **not** bar Plaintiff's RICO claim against attorney, as seen in *McDonald v. Stewart*, 182 N.W.2d 437, 440 (Minn. 1970) ("an attorney acting withing the scope of his employment...is immune from liability to third persons for actions arising out of that professional relationship....[**unless the attorney**] is **dominated by his own personal interest** or **knowingly participates** with his client in the perpetration of a fraudulent or unlawful act."). Plaintiff firmly believes that the Fifth Circuit or the Supreme Court of the United States will not establish a precedent allowing **Texas** attorneys, or any person in **Texas**, to embezzle assets from **Minnesota** by using **Texas** common law to supersede **Minnesota** common law. In the interest of justice, it would be embarrassing in the eyes of the American public if any judge located in **Texas** were to grant **Texas** common law immunity in this particular case. How about **Texas** starts granting common law immunity permits any **Texas** people to kill **Minnesota** people? Will federal court follow this type of common law immunity to serve the interests of justice? "It is **the duty of courts** to be **watchful** for the constitutional rights of the citizen, and against any stealthy encroachments thereon. Their motto should be **obsta principiis**." *Boyd v. United States*, 116 U.S. 616, 635 (1886).

24. "Moreover, when federal courts use the term "attorney immunity," they are **not** necessarily talking about Texas's **particular brand** of attorney immunity." *Taylor v. Tolbert*, 644 S.W.3d 637, 654 (Tex. 2022). This Court should recognize this *Taylor* conclusion.

25. Plaintiff asserted that "when conduct is **prohibited by statute**, the attorney-immunity defense is neither categorically inapplicable **nor automatically available**, even if the defense might otherwise cover the conduct at issue. In **such cases**, whether an attorney may claim the privilege depends on the **particular statute in question**." (emphasis added) *Taylor v.*

*Tolbert*, 644 S.W.3d 637, (Tex. 2022). *as seen in* [ECF No. 122, ¶21]. It is quite clear that the Texas Supreme Court did not rule on *Taylor* **solely** for the federal wiretap statute, as the opposing counsel attempted to mislead this Court. The Texas Supreme Court indicated that this conduct requires a case-by-case analysis, as reflected by the use of the term "**cases**," and also stated, "quite simply, a state's common-law defense does not apply to federal statutes," specifically using the plural "**statutes**" instead of "**statute**." This is a clear indication that *Taylor* is not **solely** for the federal wiretap statute.

26. Opposing counsel attempted to mislead this Court and discredit *Taylor v. Tolbert* by stating that "federal courts are not bound by state court's interpretation of federal law", citing *Grantham v. Avondale Indus., Inc* and *Fischer v. Fischer*. This conclusory statement is factually incorrect due to a misunderstanding of this landmark *Taylor v. Tolbert* ruling by the Texas Supreme Court, authored by Justice John Devine, a respected judge whom Plaintiff acknowledges. The core context of *Taylor v. Tolbert* is, Texas Supreme Court said that "our" Texas common law immunity does not apply to Federal statue, because "Although federal courts have held that government attorneys are absolutely immune from suit under 42 U.S.C. § 1983, **we have not found** another statutory civil action to which a federal court has applied **any form** of common-law attorney immunity." ld at 654. Texas Supreme Court never told federal court what to do about federal laws, instead, they said, ""[t]his analysis often draws on the precedents of other federal courts ... to determine the appropriate answer." ld at 653. *Taylor* literally limited the scope where Texas common law immunity applies. Therefore, there is no reason for federal courts to be bound by Texas common law immunity, which the Texas Supreme Court does not intend.

## IV. "Nesses reasoning" still apply

27. Opposing counsel attempted to mislead this Court by stating that entire "Nesses reasoning" was overruled, citing *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 401-02 (7th Cir. 2023).

28. However, *Hadzi-Tanovic* did not overrule the **entire** "Nesses reasoning", it merely overruled "corruption exception" in "Nesses reasoning" where *Rooker-Feldman-*doctrine applies.

29. In *Hadzi-Tanovic,* "Hadzi-Tanovic's is [] a losing party in a state court divorce proceeding **seeks** to **continue** the litigation in federal court." (emphasis added and omitted) The Seventh Circuit stated, "We understand [] losing parties to keep fighting and to **look for new forums**." The Seventh Circuit conclude "that allegations of state court corruption are not **sufficient** to avoid application of the *Rooker-Feldman* doctrine." *Hadzi-Tanovic v. Johnson, 62 F.4th 394, 396 (7th Cir. 2023).* The core context of *Hadzi-Tanovic is,* litigants should not be permitted to assert "*corruption exception*" to **avoid** application of the *Rooker-Feldman* doctrine, otherwise, *"*This theory would seem to open a large loophole in the *Rooker-Feldman* doctrine, and it has not been endorsed by the Supreme Court." ld. at 402. Therefore "We have found no cases in this circuit in which a federal court actually undertook **a merits review** of a state court divorce proceeding." ld. at 406.

