IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
| The State Bar of Texas et al, | ) ) ) |
| Defendants. | ) ) |

**OPPOSED MOTION FOR A MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this Motion for a More Definite Statement regarding the RESPONSE, [ECF No. 124], filed by Defendant Lori L. DeAngelis and Tarrant County, pursuant to *RULE 12(e)*.

. For the reasons stated below, this Motion shall be granted.

# I. Introduction

1. On December 28, 2023, The Honorable Magistrate Judge ruled FINDINDS, CONCLUSIONS and RECOMMENDATION (aka as FCR) for Defendants' Motion to Dismiss, [ECF No. 121].

2. On January 2, 2024, Plaintiff filed Objection to FCR. [ECF No. 122].

3. On January 9, 2024, opposing counsel for Defendants Lori L. DeAngelis and Tarrant County, filed Response to Plaintiff's objection. [ECF No. 124].

4. The Response is vague; it appears more like a waiver than a defense. Therefore, Plaintiff requests a More Definite Statement.

## II. Briefs in Support

5. Plaintiff has pleaded "lack of authority," "lack of jurisdiction" and "clear absence of all jurisdiction" in his third amended complaint. Plaintiff asserted that Defendant Lori L. DeAngelis does not have "judicial immunity."

6. The FCR erroneously found that the Plaintiff did not plead "lack of authority," "lack of jurisdiction," and "clear absence of all jurisdiction." Plaintiff objected this finding and raised his argument points.

7. Somehow the Response to Plaintiff's objection. [ECF No. 124], only consented to the findings, never bothered to further argue these legal issues in Plaintiff's objection.

8. Plaintiff asserts that these legal issues, judicial absolute immunity, personal jurisdiction and subject matter jurisdiction, arisen from his pleading, are pure questions of law, refused to raise defense arguments, constituted a waiver, might result in a miscarriage of justice towards Defendant Lori L. DeAngelis and/or Plaintiff.

9. What if the district judge concludes that this finding of "plaintiff did not plead" is incorrect? There will be no turning point after counsel waived arguments. Plaintiff believes everyone, including Defendant Lori L. DeAngelis, deserves an adequately advocacy.

## VIII. Prayer for Relief

10. Based on the above, Plaintiff respectfully requests this Court, under discretion to grant this motion, allowing opposing party to file a supplemental response and allowing Plaintiff to file a corresponding reply.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] /[arnold200@gmail.com]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. [4:23-CV-00758] |
| The State Bar of Texas et al, | ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF CONFERENCE

On January 18, 2024, Plaintiff consulted with Melvin Keith Ogle, counsel for the Defendants. During the consultation, Plaintiff notified counsel of his intent to file foregoing document. Melvin Keith Ogle has expressed his opinion to,

☒ Opposed the Motion.
☐ Unopposed Motion.

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
[arnold200@gmail.com]

CERTIFICATE OF
SERVICE

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (January 18th, 2024).

        /s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]