Case No. 24-10036

*IN THE UNITED STATES COURT OF APPEALS*

*FOR THE FIFTH CIRCUIT*

CONGHUA YAN, *Plaintiff–Appellant,*

v.

THE STATE BAR OF TEXAS; TARRANT COUNTY; LUIS JESUS MARIN; DANIEL EULALIO MARTINEZ; RACHEL ANN CRAIG, *Defendants–Appellees.*

APPELLANT'S OBJECTION AND MOTION FOR RECONSIDERATION

Respectfully submitted:

Conghua Yan

2140 E Southlake Blvd, Suite L-439

Southlake, Texas 76092

214-228-1886

arnold200@gmail.com

Pro Se Litigant

To the Honorable Judge of Fifth Circuit,

Appellant, Conghua Yan, pro se party, moves this court for reconsideration to the UNPUBLISHED ORDER issued on March 06, 2024.

Appellant believes this dismissal decision contains erroneous determinations of fact and law.

### Notice of Appeal does not need to make jurisdictional statement

The Federal District Court of North Texas provides a sample notice of appeal form[1]. It specifies that, in the notice of appeal, the appellant is only required to provide details of the action being appealed (e.g., conviction and sentence, sentence only, order, judgment) and the date of the action. A jurisdictional statement is not required at the pre-briefing stage. It would be premature for this Court to determine jurisdiction without a complete jurisdictional statement made by the appellant.

### Jurisdictional statement is mandatory in briefing stage

The Federal Rules of Appellate Procedure, Rule 28(a)(4), mandate the inclusion of a jurisdictional statement, as indicated by the language "The appellant's brief must contain..." Dismissing a case on the grounds of lacking

---

[1] https://www.txnd.uscourts.gov/sites/default/files/forms/ntcofapp.pdf

jurisdiction, without allowing the appellant the opportunity to provide a jurisdictional statement as per FRAP Rule 28(a)(4), violates procedural due process rights under the Fourteenth Amendment. Furthermore, the Fifth Circuit's own flow chat[2] illustrates that the "Notice of Appeal" falls within the pre-briefing stage, whereas the "Brief filed" marks the briefing stage.

### Section 1292(a)(1) allows interlocutory appeals towards an injunction

"Section 1292(a)(1) allows interlocutory appeals when a court grants, continues, modifies, refuses or dissolves an injunction" *Complaint of Ingram Towing Co.*, 59 F.3d 513, 516 (5th Cir. 1995).

This Court has jurisdiction over this appeal pursuant to *28 U.S.C. § 1292(a)(1)*, as it is an appeal of a sanction that functions as an injunctive order directed at Yan. This appealed sanction bans appellant from filing *Rule 11* motions in the lower court. It is a no-filing injunctive order which is appealable.

### This Court also has jurisdiction over this appeal pursuant to the collateral order doctrine.

"Appealable collateral orders include "those district court decisions that are conclusive, that resolve important questions completely separate from the merits,

---

[2] https://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/5CCAppellateFlowChart

and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Davis v. East Baton Rouge Parish School Bd.*, 78 F.3d 920, 925 (5th Cir. 1996) .

The December 18 order is appealable under the collateral order doctrine.

- This sanction decision is conclusive and would be effectively unreviewable on appeal from the final judgment. Firstly, as this case is a jury trial, being labeled as frivolous and vexatious at the front of the jury will impair Yan's credibility and reputation. It also affects the potential monetary relief that the jury might consider to award Yan. Secondly, the restriction of adequate petition rights during court proceedings cannot be recovered after the final judgment. Therefore, this sanction effectively unreviewable on appeal after the final judgment.

  - The subject of the order — sanction restrains Yan from filing further *Rule 11* motions — is completely separable from the merits of the litigation — claims against Defendants under *RICO*, *Antitrust*, *§ 1983*.

  - Finally, this appeal, which concerns the conclusion of being frivolous for filing and/or re-filing a *Rule 11* motion after the "safe harbor" expiration, and the district court's authority to name a litigant "vexatious" for exercising their right to object under *28 U.S.C. §*

*636(b)(1)*, raises important and unsettled legal questions. Currently, there are no precedents in this area.

This appeal arisen from a ruling on a Motion for Reconsideration motion that merges with the prior determination imposing a sanction against Yan. Yan filed his notice of appeal timely, within 30 days of the district court's order dated December 18, 2023.

For the above reasons, Appellant seeks this Court to reverse the dismissal decision.

Respectfully Submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]
Feb 20, 2024

## CERTIFICATE OF SERVICE

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2), On (March 6th, 2024).

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092]
[214-228-1886] [arnold200@gmail.com]
