IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

CONGHUA YAN,

Plaintiff,

v.

THE STATE BAR OF TEXAS, ET AL,

Defendants.

Civ. Action No. 4:23-cv-00758-P-BJ

**DEFENDANT U.S. BANCORP'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Melissa D. Hill (*pro hac* admission)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
Melissa.Hill@morganlewis.com
Tel: (212) 309-6318
Fax: (212) 309-6001

- and -

Tyler J. Hill (Texas Bar No. 24130505)
Morgan, Lewis & Bockius LLP
1717 Main Street, Ste. 3200
Dallas, TX 75201
Tyler.J.Hill@morganlewis.com
Tel: (214) 466-4160
Fax: (214) 466-4001

*Counsel for Defendant U.S. Bancorp*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 3

A. Plaintiff Abandoned His Claims Under 18 U.S.C. §§ 664, 1027, 1341, 1343, And 1349........ 3

B. Plaintiff's Civil RICO Claim Fails Because He Does Not Plausibly Allege That U.S. Bank Engaged In A "Pattern of Racketeering Activity." ........ 3

1. Plaintiff Cannot Meet The Heightened Pleading Standard For Fraud-Based Predicate Crimes By Improperly Attempting To Amend His Third Amended Complaint In Response To A Motion To Dismiss. ........ 4

2. Neither Updating A Plan Participant's Marital Status Nor Refusing To Assert Meritless Crossclaims Violates 18 U.S.C. § 664. ........ 5

3. Plaintiff Cannot Salvage His Civil RICO Claim With Talk Of "Conspiracy." ........ 6

C. Plaintiff Cannot Manufacture Allegations Of State Action To Shield His Fourteenth Amendment And Section 1983 Claims From Dismissal. ........ 6

D. Plaintiff Abandoned His Fiduciary Breach Claim, And His Improper Attempt To Re-Plead It Fails Under The Supreme Court's Plan Document Rule. ........ 8

E. The Complaint Does Not Assert Claims Under 18 U.S.C. § 1962 Or § 2, Neither Of Which Even Provides A Private Right Of Action. ........ 9

F. Plaintiff Should Not Be Granted A Fourth Attempt To Raise A Viable Claim. ........ 10

III. CONCLUSION ........ 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abraham v. Singh*,
480 F.3d 351 (5th Cir. 2007) ....................6

*Anza v. Ideal Steel Supply Corp.*,
547 U.S. 451 (2006)....................9

*Armbrister v. McFarland*,
No. 3:18-CV-1211-B-BH, 2018 WL 6004310 (N.D. Tex. Oct. 30, 2018)....................7

*Arruda v. Curves Int'l, Inc.*,
861 F. App'x 831 (5th Cir. 2021) ....................5

*Burkett v. Zeller*,
No. 2:09-cv-0185, 2010 WL 445946 (N.D. Tex. Feb. 9, 2010) ....................7

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
511 U.S. 164 (1994)....................9

*Fairley v. PM Mgmt.—San Antonio AL, L.L.C.*,
724 F. App'x. 343 (5th Cir. 2018) ....................7

*Fin. Acquisition Partners LP v. Blackwell*,
440 F.3d 278 (5th Cir. 2006) ....................4

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*,
555 U.S. 285 (2009)....................9

*In re Kosmos Energy Ltd. Sec. Litig.*,
955 F. Supp. 2d 658 (N.D. Tex. 2013) ....................4

*Richard v. Hoechst Celanese Chem. Grp., Inc.*,
355 F. 3d 345 (5th Cir. 2003) ....................7, 8

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*,
975 F.2d 1134 (5th Cir. 1992) ....................6

**Statutes**

18 U.S.C. § 2....................9, 10

18 U.S.C. § 664....................3, 4, 5, 6

18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349....................1, 3

18 U.S.C. § 1027....................3

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

18 U.S.C. § 1962 .......... 9

18 U.S.C. § 1964 .......... 9

29 U.S.C. §1056(d)(3)(H)(i) .......... 2, 8

U.S. Bank[1] respectfully submits this Reply Brief in further support of its motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

