UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CONGHUA YAN,**

   Plaintiff,

v.                                  No. 4:23-cv-00758-P

**THE STATE BAR OF TEXAS, ET AL.,**

   Defendants.

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND INDEPENDENTLY ASSESSING ADDITIONAL MOTION

The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") in this case on December 28, 2023. *See* ECF No. 121. The FCR evaluated motions to dismiss filed by five groups of defendants:

- Defendant Lori DeAngelis ("Judge DeAngelis") (ECF No. 69);
- Defendant Tarrant County (ECF No. 70);
- Defendants State Bar of Texas, Luis Marin, Daniel Martinez, and Rachel Craig (the "State Bar Defendants") (ECF No. 83);
- Defendant Samantha Ybarra (ECF No. 75); and
- Defendants Leslie Barrows and the Barrows Firm (the "Barrows Defendants") (ECF No. 90).[1]

Plaintiff Conghua Yan objected to the FCR, *see* ECF Nos. 122, 125, so the Court conducted a *de novo* review. Having done so, the Court adopts the FCR's findings as the findings of the Court, endorses the FCR's conclusions, and accepts the FCR's recommendation in part. Accordingly, the above motions to dismiss are **GRANTED** and Yan's claims against those defendants are **DISMISSED**. In addition, the

---

[1]The Court adopts the FCR's nomenclature and collectively calls Samantha Ybarra and the Barrows Defendants the "Attorney Defendants."

Court reviewed a motion to dismiss filed by Defendant U.S. Bancorp ("U.S. Bank") after the FCR was entered. *See* ECF No. 126. Having considered that Motion and related briefing, the Court concludes U.S. Bank's Motion should be and hereby is **GRANTED**, and Yan's claims against that defendant are also **DISMISSED**.

## BACKGROUND

Plaintiff Conghua Yan sued a small army of defendants last July. His lawsuit "originates from allegations against certain DFW family court attorneys/judges" implicated in his 2021 divorce proceeding. Liberally construed, Yan's Original Complaint alleged numerous constitutional and civil-rights deprivations, an antitrust claim, and claims for fraud and civil conspiracy (among other more nebulous causes of action). From the pleadings, it appears that Mr. Yan's divorce got ugly fast, and Yan was saddled with a sizeable bill for attorneys' fees. He says the family court lacked authority to issue orders regarding attorneys' fees, spousal support, and several other matters of import. Beyond this constitutional problem, Yan alleges that key players within the Texas State Bar and Texas judiciary conspired against him with other public and private persons/entities. Three amended complaints later, Yan seeks declaratory and injunctive relief, but his factual allegations are none clearer. This case's abstruse procedural history is otherwise well documented in prior FCRs and the Court's orders accepting each.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). When a claim is moot, the former is absent, and a defendant may move to dismiss under Rule 12(b)(1). *Am. Precision Ammunition, LLC. v. City of Mineral Wells*, 90 F.4th 820, 824 (5th Cir. 2024); *see also* FED. R. CIV.

2

P. 12(b)(1). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

When evaluating subject-matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In doing so, the Court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023). Still, "the burden of proof [is] on the party asserting jurisdiction." *McLin*, 79 F.4th at 415 (citing *Ramming*, 281 F.3d at 161).

Even where jurisdiction is established, a complaint must state a plausible claim to relief. *Terwilliger v. Reyna*, 4 F.4th 270, 279 (5th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see generally* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The complaint's factual allegations suffice if they allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If they don't, dismissal is proper under Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6).

At the pleadings stage, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154–55 (5th Cir. 2010). And federal courts have long held that "however inartfully pleaded," the complaint of a *pro se* litigant "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But the Court's assumption of truth does not extend to conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For this requirement, a plaintiff's *pro se* status is no aegis. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

3

## ANALYSIS

As noted above, the FCR evaluates five different motions to dismiss. *See* ECF No. 121 (analyzing ECF Nos. 69, 70, 75, 83, 90). The Court addresses them in the same order as the FCR, evaluating Yan's objections on a Motion-specific basis. As explained below, Yan's claims against Judge DeAngelis and Tarrant County, along with most of his claims against the State Bar Defendants and the Attorney Defendants, should be dismissed for lack of standing under Rule 12(b)(1). His remaining claims against the State Bar Defendants and the Attorney Defendants, along with his claims against U.S. Bank, should be dismissed for failure to state a claim under Rule 12(b)(6).

