FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] <br> ) |
| The State Bar of Texas et al, | ) <br> ) |
| Defendants. | ) <br> ) |

**MOTION TO ALTER OR AMEND A JUDGEMENT AND TO REVISE AN ORDER**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

This matter is before the Court on Plaintiff's motion to alter or amend a judgement, [ECF No. 149] (aka "the Judgement") pursuant to Federal Rule of Civil Procedure 59(e) and to revise an order, [ECF No. 148] (aka "the Order") pursuant to Federal Rule of Civil Procedure 54(b).

This Court's April 23, 2024, judgement [ECF No. 149] and its preceding April 23, 2024, order [ECF No. 148] failed to dismiss this case.

# FACTS

**Procedural History**

1. Prior to April, 2024, Defendant Lori DeAngelis ("Judge DeAngelis") filed motion to dismiss [ECF No. 69]; Defendant Tarrant County filed motion to dismiss [ECF No. 70]; Defendants State Bar of Texas, Luis Marin, Daniel Martinez, and Rachel Craig (the "State Bar Defendants") filed motion to dismiss [ECF No. 83]; Defendant Samantha Ybarra filed motion to dismiss [ECF No. 75]; and Defendants Leslie Barrows and the Barrows Firm filed motion to dismiss [the "Barrows Defendants"] [ECF No. 90]; Defendant U.S. Bancorp ("U.S. Bank") filed motion to dismiss [ECF No. 126].

2. Defendant William Pigg filed answer to the pleading [ECF No. 73].

3. On April 23, 2024, this Court issued an order [ECF No. 148] and a subsequent judgement [ECF No. 149].

4. The order [ECF No. 148] granted all motions to dismiss filed by "Judge DeAngelis", Tarrant County, "State Bar Defendants", Samantha Ybarra and "Barrows Defendants" (aka "Attorney Defendants") and ORDERED to dismiss the entire civil action.

5. Pursuant to FRCP Rule 58 and the preceding order, On April 23, 2024, this Court issued the judgement [ECF No. 149] and ORDERED, ADJUDGED, and DECREED entire referring civil action.

**Plaintiff's Claims**

6. Plaintiff believes that this Court's order has missed a significant portion of the content from Plaintiff's pleading. Plaintiff is pleased to provide a summary in this motion.

7. Plaintiff alleged following claims in his third amended complaint [ECF No. 60].

    1. First Claim for Relief RICO

        a. Parties Person:
            - Leslie Starr Barrows;
            - Samantha Ybarra;
            - William Albert Pigg;
            - Luis Jesus Marin; Daniel Eulalio Martinez; Rachel Ann Craig; the State Bar of Texas;
            - Lori L. DeAngelis;
        b. Parties Enterprise:
            - Barrows Firm;
            - State Bar of Texas;

    2. Second Claim for Relief Antitrust

        a. Parties:
            - Leslie Starr Barrows;
            - Samantha Ybarra;
            - William Albert Pigg;
            - Luis Jesus Marin; Daniel Eulalio Martinez; Rachel Ann Craig; the State Bar of Texas;
            - Lori L. DeAngelis;
            - State Bar of Texas;

    3. Third Claim for Relief 1983; Lori L. DeAngelis; Tarrant County (DeAngelis's official capacity)

    4. Fourth Claim for Relief 1983; Leslie Starr Barrows;

5. Fifth Claim for Relief 1983; William Albert Pigg;
6. Sixth Claim for Relief 1983; Luis Jesus Marin;
7. Seventh Claim for Relief 1983; Daniel Eulalio Martinez;
8. Eighth Claim for Relief 1983; Rachel Ann Craig;
9. Ninth U.S Bank Claim for Relief RICO; U.S Bank;

