FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CONGHUA YAN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No. [4:23-cv-00758-P-BJ] |
|  | ) |
| The State Bar of Texas et al, | ) |
|  | ) |
| Defendants. | ) |

## PROPOSED ORDER FOR SHOW CAUSE WITH EMERGENCY PRELIMINARY INJUNCTION

This matter having been opened to the Court by Plaintiff; and

The Court having reviewed and considered the Motion, the Brief submitted by Plaintiff in support of the within application, the declarations submitted in support thereof, and exhibits annexed thereto; and

It appearing that Defendant had acknowledged the existing of the alleged Facebook post; and

It appearing that Plaintiff has presented a sufficient showing to support the within application, including demonstrating that irreparable harm and injury has been suffered and to prevent any further irreparable injury resulting to Plaintiff and the general public if the restraints requested herein are not issued prior to the return date of the Order to Show Cause; and

It further appearing that the matter presented herein is of a sufficiently emergent nature to justify the entry of the within Order and that this application is properly addressed by Order to Show Cause rather than by motion; and

Based upon the findings of fact and conclusions of law as reflected or otherwise set forth in the record herein and for good cause having been shown;

IT IS ORDERED as follows:

1. Plaintiff has demonstrated a strong likelihood that Defendant engaged in litigation outside of court through making false statements on her social media platform, by inciting extrajudicial acts against Plaintiff;
2. Plaintiff has demonstrated for purposes of entering a preliminary injunctive relief under Fed. R. Civ. P. 65(b) that it has a strong likelihood of prevailing on claims that the Defendant's false statements and incitement contained therein, at least violate "an attorney's ethical obligations to refrain from **making prejudicial comments** about a **pending trial"** and Federal and Texas constitutions.
3. Plaintiff has no adequate remedy at law and will suffer irreparable injury absent an injunction because: (i) any time lost or taken away from a parent-child relationship is considered irreparable harm; (ii) any fear of loss is irreparable harm; (iii) it will be difficult to measure the full amount of damages, if not restrained.
4. The balance of hardships weighs strongly in favor of Plaintiff because the preliminary injunctive relief would prevent Defendant and her acting for litigation outside the court, from making false and misleading statements on social media, whereas the hardship sustained from granting the preliminary injunctive relief would be, at most, minimal because Defendant is obligated to refrain from engaging in such conduct; "An attorney's ethical obligations to refrain from making prejudicial comments about a pending trial will exist whether a gag order is in place or not" *U.S. v. Brown*, 218 F.3d 415, 428 (5th Cir. 2000).
5. A preliminary injunction is in the public interest because it will restore confidence that no parent in this country should fear retaliation for merely exercising their First Amendment right to petition. Any officer of the court who incites action to remove someone's parental rights during a pending trial should be held accountable for their misconduct.
6. That Defendant shall appear to show cause before this Court on the ___ day of _____, 2024, at _____ or as soon thereafter as counsel may be heard, why an Order pursuant to Rule 65(a) of the Federal Rules of Civil Procedure should not be issued in this action enjoining Defendant and further ordering as follows:

a. Defendant shall remove her Facebook post over social media, and/or any other posts relating to these related cases.
b. Defendant shall disclose a list of her Facebook friend names who has access to her Facebook post over social media, and/or any other posts relating to these related cases, including but not limited, Tarrant County family court judges, bailiffs, court reporters, local law enforcement, family court service staff, lawyers, real estate agents, child custody evaluators, or any other person whose interest involved with family court business.
c. Defendant shall issue an apology for her conduct and make a corrective statement over social media with the following facts:
   - The statement that Defendant was sued alongside 15 other defendants is numerically incorrect;
   - The statement that this federal case was dismissed is incorrect;
   - The statement that this federal case is bogus is conclusively incorrect;
   - To state that the plaintiff has never contacted her in the past, except for court proceedings.
d. Defendant shall be restrained from further disparaging merits or subject matters of this Federal case and/or any other related cases involving Plaintiff over social media;
e. That on or before _____ 2024, Plaintiff shall file and serve as provided herein a supplemental brief and supplemental support, if any, in support of a motion for preliminary injunction;
f. That Defendants shall serve and file their papers in opposition to Plaintiff's motion for preliminary injunction, if any, and serve such papers as provided herein on or before _____;
g. That Plaintiff shall serve and file their reply papers in further support of their motion for a preliminary injunction, if any, and serve such papers as provided herein on or before _____;
h. That a preliminary injunction hearing shall be held before this Court in Courtroom _____on _____2024 beginning at ____a.m/p.m.

7. That pending the hearing and determination by the Court on the within order to show cause and preliminary injunction, and until further order of the Court, Defendant hereby is: TEMPORARILY ENJOINED AND RESTRAINED AND FURTHER ORDERED pursuant to Rule 65(b) of the Federal Rules of Civil Procedures as follows:

    a. Defendant shall remove her Facebook post over social media, and/or any other posts relating to these related cases.

    b. Defendant shall disclose a list of her Facebook friend names who has access to her Facebook post over social media, and/or any other posts relating to these related cases, including but not limited, Tarrant County family court judges, bailiffs, court reporters, local law enforcement, family court service staff, lawyers, real estate agents, child custody evaluators, or any other person whose interest involved with family court business.

    c. Defendant shall issue an apology for her conduct and make a corrective statement over social media with the following facts:
        - The statement that Defendant was sued alongside 15 other defendants is numerically incorrect;
        - The statement that this federal case was dismissed is incorrect;
        - The statement that this federal case is bogus is conclusively incorrect;
        - To state that the plaintiff has never contacted her in the past, except for court proceedings.

    d. Defendant shall be restrained from further disparaging merits or subject matters of this Federal case and/or any other related cases involving Plaintiff over social media;

IT IS SO ORDERED on this ____ day of _____, 2024, at _____ am/pm.

                                                MARK PITTMAN
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF
SERVICE

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (May 11th, 2024).

                                              /s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]