UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONGHUA YAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:23-cv-00758-P-BJ |
| | ) |
| STATE BAR OF TEXAS *et al*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS:

Plaintiff Conghua Yan moves under Fed. R. Civ. P. 56(a) for partial summary judgment on a pure issue of law that narrows this case: the three state-court orders entered on April 26, May 26, and June 21, 2022 (the "Interlocutory Orders") labeled as "Order for Garnishment of the U.S. Bank 401(k) Savings Plan" are not qualified domestic relations orders and therefore cannot lawfully compel distribution of ERISA plan assets, particularly pre-decree. See accompanying Brief[1]. In the alternative, the Court should enter Fed. R. Civ. P. 56(g) findings deeming key facts established for trial. No certificate of conference[2] is required for a partial summary-judgment motion. See N.D. Tex. L.R. 7.1(a). A proposed order follows.

### I.  SUMMARY

---

[1] Record citations are to the concurrently filed Appendix ("APP.__"). Exhibit numbers (e.g., "App'x Ex. 6") match the Appendix index. 'Brief at __' refers to Plaintiff's Brief in Support of Motion for Partial Summary Judgment.
[2] Non-party status. All Defendants except William Albert Pigg were dismissed by the Court and are not parties of record. Only parties may oppose a motion. See Fed. R. Civ. P. 7 & local briefing rules.

1. **Relief Sought.** Plaintiff seeks partial summary judgment (as between Plaintiff and Defendant William Albert Pigg only) declaring that three interlocutory "Order for Garnishment of U.S. Bank 401(k) Savings Plan" and two pre-judgment writs are not qualified domestic relations orders (QDROs), are procedurally invalid under Texas garnishment rules, and cannot compel distribution of ERISA plan assets; and that the proper interim handling is segregation, not distribution.

2. **Elements for the Narrow Relief.** Plaintiff seeks judgment on these discrete elements:

    a) **ERISA Plan Coverage / Plan Documents.** The U.S. Bank 401(k) Savings Plan is an ERISA-governed plan with anti-alienation and QDRO procedures set out in the plan documents (See Brief and Appendix).

    b) **QDRO as the Sole Vehicle for Payment from the Plan.** Only a valid QDRO can authorize distribution from the Plan; a qualifying order must be a domestic-relations order made pursuant to domestic-relations law, identify a proper alternate payee (spouse, former spouse, child, or dependent), and comply with plan/QDRO content requirements (elements set out in the accompanying Brief).

    c) **Pre-Decree Posture / Labeling vs. Purpose.** The three interlocutory garnishment orders are pre-decree and contain no fee language, while the contemporaneous Associate Judge's Report awarded attorney's fees and directed a 401(k) withdrawal/loan—establishing the fee-payment purpose despite "support" labeling (See Brief and Appendix).

- d) Texas Pre-Judgment Garnishment Prerequisites. Pre-judgment writs require a sworn application and a bond; the docket shows no application and no bond for the periods at issue (See Brief and Appendix).

- e) Interim Handling. While any QDRO status is unresolved, plan assets, if held, are to be segregated—not distributed (principle set out in the accompanying Brief).

3. Undisputed Record Support. The above elements are supported by certified judicial records and plan materials (See Brief and Appendix), and by additional Texas district-court filings and orders demonstrating the same fee-payment practice (See Brief and Appendix). Authorities are set forth in the contemporaneously filed Brief.

## II. Requested Relief

4. Plaintiff respectfully requests that the Court enter an order granting partial summary judgment and declaratory relief, as between Plaintiff and Defendant William Albert Pigg only:

- **Declare** that the April 26, May 26, and June 21, 2022 "Order for Garnishment of U.S. Bank 401(k) Savings Plan" are not qualified domestic relations orders, and that the June 21 and July 18, 2022 "Writ of Garnishment Before Judgment" are procedurally invalid and unenforceable against ERISA plan assets; see Brief.

- **Declare** that any attempt by Defendant Pigg to obtain or compel distribution of ERISA plan assets pursuant to these orders/writs is unlawful and preempted by federal law, and contrary to the Plan's governing documents and trustee-holding requirements; see Brief.

- **Further declare** that, pending any plan-level QDRO determination, the only lawful interim handling is segregation, not distribution; see Brief.
- **Separately declare** that under Texas domestic-relations law, a court may render a QDRO only after a final decree of divorce or annulment (or another final property-division order); a pre-decree interlocutory order is not "made pursuant to" domestic-relations law and cannot qualify as a QDRO; see Brief.
- **Additionally declare** that the foregoing orders/writs are invalid as a pretextual circumvention of ERISA's anti-alienation rule and QDRO limitations; supporting authorities are set forth in the Brief.

5. For purposes of Rule 56(g), the Court deems established that:

   a. As of January 11, 2024, the "U.S. BANK 401(k) SAVINGS PLAN Amended and Restated Effective January 1, 2020" is an ERISA-governed employee pension benefit plan. (Record citations are provided in the Brief and Appendix.)

   b. No final divorce decree had been entered at the time of the April 26, May 26, and June 21, 2022 interlocutory orders and the June 21 and July 18, 2022 writs. (Record citations are provided in the Brief and Appendix.)

   c. Each of the April 26, May 26, and June 21, 2022 "Order for Garnishment of U.S. Bank 401(k) Savings Plan," signed by William Albert Pigg, is an interlocutory, pre-decree instrument directing distribution of plan assets. (Record citations are provided in the Brief and Appendix.)

    d. Such instruments were not made pursuant to Texas domestic-relations law. (Supporting authorities and record citations are provided in the Brief and Appendix.)

    e. Under the Plan's governing documents, assignment or alienation of plan benefits is barred absent a valid QDRO, and the Plan does not authorize distributions without QDRO compliance. (Supporting authorities and record citations are provided in the Brief and Appendix.)

    f. From at least June 16, 2009 through January 13, 2025, in multiple Texas counties—including Travis, Tarrant, and Comal—counsel sought and courts entered instruments to access ERISA 401(k) funds at the pre-judgment stage, including proposed orders/motions tied to interim attorney's fees and orders directing withdrawal, confirming payments, registry deposits, and appointing a receiver (App'x Ex. 15 [2009, Travis]; App'x Ex. 17 [2011, Tarrant]; App'x Exs. 18–19 [2012, Tarrant]; App'x Ex. 20 [2014, Tarrant]; App'x Ex. 14 [2025, Comal]).

6.    Scope Limiter: This ruling does not adjudicate the rights or obligations of any nonparty (including any dismissed defendant or the Plan).

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan, Pro Se Plaintiff
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## Certificate of Service (Fed. R. Civ. P. 5(b))

On October 2, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the Court's CM/ECF system. I certify that the CM/ECF system will send notice of this filing to all counsel/party of record who are registered CM/ECF users.

/s/ *Conghua Yan*
Conghua Yan, Pro Se Plaintiff
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
