## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| CONGHUA YAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:23-cv-00758-P-BJ |
| | ) | |
| STATE BAR OF TEXAS *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Pure Issue of Law Under ERISA, *29 U.S.C. § 1056(d)*). Having considered the motion, the response and reply (if any), the competent summary-judgment record, and applicable law, the Court finds that there is no genuine dispute of material fact on the discrete issues presented and that Plaintiff is entitled to judgment as a matter of law as set forth below.

Accordingly, **IT IS ORDERED AND DECLARED** as between Plaintiff and Defendant William Albert Pigg only, that:

1. The April 26, May 26, and June 21, 2022 **"Order for Garnishment of U.S. Bank 401(k) Savings Plan"** are **not** "qualified domestic relations orders" under *29 U.S.C. § 1056(d)(3)*.

2. The June 21 and July 18, 2022 **"Writ of Garnishment Before Judgment"** are **procedurally invalid** under Texas Rule of Civil Procedure 658–658a and are unenforceable against ERISA plan assets.

3. Any attempt by Defendant William Albert Pigg to obtain or compel distribution of assets from the **U.S. BANK 401(k) SAVINGS PLAN** pursuant to the foregoing orders/writs is **unlawful** under *29 U.S.C. § 1056(d)(1)*, **preempted** by *29 U.S.C. § 1144(a)*, and **contrary** to the Plan's governing documents and *29 U.S.C. § 1103(a)*'s trustee-holding requirement. Any transfer of plan assets pursuant to those instruments would be an **unauthorized distribution** under ERISA and the Plan.

4. Pending any plan-level QDRO determination, the only lawful interim handling is **segregation, not distribution**, consistent with *29 U.S.C. § 1056(d)(3)(H)*.

5. The foregoing orders/writs are **invalid as a pretextual circumvention of ERISA's anti-alienation rule and the QDRO limitations** of *29 U.S.C. § 1056(d)(3)*, including the requirement that any payment be **made pursuant to** valid domestic-relations law and be **payable only to a proper alternate payee**.

6. Under Tex. Fam. Code *§§ 9.101–.103*, a Texas court may render a QDRO only after entry of a final decree of divorce or annulment (or another final property-division order). A **pre-decree interlocutory order** is therefore **not** "made pursuant to" Texas domestic-relations law within *29 U.S.C. § 1056(d)(3)(B)(ii)* and **cannot** qualify as a QDRO.

7. From at least June 16, 2009 through January 13, 2025, in multiple Texas counties, including Travis, Tarrant, and Comal, the record reflects that counsel sought and trial courts entered instruments to access ERISA 401(k) funds at the pre-judgment stage, including proposed orders or motions tied to interim attorney's fees and orders directing withdrawals, confirming payments, registry deposits, and appointing a receiver

(App'x Exs. 15 [2009, Travis]; 17 [2011, Tarrant]; 18–19 [2012, Tarrant]; 20 [2014, Tarrant]; 14 [2025, Comal]).

Pursuant to Fed. R. Civ. P. 56(g), **IT IS FURTHER ORDERED** that the following facts are **deemed established** for the remainder of this case:

a. As of January 11, 2024, the "U.S. BANK 401(k) SAVINGS PLAN Amended and Restated Effective January 1, 2020" is an ERISA-governed employee pension benefit plan.

b. No final divorce decree had been entered at the time of the April 26, May 26, and June 21, 2022 garnishment orders and the June 21 and July 18, 2022 writs.

c. Each of the April 26, May 26, and June 21, 2022 "Order for Garnishment of U.S. Bank 401(k) Savings Plan," signed by William Albert Pigg, is an interlocutory, pre-decree instrument directing distribution of plan assets.

d. Those instruments were not "made pursuant to" Texas domestic-relations law as required by *29 U.S.C. § 1056(d)(3)(B)(ii)*.

e. Under *29 U.S.C. § 1056(d)(1)* and the Plan's governing documents, assignment or alienation of plan benefits is barred absent a valid QDRO, and the Plan does not authorize distributions without *§ 1056(d)(3)* compliance.

Scope Limiter. This Order does not adjudicate the rights or obligations of any nonparty, including any dismissed Defendant or the Plan.

SO ORDERED.

Dated: _____, 2025

MARK T. PITTMAN

UNITED STATES DISTRICT JUDGE