UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| CONGHUA YAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:23-cv-00758-P-BJ |
| | ) |
| STATE BAR OF TEXAS *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSED MOTION TO RECONSIDER INTERLOCUTORY ORDERS UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS

Plaintiff respectfully moves under *Fed. R. Civ. P. 54(b)* to reconsider and modify interlocutory orders identified below. No final judgment has been entered. The U.S. Court of Appeals for the Fifth Circuit dismissed Plaintiff's appeal for lack of appellate jurisdiction and remanded. Until entry of a proper final judgment, this Court may reconsider and revise interlocutory rulings for any reason it deems sufficient.

### I.   Summary

1. This *Rule 54(b)* motion asks the Court to correct interlocutory legal errors that materially affected multiple groups of defendants. The Dismissal Order supplied unbriefed *Rule 12(b)(6)* grounds and reframed federal antitrust and RICO

claims as grievance appeals, contrary to the party-presentation principle and the Fifth Circuit's pleading standard. It applied blanket judicial immunity despite allegations that a state statutory judge acted in the complete absence of jurisdiction and despite federal claims independent of any state judgment. It imported Texas's attorney-immunity doctrine as a categorical bar to federal RICO and ERISA claims, rather than applying statute-specific federal analysis. It dismissed individual-capacity *§ 1983* claims against CDC lawyers on threshold immunity or jurisdiction grounds without conducting the required qualified-immunity analysis. It misstated the elements of a *§ 1962(d)* conspiracy by demanding a pattern showing from each conspirator, and it resolved factual disputes in U.S. Bank's favor while collapsing ERISA QDRO-determination duties at the pleadings stage. Newly presented authority and evidence further support reconsideration. In the alternative, if the Court declines to revise now, entry of a partial final judgment under *Rule 54(b)* will permit immediate appellate review while any remaining claims proceed.

## II.     Orders at Issue

2.     This motion seeks reconsideration of ECF No. 148 (the "Dismissal Order"), which granted motions to dismiss at ECF Nos. 69 (DeAngelis), 70 (Tarrant County), 75 (Ybarra), 83 (State Bar, Marin, Martinez, Craig), and 90 (Barrows and the Barrows Firm), together with related entries including ECF No. 149.

## III.     Grounds

3.     As set forth in the contemporaneously filed Brief in Support, reconsideration is warranted based on clear error and manifest injustice, intervening or overlooked controlling authority, and newly available evidence.

## IV.     Requested Relief

4.  Because Plaintiff proceeds pro se, the Court should construe subsequently filed motion papers, memoranda, and exhibits as amendments/supplements to the complaint. See *Wright v. El Paso Cnty. Jail*, 642 F.2d 134, 135 n.1 (5th Cir. 1981); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005).

5.  Plaintiff requests that the Court:

    a. Vacate or modify the orders at ECF No. 148 consistent with the grounds above, reinstating eight claims including:

        1) First Claim for Relief — RICO *(§§ 1962(a), (c), (d))* Defendants/Enterprises: "Barrows Firm Enterprise"; "State Bar of Texas Enterprise"; persons: Leslie Starr Barrows, Samantha Ybarra, William Albert Pigg, Luis Jesus Marin, Daniel Eulalio Martinez, Rachel Ann Craig, and Associate Judge Lori L. DeAngelis.

        2) Second Claim for Relief — Sherman Act *§ 2* (monopolization/attempt) Defendants: State Bar of Texas and named attorneys.

        3) Third Claim for Relief — *42 U.S.C. § 1983* (Fourteenth Amendment) Defendant: Associate Judge Lori L. DeAngelis (official and individual capacities); Tarrant County referenced.

        4) Fourth Claim for Relief — *42 U.S.C. § 1983* (Fourteenth Amendment) Defendant: Leslie Starr Barrows.

        5) Sixth Claim for Relief — *42 U.S.C. § 1983* (Fourteenth Amendment); prospective injunction under Ex parte Young Defendant: Luis Jesus Marin (official and individual capacities).

        6) Seventh Claim for Relief — *42 U.S.C. § 1983* (Fourteenth Amendment) Defendant: Daniel Eulalio Martinez (official and individual capacities).

        7) Eighth Claim for Relief — *42 U.S.C. § 1983* (Fourteenth Amendment) Defendant: Rachel Ann Craig (official and individual capacities).

        8) Ninth Claim for Relief — RICO/ERISA/*§ 1983* against U.S. Bank Defendant: U.S. Bank (as "person"/plan fiduciary).

    b. Alternatively, if the Court remains disinclined to revise the orders now, enter a *Rule 54(b)* partial final judgment on the adjudicated claims and parties with an express finding that there is no just reason for delay, so that appellate review may proceed while the remaining claims move forward here.

6. Plaintiff further requests such other and further relief to which he is justly entitled.

A proposed order is submitted separately.

Respectfully submitted,

/s/ *Conghua Yan*
Conghua Yan, Pro Se Plaintiff
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## Certificate of Conference

Pursuant to Local Civil Rule 7.1, I certify that on September 29, 2025, I conferred by email with counsel for Defendants Lori DeAngelis, Tarrant County, State Bar of Texas, Luis Marin, Daniel Martinez, Rachel Craig, Samantha Ybarra, Leslie Barrows, the Barrows Firm, William Albert Pigg, and U.S. Bank regarding the relief requested. Opposing counsel stated they oppose the motion.

## Certificate of Service (Fed. R. Civ. P. 5(b))

On October 20, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the Court's CM/ECF system. I certify that the CM/ECF system will send notice of this filing to all counsel of record who are registered CM/ECF users. I further certify that I served a true and correct copy of the foregoing on any non-CM/ECF participant(s) listed below by U.S. Mail/certified mail/commercial carrier/email by consent at the address(es) shown. If no non-CM/ECF recipients are listed, there are none.

/s/ *Conghua Yan*
Conghua Yan, Pro Se Plaintiff
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com
