IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN, § | | |
|    Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. 4:23-CV-758-P | |
| § | | |
| THE STATE BAR OF TEXAS, ET AL., § | | |
|    Defendants. § | | |

### ORDER FOR PLAINTIFF YAN AND DEFENDANT PIGG TO SUBMIT JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

On October 20, 2025, the United States Court of Appeals for the Fifth Circuit remanded the case to this Court to adjudicate the rights and liabilities of Defendant William A. Pigg ("Pigg"), as all other claims against all other Defendants, except Pigg, have been dismissed. **Thus, this scheduling order applies only to *pro se* Plaintiff Conghua Yan ("Yan") and Defendant Pigg**.

**I.**

Lead counsel for Pigg (or a designee attorney with appropriate authority) and Yan **(collectively referred to as "the parties" hereinafter**) shall, **within 20 days of the date of the filing of this order**, in compliance with Rule 26(f), confer (the "Scheduling Conference") to discuss:

(1) The nature and basis for their claims and defenses;

(2) The possibilities for a prompt resolution of the case;

(3) Making the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A) or stipulating that they will not be made; and

(4) Developing a proposed discovery plan.

It is the Court's belief that a personal face-to-face meeting is usually the most productive type of conference, but the Court will leave to the professionalism of the parties a determination

of the form for the Scheduling Conference. As a result of the Scheduling Conference, counsel and/or *pro se* parties shall prepare and submit a Joint Status Report and Proposed Discovery Plan ("Joint Status Report").

## II.

The parties are ordered to **electronically** file with the clerk of the court the signed Joint Status Report **within 28 days of the date of the filing of this order**, and to include therein, in separate numbered paragraphs (but **NOT** in a proposed Order format), each of the following matters:

(1) A brief statement of the nature of the case, including the contentions of the parties;

(2) Any challenge to jurisdiction or venue;

(3) Whether the disclosures required by Rule 26(a)(1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Rule 26(A)(1)(B);

(4) (a) A very brief statement of the subjects on which discovery may be needed,
    (b) When discovery should be completed, and
    (c) Whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(5) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

(6) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

(7) A proposed deadline to file motions for leave to join other parties;

(8) A proposed deadline to amend the pleadings;

(9) A statement regarding whether any other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c) (If additional orders are required, they should be separately submitted in agreed form with the Joint Status Report.);

(10)   A proposed deadline to file dispositive motions;

(11)   Whether a jury has been demanded;

(12)   (a)   An assessment of the prospects for settlement,

      (b)   The status of any settlement negotiations already conducted (except that the parties shall not disclose settlement figures), and

      (c)   The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear **in person** to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who must have authority to bargain in good faith); and a proposed date for further settlement negotiations;

(13)   An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that pro bono mediation may be available to parties unable to afford it.  If mediation seems appropriate, indicate when (month and year) it would be appropriate;

(14)   Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton, who will preside over all pretrial proceedings and trial.  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  (Please file the attached consent form with the appropriate signatures **only** if all parties consent.);[1]

(15)   Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

(16)   Whether a conference with the Court is desired;

(17)   Any other matters relevant to the status and disposition of this case; and

(18)   A statement that counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Tex. 1988).  The *Dondi* opinion is also available on the Northern District of Texas website.

(19)   **In cases filed in or removed to this Court based on diversity of citizenship as set forth in 28 U.S.C. 1332(a), the parties are to provide evidence regarding the citizenship of each party and whether complete diversity exists.  This evidence may be presented by a stipulation between the parties, an affidavit, declaration, or similar supporting documents.**

---

[1] Currently, the case has been referred to Judge Cureton for the handling of only pretrial matters.

**The filing of the Joint Status Report is mandatory**.  All parties shall endeavor to prepare joint suggestions, but if they cannot agree, the Joint Report shall reflect their respective views.  In such a case, the Joint Report shall set forth each party's respective recommendation, and a statement as to why agreement could not be reached.  The names of any persons named in the case who did not participate in the conference shall be identified in the Joint Status Report.

### III.

Unless plaintiff is unrepresented, lead counsel for plaintiff is responsible for initiating contact with opposing counsel and all unrepresented parties for the purpose of arranging the Scheduling Conference and for preparing the Joint Status Report.  Lead counsel for all parties and unrepresented parties are equally responsible for seeing that this Order is complied with in a timely manner.  At least one counsel for each party and all unrepresented parties shall sign the Joint Status Report prior to filing.

### IV.

Because, pursuant to Fed. R. Civ. P. 16(b)(2), the Court is to enter a Scheduling Order "as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared," any request for an extension of time to file the Joint Report shall be denied, absent a showing of good cause.

### V.

Unless a scheduling conference with the Court is required and set, the Court will issue a Scheduling Order following the Court's review of the Joint Status Report filed by the parties.

## VI.

(1) <u>Citations</u>.  All briefs filed with the Court shall comply with the most recent edition of *The Bluebook: A Uniform System of Citation*.  Particularly, counsel and/or any pro se parties are directed to provide, where applicable, the subsections of cited statutes, and to provide pincites when citing cases, *i.e.*, provide the page where the stated legal proposition can be found.  *See Bluebook* Rules 3.2-3.4 (Columbia Law Review Ass'n et al. eds., 21st ed. 2020) (regarding pincites and subsections).  Furthermore, if a brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.  <u>Westlaw citations are preferred over LEXIS</u>.

(2) <u>Certificates of Conference</u>.  Pursuant to Federal Rule of Civil Procedure 5 and local civil rule 7.1(b), certificates of service and conference shall address all parties, <u>including co-defendants and co-plaintiffs</u>.

(3) <u>Summary-Judgment Procedures</u>.  Pursuant to local civil rules 7.1(i) and 56.6, all documentary and non-documentary evidence submitted in support of or opposition to a motion must be included in an appendix.  Regarding the documentary evidence submitted in an appendix, this Court requires that the proponent of the appendix underline, or for large passages, bracket in the margins, the portion of each page of the appendix upon which he relies to support his position.

(4) <u>Judge-specific requirements</u>.  The parties are advised to review Judge Cureton's general requirements, which are available on the Northern District of Texas website.

SIGNED November 17, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE