IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN,<br>    **Plaintiff,**<br>**v.**<br><br>THE STATE BAR OF TEXAS, ET AL.,<br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:23-CV-758-P |

**ORDER DENYING PLAINTIFF'S REFILED EMERGENCY MOTION TO SEAL
AND/OR REDACT CERTAIN FILINGS, FOR PROTECTIVE ORDER REGARDING
MINOR'S PERSONAL INFORMATION, AND FOR SHOW CAUSE HEARING**

Pending before the Court is *pro se* Plaintiff Conghua Yan's Refiled Emergency Motion to Seal and/or Redact Certain Filing, For Protective Order Regarding Minor's Personal Information, and for Show-Cause Hearing ("Motion to Seal") [doc. 200], filed November 24, 2025. In his motion, Yan requests, *inter alia*, that the Court seal and/or require redaction of information in Defendant William Pigg ("Defendant" or "Pigg")'s Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) ("Defendant's Motion for Judgment") [doc. 191] and the Appendix in Support [doc. 192] that "includes detailed references to Plaintiff's minor child and personal matters that are not necessary to resolve any Rule 12, jurisdictional, or merits issue in this civil action." (Plaintiff's Motion to Seal ("Pl.'s Mot.") at 2.) Plaintiff states that "[t]hese disclosures appear in the 'Statement of the Case and Procedural History' section, particularly on pages 5 through 7 of the Challenged Filing." (*Id*.)

In his response, Defendant argues that "neither of the subject documents at issue [Doc. 191, 192] contain identifying information of the subject child." (Defendant William Albert Pigg's Supplemental Opposition to Plaintiff Conghua Yan's Emergency Motion to Seal and/or Redact Certain Filings ("Def.'s Resp.") at 2.) Defendant further states:

Nowhere in either document is the child identified by name or gender.

1

> None of the child's medical information is disclosed in either document.
> The fact that the child was born of a gestational surrogate is simply a fact.
> Moreover, this fact is set forth in the public record at Yan's insistence. *See* Yan's
> Petition for Adjudication of Parentage filed February 2, 2022 in the 325th District
> Court of Tarrant County (Cause No. 325-707596-2021) and transferred to the 360th
> District Court of Tarrant County. Cause No. 360-707596-2021; Pigg Declaration
> attached hereto as Exhibit 1. That record is not sealed. That record is not redacted.
> As previously stated, if the fact that Yan's child was born of a gestational surrogate
> is now unacceptable to Yan, it was not in 2022 when he demanded its filing in the
> public record of Tarrant County.

(*Id.*)

"[T]he public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Van Waeyenberghe*, 990 F.2d at 849 (alteration in original) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). "'Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view.'" *U.S. v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (alteration in original) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)).

The common law right of access to judicial records, however, "is not absolute." *Van Waeyenberghe*, 990 F.2d at 848. "A court may deny access to records if the records become a vehicle for improper purposes." *Holy Land*, 624 F.3d at 689 (citing *Nixon*, 435 U.S. at 597-98). When deciding whether to deny access to records, "the court must balance the public's common

law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at

848. This balance requires considering "the presumption in favor of the public's access to judicial

records." *Id*. at 849. The Fifth Circuit "has not assigned a particular weight to the presumption,"

nor has it found that either party has a burden of proof. *Bradley v. Ackal*, 954 F.3d 216, 225 (5th

Cir. 2020). Nevertheless, "a court must use caution in exercising its discretion to place records

under seal." *Holy Land*, 624 F.3d at 689. In other words, "'the district court's discretion to seal

the record of judicial proceedings is to be exercised charily.'" *Van Waeyenberghe*, 990 F.2d at

848 (quoting *Fed. Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)); *see

also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) ("In our view, courts

should be ungenerous with their discretion to seal judicial records.").

"Courts have recognized that the privacy of children may constitute a compelling interest

that outweighs the presumption in favor of public access." *Jaufre ex rel. Jaufre v. Taylor*, 351 F.

Supp. 514, 516 (E.D. La. Jan. 3, 2005). Federal Rule of Civil Procedure ("Rule") 5.2(a), as

relevant here, requires a party wishing to submit a filing that "contains . . . the name of an individual

known to be a minor" to redact the filing so that it "include[s] only . . . the year of the individual's

birth . . . and the minor's initials." Fed. R. Civ. P. 5.2(a).

The Court has examined Yan's motion and the record in this case in balancing the public's

right of access to judicial records against the interests favoring nondisclosure, especially when

dealing with the protection of a minor. In this case, those portions of Defendant's Motion for

Judgment on the Pleadings and the Appendix in Support that Yan claims should be sealed do not

violate Rule 5.2(a) as they do not include the name (or even initials) of the minor and only mention

the age of the child at a specific time. (Defendant's Motion for Judgment at 6.) As to the Appendix

[doc. 192], the Court notes that some of the information was redacted by Defendant when he filed

3

the Appendix and that some of the exact same documents in Defendant's Appendix are also publicly available in cause no. 4:24-cv-579-O, a similar case brought by Yan against Pigg and other Defendants. (*See* cause no. 4:24-cv-579-O, doc. 42 (pp. 27-29 (identical to pp. 5-7 of doc. 192 in this case); *see also* cause no. 4:24-cv-579-O, doc. 35.) Moreover, the Court finds that Yan has failed to provide adequate argument or supporting legal authority for his position that those portions of Defendant Pigg's Motion for Judgment on the Pleadings [doc. 191] and the Appendix in Support [doc. 192] mentioning an unnamed minor, the minor's age at the relevant time, and limited details surrounding that minor's birth should be sealed. Specifically, the Court notes that, in this case, Yan has sued, *inter alia*, Pigg for alleging engaging in various acts of wrongdoing while Pigg served as Yan's attorney in his divorce and child custody proceedings. (*See generally* Yan's Third Amended Complaint [doc. 60].) Yan attached numerous documents to his Third Amended Complaint (as well as to his previously filed Complaints) that reflect the custody of a minor child was involved in the dissolution of the marriage of Yan and Fuyan Wang ("Wang"), his now ex-wife. (*See, e.g.*, Pl.'s Third Amended Compl. [doc. 60] at 105, 111, 115, 116, 117, 119, 120, 121, 122, 123, 124, 125, 126, 128.) In these documents, while Yan redacted some information, Yan did not even redact the full name of the minor child. In addition, in his Third Amended Complaint, as well as all other previously filed complaints, Yan sets forth multiple details and allegations regarding Wang and their ongoing child custody dispute. *See, e.g.*, Plaintiff's Third Amended Compl. [doc. 60] at 20-29; Plaintiff's Second Amended Complaint [doc. 48] at 20-29; Plaintiff's First Amended Complaint [doc. 27] at 20-33.) All this information is unreacted, unsealed, and readily available to the public for viewing in this case. Accordingly, the court exercises its discretion and finds that the public's interest in access to judicial records

outweighs Yan's request to seal certain records that contain limited information relating to Yan's minor child, some of which Yan has already placed into the Court's public records.

Based on the foregoing, it is **ORDERED** that Plaintiff's Refiled Emergency Motion to Seal and/or Redact Certain Filing, For Protective Order Regarding Minor's Personal Information, and for Show-Cause Hearing [doc. 200] is **DENIED**.[1]

SIGNED December 2, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

---

[1] While the Court is denying Plaintiff's motion to seal, it urges Pigg to continue following the restrictions set forth in Rule 5.2 when referring to the minor child of Yan and to use caution in discussing details relating to such minor child.