# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

|  |  |
|---|---|
| CONGHUA YAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00758-P-BJ |
| THE STATE BAR OF TEXAS, et al., | ) |
| Defendants. | ) |

## PLAINTIFF'S VERIFIED REPLY IN RESPONSE TO DEFENDANT PIGG'S OBJECTION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

### I.    Introduction

Defendant William Albert Pigg's opposition does not meaningfully analyze the governing standards for amendment. Instead, it relies on conclusory rhetoric and irrelevant personal attacks, including insinuations about Plaintiff's "unhealthy obsession" and purported "harassment," none of which supplies a legal basis to deny leave. The Court should decide Plaintiff's Motion under the controlling standards of Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2), not on speculation, characterizations, or inflammatory commentary.

### II.    Pigg's filing is largely conclusory and does not identify a legally sufficient basis to deny leave

Rule 15 embodies a strong presumption in favor of amendment. The Supreme Court has made clear that leave should be "freely give[n] when justice so requires," and denial is generally justified only by recognized factors such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178 (1962).

Pigg does not attempt to demonstrate futility with legal analysis of the proposed pleading. He does not identify specific allegations that fail as a matter of law, nor does he show undue prejudice tied to the actual content of the proposed Fourth Amended Complaint. Instead, he concludes, without analysis, that "there are no extraordinary circumstances," and characterizes the Motion as an "arrant disregard" of Court orders.

Conclusory assertions are not a substitute for the required Rule 15 analysis.

### III. The Court should apply Rule 16(b)(4) and Rule 15(a)(2); Plaintiff satisfies the standards

Pigg is correct only in the limited sense that the case has proceeded beyond early pleading stages and that the Court previously noted further amendment would require "extraordinary circumstances." But that observation does not displace the Federal Rules. Where an amendment deadline has passed, the Court applies Rule 16(b)(4)'s "good cause" standard, then Rule 15. The Fifth Circuit instructs that Rule 16(b)(4) good cause turns on diligence and commonly considers: (1) the explanation for delay, (2) the importance of the amendment, (3) potential prejudice, and (4) the availability of a continuance to cure prejudice. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

Plaintiff's Motion identifies why amendment is necessary at this stage, and the proposed Fourth Amended Complaint is important because it is directed to pleading the operative claims with maximum clarity and completeness in light of developments in the case and the defenses now being pressed. Pigg identifies no concrete, case-management prejudice attributable to the contents of the proposed amendment. If any narrow prejudice is claimed, a tailored schedule adjustment is available, which is precisely why amendment is favored when it promotes resolution on the merits rather than procedural forfeiture. See Foman, 371 U.S., at 182.

Pigg's discussion of bar grievances, other lawsuits, and insinuations about Plaintiff's motives or mental health is irrelevant to the Rule 16(b)(4) and Rule 15(a)(2) inquiry. It is not evidence of futility, undue prejudice, bad faith, or lack of diligence. The Court should disregard these ad hominem assertions. See *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

### IV. Pigg's "nine opportunities" narrative is conclusory, unsupported, and irrelevant to the amendment standards

Pigg's "nine opportunities" theme is argument, not a Rule 16/Rule 15 analysis. He identifies no specific defect in the proposed Fourth Amended Complaint, no concrete prejudice caused by the proposed amendment, and no basis to find bad faith or lack of diligence. The relevant record is this case's amendment history on the CM/ECF docket, which the Court can verify directly.

**July 21, 2023** Original Complaint filed (Doc. 1)

- Alleged ERISA funds damage, RICO (18 U.S.C. § 664), antitrust violations, and § 1983 claims arising from 401(k) economic injury.

**August 25, 2023** First Motion for Leave filed (Doc. 25)

- Sought a narrow correction of typographical errors in the caption of the original complaint.

**August 28, 2023** Order granting First Motion (Doc. 26); First Amended Complaint filed (Doc. 27)

> *"mistakenly had a typo, using "The Barrow Firm" as a party in the **Caption**, but typed the name correctly in the **summon**. "The Barrow Firm" as a party is misnomer. The Court clerk neither spotted this typo nor asked for a correction. The summon was issued with the correct spelling as "The Barrows Firm". ...The Plaintiff requests, with the intention to correct "The Barrow Firm" to "The Barrows Firm,""* at page 2.

- Caption typo corrections. See **Appendix** A for a redline comparison.

