IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-CV-758-P |
| | § | |
| THE STATE BAR OF TEXAS, ET AL. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION ON DEFENDANT WILLIAM PIGG'S MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Pending before the Court are two motions: (1) Defendant William Albert Pigg ("Pigg")'s Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) ("Motion for Judgment") [doc. 191], filed November 21, 2025, and (2) *pro se* Plaintiff Conghua Yan ("Yan")'s Opposed Motion for Leave to File Fourth Amended Complaint ("Motion for Leave") [doc. 210], filed December 30, 2025.  The Court, having carefully considered the motions, responses, replies, and all other relevant filings and applicable law, **RECOMMENDS** that (1) Pigg's Motion for Judgment be **GRANTED** and all claims against Pigg be **DISMISSED WITH PREJUDICE** and (2) Yan's Motion for Leave be **DENIED**.

## I.   BACKGROUND

As noted in the undersigned's December 28, 2023, Findings, Conclusions, and Recommendation ("December 28, 2023 FCR") on the Motions to Dismiss filed by all Defendants (except Pigg) [doc. 121], Yan, on September 18, 2023, filed an eighty-two-page Third Amended Complaint against eleven Defendants[1] [doc. 60].  In this Third Amended Complaint, which is the

---

[1] The Court notes that, in an order dated April 23, 2024, United States District Judge Mark Pittman accepted and adopted the December 28, 2023 FCR that recommended dismissing all claims against all Defendants (except Pigg) [doc. 148] and issued a Final Judgment [doc. 149] in this case.  However, in an order filed on September 29, 2025,

1

fourth complaint filed by Yan and the live pleading before the Court, Yan describes his suit as the "[s]candalous [c]ase of the [d]ecades" in which he exposes "a decade-long and widespread pattern" of "racketeering activity" promulgated by the State Bar of Texas and its members. (Plaintiff's Third Amended Complaint ("Pl.'s Compl.") at 3-4 (emphasis omitted); *see also* Pl.'s Compl. at 5-6.) Yan further asserts that "the merits of this suit are so important that any attempt to dismiss it would harm the public interest statewide." (Pl.'s Compl. at 35 (emphasis omitted).)

This lawsuit arose out of a lengthy state court divorce proceeding between Yan and his ex-wife. (Pl.'s Compl. at 20-35.) Defendant Pigg was Yan's attorney during part of this divorce proceeding. (Pl.'s Compl. at 18.) Yan contends that the state court judge, Defendant Lori L. DeAngelis, illegally ordered Yan to pay attorneys' fees and spousal support from certain funds under Yan's control. (*See, e.g.*, Pl.'s Compl. at 18-29.) In response to the state court's orders, Yan filed multiple grievance cases with Defendant State Bar of Texas, including against Pigg, in which Yan alleged, *inter alia*, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Pl.'s Compl. at 29-33.) The State Bar of Texas, initially and on reconsideration, dismissed Yan's complaints. (*Id.*) Yan claims that the State Bar's dismissal of his complaints shows that it is a conspirator in the RICO violations, and it protects its members by disposing of grievances within its self-regulated discipline process. (Pl.'s Compl. at 31-32.) Subsequently, in response to his revelation that the State Bar of Texas and its members were colluding to commit racketeering activities, Yan filed a criminal complaint with the Tarrant County Sheriff's

---

the United States Court of Appeals for the Fifth Circuit remanded this case to this Court, stating Defendant "Pigg's liability was not adjudicated, or even addressed, elsewhere in the record" [doc. 175 (filed in this Court on October 20, 2025)]. If Judge Pittman adopts the undersigned's FCR as to Defendant Pigg, then all claims against all Defendants in this case will have been dismissed.

Department. (Pl.' Compl. at 32.) Yan alleges that his criminal complaint was shut down by other members of the State Bar of Texas who worked in the Tarrant County District Attorney's office and wished to further the racketeering activities. (*Id.* at 32-33.) Yan seeks numerous injunctions against the Defendants as well as a monetary award of tens of millions of dollars. (*See generally* Pl.'s Compl.)

## II. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (internal quotations and citations omitted).

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 555, 570 (2007).  The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   ANALYSIS

#### A.   Defendant Pigg's Motion for Judgment

As relevant to Pigg's Motion for Judgment, Yan alleges three causes of action against Pigg: (1) RICO violations; (2) antitrust violations; and (3) violations of the 14th Amendment of the U.S. Constitution under 42 U.S.C. § 1983.  (Pl.'s Compl. at 35-62, 66-68; *see* Pigg's Motion for Judgment ("Pigg's Mot.") at 10.)  In his motion, Pigg argues, *inter alia*, that Yan's claim against him should be dismissed because (1) Yan's RICO claims do not comply with "the factual predicate mandates set forth in what is colloquially known as 'Twombly/Iqbal' nor has he alleged a pattern of Racketeering activity based on at least two such instances[;]" (2) Yan has "pleaded no facts that would support an Antitrust claim against Pigg[;]" and (3) Pigg is not a state actor subject to Yan's constitutional claims under 42 U.S.C. § 1983.  (Pigg's Mot. at 10; *see* Pigg's Mot. at 12-14.)

