IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| CONGHUA YAN,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF TEXAS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:23-cv-00758-P-BJ<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO RECUSE DISTRICT JUDGE MARK T. PITTMAN

## PURSUANT TO 28 U.S.C. § 455(a) AND § 455(b)(1)

COMES NOW Plaintiff Conghua Yan, proceeding pro se, and respectfully moves this Court to recuse District Judge Mark T. Pittman from all further proceedings in this action pursuant to 28 U.S.C. § 455(a) (impartiality might reasonably be questioned) and § 455(b)(1) (personal bias or prejudice). Recusal is mandated by Judge Pittman's extensive, well-documented personal, professional, civic, and ceremonial ties to Soon-to-be-Defendant David L. Evans—a named party in the pending leave to file amended complaint—as well as to William Wren "Bill" Harris. The totality of these relationships, viewed by any reasonable observer knowing all the facts, creates an unacceptable appearance of partiality that this Court is duty-bound to remedy.

**Immediate Urgency — Pending De Novo Review**

There is presently a pending Findings of Fact and Conclusions of Law and Recommendation before this Court requiring de novo review by Judge Pittman over soon-to-be-filed objection, as well as a pending motion for leave to file an amended complaint in which David L. Evans is named as a defendant. If Judge Pittman rules on either matter before recusal is granted, the taint of his undisclosed conflicts will be baked into the record and will require unwinding at substantially greater cost to the parties and the Court. Recusal is therefore not merely warranted, it is urgent.

## I. FACTUAL BASIS FOR RECUSAL

### A. Evans Is a Named Soon-To-Be Defendant in This Case

Soon-to-be-Defendant Evans (Bar No. 06713080) is the Presiding Judge of the 8th Administrative Judicial Region of Texas and a named defendant in this action upon the Court's granting of leave to file the amended complaint. Evans is not a peripheral figure; he is a central defendant who exercised his administrative authority to hand-pick Harris and whose role in the alleged coordinated conduct described in Plaintiff's pleadings is directly at issue in Plaintiff's claims. Any connection between the presiding federal district judge and a named party of this nature and depth may cause a reasonable observer to question impartiality, requiring disqualification under § 455(a).

### B. Judge Evans Personally Administered Judge Pittman's Oath of Office

Defendant Evans personally administered the oath of office to Judge Mark T. Pittman at his investiture as United States District Judge for the Northern District of Texas on August 8, 2019. The act of administering a judicial oath of office is among the most intimate, ceremonial, and trust-

laden acts in the legal profession. It signals not merely acquaintance, but a relationship of mutual esteem, mentorship, and deep collegial loyalty. A judge presiding over claims against the very person who swore him into office presents one of the clearest possible cases for recusal under the objective reasonable-person standard of § 455(a). No reasonable observer could credit the impartiality of such proceedings.

**C. Judge Pittman Personally Led the Establishment of a Named Scholarship Honoring Defendant Evans**

Judge Pittman personally led the grassroots fundraising effort to establish the Honorable David L. Evans '71 Dean's Endowed Scholarship at Texas A&M University School of Law—a permanent, named scholarship honoring Defendant Evans. In connection with this effort, Judge Pittman publicly praised Evans' "prodigious work ethic," commitment to the legal profession, and adherence to the "lawyer's creed," and publicly stated that being an "Evans Scholar" is a notable professional achievement.

The Texas A&M University School of Law alumni network—formerly Texas Wesleyan School of Law, rebranded as a Texas A&M institution in 2013—is a relatively small, tightly knit community, particularly among its Tarrant County-connected members. Within that network, Pittman did not merely attend events or list an affiliation. He led a grassroots fundraising campaign, personally solicited donors, publicly championed Evans' professional legacy, and succeeded in permanently affixing Evans' name to an endowed scholarship that will bear Evans' name in perpetuity.

The legal significance of this conduct goes beyond the scholarship itself. Every year that a student receives the Honorable David L. Evans '71 Dean's Endowed Scholarship, Pittman's public act of honoring Evans is renewed and reinforced. The scholarship is not a one-time gift—it is a

permanent institutional monument to their relationship, constructed by Pittman's own hand within their shared alumni community. Pittman is publicly and permanently on record, within a named defendant's own professional legacy, as Evans' champion and advocate.

