# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

|  |  |
|---|---|
| CONGHUA YAN,<br>      Plaintiff,<br><br>v.<br><br>STATE BAR OF TEXAS, et al.,<br>      Defendants. | )<br>)<br>)<br>)<br>) Case No. 4:23-CV-758-Y<br>)<br>)<br>) |

# PLAINTIFF'S OBJECTIONS TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

1

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Plaintiff Conghua Yan respectfully objects to the portion of the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR") dated February 19, 2026 [Doc. 214] that recommends denial of Plaintiff's Opposed Motion for Leave to File Fourth Amended Complaint [Doc. 210]. The FCR's recommendation on this issue is erroneous as a matter of law and should not be adopted.

As required by N.D. Tex. L. Civ. R. 72.2 and 7.1(i), this objection is supported by Plaintiff's Brief in Support of Objections, filed concurrently.

### I.  STANDARD OF REVIEW

A district court reviews de novo any part of a magistrate judge's recommendation to which a specific objection is filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may accept, reject, or modify the recommendation, receive further evidence, or return the matter to the magistrate judge. Id. Where, as here, the objection concerns a question of law—including the proper standard for evaluating a motion for leave to amend, de novo review requires independent analysis, not deference. See *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### II.  OBJECTIONS

Section 636(b)(1) expressly contemplates multiple written objections and requires a de novo determination of those portions of the report, or specified proposed findings or recommendations, to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Plaintiff therefore submits the following specific objections to discrete legal errors in the FCR's recommendation to deny leave to amend. Each objection independently warrants rejection of that recommendation. Full legal argument in support of each objection is set forth in Plaintiff's Brief in Support, filed concurrently.

**A. The FCR Applied an Incorrect Legal Standard and Failed to Conduct the Required Rule 15(a)(2) Analysis.**

Plaintiff objects that the FCR disposed of the Motion for Leave in less than one page without applying the governing two-step framework. Under Rule 15(a)(2), the court should freely give leave to amend when justice so requires, and the Supreme Court has made clear that this mandate is to be heeded. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The FCR addressed none of the required factors, prejudice, bad faith, dilatory motive, or repeated failure to cure, and thereby applied a standard more demanding than the Federal Rules require. This failure alone warrants de novo reconsideration and reversal.

**B. The FCR's Delay Finding Is Legally and Factually Erroneous.**

Plaintiff objects that the FCR's sole factual ground for denial, an alleged sixteen-month gap between **August 2024** and **December 30, 2025**, mischaracterizes the record. The case was on appeal before the Fifth Circuit from approximately **May 2024** until the remand order was filed on **October 20, 2025**, during which period the district court lacked jurisdiction to grant leave to amend the claims involved in the appeal.

The actual post-remand period before filing was approximately seventy days, which was necessary given the substantial length of the amended complaint, a 97-page pleading plus 181 pages of exhibits, and Plaintiff's status as a pro se litigant working full time.

The FCR identified no prejudice to any Defendant attributable to that timing, and the Fifth Circuit has held that mere passage of time does not justify denial absent prejudice. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

**C. The FCR's Futility Finding Is Premature and Legally Insufficient.**

3

Plaintiff objects that the FCR's futility ruling rests entirely on a Rule 12(c) analysis directed at the Third Amended Complaint—not the proposed Fourth Amended Complaint. Futility must be assessed by whether the proposed amended complaint would survive a Rule 12(b)(6) motion. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The proposed Fourth Amended Complaint introduces materially new factual content—five garnishment instruments, the Wang affidavit, statutory procedural defects, and a refined ERISA anti-alienation theory—none of which was evaluated in the Rule 12(c) analysis. The FCR further failed to apply the liberal-construction standard mandatory for pro se pleadings. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A futility determination that evaluates a superseded pleading and ignores pro se construction rules is legally insufficient.

The FCR further erred by simultaneously recommending dismissal with prejudice and denying leave to amend in the same document [Doc. 214], without first affording Plaintiff notice of the identified pleading deficiencies and an opportunity to cure them — the very sequence the 'best case' doctrine requires before amendment can be denied. See *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

**D.  The FCR's "Multiple Opportunities" Rationale Does Not Satisfy the Foman Standard.**

Plaintiff objects that the FCR's observation that the Court has "already given Yan multiple opportunities to amend" does not constitute a finding of "repeated failure to cure deficiencies" under *Foman*. The prior amendments addressed technical and procedural matters—caption corrections, exhibit consolidation at the Court's direction, and joinder of an additional defendant on a separate claim, not the substantive fraud allegations at issue in the proposed Fourth Amended

4

Complaint. *Foman*'s "repeated failure" factor applies where a plaintiff has been apprised of specific pleading deficiencies and has failed to correct them; that is not what occurred here.

### E. Substantial Portions of the Fourth Amended Complaint Allege Post-2024 Conduct That Could Not Have Appeared in Any Prior Pleading.

Plaintiff objects that the FCR's "multiple opportunities" analysis ignores that Sections H and J of the proposed Fourth Amended Complaint allege conduct that did not occur until 2025: Defendant Evans's May 7, 2025 case transfer and July 25, 2025 reassignment; Defendant Harris's 2025 rulings maintaining void orders and imposing sanctions; and Harris's December 2025 closure of the state-court case. These events postdate the Fifth Circuit's October 2025 remand and could not have appeared in any earlier pleading regardless of how many amendment opportunities existed. A court cannot hold a plaintiff responsible for failing to plead facts that had not yet occurred. See *Dussouy*, 660 F.2d at 598.

### F. The FCR's Delay Finding Violates the Party Presentation Principle.

Plaintiff objects that the specific delay theory the FCR relied upon, that the August 2024-to-December 2025 interval was "unexplained," **was raised by no party**. Defendant Pigg's opposition argued that pleadings were closed, that Plaintiff had prior amendment opportunities across other proceedings, and that the motion was filed after the Rule 12(c) response; it did not argue that the specific sixteen-month interval constituted undue delay under the Foman factors or Rule 15(a)(2). See *Foman*, 371 U.S. at 182; *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Under the party presentation principle, courts ordinarily decide only questions presented by the parties. *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). By manufacturing this ground *sua sponte*, the FCR denied Plaintiff the opportunity to rebut it, specifically, to explain

5

the jurisdictional bar during the appeal. The District Court should not adopt a recommendation premised on an unbriefed and untested theory.

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's Brief in Support filed concurrently, the FCR's recommendation to deny leave to amend is erroneous on six independent grounds. Plaintiff respectfully requests that the District Court decline to adopt that portion of the FCR and instead grant leave to file the Fourth Amended Complaint.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan, Pro Se Plaintiff
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
Email: arnold200@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Conghua Yan*
Conghua Yan