# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

| | |
|---|---|
| CONGHUA YAN, <br>     Plaintiff, <br><br> v. <br><br> STATE BAR OF TEXAS, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 4:23-CV-758-Y <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF OBJECTIONS TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................................2

TABLE OF AUTHORITIES .................................................................................................................3

I. INTRODUCTION ........................................................................................................................4

II. BACKGROUND AND PROCEDURAL POSTURE ..................................................................4

III. ARGUMENT ................................................................................................................................5

    A. Governing Standards Require a Rule 15(a)(2) Analysis Under *Foman v. Davis*, Followed by a Proposed-Pleading Futility Inquiry. A Sua Sponte Magistrate's Directive Cannot Displace the Federal Standard. ..................5

    B. The FCR Applies the Wrong Framework and Provides No Meaningful Rule 15(a)(2) or Foman Analysis. ........6

    C. The FCR's Delay Finding Misstates the Relevant Timeline and Does Not Support Denial. ...............................7

    D. The Futility Finding Is Premature Because the FCR Did Not Evaluate the Proposed Fourth Amended Complaint. ....................................................................................................................................8

    E. The "Pled His Best Case" Cases Do Not Fit a Motion for Leave Supported by New Evidence and Post-Remand Events. .................................................................................................................10

    F. The FCR's "Multiple Opportunities" Rationale Does Not Satisfy the Foman Standard. ....................................11

    G. The FCR's Reliance on an Unbriefed Delay Theory Conflicts with the Party Presentation Principle. ..............13

IV. CONCLUSION ..........................................................................................................................14

CERTIFICATE OF SERVICE ............................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Bazrowx v. Scott*, 136 F.3d 1053 (5th Cir. 1998) .................................................................... 10
*Boggs v. Boggs*, 520 U.S. 833 (1997) ........................................................................................ 9
*Dark v. Potter*, 293 F. App'x 254 (5th Cir. 2008) .................................................................... 10
*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) ......................................... 5, 8
*Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) ............................................................... 6
*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................................ 5
*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002) ........ 9
*Greenlaw v. United States*, 554 U.S. 237 (2008) ................................................................... 13
*Griggs v. Hinds Junior College*, 563 F.2d 179 (5th Cir. 1977) ................................................ 9
*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) .......................................... 7
*Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365 (1990) .............................. 9
*Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam) ................................................................ 6
*Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam) .................................................... 6
*Ricks v. Khan*, 135 F.4th 296 (5th Cir. 2025) ......................................................................... 10
*Stripling v. Jordan Prod. Co.*, 234 F.3d 863 (5th Cir. 2000) .................................................... 5

## Statutes

*28 U.S.C. § 636(b)(1)* ......................................................................................................... 4, 14
*29 U.S.C. § 1056(d)(1)* ............................................................................................................. 9
*29 U.S.C. § 1056(d)(3)* ............................................................................................................. 9
*Fed. R. Civ. P. 72(b)(3)* ............................................................................................................ 4
Rule 12(b)(6) ............................................................................................................................... 5
Rule 12(c) .................................................................................................................................... 9
Rule 15(a)(2) ............................................................................................................................... 5
*Texas Civil Practice and Remedies Code § 63.001* .................................................................. 8
*Texas Rule of Civil Procedure 658* ........................................................................................... 8

## I. INTRODUCTION

Plaintiff objects to the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR") recommending denial of Plaintiff's Motion for Leave to File a Fourth Amended Complaint. [Doc. 214; Doc. 210.] Because Plaintiff filed specific written objections, the Court must make a de novo determination of the portions of the FCR to which objection is made. *28 U.S.C. § 636(b)(1)*; *Fed. R. Civ. P. 72(b)(3)*.

The FCR denies leave without applying the required Rule 15(a)(2) framework, without evaluating the proposed pleading on its own terms, and without addressing the controlling *Foman* factors, and without recognizing that the 'extraordinary circumstances' threshold it applied was itself a *sua sponte* Magistrate's directive, not the governing federal standard.

## II. BACKGROUND AND PROCEDURAL POSTURE

On September 18, 2023, while granting Doc. 56, the Magistrate Judge added *sua sponte* that no further motions for leave to amend would be granted absent extraordinary circumstances. [Doc. 58.] No party had moved for that restriction or briefed whether it was appropriate. The order was entered before Plaintiff obtained the complete Tarrant County docket transaction history, before the Fifth Circuit remand, and before the Wang affidavit.

