IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONGHUA YAN,** | ) | **CIVIL ACTION NO. 4:23-cv-00758-P-BJ** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STATE BAR OF TEXAS, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN REPLY TO PLAINTIFF'S MULTIPLE OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND RECOMMENDATIONS IN CONNECTION WITH
PIGG'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

As is so often the case with Plaintiff Conghua Yan hereinafter, "Yan"), he apparently

thinks he is entitled to multiple filings in connection with the same issue.  The issue herein is

whether Defendant William Albert Pigg (hereinafter, "Pigg") is entitled to dismissal of the above

action pursuant to FRCP 12(c).  The Magistrate correctly ruled that Pigg is entitled to his

requested relief and that Yan is precluded from filing a Fourth Amended Complaint.[1]  Yan has

filed two separate objections to the Magistrate's ruling.[2]

As Pigg has already briefed, for Yan to avoid dismissal for failing to state a claim

*Twombly/Iqbal* required him to have pled sufficient facts to state a claim to relief that is

**plausible on its face**.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007) (emphasis

added).  Whether Yan's claim for relief is plausible on its face required this Court to analyze the

context of Yan's Third Amended Complaint and draw on its  "judicial experience and common

sense" to determine whether it should be dismissed.  *Ashcroft v. Iqbal,* 556 U.S. 662, 669 (2009).

---

[1] Doc. 214.
[2] Doc. 219 and 221.

1

Thus, this Court analyzed Yan's pleadings and used its common sense under the *Twombly/Iqbal* standard to correctly determine that Yan's pleadings are not plausible on their face that the State Bar of Texas is an enterprise that uses fraudulent QDROs, wire and mail communications, and ERISA plan misappropriations as racketeering acts and that Pigg jointly engaged with state actors to deprive Yan of property and due process.

As to denying Yan a cumulative ninth bite at the apple by declining him yet another opportunity to amend his Complaint, it remains unclear to Pigg as to what due process Yan believes he has not received. Since 2021, Yan has, with at least four attorneys and his own *pro se* activities, exercised his due process rights in court proceedings that verge on being too numerous to count. Merely because Yan does not like the outcomes of those proceedings, it does not follow that he has been denied his due process rights.

Similarly, Yan's alleged deprivation of his property rights are exclusively the result of his own actions. As Pigg previously briefed, Yan had the opportunity to end his divorce proceedings without losing his house, without losing custody of his child, and without having to pay child support. He chose not to do so. Further, he continued to choose not to do so during the term of his representation by at least two attorneys after Pigg and through his own *pro se* efforts.

There is no further point in responding to Yan's frivolous objections. As is his wont, every time he does not get the relief to which he believes he is entitled, Yan continues to rely on the Court's indulgence of him as a *pro se* Complainant in an effort to convince the Court to countenance his belief that the system is out to get him.

2

Yan did not allege sufficient facts in his Third Amended Complaint to support any facially plausible claims against Pigg and he cannot now cure his pleading defects because, as he conceded in his Opposition, the pleadings are closed.[3]

For the foregoing reasons, Yan's Third Amended Complaint against Pigg should be dismissed, with prejudice, pursuant to FRCP 12(c).

Respectfully Submitted

WILIAM A. PIGG, PLLC

*s/ William A. Pigg*
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (469) 557-1182
Attorney for Defendant William Albert Pigg

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on Plaintiff Conghua Yan and all attorneys of record through the Court's electronic filing system this 4th day of March 2026.

*/s/ William A. Pigg*

---

[3] Doc. 206 at 6, ¶ 12.

3