30. Plaintiff never petitioned this Court for a merits review of a state court divorce proceeding. Plaintiff did not assert a "corruption exception" to **continue** the litigation in federal court. Using Plaintiff's unlawful interlocutory QDRO as an example, a remedy to reverse or void this state court QDRO order decision would be limited to reversing the fund back to 401K account. However, that was not Plaintiff's claim. This federal court proceeding is not a **merits review** of a state court divorce proceeding.

31. Plaintiff asserted "**Nesses reasoning** acknowledges the **difference** in pleadings **between** alleging involvement of individuals in the decision-making process and alleging the decision itself." as seen in [ECF No. 122, ¶4]. Plaintiff sought **federal remedies** for a **violation of RICO, antitrust, ERISA and Due Process**, these remedies including but not limited to **monetary, injunctive and declaratory relief**, all of them are civil remedies pursuant to Federal statues and arise from Defendants' criminal acts. This Court should distinguish between a civil cause of action seeking relief to reverse a state court decision (not my case) and an action seeking civil remedies due to criminal acts (my case).

## V. Dismissed with prejudice is unwarranted

32. Opposing counsel continually seek unwarranted dismissal with prejudice.

33. However, the Fifth Circuit has recognized that dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim."(*Gonzalez v.*

*Firestone Tire Rubber Co.*, 610 F.2d 241-247 (5th Cir. 1980)). Consequently, The Fifth Circuit has limited district courts' discretion to dismiss claims with prejudice. See *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

34. Therefore, a district court's "dismissal with prejudice is warranted **only** where 'a clear record of delay or contumacious conduct by the plaintiff exists and a 'lesser sanction would not better serve the interests of justice.'" *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981).

35. Additionally, where this Court has affirmed dismissals with prejudice, it has generally found **at least one** of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." See *Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

36. The Fifth Circuit also stated ""delay which warrants dismissal with prejudice **must** be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'"" *Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008).

37. FCR's decision of dismissal with prejudice serves no other purpose excepts than depriving Plaintiff of the opportunity to pursue claim against other union members of State bar of Texas.

## VI. Leave to Amend shall be freely given when justice so requires

38. "Leave to amend a complaint under Rule 15(a) "**shall** be freely given when **justice so requires**." Fed.R.Civ.P. 15(a); see Foman v. Davis,371 U.S. 178, 182 (1962). Although the grant or denial of leave to amend is committed to a district court's discretion, **it is an abuse of discretion** to deny leave to amend unless there is sufficient reason, such as "undue delay, bad faith or dilatory motive...repeated failure to cure deficiencies by [previous] amendments...[or] futility of amendment." Foman,371 U.S. at 182." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

39. "The **Supreme Court** stated in Foman that while the decision to grant or deny leave to amend is within the trial court's discretion, "**outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is**

**merely abuse of that discretion and inconsistent with the spirit of the Federal Rules**." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

40. "It evinces a bias in favor of granting leave to amend. The **policy** of the federal rules is to permit **liberal amendment** to facilitate determination of claims on the **merits** and to **prevent** litigation from becoming a **technical exercise** in the fine points of pleading. See, e. g., Foman v. Davis, 371 U.S. at 182, [] Thus, **unless** there is a **substantial** reason to deny leave to amend, the **discretion** of the district court **is not broad enough** to permit denial. That consideration arises **only if** there are substantial reasons to deny the amendment. Otherwise, rule 15(a) requires the trial judge to grant leave to amend **whether or not** the movant shows prejudice." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

41. Denying Plaintiff leave to amend is against the Fifth Circuit's policy of the federal rules and inconsistent with the spirit of the Federal Rules stated by the Supreme Court.

## VII. Conclusion.

42. It will be an arbitrary and capricious decision to grant immunity to the Defendants, accompanied by a dismissal with prejudice and a denial of leave to amend.

## VIII. Prayer for Relief

43. Based on the above, Plaintiff respectfully requests this Court to grant the supplemental objection, in addition to the original objection.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
/[arnold200@gmail.com]

CERTIFICATE OF
SERVICE

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (January 10th, 2024).

                                                      /s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]