## I. INTRODUCTION

Plaintiff is a participant in an ERISA-governed defined contribution 401(k) Plan administered by U.S. Bank. After filing for divorce and then commencing this lawsuit against the lawyers and state court judges involved in his divorce action, Plaintiff elected to amend his pleading for a third time to add an eleventh defendant, U.S. Bank. The only substantive action ascribed to U.S. Bank is that the company allegedly reviewed a Domestic Relations Order arising from Plaintiff's divorce proceeding and determined that it qualified as a QDRO pursuant to the Plan's QDRO provisions. On that allegation alone, Plaintiff purports to assert against the 401(k) plan administrator claims arising under criminal laws, the civil RICO statute, Section 1983, and for fiduciary breach. In the 434 paragraphs and nine exhibits attached to the Third Amended Complaint, Plaintiff fails to state a single viable claim for relief for any of these causes of action. Accordingly, U.S. Bank moved to dismiss any alleged claims against it. Nothing contained in Plaintiff's Response—nearly one-third of which is devoted to belaboring Rule 12(b)(6) and repeating his pro se status—disturbs the bases supporting U.S. Bank's Motion.

In his Response, Plaintiff abandons his claims under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349, effectively conceding they are criminal statutes that do not provide a private right of action. *Infra* § II, A.

Plaintiff then tries to salvage his civil RICO claim by improperly attempting to his amend his Complaint for a fourth time, this time by alleging in his opposition brief new facts that, even if considered, do not satisfy the heightened pleading standard governing the fraud-based predicate

[1] All defined terms set forth in U.S. Bank's moving brief (ECF No. 127) apply herein.

RICO crimes listed in the Complaint. When that fails, Plaintiff's argues that U.S. Bank's alleged act of updating its records to reflect Plaintiff's marital status, and its refusal to assert meritless crossclaims against co-Defendants, somehow amounts to "theft" and "embezzlement" under 18 U.S.C. § 664. It does not. Nor does Plaintiff's talk of "conspiracy" shield his RICO claims from dismissal because the Complaint does not allege that U.S. Bank struck any agreement with any of the co-Defendants to commit predicate criminal acts. *Infra* § II, B.

Plaintiff's Section 1983 claim fails for an equally fundamental reason: he does not allege that U.S. Bank, a private entity, acted "under the color of state law." In his Response, Plaintiff purports that U.S. Bank's compliance with a court order (the Domestic Relations Order) somehow transforms private action into state action. To the contrary, the Fifth Circuit holds that mere compliance with a court order does not amount to acting under the color of state law. Nor can Plaintiff manufacture state action through a theory of "conspiracy," since the Complaint contains no plausible allegations supporting an inference that Plaintiff's 401(k) administrator maliciously conspired with members of the Texas judiciary to deprive Plaintiff of constitutional rights. Absent any factual basis from which to infer that U.S. Bank acted under the color of state law, Plaintiff's Section 1983 claim fails as a matter of law. *Infra* § II, C.

As to Plaintiff's final claim—that U.S. Bank "breached its fiduciary duty under 29 U.S.C. §1056(d)(3)(H)(i)" (Compl. ¶ 406)—the Complaint does not (and cannot) allege that U.S. Bank failed to provide an accounting to an alternate payee, which is all U.S. Bank was required to do under the law. Plaintiff offers no argument in opposition. Instead, he alleges for the first time that U.S. Bank breached its fiduciary duties under ERISA by incorrectly determining that the Domestic Relations Order is a QDRO. His (second) improper attempt to re-write the Complaint in response to this Motion is for naught because the face of the Domestic Relations Order confirms it qualifies

as a QDRO and U.S. Bank's determination was made pursuant to the Plan's terms. The Plan Document Rule forecloses any attempt by Plaintiff to state a claim for fiduciary breach through allegations that confirm U.S. Bank acted "in conformity with the plan documents." *Infra* § II, D.

For these reasons, U.S. Bank respectfully requests that the Court grant this Motion.