As a preliminary point, the Court notes that it deviates from the FCR's recommendation with respect to dismissal of certain claims with prejudice. Given Yan has had multiple bites at the apple and is now on his fourth amended complaint, the Court agrees with the FCR that "Yan has [had] adequate opportunities to plead his best case and further amendments to his complaint would not serve to further this litigation." ECF No. 121 at 9; *see Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (holding dismissal with prejudice is proper under Rule 12(b)(6) if plaintiff has been afforded ample opportunities to plead his best case); *see generally Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.").

But "[o]ur precedents also make clear that a jurisdictional dismissal must be without prejudice to refiling in a forum of competent jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). Thus, dismissal with prejudice is only appropriate for Yan's claims dismissed under Rule 12(b)(6); his claims dismissed under Rule 12(b)(1) must be dismissed without prejudice. The Court shares the FCR's skepticism that any court would have jurisdiction over Yan's largely untenable claims. Nevertheless, a dismissal under Rule 12(b)(1) signals this Court's lack of jurisdiction. Thus, a dismissal with prejudice under Rule 12(b)(1) would function as an improper exercise of non-existent jurisdiction. *See Spivey v. Chitimacha Tribe of La.*, 79

F.4th 444, 449 (5th Cir. 2023) (noting "to dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it" (cleaned up)). Having noted this distinction, the Court now turns to the motions to dismiss.

### A. Yan lacks standing to sue Judge DeAngelis and Tarrant County and lacks standing to assert certain claims against the State Bar Defendants and the Attorney Defendants.

As explained in the FCR, Yan lacks standing to assert his claims against Judge DeAngelis and Tarrant County. *See* ECF No. 121 at 5–12, 13–16. He also lacks standing for most of his claims against the State Bar Defendants and the Attorney Defendants, though he may have standing with respect to certain racketeering allegations against those Defendants. The Court must address standing before evaluating any argument on the merits or any attack on the pleadings' sufficiency. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992); *United States v. Rodriguez*, 33 F.4th 807, 811 (5th Cir. 2022) ("Standing is a matter of jurisdiction, and courts must assess their jurisdiction before turning to the merits."). Doing so here, the Court agrees with the FCR that Yan lacks standing vis-à-vis the above Defendants.

Yan alleges a wide array of claims against the above Defendants. *See* ECF Nos. 60 at 18–24, 32–35, 35–64; 121 at 5, 9–10. Broadly speaking, he alleges that Judge DeAngelis acted beyond the scope of her authority at various junctures in his divorce proceeding. *See* ECF No. 60 at 18, 35–64. He further avers that Tarrant County should be liable for DeAngelis's impropriety because DeAngelis is a public official operating within the County. *See* ECF No. 121 at 9; *see also* ECF No. 60 at 32–33. He also brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleging that DeAngelis was in cahoots with the State Bar Defendants to restrict market competition for legal services, launder money, and cover up *ultra vires* orders. *See, e.g.*, ECF No. 60 at 38–40 (detailing the various "conspirator roles in these RICO racketeering activities"). Finally, he asserts similar racketeering/antitrust allegations against the Attorney Defendants, alleging that they willingly participated in the above scheme and

5

committed various improprieties in his divorce proceeding to effectuate their illicit plan. *See id.* While all of Yan's claims would be vulnerable to dismissal under Rule 12(b)(6), the analysis need not progress that far for most claims because Yan fails to establish standing.

 1. Judge DeAngelis

The FCR correctly concluded that Yan lacks standing to sue Judge DeAngelis, who is judicially immune from this lawsuit. *See* ECF No. 121 at 5–8. The Court **ADOPTS** the FCR's conclusion and **DISMISSES** Yan's claims against DeAngelis **without prejudice**.

With a conspicuous dearth of facts, Yan alleges that Judge DeAngelis "assumed the role of a judge to obtain the authority to issue unlawful orders that facilitated the extraction of money from clients by other conspirators." ECF No. 60 at 39. What's more, Yan says DeAngelis issued many orders in that proceeding "without any jurisdiction or authority." *Id.* The "orders" referenced in Yan's pleadings appear to be (1) "an interim order compelling Plaintiff to directly pay his own attorney fees" and (2) a "spousal support order" Judge DeAngelis issued "while there [was] neither a motion nor a hearing for the matter of spousal support." *Id.* at 39; *see also id.* at 55–64 (chronicling various disputed orders DeAngelis issued in Yan's divorce proceeding). The FCR rightly notes that "[w]hile Yan's pleadings evidence an amalgam of exceptional allegations, his arguments are all predicated on the untenable position that he has standing to sue in federal court for unfavorable outcomes in a state court proceeding. Fifth Circuit precedent is clear that he does not." ECF No. 121 at 7 (collecting cases).