**Defendants' Defense Arguments**

8. Defendants asserted following defense arguments:

    1. First Claim for Relief RICO
        a. Parties Person:
            - Leslie Starr Barrows;
                i. Argued Younger Doctrine to defend injunctive or declaratory relief for all claims under 12(b)(1)
                ii. Argued attorney immunity under 12(b)(6) for all claims
                iii. Argued "not sufficiently pleaded" "continuity" under 12(b)(6) for RICO claim
                iv. Argued "not sufficiently pleaded" 1962(a) under 12(b)(6) for RICO claim
                v. Argued "not sufficiently pleaded" 1962(c) under 12(b)(6) for RICO claim
                vi. Argued "not sufficiently pleaded" 1962(d) under 12(b)(6) for RICO claim
                vii. Argued "not sufficiently pleaded" under 12(b)(6) for injunctive relief
            - Samantha Ybarra;
                i. Argued Younger Doctrine to defend injunctive or declaratory relief for all claims under 12(b)(1)
                ii. Argued attorney immunity under 12(b)(6) for all claims
                iii. Argued "not sufficiently pleaded" "continuity" under 12(b)(6) for RICO claim
                iv. Argued "not sufficiently pleaded" 1962(a) under 12(b)(6) for RICO claim
                v. Argued "not sufficiently pleaded" 1962(c) under 12(b)(6) for RICO claim
                vi. Argued "not sufficiently pleaded" 1962(d) under 12(b)(6) for RICO claim
                vii. Argued "not sufficiently pleaded" under 12(b)(6) for injunctive relief
            - William Albert Pigg;
                i. Answered denials without arguing 12(b)(1) and 12(b)(6)

- Luis Jesus Marin; Daniel Eulalio Martinez; Rachel Ann Craig; the State Bar of Texas;
    i. Argued Eleven Amendment Immunity under 12(b)(1) for all claims against all defendants.
    ii. Argued absolute immunity under 12(b)(1) for all claims against three State Bar counsels.
    iii. Argued qualified immunity under 12(b)(1) for all claims against three State Bar counsels.
    iv. Argued "association-in-fact" under 12(b)(6) for RICO claim
    v. Argued "not sufficiently pleaded" under 12(b)(6) for injunctive relief
- Lori L. DeAngelis;
    i. Argued Judicial Immunity under 12(b)(1) for all claims.
    ii. Argued Younger Doctrine under 12(b)(1) for all claims.
    iii. Argued "not stated a claim" under 12(b)(6) for RICO claim
    Argued attorney immunity under 12(b)(6) for all claims
        i. Argued Younger Doctrine to defend injunctive or declaratory relief for all claims under 12(b)(1)
        iii. Argued "not sufficiently pleaded" under 12(b)(6) for an antitrust claim
    b. Parties Enterprise:
- Barrows Firm;
    viii. Argued Younger Doctrine to defend injunctive or declaratory relief for all claims under 12(b)(1)
    ix. Argued attorney immunity under 12(b)(6) for all claims
    x. Argued "not sufficiently pleaded" "continuity" under 12(b)(6) for RICO claim
    xi. Argued "not sufficiently pleaded" 1962(a) under 12(b)(6) for RICO claim
    xii. Argued "not sufficiently pleaded" 1962(c) under 12(b)(6) for RICO claim
- State Bar of Texas;
    i. Argued Eleven Amendment Immunity under 12(b)(1) for all claims.
    ii. Argued "association-in-fact" under 12(b)(6) for RICO claim
    iii. Argued "not sufficiently pleaded" under 12(b)(6) for injunctive relief

2. Second Claim for Relief Antitrust

    a. Parties:

- Leslie Starr Barrows;
    i. Argued Younger Doctrine to defend injunctive or declaratory relief for all claims under 12(b)(1)
    ii. Argued attorney immunity under 12(b)(6) for all claims