**September 1, 2023** Exhibits filed separately (Doc. 41).

- Court order directing consolidation (Doc. 42): Court instructed that "Plaintiff cannot file attachments to a complaint separate from the complaint," and directed Plaintiff to file a motion for leave to amend and file Second Amended Complaint to consolidate.

> *"Additional Attachments to Main Document filed ... due to the following deficiency: Plaintiff cannot file attachments to a complaint **separate** from the complaint. The attachments **must be attached** to the complaint and filed **as one documents**. Plaintiff **must seek leave to file** an amended complaint at this stage in the proceedings"*

**September 5, 2023** Second Motion for Leave filed (Doc. 46)

- Sought leave to consolidate the separately filed exhibits into the First Amended Complaint (Doc. 27).

**September 7, 2023**

- Order granting Second Motion (Doc. 47).

September 8, 2023 Second Amended Complaint filed (Doc. 48)

- Consolidated prior filings and exhibits, with no substantive changes. See Appendix B for a redline comparison.

**September 14, 2023** Third Motion for Leave and Joinder filed (Doc. 56)

- Sought leave to amend and to **join U.S. Bank**.

> *"Plaintiff seeks to add a new claim for U.S. Bank only, **without changing any word in prior claims**;"*

**September 18, 2023** Order granting Third Motion and limiting further amendments (Doc. 58)

- Court allowed "one final motion for leave to file an amended complaint so that Plaintiff may plead his best case," and stated it would not grant additional motions for leave absent "extraordinary circumstances."

- Operative amended complaint filed (Doc. 60): Third Amended Complaint. See Appendix C for a redline comparison.

**September 19, 2023**

- DeAngelis (Motion: Doc. 69) filed.

- Tarrant County (Motion: Doc. 70).

**September 25, 2023**

- Ybarra (Motion: Doc. 75) filed.

**October 2, 2023**

- State Bar amended motion (Motion: Doc. 83) filed.

**October 9, 2023**

- The Barrows Firm (Motion: Doc. 90).

**January 11, 2024**

- Response to U.S. Bank (Motion: Doc. 126) filed (Doc. 140).

**December 30, 2025**

- Motion for Leave to File Fourth Amended Complaint filed (Doc. 210).

Accordingly, Plaintiff has not had "nine" substantive opportunities to cure pleading defects in this action. The record reflects three amendments: (1) a caption misnomer correction, (2) an exhibit-consolidation refiling required by filing mechanics, and (3) a targeted amendment to join U.S. Bank on a separate claim.

The first amendment corrected a caption **misnomer** ("The Barrow Firm" in the complaint caption versus "The Barrows Firm" in the summons). That was a technical correction affecting naming consistency for service, not a substantive opportunity to re-plead claims.

The exhibit-consolidation episode was a filing-mechanics issue. Treating that refiling step as a substantive "opportunity" to cure pleading defects mischaracterizes what occurred; it was undertaken to comply with the Court's instruction that attachments must be filed with the complaint.

The Third Amended Complaint added U.S. Bank on a separate claim without altering prior claims against other defendants. The lack of prejudice is shown by the docket: existing defendants responded immediately, while U.S. Bank—newly affected—responded later on its own schedule.

In short, Pigg's "nine opportunities" framing collapses ministerial corrections and filing-mechanics refilings into a rhetorical talking point. That is not a Rule 16(b)(4) or Rule 15(a)(2) analysis.

Even accepting the Court's admonition in Doc. 58, Pigg still fails to do the work required under Rule 16(b)(4) and Rule 15(a)(2). He does not identify specific allegations in the proposed Fourth Amended Complaint that are futile as a matter of law, he does not show concrete prejudice tied to the contents of the proposed amendment, and he does not demonstrate

bad faith. Instead, he relies on characterizations and insinuations. The Court should reject that approach and decide the Motion under the governing standards.

## V. CONCLUSION

Pigg's opposition is largely conclusory, does not engage the governing Rule 16(b)(4) and Rule 15(a)(2) analysis, and improperly attempts to prejudice the Court through irrelevant personal insinuations. Plaintiff respectfully requests that the Court **grant** Plaintiff's Motion for Leave to File the Fourth Amended Complaint.

Respectfully submitted,

*/s/Conghua Yan*
Conghua Yan, Pro Se Plaintiff
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
Email: arnold200@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on Jan 4, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Conghua Yan*
Conghua Yan

## DECLARATION OF CONGHUA YAN UNDER 28 U.S.C. § 1746
### (Verification of Appendix and Docket History Statements)

I, **Conghua Yan**, declare under penalty of perjury that:

1. I am the Plaintiff in this action. I make this declaration based on my personal knowledge and my review of the CM/ECF docket and filings in this case.