##### 1. RICO and Antitrust Claims

In his Motion for Judgment on the Pleadings, Pigg argue, *inter alia*, that Yan's RICO and antitrust claims against him should be dismissed for failing to plead non-conclusory facts to support such claims.  (Pigg's Mot. at 12-13.)  In addition, as to the RICO claims, Pigg argues that Yan failed to allege a pattern of racketeering activities based on at least two such instances.  (*Id.*)

4

As to the RICO claims, Yan, in his Third Amended Complaint, alleges that Defendants, including Pigg, engaged "in a *continuous series* of RICO racketeering activities (mainly *18 U.S.C. § 1341, 18 U.S.C. § 1343 and 18 U.S.C. § 664)* under the protection of their conspirators." (Pl.'s Compl. at 3 (emphasis in original).) Plaintiff claims that the "alleged RICO schemes consisted of a number of mail fraud and wire fraud offenses and ultimately amounted to acts of 'theft or embezzlement from employee benefit plan.'" (*Id*. at 4 (mistakes in original).) In addition, Yan also refers to, *inter alia*, 18 U.S.C. §§ 4, 1027, 1056, 1349, and 1962 in support of his RICO claims. (*Id*. at 36-50.) As to Yan's antitrust claims, Yan alleges that Defendants, including Pigg, violated Section 2 of the Sherman Act. (Pl.'s Compl. at 2; *see also* Pl.'s Compl. at 50-62.)

As noted in footnote 1, *supra*, Judge Pittman entered an order on April 23, 2024 [doc. 148] that, *inter alia*, dismissed all claims against all Defendants (except Pigg as Pigg had filed an answer and not a motion to dismiss). In the April 23, 2024 Order Judge Pittman detailed the reasons that Yan had failed to state plausible RICO/antitrust claims against all other Defendants in this case. (*See* Judge Pittman's April 23, 2024 Order at 14-16.) It is clear that Judge Pittman's analysis is also applicable to Yan's RICO/antitrust claims against Pigg. Thus, the undersigned incorporates by reference Judge Pittman's analysis regarding Yan's failure to state RICO/antitrust claims against all Defendants and applies such analysis to Pigg.[2] (*See id*.)

---

[2] The Court notes that Yan, in his response to Pigg's motion, states:

> Pigg suggests that because this Court previously dismissed RICO claims against other "Attorney Defendants" with prejudice, it should now simply extend that reasoning to him. But the Fifth Circuit remanded precisely because Pigg's own rights and liabilities had not been adjudicated. On remand, the Court must evaluate the [Third Amended Complaint]'s allegations as to Pigg himself. Rule 12(c) therefore does not permit judgment in his favor on the RICO claim.

(Yan's Response in Opposition to Pigg's Rule 12(c) Motion for Judgment ("Yan's Resp.") at 17-18.) The Court has done such an evaluation and finds that Judge Pittman's prior analysis as to Yan's RICO/antitrust claims against all the

While adopting Judge Pittman's analysis, the undersigned additionally makes note of the following as to Yan's antitrust claims. "Section 2 of the Sherman Act prohibits monopolization, attempts to monopolize, and conspiracies to monopolize." *David B. Turner Builders LLC v. Weyerhaeuser Co.*, 603 F. Supp. 3d 459, 465 (S.D. Miss. 2022) (quoting 15 U.S.C. § 2). In this case, Plaintiff alleges that Defendant State Bar of Texas is a "natural monopoly" (Pl.'s Compl. at 52-53) and that the other Defendants, including Pigg, are conspirators in such monopoly (*see id.* at 55-56). To establish a conspiracy to monopolize claim, Plaintiff must allege "(1) the existence of a combination or conspiracy; (2) an overt act in furtherance of a conspiracy; (3) a substantial amount of commerce affected; and (4) specific intent to monopolize." *Weyerhaeuser*, 603 F. Supp. 3d at 465 (internal quotation marks and citation omitted).