A judge who has permanently and publicly inscribed a named defendant's legacy into an academic institution through his own leadership and fundraising efforts occupies a fundamentally different position than a judge who merely knows a party professionally. This scholarship effort represents not passive collegial familiarity but an affirmative, voluntary, and enduring act of personal esteem and public endorsement—one whose institutional consequences are ongoing, not historical. No reasonable observer could view Pittman as impartial in adjudicating the conduct of the man whose professional legacy he has permanently enshrined.

### D. Judge Pittman Has Repeatedly Appointed Defendant Evans as Mediator in Federal Cases Before Him

In multiple federal civil cases assigned to Judge Pittman in the Northern District of Texas, Judge Pittman has repeatedly appointed Defendant Evans to serve as a court-appointed mediator— a role that carries professional compensation, prestige, and the ongoing conferral of professional benefit from the presiding judge to a named defendant in the present action. This pattern of repeated appointment reflects ongoing professional trust, mutual reliance, and a relationship of reciprocal professional benefit that cannot be squared with the impartiality § 455(a) demands.

### E. Judge Pittman and Defendant Evans Are Members of the Tarrant County Bar Association; Evans Served as Its Former President

Defendant Evans served as a former President of the Tarrant County Bar Association ("TCBA"). Judge Pittman is a member of that same association. The TCBA serves as a hub for the Tarrant County bench and bar, fostering relationships through continuing legal education events,

judicial-member mixers, and community activities. Shared membership and leadership in this small, insular legal community reflects ongoing social, civic, and professional relationships that extend well beyond nominal bar membership and cannot be disregarded when one member is a named party in litigation before another.

**F. Judge Pittman, Personally and Through His Family, Has Maintained Close Personal Ties With Defendants Evans and Harris, Including Mutual Visits to Personal Residences**

Plaintiff alleges, based on personal knowledge and/or specific sources, that Judge Pittman has maintained personal social contact outside official judicial functions with Evans and Harris, including in-person gatherings in private settings, including residential settings. These private social relationships, conducted in personal settings entirely outside the courthouse, reflect and cement personal bonds that cannot be set aside when the hosts and guests become parties in litigation before one another. Such personal familiarity is precisely what § 455(a) protects against, as it creates exactly the kind of private loyalty and social obligation that compromises the objective appearance of impartiality.

**G. Any Judge Who Contributed to the Evans Scholarship, Made or Received Campaign Contributions Involving Evans, or Attended Any Defendant's Personal Residence Is Likewise Disqualified**

The recusal obligation under 28 U.S.C. § 455(a) extends beyond Judge Pittman specifically. Any judge assigned to this matter who falls within any of the following categories is likewise subject to mandatory disqualification:

(i)     Scholarship Contributions. Any judge who has personally contributed financially to the Honorable David L. Evans '71 Dean's Endowed Scholarship at Texas A&M University School of Law—whether as an initial donor, a recurring contributor, or through any organized fundraising

effort—has by that act publicly demonstrated personal esteem, financial support, and affirmative investment in the professional legacy of Defendant Evans. Such a contribution is not a passive act; it is a deliberate, voluntary expression of personal loyalty and endorsement of a named defendant. A judge who has contributed money honoring a named defendant cannot be considered impartial under any reasonable objective standard.

(ii)   Political Campaign Contributions. Any judge who has donated to any political campaign, judicial election campaign, or political action committee in support of Defendant David L. Evans, or who has received a contribution from Evans or any organization affiliated with him, has a financial and political relationship with a named party that independently compels recusal. Campaign contributions between a judge and a named party represent one of the most direct forms of financial entanglement in recusal jurisprudence. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (due process requires recusal where campaign contributions create a serious risk of actual bias).

(iii)  Personal Social Ties — Attendance at Any Named Defendant's Personal Residence. Any judge who has been a guest at the personal residence of any Defendant named in this action or in the pending leave to file amended complaint—whether for a social gathering, fundraiser, professional event, or any other purpose—has a personal social relationship with that Defendant that extends beyond the courthouse and into the private sphere. Social relationships conducted in private settings such as dinners,

receptions, and home visits reflect and cement personal bonds that cannot be set aside when the host becomes a party in litigation before the guest-judge. Such personal familiarity is precisely what § 455(a) protects against.

These three categories reflect a single coherent principle: any judge who has voluntarily demonstrated personal financial support for, political allegiance to, or private social friendship with any named Defendant in this action should evaluate recusal under the objective reasonable-person standard of § 455(a). Plaintiff respectfully requests that, upon reassignment, the case be assigned in accordance with the Court's ordinary procedures, and that any newly assigned judge consider disqualification under § 455 as appropriate.