Plaintiff later pursued an appeal, and the case remained pending before the Fifth Circuit until the remand order was filed in this Court on October 20, 2025. [Doc. 175.] After remand, Plaintiff moved for leave to file a Fourth Amended Complaint that adds newly discovered evidence, clarifies the alleged scheme, and pleads substantial post-2024 conduct by newly named defendants that could not have been included in any earlier pleading. [Doc. 210; Doc. 212]

4

Defendants opposed leave. Plaintiff replied. [Doc. 211; Doc. 212.] The FCR recommends denying leave on delay and futility grounds, largely by incorporating Rule 12(c) reasoning directed at the Third Amended Complaint and by concluding in summary fashion that Plaintiff has already "pled his best case." [Doc. 214 at 10-11.] The FCR's delay theory, centered on an alleged sixteen-month gap, was **not** advanced by any party. The FCR does not evaluate the proposed Fourth Amended Complaint on its own terms, does not apply the *Foman* factors, and does not address the jurisdictional posture during the appeal.

### III. ARGUMENT

**A. Governing Standards Require a Rule 15(a)(2) Analysis Under *Foman v. Davis*, Followed by a Proposed-Pleading Futility Inquiry. A Sua Sponte Magistrate's Directive Cannot Displace the Federal Standard.**

Rule 15(a)(2) governs Plaintiff's Motion for Leave. It embodies a strong presumption in favor of amendment: '[t]he court should freely give leave when justice so requires.' Fed. R. Civ. P. 15(a)(2). The Supreme Court has made clear that this mandate 'is to be heeded.' *Foman v. Davis,* 371 U.S. 178, 182 (1962). Denial is justified only upon recognized grounds: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Id*. The Fifth Circuit has further held that leave to amend should be granted absent a substantial reason to deny it. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

When futility is invoked, it must be assessed by asking whether the **proposed amended complaint would survive** a Rule 12(b)(6) motion to dismiss, **not whether a prior, superseded pleading would survive**. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). And throughout that analysis, the court must apply the liberal construction standard mandated for pro

5

se pleadings: such complaints "must be held to less stringent standards than formal pleadings drafted by lawyers," and courts must construe them to identify any cognizable legal theory supported by the alleged facts. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); see also *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam) (pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory").

A *sua sponte* case management directive issued by a magistrate judge cannot displace the Rule 15(a)(2) standard mandated by the Federal Rules and the Supreme Court. The Magistrate Judge's September 2023 order added the 'extraordinary circumstances' threshold without any party moving for it or briefing whether it was appropriate. [Doc. 58.] The District Court, conducting de novo review of the FCR issued by the same Magistrate, is not bound by that self-imposed restriction and must apply Rule 15(a)(2) and *Foman* independently. Moreover, even under the Magistrate's own standard, extraordinary circumstances plainly exist here: five previously unknown garnishment instruments, sworn corroborating testimony from non-party Fuyan Wang, a Fifth Circuit appeal that jurisdictionally barred amendment for approximately seventeen months (May 2024 through October 20, 2025), and post-remand obstruction conduct by newly named defendants Evans and Harris that did not exist when the 2023 order was entered.

**B. The FCR Applies the Wrong Framework and Provides No Meaningful Rule 15(a)(2) or Foman Analysis.**

The FCR disposes of the Motion for Leave in less than one page. [Doc. 214 at 10-11.] It does not weigh prejudice to either party. It makes no finding of bad faith or dilatory motive. It does not address whether prior amendments constituted a repeated failure to cure deficiencies within the meaning of *Foman*. It applies none of the Rule 15(a)(2) factors that *Foman* requires. Instead,

6

it relies on a conclusory delay statement and a futility conclusion that the proposed amendment would fail "for the same reasons" discussed elsewhere in connection with the Third Amended Complaint.

That approach is legally insufficient on its face. A court cannot deny a motion for leave to amend without engaging the required framework. Where no *Foman* factor is weighed and no proposed-pleading analysis is performed, the resulting recommendation cannot stand on de novo review. The District Court must apply the correct standard to the correct pleading.

## C. The FCR's Delay Finding Misstates the Relevant Timeline and Does Not Support Denial.

The FCR frames its delay finding around an alleged sixteen-month gap between August 2024—when Plaintiff obtained the complete Tarrant County docket transaction history—and December 30, 2025—when Plaintiff filed the Motion for Leave. [Doc. 214 at 11.] That framing ignores a fundamental aspect of the jurisdictional posture.