## II. ARGUMENT

### A. Plaintiff Abandoned His Claims Under 18 U.S.C. §§ 664, 1027, 1341, 1343, And 1349.

In the Complaint under the Count titled "Nineth [sic] Claim for Relief U.S[.] Bank," Plaintiff lists 18 U.S.C. §§ 664, 1027,1341, 1343, and 1349. *See* Compl., p. 77. The Moving Brief establishes that those criminal statutes do not provide a private right of action. *See* Mov. § IV, A. Plaintiff does not challenge that settled principle of law. Instead—and notwithstanding the titling of the Ninth Count—Plaintiff contends he "never alleged . . . a civil cause of action" pursuant to those statutes. Resp. ¶ 27. Plaintiff's retraction of claims pled in the Complaint results in abandonment of them. *See Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level."). For the unrebutted reasons set forth in the Moving Brief, the Court should dismiss Plaintiff's claims asserted under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349.

### B. Plaintiff's Civil RICO Claim Fails Because He Does Not Plausibly Allege That U.S. Bank Engaged In A "Pattern of Racketeering Activity."

In the Complaint, Plaintiff neither satisfies the heightened pleading standard governing the fraud-based predicate crimes set forth in 18 U.S.C. §§ 1341 and 1343, nor plausibly alleges that U.S. Bank committed theft or embezzlement in violation of 18 U.S.C. § 664. He thus fails to adequately plead that U.S. Bank committed multiple predicate crimes constituting a "pattern of

racketeering activity," which is required to state a claim for civil RICO. *See* Mov. § IV, B. None of Plaintiff's arguments lodged in Response cures these pleading deficiencies.

**1. Plaintiff Cannot Meet The Heightened Pleading Standard For Fraud-Based Predicate Crimes By Improperly Attempting To Amend His Third Amended Complaint In Response To A Motion To Dismiss.**

Plaintiff admits that the "heightened pleading standard applies to RICO claims that involve allegations of fraud," and he does not contest that he fails to satisfy that pleading standard in the Complaint. Resp. ¶ 32. Instead, Plaintiff claims he "can clearly amend the complaint to specify the dates by stating On May 25, June 8, June 13, June 16, June 20, July 20, August 1, August 5, August 29, and August 30, U.S. Bank conspired with Leslie Barrows to jointly commit their § 1341 and § 1343 offenses." Resp. ¶ 30. It is settled law that "a plaintiff may not amend its complaint in response to a motion to dismiss." *See In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013). Courts "review only the well-pleaded facts in the complaint" and will not consider new factual allegations asserted outside the pleading. *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 289 (5th Cir. 2006). The new facts improperly raised in Plaintiff's Response cannot be considered on this Motion, and therefore cannot defeat it.

Even assuming *arguendo* the Court could consider Plaintiff's new allegations—that "U.S. Bank conspired with Leslie Barrows to jointly commit their § 1341 and § 1343 offenses," pointing to "wire communication[s] they had served to further the § 664 predicate act"—they are as conclusory as those contained in the Complaint. Plaintiff does not explain how his 401(k) plan administrator in Minnesota purportedly "conspired" with a family law attorney in Texas, what "offenses" they supposedly committed, or why unspecified "wire communications" rise to a predicate RICO crime. Equally so, while Plaintiff contends he has "presented all relevant email evidence and court orders as Exhibits to sufficiently detail the time, place, and content of the alleged fraudulent misrepresentations," (Resp. ¶ 33), he does not bother to identify or describe

those "email[s]," specify which portions of them supposedly evidence fraud, or explain how "court orders" reflect "the time, place, and content of the alleged fraudulent misrepresentations." Plaintiff's new allegations, even if properly contained in a pleading instead of a brief, do not "state with particularity the circumstances constituting fraud," and thus do not satisfy the heightened pleading standard of Rule 9(b). *Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 834 (5th Cir. 2021).