Yan objects to the FCR's conclusion regarding DeAngelis's immunity. *See* ECF No. 122 at 18–20. The Court **OVERRULES** his objection because the FCR correctly applies Fifth Circuit precedent to Yan's allegations. *See Bauer v. Texas*, 341 F.3d 352, 361 (5th Cir. 2003) (finding no case or controversy exists to confer standing where lawsuit's allegations hinge on state court judge acting in "adjudicative capacity"). Sure, Yan couches his allegations in constitutional terms by ostensibly challenging DeAngelis's "jurisdiction or authority." *See* ECF

6

No. 60 at 39. If his pleadings set forth bona fide allegations of a constitutional violation, DeAngelis may not be entitled to immunity from this lawsuit. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). But the FCR is correct in noting Yan never substantively alleges the purported lack of jurisdiction/authority. *See* ECF No. 121 at 7 (observing that "Yan does not actually allege that Judge DeAngelis lacked jurisdiction or authority to hear the case or to issue the orders, only that he disagrees with her application of the law"). Thus, without more, Judge DeAngelis is judicially immune from Mr. Yan's lawsuit. *See Boyd*, 31 F.3d at 284. And her immunity extends equally to Yan's RICO claim. *See Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) ("It is a well-established rule that where a judge's absolute immunity would protect him [or her] from liability for the performance of particular acts, mere allegations that he [or she] performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity.").[2]

Despite the clarity of case law on this point, Yan insists the FCR got it wrong. In particular, Yan raises two categorical objections. *First*, he reiterates clearly established case law that "no excuse is permissible" for judicial determinations rendered in excess of authority or jurisdiction. *See* ECF No. 122 at 6–7 (citing *Stump v. Sparkman*, 435 U.S. 349, 356 n.6 (1978)). *Second*, he says the FCR applies incorrect immunity precedents because "DeAngelis **is not at elected judge**." ECF No. 122 at 18. Neither persuades.

The FCR preempted Yan's first objection by observing that the factual predicate for Yan's argument is unfavorable outcomes in a state-court proceeding, not a purported absence of authority on DeAngelis's part. *See* ECF No. 121 at 7. Without a clear articulation of *how* Judge DeAngelis exceeded her judicial authority, Yan's pleadings leave the Court with little more than the grievances of a disgruntled

---

[2] Though the analysis need not progress to Yan's pleadings, the Court notes that his RICO claim would also be dismissible under Rule 12(b)(6) because it rests on speculative allegations of would-be facts. *See, e.g.*, ECF No. 60 at 39 (noting DeAngelis "*would* have utilized a division of the award, ensuring that both conspirators on each side *would* maintain silence") (emphasis added).

7

litigant. *Compare, e.g.*, *Machetta v. Moren*, 726 F. App'x 219, 219–20 (5th Cir. 2018) (rejecting similar lawsuit based on judicial-capacity actions of state family-court judge). The Court sympathizes with Yan and understands the financial and emotional toll contentious divorce proceedings can have for those involved. However, litigants may not turn to federal court to challenge a state court's decrees under the banner of "jurisdiction and authority" without plainly explaining how the aggrieving orders were unlawful. *See McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) (holding that state judges who are sued "because of [their] office as judge" are entitled to Eleventh Amendment immunity unless the pleadings clearly articulate an independent constitutional violation).[3] Thus, the Court **OVERRULES** Yan's first objection, and his claim lives or dies with DeAngelis's disputed immunity.

Yan notes that elected judges are "on the State of Texas payroll" and thus entitled to judicial immunity. ECF No. 122 at 18. But he argues DeAngelis does not enjoy such immunity because her "payroll is on the county bill." *Id.* He's wrong. Texas law is clear that Judge DeAngelis is absolutely immune from suit for judicial actions taken in her capacity as associate judge of the 324th District Court. *See* TEX. FAM. CODE ANN. § 201.017 (noting "[a]n associate judge . . . has the judicial immunity of a district judge"); *see generally Daves v. Dall. County, Tex.*, 22 F.4th 522, 532–42 (5th Cir. 2022) (explicating this point). Accordingly, the Court **OVERRULES** Yan's objections to the FCR regarding Judge DeAngelis's judicial immunity.