- iii. Argued "not sufficiently pleaded" under 12(b)(6) for an antitrust claim
- iv. Argued "not sufficiently pleaded" under 12(b)(6) for injunctive relief
- Samantha Ybarra;
  - i. Argued Younger Doctrine to defend injunctive or declaratory relief for all claims under 12(b)(1)
  - ii. Argued attorney immunity under 12(b)(6) for all claims
  - iii. Argued "not sufficiently pleaded" under 12(b)(6) for injunctive relief
- William Albert Pigg;
  - i. Answered denials without arguing 12(b)(1) and 12(b)(6)
- Luis Jesus Marin; Daniel Eulalio Martinez; Rachel Ann Craig; the State Bar of Texas;
  - i. Argued Eleven Amendment Immunity under 12(b)(1) for all claims against all defendants.
  - ii. Argued absolute immunity under 12(b)(1) for all claims against three State Bar counsels.
  - iii. Argued qualified immunity under 12(b)(1) for all claims against three State Bar counsels.
  - iv. Argued "not sufficiently pleaded" under 12(b)(6) for injunctive relief
- Lori L. DeAngelis;
  - i. Argued Judicial Immunity under 12(b)(1) for all claims.
  - ii. Argued Younger Doctrine under 12(b)(1) for all claims.
3. Third Claim for Relief 1983; Lori L. DeAngelis; Tarrant County
    - Lori L. DeAngelis;
      - i. Argued Judicial Immunity under 12(b)(1) for all claims.
      - ii. Argued Younger Doctrine under 12(b)(1) for all claims.
      - iii. Argued qualified immunity for individual capacity under 12(b)(6) for 1983 claim.
      - iv. Argued "not stated a claim" under 12(b)(6) for 1983 claim
    - Tarrant County (DeAngelis's official capacity)
      - i. Argued lack of standing under 12(b)(1)
      - ii. Argued cannot be liable for 1983 claim
      - iii. Argued no claim under Monell
4. Fourth Claim for Relief 1983; Leslie Starr Barrows;
      - iv. Argued attorney immunity under 12(b)(6) for all claims
      - v. Argued "not sufficiently pleaded" under 12(b)(6) for a 1983 claim
5. Fifth Claim for Relief 1983; William Albert Pigg;
      - i. Answered denials without arguing 12(b)(1) and 12(b)(6)
6. Sixth Claim for Relief 1983; Luis Jesus Marin;
      - i. Argued Eleven Amendment Immunity under 12(b)(1).
      - ii. Argued absolute immunity under 12(b)(1).
      - iii. Argued qualified immunity under 12(b)(1).

       iv.    Argued "no injury" under 12(b)(6) for 1983 claim
       v.    Argued "not sufficiently pleaded" under Tex. Cons. art I, under 12(b)(6) for 1983 claim

7. Seventh Claim for Relief 1983; Daniel Eulalio Martinez;
   i. Argued Eleven Amendment Immunity under 12(b)(1).
   ii. Argued absolute immunity under 12(b)(1).
   iii. Argued qualified immunity under 12(b)(1).
   iv. Argued "no injury" under 12(b)(6) for 1983 claim
   v. Argued "not sufficiently pleaded" under Tex. Cons. art I, under 12(b)(6) for 1983 claim

8. Eighth Claim for Relief 1983; Rachel Ann Craig;
   i. Argued Eleven Amendment Immunity under 12(b)(1).
   ii. Argued absolute immunity under 12(b)(1).
   iii. Argued qualified immunity under 12(b)(1) for all claims against three State Bar counsels.
   iv. Argued "no injury" under 12(b)(6) for 1983 claim
   v. Argued "not sufficiently pleaded" under Tex. Cons. art I, under 12(b)(6) for 1983 claim

9. Ninth U.S Bank Claim for Relief RICO; U.S Bank;
   i. Argued under 12(b)(6)

## Memorandum of Points and Authorities

9.  Attached separately.

## Conclusion and Prayer for Relief

10. To hold a zealous advocacy position and to avoid raise-or-waive traps, it is not an easy job for Plaintiff to balance precisely presenting the argument points and being tactful.

11. Plaintiff apologizes in advance if any verbiage in this pleading appears unpleasant.

12. Based on the foregoing, Plaintiff prays for the following relief:

    A.  Revoke the April 23, 2024, judgment [ECF. No. 149].

    B.  Revoke the April 23, 2024, order [ECF. No. 148].

Respectfully submitted,

/s/ Conghua Yan

[Conghua Yan]
[2140 E Southlake Blvd, Suite L-439]
[Southlake, Texas 76092]
[214-228-1886]
[arnold200@gmail.com]

## CERTIFICATE OF SERVICE

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or all parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (May 20, 2024).

 /s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]