2. The docket-history and amendment-sequence statements in this Reply (including filing dates and docket numbers) are true and correct to the best of my knowledge and match the CM/ECF docket as of the date signed. The Court may verify these matters directly from its own docket.

3. Appendices A, B, and C are not clerk records. They are true and correct copies of outputs generated by "Copilot" on or about the dates shown in the appendices, summarizing differences among specified pleadings filed in this case.

4. I attached Appendices A–C as generated and did not alter their substance. To the extent any automated summary characterizes differences, the underlying CM/ECF filings and the Court's docket control.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2026, at Southlake, Tarrant County, Texas.

*/s/ Conghua Yan*
Conghua Yan

# Appendix A

Reported by Co-Pilot on Jan 4, 2025

After running a full comparison between the two filings — first amended original complaint**.pdf (Document 25-1 filed 08/25/23)** and original complaint**.pdf (Document filed 07/21/23)** — the only textual difference in the caption and related references is indeed the firm's name:

- Earlier version: **"The Barrow Firm"**
- Later version: **"The Barrows Firm"**

All other content in the caption block (parties, formatting, and structure) remains identical
.
No changes were found in factual allegations, paragraph numbering, or substantive claims throughout the complaint sections examined. This confirms your statement is accurate: the modification was strictly a **technical correction**—adding the "s" to make it "Barrows Firm"— and not a substantive alteration affecting service, claims, or parties.

# Appendix B

Reported by Co-Pilot on Jan 4, 2025

Conclusion (Redline Summary)

- Added in Document 2nd Amendment (vs. 2nd Amendment body): likely the full set of exhibits (including the 70-page email/deposition-related exhibits from Document 2nd Amendment exhibits).

- No deletions or major revisions to the complaint text itself (based on visible pages).

- If this were a Word-style redline between Document 2 and Document 4:

    o Pages 1–~77: Mostly no changes (green/unchanged), with possible minor formatting strikes/additions.

    o Pages ~78–147: All inserted (new exhibits, including the full content of Document 2nd Amendment exhibits).

# Appendix C

Reported by Co-Pilot on Jan 4, 2025

Document 3rd Amendment primarily adds claims against U.S. Bank to the prior version (2nd Amendment) with minimal impact on existing content.

Key Changes (Redline Summary)

Caption (Page 1):

Added: "U.S. BANK," as a new defendant at the end of the defendant list.

No other changes to parties or case number.

Title (Page 2):

Changed from "FIRST AMENDED COMPLAINT..." to "THIRD AMENDED COMPLAINT...".

Minor phrasing: "respectfully moves this Honorable Court original complaint" → "respectfully moves this Honorable Court amended complaint".

Causes of Action Section (Page 2):

The first three bullet points (RICO against State Bar et al., antitrust against State Bar, §1983 against individual lawyers/judge) remain identical in wording and scope.

New addition: Fourth bullet point:

"Civil complaints under RICO and 42 U.S.C. § 1983 are lodged against U.S. Bank, by alleged multiple violations of various Federal statutes, including but not limited to 18 U.S.C. § 1961-1968, 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 664, Fourteenth Amendments to the U.S. Constitution."

Relief requests (declaratory/injunctive/damages, jury trial) unchanged.

Introduction and Body:

Visible portions (Introduction paragraph) appear unchanged.

No visible deletions, rewrites, or modifications to existing allegations against the original defendants (State Bar, Barrows, Pigg, etc.).

The additional 5 pages (152 vs. 147) likely come from new sections detailing claims against U.S. Bank (e.g., its alleged role in the ERISA/401(k)/QDRO issues central to the case), plus any updated exhibits or certifications.

Exhibits/Attachments:

Document 4 likely included exhibits (e.g., prior versions referenced emails about U.S. Bank and 401(k) withdrawals).

Document 6 may include updated or additional exhibits supporting the new U.S. Bank claims, contributing to the page increase.

Overall Assessment

**This is a targeted amendment: It incorporates U.S. Bank as a defendant and adds specific RICO/§1983 claims against it, without altering the core claims against the existing defendants.**

**No evidence of removals, broad rewrites, or changes "affecting others" (e.g., no modifications to allegations involving Barrows, Pigg, the State Bar, or the judge).**

Standard for an amended complaint adding a party—common in pro se litigation evolving based on new evidence or strategy.