In this case, at the very least, Yan has failed to make any non-conclusory allegations that Pigg, as an individual, had a specific intent *to monopolize*. Instead, Yan's allegations of intent regarding Yan's conspiracy to monopolize claims relate, *inter alia*, to the following: (1) conclusory statements about the intention (or lack thereof) of family law attorneys in Texas in advocating for their clients (Pl.'s Compl. at 34); (2) Texas attorneys conspiring to utilize family court orders to compel advanced payment or secure business income and "knowingly or intentionally refraining from informing consumers about the limits" (Pl.'s Compl. at 53; *see also* Pl.'s Compl. at 56); (3) Texas attorneys, including Defendants in this case that are attorneys, "either remained silent upon learning about the crime [of Defendant State Bar of Texas possessing monopoly power to redefine what is deemed unlawful as lawful] or intentionally denied it to cover up the criminal activities"

---

other Defendants applies equally to Pigg. As noted by Judge Pittman, "[T]he bottom line is simple: Yan fails to furnish facts to support his allegations of 'large-scale racketeering activities, shielded by the State Bar of Texas.'" (Judge Pittman's April 23, 2024 Order at 15.)

(Pl.'s Compl. at 57). Such conclusory allegations fail to support Yan's claim that Pigg had a specific intent *to monopolize*.

In addition, Yan's allegations regarding the existence of a conspiracy do not come close to alleging "enough factual matter (taken as true) to suggest that an agreement was made." *Bell Atl. Corp.*, 550 U.S. at 556. In other words, Yan fails to allege "when, where, or how the conspiracy was supposedly formed." *Elite Sub-Zero Repair v. Great Plains Appliance Parts, Inc.*, No. 1:23-CV-118-DAE, 2023 WL 11916709, at *6 (W.D. Tex. Oct. 31, 2023); *see Corr Wireless Commc'ns, L.L.C. v. AT&T, Inc.*, 893 F. Supp. 2d 789, 810 (N.D. Miss. 2012) (stating that claims under Section 1 and under Section 2 of the Sherman Act for conspiracy to monopolize both require Plaintiff "to plead sufficient plausible facts of any agreement or conspiracy").

Based on the foregoing, the Court **FINDS** and **CONCLUDES** that Plaintiff has failed to state plausible RICO or antitrust claims against Pigg. Consequently, the Court **RECOMMENDS** that Pigg's Motion for Judgment be **GRANTED** as to these claims and such claims against Pigg be **DISMISSED WITH PREJUDICE.**

2. **Constitutional Claims under 42 U.S.C. § 1983**

As set forth above, Yan also sues Pigg under 42 U.S.C. § 1983, alleging that Pigg violated Yan's Fourteenth Amendment rights under the United States Constitution. (*See, e.g.*, Pl.'s Compl. at 2, 15, 17, 28-29, 66-68.) Specifically, Yan, *inter alia*, alleges:

> 319. . . . Pigg's other acts herein, including but not limited to his engaging in RICO racketeering activities, under his individual capacity, deprived Plaintiff $25,000 of his property to pay himself, violated the plaintiff's Liberty, Equal Protection and Due Process under the Fourteenth Amendment. His acts also violated Texas Constitution, Art. 1 §§ 13 and 19.

7

> 320.  . . . Pigg's [sic] has been dishonest, intentionally concealed the court activities to Plaintiff, under his individual capacity, deprived Plaintiff of Equal Protection and Due Process under the Fourteenth Amendment.
>
> 321.  . . . Pigg's acts herein, under his individual capacity, violated 42 USC 1983 . . . .
>
> 322.  . . . the direct injury from Defendant's act is that Plaintiff is losing his access right to the employment retirement fund, located in the state of Minnesota, from August 2022 until the present. Access rights to his employment retirement fund are also protected under the "Liberty" clause of the Fourteenth Amendment.

(Pl.'s Compl. at 67; *see also* Pl.'s Compl. at 15 (referencing Due Process clause); 28-29 (referencing Due Process clause).)  Because the Fourteenth Amendment does not, by its text, apply to private individuals like Pigg, Yan must show that Pigg acted "under color of law" to deprive him of "rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (internal quotation marks and citation omitted).

Yan, in his response, argues that he alleges in his Third Amended Complaint that "Pigg joined with state actors, including Associate Judge Lori DeAngelis and Tarrant County, in misusing QDROs and court orders to deprive Yan of his property and due process." (Pl.'s Resp. at 22.) "The Fifth Circuit has held that to 'maintain a claim that a private citizen is liable under § 1983 based on joint action with state officials,' a plaintiff must allege, (1) 'facts showing an *agreement* or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right' and (2) 'that the private actor was a willing participant in joint activity with the state or its agents.'" *Hernandez v. Causey*, No. 2:17-cv-123-TBM-MTP, 2024 WL 5200178, at *11 (S.D. Miss. Feb. 14, 2024) (quoting *Pikaluk v. Horseshoe Ent., L.P.*, 810 F. App'x 243, 247 (5th Cir. 2020)).