## H. Overlapping Tarrant County Judicial and Legal Service

Judge Pittman served as a State District Judge for the 352nd District Court in Tarrant County from 2015 to 2017, and as a Justice on the Second Court of Appeals of Texas covering Tarrant County from 2017 to 2019. During both periods, Defendant Evans served simultaneously as Presiding Judge of the 8th Administrative Judicial Region of Texas — the very administrative body that, under Texas Government Code § 74.054, holds direct administrative oversight authority over the Tarrant County district courts, including the 352nd District Court where Pittman sat.

This means Evans was not merely Pittman's colleague during those years, Evans was Pittman's administrative superior. Evans held authority to assign and reassign cases within the region, to appoint visiting judges, and to exercise administrative control over the courts in which Pittman served. A judge does not quickly forget, and is not reasonably expected to be unaffected by, the professional authority once exercised over him by a person who now stands as a defendant in his courtroom. The superior-subordinate institutional relationship between Evans and Pittman

during Pittman's state judicial service creates precisely the kind of deep, structural loyalty and deference that § 455(a) is designed to guard against.

This relationship is qualitatively different from simple co-service in the same courthouse. Evans did not merely work alongside Pittman; Evans held administrative power over the court in which Pittman served. When the person who once exercised institutional authority over a judge is later named as a defendant before that same judge, the appearance of partiality is not merely possible — it is, under any objective standard, compelled.

## II. LEGAL STANDARD

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The inquiry is objective: whether a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality. Liteky v. United States, 510 U.S. 540, 548 (1994); United States v. Jordan, 49 F.3d 152, 155–56 (5th Cir. 1995). The appearance of bias, not merely demonstrated actual bias, is sufficient. The statute's mandatory language—"shall disqualify"—leaves no discretion once the objective standard is met.

Under § 455(b)(1), disqualification is separately required where the judge has "a personal bias or prejudice concerning a party." The depth of Judge Pittman's personal loyalty to Defendant Evans—demonstrated by Evans personally administering Pittman's oath of office on August 8, 2019; Pittman leading Evans' named scholarship fundraising campaign; Pittman repeatedly appointing Evans as a compensated mediator; their shared TCBA membership (Evans as former President); their mutual personal residence visits; and their concurrent Tarrant County bench service—independently satisfies this ground.

The cumulative nature of the connections here is particularly significant. While any single tie viewed in isolation might arguably be insufficient, the totality of overlapping connections between a judge and a party must be assessed together. The full picture here is unambiguous: Evans personally swearing in Pittman; Pittman championing Evans' named scholarship; Pittman repeatedly appointing Evans as mediator; shared TCBA institutional membership and leadership; mutual visits to personal residences; and years of concurrent Tarrant County bench service. These connections are not coincidental—they are cumulative, mutually reinforcing, and individually and collectively dispositive of the recusal question. No reasonable observer could conclude that impartiality is preserved.

### III. REQUEST FOR RELIEF

Plaintiff Conghua Yan respectfully requests that this Court:

1. Recuse District Judge Mark T. Pittman from further participation in this matter pursuant to 28 U.S.C. § 455(a) and, in the alternative, § 455(b)(1);

2. Direct reassignment of this case pursuant to the Court's ordinary reassignment procedures;

3. Order that any newly assigned judge evaluate disqualification under 28 U.S.C. § 455 in light of the categories and relationships identified in this motion, and make any disclosures or determinations the Court deems appropriate before proceeding to merits rulings; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: (214) 228-1886
Email: arnold200@gmail.com
Pro Se Plaintiff

## VERIFICATION — UNSWORN DECLARATION UNDER 28 U.S.C. § 1746

My name is Conghua Yan. I am over 18 years of age, of sound mind, and competent to testify. My address is 2140 E Southlake Blvd, Suite L-439, Southlake, Texas 76092, United States of America. I declare under penalty of perjury that all facts stated in the foregoing Motion to Recuse are true and correct to the best of my personal knowledge and belief. I have personal knowledge of each factual matter asserted herein.

*/s/ Conghua Yan*
Conghua Yan

Executed in Tarrant County, State of Texas, on this 24 day of February, 2026.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2026, a true and complete copy of the foregoing Motion to Recuse District Judge Mark T. Pittman was filed with the Clerk of Court using the CM/ECF system, and service was accomplished via the Court's electronic notice to all registered counsel of record.

*/s/ Conghua Yan*
Conghua Yan
Pro Se Plaintiff