This case was on appeal before the Fifth Circuit from approximately May 2024 until the remand order was filed in this Court on October 20, 2025. [Doc. 175.] During that period, the notice of appeal divested the district court of jurisdiction over the aspects of the case involved in the appeal, and the district court could not grant leave to amend absent a limited remand. See *[Griggs v. Provident Consumer Discount Co.](), 459 U.S. 56, 58 (1982)*. The relevant interval is therefore not sixteen months; it is approximately seventy days, measured from remand (October 20, 2025) to filing (December 30, 2025). During that same window, Plaintiff obtained the October 18, 2025 affidavit of non-party Fuyan Wang, which corroborates the $50,000 attorney-fee scheme and the distribution-and-payment pathway. Plaintiff filed his motion promptly after obtaining and consolidating that evidence.

7

More fundamentally, delay alone does not justify denial absent prejudice or other Foman factors. "Mere passage of time need not result in refusal of leave to amend; on the contrary, it is a touchstone that the court consider possible prejudice to the defendant." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The FCR identifies no prejudice to any Defendant attributable to the filing timing, and none exists: Defendants are intimately familiar with the instruments at issue, as they created them. Because the FCR neither corrects the timeline nor identifies any resulting prejudice, the delay finding does not support denial.

**D. The Futility Finding Is Premature Because the FCR Did Not Evaluate the Proposed Fourth Amended Complaint.**

The FCR's futility analysis states only that "Yan's proposed amendment would be futile for the same reasons set forth above in this FCR recommending granting Pigg's Motion for Judgment." [Doc. 214 at 11.] That is a reference to a Rule 12(c) analysis directed at the Third Amended Complaint—the operative, superseded pleading. Futility must be assessed against the proposed amended complaint under the Rule 12(b)(6) standard. *Stripling*, 234 F.3d at 873. The FCR performed no such assessment.

The proposed Fourth Amended Complaint is materially different from the Third Amended Complaint. It introduces: (1) three **previously unknown** garnishment orders (April 26, May 26, and July 12, 2022) and two writs of garnishment (June 16 and July 14, 2022)—**five fraudulent instruments rather than two**; (2) **specific procedural defects rendering the writs void** *ab initio* under *Texas Civil Practice and Remedies Code § 63.001* and *Texas Rule of Civil Procedure 658*, because no application, affidavit, or bond was filed as required; (3) **sworn testimony from non-party Fuyan Wang corroborating the $50,000 attorney-fee scheme and the payment pathway**; and (4) **a revised damages theory grounded in the newly discovered evidence**. None

of this content was evaluated in the Rule 12(c) analysis. Incorporating that analysis by reference does not constitute an independent futility determination with respect to the proposed pleading.

The FCR itself cited *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) for the Rule 12(c) standard. [Doc. 214 at 3.] That same decision recognizes that 'granting leave to amend is especially appropriate ... when the trial court has dismissed the complaint for failure to state a claim,' and that district courts should afford plaintiffs an opportunity to cure pleading deficiencies unless the defects are incurable. *Great Plains*, 313 F.3d at 329 (quoting *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977)). The FCR applied *Great Plains* for the standard but disregarded its amendment guidance entirely.

The proposed amendment also pleads a refined ERISA theory. ERISA's anti-alienation provision, *29 U.S.C. § 1056(d)(1)*, prohibits assignment or alienation of pension benefits. The relevant domestic-relations exception is a qualified domestic relations order under *29 U.S.C. § 1056(d)(3)*, which Plaintiff alleges was not obtained. The Supreme Court has enforced ERISA's anti-alienation rule and has recognized that ERISA can preempt state domestic-relations mechanisms that reach plan benefits outside the QDRO exception. See *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365 (1990); *Boggs v. Boggs*, 520 U.S. 833 (1997). Whether this theory states a cognizable claim must be assessed against the proposed complaint, not foreclosed by reference to a prior pleading that the proposed amendment is designed to supersede.

The futility analysis is further deficient because the FCR failed to apply the liberal-construction standard mandated for pro se pleadings. The court was obligated to examine the proposed Fourth Amended Complaint's detailed factual allegations—the five instruments, the Wang affidavit, the complete docket transaction history—and ask whether those facts state a

plausible claim under any cognizable legal theory. See *Haines*, 404 U.S. at 520; *Erickson*, 551 U.S. at 94. The FCR performed no such analysis. A futility determination that ignores both the proposed pleading and the liberal-construction obligation is legally insufficient.

**E. The "Pled His Best Case" Cases Do Not Fit a Motion for Leave Supported by New Evidence and Post-Remand Events.**

The FCR states that Plaintiff has "pled his best case" and cites *Ricks v. Khan*, 135 F.4th 296, 300-01 (5th Cir. 2025); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); and *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008). [Doc. 214 at 8-9.] Each of those decisions involves a plaintiff who, **after being apprised of identified pleading deficiencies**, failed to allege additional facts through amendment. That is not the situation presented here.

Plaintiff's proposed Fourth Amended Complaint is not a re-labeling of the Third Amended Complaint. It adds newly discovered documentary evidence and sworn testimony that did not exist in earlier pleadings. It pleads conduct—including a Phase Two obstruction scheme by newly named Defendants Evans and Harris—that arose entirely from 2025 events that postdate the Fifth Circuit remand. Sections H and J of the proposed Fourth Amended Complaint allege: Evans's May 7, 2025 transfer of the state-court case; Evans's July 25, 2025 assignment of Defendant Harris to preside over the underlying proceedings; Harris's 2025 rulings maintaining void orders and preserving the unexecuted July 2022 writ; the imposition of $5,468.75 in sanctions against Plaintiff for seeking Harris's recusal; and Harris's December 2025 closure of the state-court case to foreclose all state-court remedies while the federal challenge remained pending. [Doc. 210, Attachment #1, Sections H-J, ¶¶ 101-154.] These events physically did not exist until after the remand.

A "best case" conclusion cannot be reached without comparing the proposed complaint's new allegations to the prior pleading and explaining why the new facts still fail as a matter of law.

10

The FCR made no such comparison. The cited cases accordingly provide no basis for denying leave here without evaluating the proposed Fourth Amended Complaint's new allegations and without analyzing the *Foman* factors.

The procedural posture of Doc. 214 makes this error inescapable. The FCR simultaneously recommended dismissal of all claims against Pigg with prejudice and denied Plaintiff leave to amend — in the same document, on the same day. The FCR itself acknowledges the governing rule: 'generally, a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend unless it is apparent that Plaintiff has pled his best case.' [Doc. 214 at 10 (citing *Ricks*, *Bazrowx*, *Dark*).] But the FCR then violated that rule by reaching the 'best case' conclusion at the exact moment of dismissal, without ever affording Plaintiff notice of the identified deficiencies and an opportunity to cure them through amendment. *Bazrowx* defines 'best case' as arising after a plaintiff is 'apprised of the insufficiency' of the complaint. 136 F.3d at 1054. Plaintiff was apprised of nothing before the FCR simultaneously dismissed and denied amendment. The 'best case' doctrine cannot be invoked to justify denying leave to amend when the denial of amendment is itself the first and only notice of the deficiency.

**F. The FCR's "Multiple Opportunities" Rationale Does Not Satisfy the Foman Standard.**

The FCR observes that the Court has "already given Yan multiple opportunities to amend his complaint." [Doc. 214 at 10-11.] That observation, standing alone, does not satisfy the *Foman* analysis and does not constitute a finding of "repeated failure to cure deficiencies."

The *Foman* factor of "repeated failure to cure deficiencies" addresses situations in which a plaintiff has been told the specific legal deficiencies in its claims and has repeatedly failed to

11

correct them through amendment. See *Foman*, 371 U.S. at 182. That is not what occurred here. The First Amended Complaint corrected a caption misnomer. The Second Amended Complaint consolidated separately filed exhibits into the First Amended Complaint at the Court's direction— a filing-mechanics step, not a substantive re-pleading. The Third Amended Complaint added U.S. Bank as a defendant on a separate claim without materially altering the fraud claims against existing defendants. [Doc. 212 at 2-5.] None of these amendments addressed and failed to cure the substantive fraud allegations that are the subject of the proposed Fourth Amended Complaint.

The September 18, 2023 electronic order was a *sua sponte* case-management directive granting one final amendment and stating that future leave would not be granted absent extraordinary circumstances. It was not a Rule 16 scheduling-order deadline and did not displace Rule 15(a)(2)'s governing standard. Nor can that order be stretched to preempt amendment based on evidence and events that did not yet exist. The order preceded Plaintiff's acquisition of the complete Tarrant County docket transaction history in August 2024, preceded remand in October 2025, and preceded the Wang affidavit dated October 18, 2025. It therefore cannot fairly be read as a determination that amendment grounded in those later-developed facts would be futile or brought in bad faith. A plaintiff cannot be faulted for failing to plead facts that had not yet occurred or evidence that had not yet been discovered.

That order is further entitled to no deference on de novo review because it was added *sua sponte* — no party moved for the 'extraordinary circumstances' restriction and no party briefed whether it was appropriate. [Doc. 58.] It is a case management directive, not a merits adjudication. Critically, the same Magistrate Judge who imposed that restriction in 2023 is the author of the FCR now under de novo review. The District Court reviews the FCR independently and is not bound

12

by the Magistrate's self-imposed standard. Rule 15(a)(2) and *Foman* govern, not a *sua sponte* directive entered without adversarial testing.

This distinction between technical and substantive amendments is further dispositive under *Great Plains Trust Co.*, 313 F.3d at 329, which recognized that amendment is **especially appropriate when a complaint is dismissed for failure to state a claim, and that denial is appropriate where** a plaintiff had already filed substantive amended complaints that failed to cure identified pleading deficiencies — not where, as here, **every prior amendment was purely technical or made at the Court's direction and none ever addressed the substantive fraud allegations now at issue**.

## G. The FCR's Reliance on an Unbriefed Delay Theory Conflicts with the Party Presentation Principle.

The FCR's specific delay theory—that the August 2024-to-December 2025 interval was "unexplained"—was not advanced by any party. Defendant Pigg's opposition [Doc. 211] argued: (1) that pleadings are closed and the Court ordered no further amendments; (2) that Plaintiff had prior amendment opportunities across other bar complaints and lawsuits; and (3) that the motion was filed after Plaintiff had already responded to Pigg's Rule 12(c) motion. Pigg's opposition does not articulate, and the record does not reflect, any argument that the specific sixteen-month interval from August 2024 to December 2025 constituted "undue delay" under Rule 15(a)(2) or the *Foman* factors. See *Foman*, 371 U.S. at 182; *Dussouy*, 660 F.2d at 598. That framing is the FCR's own construction.

Under the party presentation principle, "courts normally decide only questions presented by the parties." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). This principle reflects the structural requirements of adversarial adjudication: the court acts as a neutral arbiter, not an

13

advocate. See *id*. at 243-44. By identifying and relying on a delay theory that no party briefed, the FCR denied Plaintiff the opportunity to respond and rebut that specific ground before a recommendation issued. Had Pigg raised this argument, Plaintiff's Reply would have explained directly that: the district court **lacked jurisdiction to grant leave to amend while the case was on appeal from May 2024 through October 20, 2025**, see *Griggs*, 459 U.S. at 58; that **Plaintiff obtained the Wang affidavit only on October 18, 2025**; and that the actual post-remand window before filing was approximately seventy days.

The District Court should not adopt a recommendation premised on an unbriefed and untested theory. See *28 U.S.C. § 636(b)(1)*. Independent grounds for denial appearing nowhere in the parties' briefing warrant close scrutiny, not deference.

## IV.     CONCLUSION

The FCR's recommendation to deny Plaintiff's Motion for Leave to File the Fourth Amended Complaint is legally insufficient on multiple independent grounds: it fails to apply the required Rule 15(a)(2) framework as mandated by the Federal Rules and *Foman*, instead applying a *sua sponte* 'extraordinary circumstances' standard that no party briefed and that cannot displace governing federal law; its delay finding mischaracterizes the record by ignoring the appellate period during which amendment was jurisdictionally unavailable; its futility finding evaluates a superseded pleading rather than the proposed one; it fails to apply the pro se liberal-construction standard; its "multiple opportunities" rationale does not satisfy the Foman "repeated failure" standard; substantial portions of the proposed amendment allege post-2024 conduct that could not have appeared in any prior pleading; and the FCR's core delay theory was manufactured *sua sponte* in violation of the party presentation principle, denying Plaintiff any opportunity to rebut it.

Plaintiff respectfully requests that the District Court sustain the objections, reject the FCR's recommendation to deny leave, and grant Plaintiff's Motion for Leave to File the Fourth Amended Complaint.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan, Pro Se Plaintiff
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: 214-228-1886
Email: arnold200@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Conghua Yan*
Conghua Yan