**2. Neither Updating A Plan Participant's Marital Status Nor Refusing To Assert Meritless Crossclaims Violates 18 U.S.C. § 664.**

Plaintiff also does not adequately allege that U.S. Bank violated 18 U.S.C. § 664 (prohibiting "theft" and "embezzlement"), which is the sole other predicate crime asserted in the Complaint. As set forth in the Moving Brief, the Complaint merely alleges facts summarizing U.S. Bank's review of the Domestic Relations Order pursuant to the Plan's QDRO procedures. *See* Mov. IV, B, 2. In Response, Plaintiff asserts that notwithstanding U.S. Bank's compliance with the Plan's QDRO procedures, "[i]f the order itself is unlawful, as ruled by the Texas Supreme Court, and if the order's deficiencies have been clearly pointed out by Plaintiff, then any further action undertaken by U.S. Bank meets the 'unlawfully and willfully' element of the 18 U.S.C. § 664." Resp. ¶ 35. The Complaint, however, does not allege that the Texas Supreme Court, or any court of competent jurisdiction for that matter, "ruled" the Domestic Relations Order to be "unlawful." To the contrary, Plaintiff acknowledges in his Complaint that "Judge Judith G. Wells signed it," and so did his counsel on Plaintiff's behalf. *See* Compl. ¶ 99; Dkt. 128-2, at 6.

Plaintiff then scrambles to find a predicate crime. He surmises that "[a]ltering Plaintiff's marriage statute [sic] from 'married' to 'divorced'" and "U.S. Bank's inaction of filing a cross-claim against Leslie Barrows" satisfies his burden of pleading a violation of 18 U.S.C. § 664. Resp. ¶ 40. Under § 664, theft "means to wrongfully take money or property belonging to another with intent to deprive the owner of its use and benefit," and embezzlement "means to wrongfully,

intentionally take money or property of another after the money or property has lawfully come within the possession or control of the person taking it." *See* Pattern Crim. Jury Instr., § 2.32 (5th Cir. 2019). Neither updating a plan participant's marital status nor refusing to file meritless crossclaims amounts to "theft" or "embezzlement" under 18 U.S.C. § 664. Plaintiff offers no factual basis from which to infer that U.S. Bank committed any predicate crime.

**3. Plaintiff Cannot Salvage His Civil RICO Claim With Talk Of "Conspiracy."**

Boxed in by his failure to ascribe predicate crimes to U.S. Bank, Plaintiff attempts to save his claim by recharacterizing it as one for conspiracy to violate RICO, which he contends excuses his failure to allege that U.S. Bank committed two or more predicate crimes. Resp. ¶¶ 38-43. To state a civil RICO claim under a theory of conspiracy, Plaintiff would need to, among other things, plead facts showing that U.S. Bank entered into an agreement to commit two or more predicate acts of racketeering. *See Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007). The Complaint is devoid of any allegations that U.S. Bank struck an agreement with Texas state court judges or his wife's divorce attorney. To the contrary, Plaintiff alleges that U.S. Bank was "defraud[ed]" and "deceive[d]" by co-Defendants, not that it conspired with them. *See* Compl. ¶¶ 73, 107. Plaintiff's bald references to "conspiracy" cannot save his civil RICO claim. *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1140-41 (5th Cir. 1992) (affirming dismissal of RICO conspiracy claim where plaintiff "fail[ed] to plead specifically any agreement to commit predicate acts of racketeering," and finding the allegation that defendants "conspired" to be conclusory).

**C. Plaintiff Cannot Manufacture Allegations Of State Action To Shield His Fourteenth Amendment And Section 1983 Claims From Dismissal.**

U.S. Bank moved to dismiss Plaintiff's Section 1983 claim because, *inter alia*, the Complaint does not allege that U.S. Bank, a private entity, acted "under the color of state law." *See* Mov. IV, C. None of Plaintiff's arguments in his Response change that fact.

Plaintiff asserts that by "taking action that deprived plaintiff of $25,000 under the State court's garnishment order," U.S. Bank acted under the color of state law. Resp. ¶ 50. A private actor's compliance with a court order (which, in this case, required disbursement of $25,000 for spousal support) does not constitute state action. *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F. 3d 345, 353 (5th Cir. 2003). In fact, even accepting as true Plaintiff's conclusory assertion that the Domestic Relations Order that U.S. Bank complied with was somehow improper, "[Fifth Circuit] precedent establishes that even if a court wrongly decides a case, the fact that a private party complies with [a] wrong [court] decision does not constitute state action." *Id.* Thus, in *Fairley v. PM Mgmt.—San Antonio AL, L.L.C.*, 724 F. App'x. 343 (5th Cir. 2018), the Fifth Circuit rejected the plaintiff's argument that the defendant was a state actor merely because it followed an allegedly incorrect state court order and affirmed dismissal under Section 1983. *Id.*, 345.

Plaintiff next surmises that his allegation that a U.S. Bank employee in his "official capacity" participated in the review of the QDRO suffices to ascribe state action to U.S. Bank. Resp. ¶ 50. It does not. Alleging that a U.S. Bank representative acted in his "official capacity" merely confirms that the employee acted as an employee of a purely private entity. "Section 1983 does not cover claims against purely private parties." *Burkett v. Zeller*, No. 2:09-cv-0185, 2010 WL 445946, at *6 (N.D. Tex. Feb. 9, 2010).

Finally, Plaintiff attempts to ascribe state action to U.S. Bank by resorting to talk of a wild conspiracy with Texas state court judges and his wife's divorce attorney, Ms. Barrows. Resp. ¶ 51. To hold a private entity liable under Section 1983, Plaintiff must allege "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Armbrister v. McFarland*, No. 3:18-CV-1211-B-BH, 2018 WL 6004310, at *3 (N.D. Tex. Oct. 30, 2018). Plaintiff plausibly alleges neither. He does not assert in the

Complaint that U.S. Bank even communicated with Judge DeAngelis or Judge Wells, let alone struck an agreement with them to commit an illegal act against Plaintiff. Further, Ms. Barrows is not a "public defendant" but rather an attorney for a "private company," (Compl. ¶ 9) and, in any event, the Fifth Circuit has squarely rejected that "wrongful action by counsel qualifies as 'state action' under § 1983." *See Richard*, 355 F.3d at 353.

Try as he might, Plaintiff cannot churn claims of state action to save his Section 1983 claim.

**D. Plaintiff Abandoned His Fiduciary Breach Claim, And His Improper Attempt To Re-Plead It Fails Under The Supreme Court's Plan Document Rule.**

In the Complaint, Plaintiff alleges that U.S. Bank "breached its fiduciary duty under 29 U.S.C. § 1056(d)(3)(H)(i)." Compl. ¶ 406. That statute requires a plan administrator to "separately account" for funds "payable to the alternate payee" during review of a putative QDRO. Plaintiff is not identified as the alternate payee in the Domestic Relations Order, and he does not allege that U.S. Bank failed to provide an accounting to the alternate payee. Mov. § IV, D, 1. Accordingly, U.S. Bank moved to dismiss Plaintiff's fiduciary breach claim premised on 29 U.S.C. § 1056(d)(3)(H)(i). Plaintiff offers no argument in opposition. Instead, he curiously contends he never raised such claim despite it being referenced throughout the Complaint. Resp. ¶ 73; Compl. ¶¶ 402, 404, 406. Plaintiff's decision to waive his claim mandates its dismissal. *Supra* § II, A.

Abandoning his alternate payee theory, Plaintiff tries to re-write his pleading to premise his fiduciary breach claim on U.S. Bank's QDRO determination, arguing that U.S. Bank "breached their [sic] fiduciary duty by determining that the 'domestic relations order' as 'qualified' despite the clear objections from Plaintiff." Resp. ¶ 74. That allegation is not pled in the Complaint. (Rather, the Complaint alleges: "U.S. Bank willfully, recklessly, and maliciously breached its fiduciary duty under 29 U.S.C. § 1056(d)(3)(H)(i)"—a claim that Plaintiff has now abandoned.) Plaintiff cannot amend his pleading through his Response. *Supra* § II, B, 1.

Yet even if the Court considered Plaintiff's reconstructed fiduciary breach claim, it still fails on its face because the face of the Domestic Relations Order confirms that it qualified as a QDRO pursuant to the Plan's terms. Mov. at 19. Under the U.S. Supreme Court's "Plan Document Rule," fiduciaries are not liable under ERISA if they act "in conformity with the plan documents," as U.S. Bank did in its QDRO review. Mov. at 19-20 (citing *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009)). The Complaint does not allege U.S. Bank failed to adhere to the Plan, and Plaintiff in his Response does not challenge or even address *Kennedy* or the Plan Document rule it promulgated. His silence is fatal to his claim. Even to the extent the Court considers Plaintiff's new allegation that U.S. Bank breached its fiduciary duties by incorrectly deeming the Domestic Relations Order a QDRO, the face of the Order contradicts that assertion and the Plan Document Rule mandates dismissal of Plaintiff's fiduciary breach claim.

### E. The Complaint Does Not Assert Claims Under 18 U.S.C. § 1962 Or § 2, Neither Of Which Even Provides A Private Right Of Action.

Buried at the end of his Response, Plaintiff surmises that the Complaint alleges causes of action under 18 U.S.C. § 1962(c), (d), which he claims U.S. Bank failed to address in its Moving Brief and thus waived. Resp. ¶¶ 111-12. Plaintiff is wrong. A civil right of action for a RICO violation exists solely under 18 U.S.C. § 1964—not § 1962(c) or (d). *See Anza v. Ideal Steel Supply Corp*., 547 U.S. 451, 453 (2006). U.S. Bank moved to dismiss Plaintiff's § 1964 civil RICO claim (Mov. § IV, B), and as Plaintiff himself admits, §§ 1962(c) and (d) are "merely cited as predicate acts" for which he "never sought a civil cause of action separately." Resp. ¶ 27. Plaintiff's argument to the contrary is disingenuous and unsupportable as a matter of law.

So, too, is his contention that he pled a cause of action under 18 U.S.C. § 2. Resp. ¶¶ 111-12. It is settled law that no private cause of action exists under 18 U.S.C. § 2. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 191 (1994). Nor did Plaintiff

plead such a claim in his Complaint. Under the "Nineth [sic] Claim for Relief" where Plaintiff lists the "allegations related to the U.S. Bank," there is no mention of 18 U.S.C. § 2. *See* Resp. ¶ 26; Compl., p. 77. U.S. Bank did not and cannot waive arguments regarding statutes not pled as causes of action in the Complaint and which, in any event, do not provide private rights of action.

**F. Plaintiff Should Not Be Granted A *Fourth* Attempt To Raise A Viable Claim.**

Each and every cause of action that Plaintiff asserts against U.S. Bank fails as a matter of law and should be dismissed with prejudice. Perhaps aware as much, Plaintiff in his Response attempts to hedge his bets and ask for permission to re-plead, arguing that "[a] complaint should only be dismissed under Federal Rule 12(b)(6) after affording ample opportunity for Plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile." Resp. ¶ 4. Re-pleading would be futile because there are no facts whatsoever that Plaintiff could add to the Complaint to render his 401(k) administrator a proper defendant in this dispute over his divorce. *See* Mov. IV, E. Further, Plaintiff has already been provided "ample opportunity" to state a claim. He has amended his Complaint no less than three times, on the third attempt inundating the Court with 434 paragraphs and nine exhibits. In all of that noise, Plaintiff has failed to assert a single claim for relief against any of the eleven defendants named in this suit. Plaintiff's Third Amended Complaint is his third strike. This Motion should be granted with prejudice.

## III. CONCLUSION

For the foregoing reasons, U.S. Bank respectfully asks the Court to dismiss with prejudice Plaintiff's Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: April 15, 2024

*/s/ Tyler J. Hill*
Tyler J. Hill

**CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing document was filed via the ECF filing system and therefore served on all counsel and parties of record.

Dated: April 15, 2024

*/s/ Tyler J. Hill*
Tyler J. Hill