Doctrines like judicial immunity can be difficult for laypersons to understand (and sometimes for legal professionals). As a general rule,

---

[3]The Court notes that even if DeAngelis was not entitled to judicial immunity, the Court would still abstain from ruling on Yan's claims for injunctive and declaratory relief under the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). The underlying dispute is still ongoing, the proceedings implicate Texas's strong family-law interests, and Yan has avenues to raise his challenges in Texas state court. Thus, abstention is clearly appropriate. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The County's Motion to Dismiss chronicles ad nauseum the myriad cases from this District and Circuit which have reached that conclusion for cases like this. *See* ECF No. 69 at 12–13 (collecting cases).

a litigant should come to court with strong assertions of fact supporting a constitutional violation if they intend to sue a judge in a lower court's proceeding. Simply arguing a certain order was wrong, even *really* wrong, won't cut it. Further still, plaintiffs must show the relevant judicial official acted *without authority or jurisdiction*, not merely that they acted in excess of otherwise lawful jurisdiction. That distinction is nuanced but critical. *See, e.g.*, *Turner v. Raynes*, 611 F.2d 92, 99 (5th Cir. 1980) ("If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune."). Because Yan's allegations do not overcome Judge DeAngelis's judicial immunity, the Court **GRANTS** her Motion to Dismiss (ECF No. 69) and **DISMISSES** Yan's claims against DeAngelis **without prejudice**.

2. Tarrant County

The FCR correctly concluded that Yan lacks standing to sue Tarrant County for Judge DeAngelis's actions, whether under 42 U.S.C. § 1983 or otherwise. *See* ECF No. 121 at 9–10. The Court **ADOPTS** the FCR's conclusion and **DISMISSES** Yan's claims against Tarrant County **without prejudice**.

For his claim against Tarrant County, Yan seeks compensatory, punitive, and treble damages, as well as "a preliminary and permanent injunction enjoining [] Tarrant County, Texas, represented by Defendant Lori L. DeAngelis in her official capacity, from continuing to engage in ultra vires actions beyond its legal authority." ECF No. 60 at 64. To this end, Yan avers that Tarrant County deprived him of "his Equal Protection and Due Process constitutional rights," *see id.*, but provides no facts to support those remarkable constitutional allegations. As a general matter, Yan is right that 42 U.S.C. § 1983 sanctions lawsuits against counties under certain circumstances. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.54 (1978) (noting municipalities and counties can be "persons" for purposes of lawsuits

9

under Section 1983). But as the FCR rightly notes, those circumstances are not applicable here.

Yan objects to the FCR on this point, arguing Tarrant County may be held liable for DeAngelis's acts and omissions under 42 U.S.C. § 1983. *See* ECF No. 122 at 9, 18. The Court **OVERRULES** this objection because it is incorrect as a matter of law.

Yan cannot establish standing to sue Tarrant County unless his alleged injury is clearly traceable to acts or omissions of the County. *See Lujan*, 504 U.S. at 558–60. For lawsuits under 42 U.S.C. § 1983, this is satisfied if the municipal defendant exercised authority over the person or entity responsible for a plaintiff's harm. *See Monell*, 436 U.S. at 690 & n.54. On this point, the County argues:

> The fundamental flaw in Plaintiff's analysis is that a state appointed associate judge of a state district court handling family matters does not act on behalf of, or subject to the control or supervision of, the County when presiding over family law cases and making judicial decisions related thereto.

ECF No. 70 at 4–5 (collecting cases). They're right, as only supervisory judicial officials may exercise control over family-court judges in Texas. *See* TEX. FAM. CODE ANN. §§ 201.001, 201.004. Put differently, DeAngelis reports to the 324th District Court, not Tarrant County, with respect to her actions in Yan's divorce proceeding. That undercuts Yan's standing to sue the County here.

Under Section 1983, Yan can only sue "those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Yan's objections insist that is the case here. *See* ECF No. 122 at 18. But "[w]hether state sovereign immunity as signified by the Eleventh Amendment applies to bar suit and whether an official is acting for the state and thus exempt from suit under Section 1983 involve different analyses." *Daves*, 22 F.4th at 532. Here, the Fifth Circuit has made clear that entities like Tarrant County cannot be held liable under 42

U.S.C. § 1983 for the actions of persons like Judge DeAngelis, who neither answered to Tarrant County nor received directives from Tarrant County with respect to Yan's divorce proceeding. *See id.* at 532–39. As the court explained in *Daves*: "if the issue were the removal, replacement, or required residence of statutory county judges, the laws about county officers would control. Instead, we are concerned with decisions made in a judicial capacity within the States' judicial hierarchy." *Id.* at 540 (internal citation and quotation marks omitted). Thus, even if Judge DeAngelis cognizably harmed Yan, Tarrant County would not be liable for that harm.

For the above reasons, the Court **GRANTS** Tarrant County's Motion to Dismiss (ECF No. 70) and **DISMISSES** Yan's claims against the County **without prejudice**.

### 3. The Attorney Defendants

The FCR correctly concluded that Yan lacks standing to sue the Attorney Defendants over allegations contained in the pleadings. *See* ECF No. 121 at 13–15. The only exceptions to this jurisdictional defect are Yan's claims against the Attorney Defendants under RICO. Excepting those claims, the Court **ADOPTS** the FCR's conclusion and **DISMISSES** Yan's other claims against the Attorney Defendants **without prejudice**.

Yan sues the Attorney Defendants over their conduct in his divorce proceeding and over ill-defined allegations of racketeering and chicanery. *See* ECF No. 60 at 22–45. The FCR correctly notes that the Attorney Defendants are immune from any allegations related to their zealous advocacy in Yan's divorce proceeding. *See* ECF No. 121 at 13–14. The attorney-immunity doctrine is "properly characterized as a true immunity from suit, not as a defense to liability." *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016). Thus, assertions of attorney immunity should be analyzed under Rule 12(b)(1), as they function as a complete bar to jurisdiction. *See id.* The FCR correctly applied attorney immunity to Yan's allegations, as the doctrine applies to "the kind of conduct in which an attorney engages when discharging his duties to his client." *Cantey Hanger, LLP v. Byrd*,

11

467 S.W.3d 477, 481 (Tex. 2015). As explained in the FCR, almost all of Yan's allegations against Ybarra or the Barrows Defendants involve their actions in his divorce litigation. *See* ECF No. 121 at 14–16.

In his objection, Yan rightly notes that attorney immunity is not absolute. *See* ECF No. 122 at 19. However, his ad hominem attacks that the Magistrate Judge "has failed to weight [sic] the scales of justice equally" miss the mark. *See id.* This case typifies why the attorney-immunity doctrine exists, which protects the zealous advocacy of clients by legal professionals. *See Troice*, 816 F.3d at 346. While not comprehensive, the attorney-immunity doctrine is wide-ranging and robust. *See generally Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018) (explaining the doctrine's contours for various allegations). Because the FCR correctly applied the doctrine to Yan's claims, Yan's objections to the immunity analysis as a whole are **OVERRULED**. To the extent Yan objects to the immunity analysis vis-à-vis his RICO claim, *see* ECF No. 122 at 18–20, those objections are **SUSTAINED**.

For the above reasons, the Court **GRANTS** the Attorney Defendants' Motions to Dismiss (ECF Nos. 75, 90) and **DISMISSES** Yan's non-RICO claims against them **without prejudice**.

4. The State Bar Defendants

The FCR also determined that Yan lacks standing to sue the State Bar Defendants, finding them immune from this lawsuit. *See* ECF No. 121 at 10–13. Excepting Yan's racketeering allegations against the State Bar Defendants, the Court otherwise **ADOPTS** the FCR's conclusion and **DISMISSES** Yan's other claims against them **without prejudice**.

The FCR correctly noted that Fifth Circuit precedents entitle the State Bar Defendants to immunity from Yan's lawsuit. *See* ECF No. 121 at 10–13 (collecting cases). The clarity of germane precedents places that beyond dispute. *See, e.g., Liedtke v. State Bar of Tex.*, 18 F.3d 315, 318 n.2 (5th Cir. 1994); *Krempp v. Dobbs*, 775 F.2d 1319, 1320–21 (5th Cir. 1985); *Bishop v. State Bar of Tex.*, 791 F.2d 435, 437–38 (5th Cir. 1986). Yan broadly objects to the FCR's analysis on

12

this point, but the only objection that holds water concerns the State Bar Defendants' immunity from antitrust/racketeering allegations. *See* ECF No. 121 at 12–13; *see also N.C. State Bd. of Dental Examiners v. F.T.C.*, 574 U.S. 494, 505 (2015) (holding immunity may not extend to circumstances where "a State delegates control over a market to a nonsovereign actor"); *Goldfarb v. Va. State Bar*, 421 U.S. 773, 791 (1975) ("The fact that the State Bar is a state agency for some limited purposes does not create an antitrust shield that allows it to foster anticompetitive practices for the benefit of its members.").

Controlling precedent presents a bit of a mixed bag when it comes to the immunity of entities like the State Bar of Texas. In most cases, the State Bar Defendants enjoy absolute immunity from suit. *See, e.g.*, *Liedtke*, 18 F.3d at 318 n.2; *Krempp*, 775 F.2d at 1320–21; *Bishop*, 791 F.2d at 437–38. Depending on the nature of a plaintiff's allegations, this immunity also extends to antitrust/racketeering claims. *See Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). But other cases suggest this immunity does not automatically extend to allegations like those in Yan's pleadings. *See, e.g.*, *Goldfarb*, 421 U.S. at 791. Ordinarily, Yan's claim would survive dismissal under Rule 12(b)(1), triggering more robust standards for subsequent dispositive motions on this granular issue. *See In re Deepwater Horizon*, 739 F.3d 790, 799 (5th Cir. 2014) (noting the standing inquiry "becomes gradually stricter as the parties proceed through 'the successive stages of the litigation" (citing *Lewis v. Casey*, 518 U.S. 343, 358 (1996)). But that's not the case here. Indeed, Yan's survival under Rule 12(b)(1) is a Pyrrhic victory. The Court was dutybound to address the State Bar Defendants' 12(b)(1) arguments first. *Rodriguez*, 33 F.4th at 811. Had Yan's claim been defeated on jurisdictional grounds, dismissal without prejudice would be proper. *See Atwood*, 18 F.4th at 498. But as explained below, Yan's racketeering/antitrust allegations do not survive the Rule 12(b)(6) analysis. Consequently, rather than living to fight another day, those claims must be dismissed with prejudice.

For the reasons above, the Court **ADOPTS** the FCR's conclusions and **DISMISSES** Yan's non-racketeering/antitrust claims against the State Bar Defendants **without prejudice**.

### B. Yan's fails to state a plausible RICO claim against the State Bar Defendants and the Attorney Defendants and fails to state any plausible claim against U.S. Bank.

Having dealt with standing, the Court now turns to Yan's remaining claims. First, the Court addresses Yan's RICO/antitrust claims against the State Bar Defendants and the Attorney Defendants. After that, the Court independently assesses Yan's claims against U.S. Bank. As explained herein, the pleadings fail to establish a cognizable claim against any of the above Defendants. As such, the Court **DISMISSES** Yan's remaining claims **with prejudice**.

1. <u>The Attorney Defendants & State Bar Defendants</u>

Yan objected to the FCR's Rule 12(b)(1) analysis vis-à-vis the Attorney Defendants and the State Bar Defendants. *See* ECF No. 122 at 11–12. For the Attorney Defendants, Yan argues the attorney-immunity doctrine doesn't apply to claims brought pursuant to a federal statute like RICO. *See* ECF No. 122 at 19. While that objection has some merit, the Court roundly rejects his broader accusation that "[t]his Court has erroneously and excessively broadened attorney immunity to cover any conduct 'during the scope of proceedings,' contrary to federal law." ECF No. 122 at 11. The FCR applies controlling precedents that apply attorney-immunity to actions taken in the scope of legal representation in a court proceeding. *See* ECF No. 121 at 14–16. And the FCR clearly explained that Yan's pleadings do not trigger one of the doctrine's rare exceptions. *See id.* For the State Bar Defendants, Yan similarly argues the State Bar isn't immune from his racketeering/antitrust claims. *See id.* at 12–13. Without reaching a conclusive determination on these doctrinal questions, the Court proceeded to evaluate Yan's pleadings and Defendants' arguments under Rule 12(b)(6). Having done so, the Court finds Yan's allegations against both the Attorney Defendants and the State Bar Defendants fail to state a cognizable claim entitling Yan to relief. *See generally* FED. R. CIV. P. 12(b)(6) (noting dismissal is proper if the pleadings "fail[] to state a claim upon which relief can be granted").

Liberally construed, Yan alleges that the Attorney Defendants were privy to a larger conspiratorial scheme to launder money and

protect against market competition, along with Judge DeAngelis and the State Bar Defendants. He further alleges that the United States Magistrate Judge acted in desperation to protect this scheme, since he is also "a member of the State Bar of Texas." ECF No. 122 at 20. Why else would the FCR recommend dismissal of certain claims with prejudice? As Yan sees things, the FCR is further evidence of "the State Bar of Texas' role of engaging in fees obtained from the income of its members' racketeering activities." *Id.* at 5. The Court understands Yan's frustration, having failed to find success in his divorce proceeding or this action. Yet the bottom line is simple: Yan fails to furnish facts to support his allegations of "large-scale racketeering activities, shielded by the State Bar of Texas." ECF No. 60 at 35. His fanciful, conclusory allegations suggest the Attorney Defendants laundered money from Judge DeAngelis's attorneys' fees orders to purchase real estate (*id.* at 40) and communicate about Yan's finances with U.S. Bank (*id.* at 41–43), among other acts of impropriety. To cover their tracks, Yan alleges that the State Bar Defendants "established an extremely effective shield system under the guise of a self-regulated disciplinary system." *Id.* at 46. Yet his allegations are conclusory and utterly devoid of factual support.

At this stage, the Court accepts all well-pleaded facts as true and views them in Yan's favor. *See Pilgrim's Pride Corp.*, 632 F.3d at 154–55. Because Yan appears *pro se*, the Court holds his pleadings to an extremely lenient standard, "however inartfully pleaded" they may be. *See Estelle*, 429 U.S. at 106. But no amount of lenient construction could manufacture a legally cognizable claim from Yan's pleadings. At best, liberal construction shows Yan has a policy grievance regarding the State Bar Defendants role in governing the Texas legal market. *See* ECF No. 60 at 58 (arguing "there is no worse monopoly than the monopoly of legal justice service" which "prevent[s] justice from being served"). Yet federal court is not the forum to raise one's concerns regarding the legal profession's protectionist tendencies. And with respect to Yan's actual allegations, vehemence cannot substitute for facts. Neither the Original Complaint nor any amendment thereof has furnished a "short and plain statement" showing Mr. Yan is "entitled

to relief" for racketeering or antitrust causes of action. *See* FED. R. CIV. P. 8(a). And Yan cannot keep a factually-devoid RICO claim on life support merely because he sues *pro se*. *See Atkins*, 999 F.2d at 100.

There may well be cases where a plaintiff has a correct hunch regarding largescale schemes or acts of institutional impropriety but can't furnish enough facts to state a plausible claim in federal court. That's an unfortunate byproduct of a system that exists to render justice to as many viable claims as possible. It's a hard row to hoe when attempting to allege a plausible claim that members of the Texas judiciary teamed up with attorneys, federal judges, members of the Texas State Bar, and private entities to launder money via various court orders. But it's not impossible, particularly at the pleadings stage. At this juncture, the Court only requires enough facts "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Because the Court cannot draw that reasonable inference based on Mr. Yan's pleadings, and because he has had multiple chances to plead his best case, the Court **DISMISSES** his RICO/antitrust claims against the Attorney Defendants and the State Bar Defendants **with prejudice**. *See Greninger*, 188 F.3d at 327.

2. U.S. Bank

Yan's claims against U.S. Bank fare no better. The Court independently assessed U.S. Bank's Motion to Dismiss, which was filed after the Magistrate Judge entered his FCR on the above motions. *See* ECF No. 126. Yan's claims against U.S. Bank vary widely and appeal to an astonishing array of federal statutes. *See* ECF No. 127 at 7–9. As explained below, none come close to presenting a plausible claim that entitles Yan to relief.

*First*, Yan attempts to sue U.S. Bank under 18 U.S.C. §§ 664, 1027, 1341, 1343, and 1349. *See* ECF Nos. 127 at 7; 60 at 27–38. Those are criminal statutes and do not create civil causes of action. Thus, those claims are **DISMISSED with prejudice**.

*Second*, Yan asserts yet another RICO claim against U.S. Bank, but the claim falls victim to the same factual paucity discussed above. Yan discusses isolated instances of nebulous alleged impropriety, but he

16

fails to show the required "pattern of racketeering activity," let alone that his allegations are "connected to the acquisition, establishment, conduct, or control of an enterprise." *See Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). Rather, he merely asserts that U.S. Bank acted improperly by providing certain information as his 401(k) administrator in the underlying divorce proceeding. *See* ECF No. 60 at 24. Yan says he was never informed of a court order for U.S. Bank to divulge this information, a fact which he contends supports RICO liability for U.S. Bank. *See id.* at 26. But a release of spousal support funds is not a RICO violation. Indeed, time and again the Fifth Circuit has affirmed dismissal of RICO claims based on "a single, discrete and otherwise lawful" transaction. *Delta Truck & Tractor*, 855 F.2d at 242. Accordingly, Yan's RICO claims against U.S. Bank are **DISMISSED with prejudice**.

*Third*, Yan sues U.S. Bank under 42 U.S.C. § 1983, alleging the Bank violated what he calls "the 'Liberty' clause of the Fourteenth Amendment." *See* ECF No. 60 at 67. Because the Fourteenth Amendment does not, by its text, apply to private entities like U.S. Bank, Yan must show that the Bank acted "under color of law" to deprive him of "rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 5123 U.S. 107, 132 (1994) (internal quotation marks and citation omitted). Because he does not make this required showing, Yan fails to state a legally cognizable constitutional claim against U.S. Bank. Accordingly, this cause of action is also **DISMISSED with prejudice**.

*Fourth*, Yan appears to allege various breaches of U.S. Bank's fiduciary duty. He appeals to certain fund-sequestration statutes, *e.g.*, 29 U.S.C. § 1056(d)(3)(H)(i), but never articulates any facts that would suggest U.S. Bank violated its fiduciary duty (under that statute or otherwise). In essence, he seems to base this allegation on U.S. Bank's release of funds pursuant to the family court's order. *See* ECF No. 60 at 25. Tabling the question of whether such a breach, if found, would violate U.S. Bank's fiduciary duty, the pleadings do not support Yan's claim.

Under family court orders like those at issue here, "the alternate payee is considered a beneficiary of the relevant plan" and "may be a 'spouse, former spouse, child, or other dependent of a participant.'" *Miletello v. R M R Mechs., Inc.*, 921 F.3d 493, 495 (5th Cir. 2019) (quoting 29 U.S.C. § 1056(d)(3)(K)). As U.S. Bank's Motion notes, Yan was not identified as an alternate payee under the family court's orders. *See* ECF No. 127 at 23. Nor do the pleadings set forth any other facts that would suggest U.S. Bank violated a duty to Yan or otherwise failed to comply with applicable laws.[4] Because the pleadings contain no facts that suggest U.S. Bank improperly distributed funds or otherwise deviated from its fiduciary obligations, Yan's claims for breach of fiduciary duty against U.S. Bank are **DISMISSED with prejudice**.

## CONCLUSION

For the above reasons, the Court **GRANTS** all remaining motions to dismiss in this case. *See* ECF Nos. 69, 70, 75, 83, 90, 126. Because all other Defendants have been terminated at this juncture, the Court **ORDERS** that this civil action is **DISMISSED**.

**SO ORDERED** on this **23rd day** of **April 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[4] U.S. Bank's Motion preempted a liberally construed ERISA claim from Yan's pleadings. *See* ECF No. 127 at 23 ("To the extent Plaintiff intended to plead an ERISA fiduciary claim irrespective of a supposed violation of 29 U.S.C. § 1056(d)(3)(H)(i), that claim fails as a matter of law as well."). Yan's pleadings passingly reference "ERISA guidelines" and "concealment of facts in relation to documents required by the ERISA" but never allege an independent fiduciary claim under that statute. *See, e.g.*, ECF No. 60 at 32, 35. Though the Court's liberal construction of Yan's pleadings does not find enough fodder for an ERISA claim, the Court notes that U.S. Bank's invocation of the Plan Document Rule for this point persuades. *See generally* ECF No. 127 at 23–26 (collecting cases). Accordingly, had Yan pleaded such a claim, that claim would also be dismissible under Rule 12(b)(6).