8

In this case, while Yan alleges broad, conclusory statements that Pigg entered into an agreement or conspiracy with several of the other Defendants to commit illegal acts (and, in turn, violate Yan's constitutional rights), just as with his antitrust claims, Yan fails to plead non-conclusory allegations regarding the time, date, or circumstances in which Defendants made such agreement. *See*, *e.g.*, *Polacek v. Kemper Cnty., Miss.*, 739 F. Supp. 2d 948, 952 (S.D. Miss. 2010) ("[I]t is not enough merely to recite that there was an agreement or that [state and private Defendants] conspired or acted in concert, for these are *conclusions*, not *facts*."); *Tripathi v. St. Edward's Univ.*, No. 1:25-CV-01203-RP, 2025 WL 2629968, at *3 (W.D. Tex. Aug. 27, 2025) (finding that Plaintiff's conclusory allegations against, *inter alia*, a private university and two law firms that they engaged with state actors to violate Plaintiff's Fourteenth Amendment rights, without specific facts, were "insufficient to render these defendants state actors for the purposes of section 1983"); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (affirming dismissal of Section 1983 claim against private actor when Plaintiff failed to "allege specific facts to show an agreement").  Consequently, the Court **FINDS and CONCLUDES** that Yan has failed to state a claim under Section 1983 against Pigg for violating Yan's Fourteenth Amendment rights. Thus, the Court **RECOMMENDS** that Pigg's Motion for Judgment on this issue be **GRANTED** and Yan's claims against Pigg under Section 1983 and the Fourteenth Amendment be **DISMISSED WITH PREJUDICE**.

### B.    Plaintiff's Motion for Leave to File Fourth Amended Complaint

As noted above, Plaintiff, on December 30, 2025, filed an Opposed Motion for Leave to File Fourth Amended Complaint.³ In his motion, Yan argues that such motion "is supported by **extraordinary circumstances**: the late discovery of **five fraudulent instruments** [(as opposed to two)] and evidence of a scheme to abstract **$50,000**, not $25,000 as previously understood—from Plaintiff's ERISA-protected retirement account." (Plaintiff's Motion for Leave ("Pl.'s Mot. for Leave") at 1 (emphasis in original).) Plaintiff further states that he "did not discover the full scope of the fraudulent scheme until August 2024, when he obtained the complete docket transaction history from the Tarrant County District Clerk's Office dated August 20, 2024, revealing **three** garnishment orders and **two** writs of garnishment that had been concealed from him." (*Id.* (emphasis in original).) Yan also claims that he "recently obtained sworn testimony [executed October 18, 2025,] from nonparty his ex-spouse Fuyan Wang." (*Id.* at 2.)

Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend unless it is apparent that Plaintiff has pled his best case. *See Ricks v. Khan*, 135 F. 4th 296, 300-01 (5th Cir. 2025); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) ("While a precise definition of a plaintiff's 'best case' is elusive, this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint."). In this case, however, the Court has already given Yan *multiple* opportunities to amend his

---

³ The Court notes that, in its September 18, 2023, Order [doc. 58] granting Plaintiff's Motion for Leave to File a Third Amended Complaint, the Court stated, "Because the Court has granted Plaintiff multiple opportunities to file an amended complaint, the Court will not grant additional motions for leave to file an amended complaint absent extraordinary circumstances."

complaint. Moreover, Plaintiff's claim that he filed this motion for leave promptly after receiving new evidence is contradicted by the fact that he allegedly obtained such evidence in August *2024* and, for reasons unexplained, delayed filing such motion until December 30, 2025, which was also over two weeks **after** he had already filed a response[4] to Pigg's pending Motion for Judgment. Moreover, Yan's proposed amendment would be futile for the same reasons set forth above in this FCR recommending granting Pigg's Motion for Judgment. As a result, the Court **FINDS** and **CONCLUDES** that Yan has pled his best case and **RECOMMENDS** that Yan's Motion for Leave be **DENIED**.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that: (1) Pigg's Motion for Judgment on the Pleadings [doc. 191] be **GRANTED** and all claims against Pigg be **DISMISSED WITH PREJUDICE** and (2) Yan's Opposed Motion for Leave to File Fourth Amended Complaint [doc. 210] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

---

[4] Yan filed his response [doc. 206] to Pigg's Motion for Judgment on December 11, 2025.

636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 5, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 19, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE